IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' motions for entry of confidentiality orders [51 & 69]. For the reasons set forth below, the Court grants defendants' motion [51] and denies plaintiff's motion [69]. The Court will enter defendants' proposed confidentiality order [51-2] with the changes outlined below.

### DISCUSSION

Defendants' motion tracks this Court's approach to many of the same issues as explained in *Almodovar v. Guevara*, 18-CV-2341, ECF 72 & 92, and *Negron v. Guevara*, 18-CV-2701, ECF 72 & 100. Because plaintiff does not object to the general approach outlined in the *Almodovar/Negron* orders, there is no need for the Court to reconsider its reasoning here.

Nonetheless, plaintiff argues that defendants' proposed confidentiality order is infirm because paragraph 2(h) "is not limited . . . to CRs or other types of officer disciplinary files" and "expressly covers 'employment, disciplinary, or other information that is of a sensitive or non-public nature.'" (ECF 69 at 5.)

The Court agrees with defendants, however, that the categories of information in paragraph 2(h) of their proposed order— personal or family information, tax records, social security numbers, home addresses, and emails and phone numbers for the defendants and their family members— are not subject to full disclosure simply because some of that information may already be available to the public. As we said in *Alomodavar/Negron*:

> Given that DOBs and social security numbers are virtually currency in our technology-dependent society, the Court agrees that they should be protected from disclosure. *See, e.g.*, Federal Rule of Civil Procedure 5.2(a)(2) (mandating that court filings should not include an individual's date of birth, but rather only the year of birth). However, if plaintiff demonstrates to the Court that he has good cause for seeking a DOB or social security number, the Court will order defendants to produce it. The same is true for any documents defined as "juvenile law enforcement records" under the Illinois Juvenile Court Act. *See* 705 Ill. Comp. Stat. 405/1-3(8.1), 1-7. As with the redaction protocol, this process balances plaintiff's right to pursue his claims with third parties' privacy interests in their personally identifying information. As to confidential information regarding police officers and their families, the Court will also entertain any motion that can show good cause for the production of such information.

*Almodovar v. Guevara*, 18-CV-2341, ECF 72 at 2; *Negron v. Guevara*, 18-CV-2701, ECF at 2. If plaintiff needs such information, he will have to show that it is already available to the public and explain why he needs the same information from files protected by the confidentiality order.

The Court understands plaintiff's concern that the language used in paragraph 2(h) gives defense counsel some level of discretion to designate as confidential documents that they view as "sensitive" or "non-public in nature." But counsel's discretion is informed by the non-exhaustive list provided in paragraph 2(h). (*See* ECF 51-2 ¶ 2(h) ("Such information includes, but is not limited to, private information in personnel files, such as employment applications, performance evaluations, tax forms, requests for medical leave and the like as well as personal and family information of police officers and state's attorneys, including residential information").) The Court finds this definition to be sufficient to begin the discovery process. If plaintiff has reason to

believe there are documents marked confidential that are not related to "private information in personnel files" or information contained in CR or disciplinary files that is prohibited from public disclosure by statute, plaintiff may pursue the procedures outlined in the confidentiality order to seek appropriate relief.

Plaintiff also requests that paragraph 18 of defendants' proposed order, "This Order shall . . . be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms" (*see* ECF 51-2 ¶ 18), be replaced with the following: "By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation." (ECF 69 at 9.) Plaintiff says defendants' proposed language leaves open the possibility that a third party responding to a subpoena might receive the benefits of the protective order without being bound by its obligations. Defendants say plaintiff's inclusion of sanctions in his proposed language "may foment non-meritorious requests for 'sanctions.'" (ECF 51 at 9.) The Court agrees with both parties. Thus, plaintiff's suggested language, minus "and sanctions," will take the place of defendants' proposed paragraph 18.

Finally, plaintiff objects to defendants' deletion of the phrase "[i]nformation or documents that are available to the public may not be designated as Confidential Information," because it is a part of the Court's Model Order. (ECF 69 at 11.) But, as plaintiff admits, "much of the non-confidential information contained in CRs and other officer disciplinary files has already been made available to the public" (*id.* at 3), and yet plaintiff agrees that CRs can be marked confidential. Because inclusion of the above-quoted language would raise unnecessary ambiguity, it will not be included in the confidentiality order.

## CONCLUSION

For the reasons set forth above, defendants' motion for entry of confidentiality order [51] is granted subject to the modifications stated herein, and plaintiff's motion for entry of confidentiality order [69] is denied.

**SO ORDERED.**     **ENTERED:  September 8, 2021**

**M. David Weisman**
**United States Magistrate Judge**