# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT SMITH JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21 C 1159 |
| | ) |
| THE CITY OF CHICAGO, et al., | ) |
| | ) Magistrate Judge M. David Weisman |
| Defendants. | ) |

## DEFENDANTS' JOINT MOTION FOR LEAVE TO CONDUCT DNA TESTING AND FOR LEAVE TO REQUEST THE CIRCUIT COURT OF COOK COUNTY TO RELEASE CERTAIN IMPOUNDED EVIDENCE TO DEFENDANTS' DNA EXPERT

Defendants City of Chicago, Philip Cline, Detective Daniel McWeeny, Detective Steven Brownfield, Detective William Pedersen, Detective John Solecki, Detective Michael Rowan, Detective Robert Dwyer, Estate of John A. Yucaitis, Estate of William Higgins, and Estate of Robert Rice, respectfully move this Court for an order allowing DNA testing and for leave to request the Circuit Court of Cook County to release certain impounded evidence to Defendants' DNA expert, DNA Labs International. In support of their motion, Defendants state as follows:

## INTRODUCTION

Following a 1990 jury trial in the Circuit Court of Cook County, Plaintiff Robert Smith Jr. was convicted of the September 19, 1987 murders of his mother-in-law (Edith Yeager) and grandmother-in-law (Willie Mae Alexander). Edith and Willie Mae were murdered in their home and the crime scene evidence collected includes several items that have never been subjected to forensic DNA analysis. After the conviction, the evidence at issue in this motion was impounded with the Clerk of the Circuit Court where it remains. (A copy of the impound order is attached as Exhibit 1). On October 23, 2020, Smith's conviction was vacated and the criminal case was dismissed, and on November 6, 2020, his petition for certificate of innocence was granted without

an evidentiary hearing after the prosecutor did not oppose the petition. (See Dkt. 82, Smith's second amended complaint).

In this case, Smith claims he is innocent of the murders and was wrongfully convicted due to misconduct on the part of the Defendants. (Dkt. No. 82). Specifically, Smith alleges, *inter alia*, that he was physically coerced into a false court reported confession by various police officers, that other police officers planted his underwear and fabricated the bloody blue sheet found at the crime scene, that Smith was arrested without probable cause, that certain defendants fabricated Smith's dive into the blood at the crime scene, and that defendants committed other acts of misconduct. (Dkt. 82). Plaintiff seeks both substantial compensatory and punitive damages.

Defendants in this matter deny Plaintiff's allegations and contend that Smith is, in fact, guilty of the murders as their investigation revealed and as Plaintiff confessed to over thirty years ago. With the parties soon entering the expert discovery phase of this case, defendants have engaged experts (DNA Labs International) to conduct DNA testing of certain items of evidence to rebut Plaintiff's allegations, including but not limited to his claim that evidence was planted and his confession was fabricated by the Officers.[1] The prosecutor is not objecting to this request, and as this Court may recall, we raised the possibility of forensic testing at the November 23, 2021 hearing. (Exhibit 2, email exchange with Myles O'Rourke, the Special State's Attorney assigned to handle the criminal case). Notwithstanding the obvious relevance to this information and that Smith's claims of innocence include allegations that certain defendants planted an item of physical evidence at the scene in order to frame him, Smith objects to defendants' conducting DNA testing of the evidence and to asking the Circuit Court to release the evidence to defendants' expert. Thus

---

[1] DNA Labs has estimated they will be able to complete their anticipated work within four to six weeks of receiving the evidence.

far, Smith's objection is that defendants' request is untimely. As set forth below, that objection is baseless and must be overruled.

Rather than proceed by way of an agreed motion for entry of an order to allow release of the evidence, defendants must now bring this motion to obtain an order allowing them to proceed with the DNA testing and for leave to file a motion before Judge Erica Reddick, the presiding judge of the Criminal Division of the Circuit Court of Cook County, asking her to enter an order allowing the release of the impounded evidence identified below.

## IMPOUNDED EVIDENCE DEFENDANTS SEEK TO TEST

The impounded evidence defendants are asking to send to DNA Labs International to test includes the following:

   a. Blue Undershorts (CPD Inventory No. 428528; People's Ex. 57);

   b. Black Socks (CPD Inventory No. 435436; People's Ex. 49);

   c. Swabs – left and right foot (People's Ex. 55);

   d. Black Plastic Card Case (CPD Inventory No. 428527; People's Group Ex. 59);

   e. Green "jacket" (CPD Inventory No. 428530);

Obviously, defendants need access to the impounded evidence to enable DNA Labs International to conduct the testing. The relevance of this information cannot be denied as it addresses Plaintiff's theories of liability and his claim to damages in so far as Plaintiff claims innocence. *See*, *e.g.*, *Parish v. City of Elkhart*, 702 F.3d 997, 999-1003 (2012). For just one example, Smith has long since contended that detectives, as part of their plan to frame him, planted the pair of bloody undershorts (the blue undershorts) on the first step of the stairs leading from the kitchen to the basement of the crime scene. (See Second Amended Complaint, Dkt. 82 at para. 66-70). Smith admitted in his court reported confession (Ex. 3 at 6-7) and testified during his criminal proceedings that the blue undershorts allegedly planted at the crime scene were his (Ex. 4, excerpt

3

of plaintiff's testimony at the criminal proceedings at 91-92). However, Smith's deposition testimony in this case was equivocal. Smith now says the underwear in the photo might be his, or they might be the victim Edith Yeager's son's underwear. (Ex. 5, excerpt of plaintiff's deposition at 230-34). This entirely new implication of Edith Yeager's son is undoubtedly designed to suggest the existence of an alternative suspect and to bolster his claims of innocence as well as shore up his claims of evidence fabrication and that his confession was the product of unlawful coercion. Regardless, Defendants seek testing of the underwear, as well as the other items listed above, to refute Smith's claims against them that they framed him, that his confession was fabricated, that he is innocent, and that he is entitled to substantial damages as a wrongfully incarcerated man. [2]

Another example of why this DNA testing is necessary is the fact that swabs from the soles of Smith's bare feet while he was in police custody on September 19, 1987 contained human blood. The Chicago Crime Lab serologist was unable to type the blood in the late 1980s, and of course, that was before the availability of DNA technology. Naturally, Defendants want their expert DNA Labs International to examine the swabs taken from the soles of Smith's bare feet to attempt to determine if the victims' DNA can be detected.

> The basis provided by Smith to oppose defendants' motion is without merit. Smith asserts:
>
> "there is no justification at all for your suggestion that the motion you sent us yesterday, which could have been filed at any time since April 26, needs to be "addressed quickly." Although the motion could have been raised at any time these past eight months, are you seriously going to argue that three days before Christmas is the right time to file a motion that needs to be "addressed quickly?" The truth of the matter is that the motion is already too late as it cannot possibly be briefed and ruled upon before the close of fact discovery." (Ex. 6 at 2, email exchange between counsel)

---

[2] Defendants also seek to send to DNA Labs International the standards of the victims and Smith impounded with the Clerk of the Court to attempt to create a DNA profile. (Inventory No. 448106). For purposes of completeness, defendants also intend to send an inventory at the Evidence and Recovered Property Section (Inventory No. 520272) of the Chicago Police Department believed to contain "extracts" of some of the clothing to DNA Labs as well.

4

Contrary to Smith's contention, this motion is not too late. In fact, while DNA testing is clearly expert discovery, and defendants' expert reports are not due until April 1, 2022, defendants are proactively raising this issue now to ensure there is sufficient time for their expert to conduct their tests and analysis, and for any follow-up work that may be necessary.

As for defendants' request that this motion be addressed quickly, our DNA expert has advised that this case will be placed in their queue once the evidence is received, and they may not be able to complete their work for up to six weeks. On-going and evolving pandemic related issues could potentially further complicate the ability for defendants' experts to receive the evidence and/or to prepare timely results. As such, should plaintiff wish to brief this issue as he previously stated to elaborate on his objections, defendants request an expedited briefing schedule.[3]

Finally, by requesting the testing in this motion, defendants state that they are not waiving the right to seek additional DNA or forensic testing on other items recovered during the investigation of the murders of Willie Mae Alexander and Edith Yeager.

WHEREFORE, defendants, City of Chicago, Philip Cline, Detective Daniel McWeeny, Detective Steven Brownfield, Detective William Pedersen, Detective John Solecki, Detective Michael Rowan, Detective Robert Dwyer, Estate of John A. Yucaitis, Estate of William Higgins, and Estate of Robert Rice, respectfully request that this Court grant this motion and enter an order allowing DNA testing and for leave to request the Circuit Court of Cook County to release certain impounded evidence to Defendants' DNA expert, DNA Labs International. A copy of the order

---

[3] As set forth in the parties' correspondence regarding this dispute (Ex. 6), they are at impasse because plaintiff objects to the timeliness of defendants' request and to the transfer of the impounded evidence in the first instance. Due to the holidays, the parties have not yet had the opportunity to discuss potential other objections plaintiff's counsel may have. However, to ensure DNA Labs International sufficient time to complete their work within the current expert discovery schedule, defendants are filing this motion now as a first step in the process of transferring the impounded evidence to their expert.

defendants propose asking the Circuit Court of Cook County to enter is attached hereto as Exhibit 7.

Dated: December 23, 2021                                       Respectfully submitted,

PHILIP CLINE                                      CITY OF CHICAGO
DANIEL MCWEENY
STEVEN BROWNFIELD                                 CELIA MEZA
WILLIAM PEDERSEN                                  Corporation Counsel of the City of Chicago
JOHN SOLECKI
MICHAEL ROWAN
ROBERT DWYER                                      /s/ *Daniel M. Noland*
ESTATE OF JOHN YUCAITIS                           Special Assistant Corporation Counsel
ESTATE OF WILLIAM HIGGINS
ESTATE OF ROBERT RICE                             Terrence M. Burns
                                                  Paul A. Michalik
/s/ *Stacy A. Benjamin*                           Daniel M. Noland
Special Assistant Corporation Counsel             Katherine C. Morrison
                                                  Daniel J. Burns
Eileen E. Rosen                                   Dhaviella N. Harris
Stacy A. Benjamin                                 Reiter Burns LLP
Andrew J. Grill                                   311 S. Wacker Dr., Suite 5200
Brittany D. Johnson                               Chicago, IL 60606
Philip Andrews                                    T: 312-982-0090
ROCK, FUSCO & CONNELLY, LLC                       F: 312-429-0644
321 N. Clark Street, Suite 2200
Chicago, IL 60654
T: 312-494-1000
F:  312-494-1001