IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|           Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| The City of Chicago, et al. | ) | Honorable M. David Weisman |
| | ) | |
|           Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' THIRD MOTION TO EXTEND TIME TO COMPLETE MYLES O'ROURKE'S NOVEMBER 2021 DEPOSITION**

On March 4, this Court issued an Order finding that Special Prosecutor Myles O'Rourke had waived the work product and deliberative process privileges, and the Court gave Defendants 14 days – until March 18 – to complete Mr. O'Rourke's deposition. Yesterday, Defendants filed their third motion to extend that deposition deadline. Dkt.246. Although Plaintiff did not oppose the first two requests, respectfully, this third request for an extension should be denied.

Between March 4 (when the Court ruled) and March 16 (when the O'Rourke deposition was actually reconvened and in progress), Defendants had done nothing to pursue any additional documents that the O'Rourke firm previously withheld on privilege grounds. When Defendants learned – *during the deposition* – that the O'Rourke firm had, from the beginning, withheld certain internal privileged documents, Defendants canceled mid-deposition and moved this Court for a one-month extension of time to complete it. Dkt.211. Plaintiff did not oppose the motion, *Id*. at ¶ 4, which the Court granted, this time setting April 15 as the new deadline. Dkt.216.

Since the Court granted that extension, the O'Rourke Moody firm has produced approximately 40,000 additional pages of documents, bringing the total number of pages

to just shy of 46,000. That document production outlines in detail why Mr. O'Rourke and his firm moved to vacate Robert Smith's wrongful conviction, why they moved to dismiss the State's indictment against him, why they decided not to oppose Mr. Smith's Certificate of Innocence, and why they told the Circuit Court's Chief Criminal Judge that Mr. Smith had met his burden of proving his actual innocence under the Illinois Innocence Act. *See* attached Exhibits 1, 2, 3, and 4.

All was on track to depose Mr. O'Rourke on April 14 (the day before the deadline); in fact, Defendants themselves had already issued a revised subpoena for that date, Exhibit 5. Then, on April 11, just three days before the deposition, Defendants demanded – for the first time ever, even though they had issued their document subpoena on June 30, 2021 – that the O'Rourke firm do an electronic search of all emails that the firm had generated with respect to the Robert Smith matter. The following day – after an oral argument on an unrelated matter – Defendants orally moved Your Honor to extend the deadline for Mr. O'Rourke's deposition an additional two weeks, until April 29. Plaintiff again did not object to this second extension request, which the Court granted. *See* Dkts. 232 and 237.

In other words, Defendants requested additional documents on March 16, extending the deposition into mid-April, but then waited until April 11 to demand that the O'Rourke firm do an electronic search of emails, now seeking to extend the deposition into mid-May. *See* Exhibit 6 (a portion of the email exchanges that Defendants omit from their Exhibit 1). Now, with the first two deadlines past (March 18 and April 15) and the current deadline, April 29, coming up this Friday, Defendants have moved yet again to further extend Mr. O'Rourke's deposition, this time until May 20. Dkt.246. Plaintiff opposes the extension on three grounds:

First, it is simply taking Defendants too long to complete a deposition that originally occurred November 30, 2021 and which this Court first ordered to be completed by March 15, 2022. It is extremely rare that a party has every single document they could possibly want before taking a deposition, and that is especially true when the document request occurred in June 2021, the deposition began in November 2021, and between March 4 (when this Court ruled) and April 11 (when Defendants asked that an electronic search be executed), Defendants had never previously asked that such an electronic search be conducted.

Second, by waiting to notice their motion for April 29 (which is the same date as the deadline the Court already has in place for the deposition), Defendants have just presumed that Your Honor will be granting their extension request. This is identical to what happened before Judge Guzman on May 25, 2021, the very day Defendants' Answers were due to Plaintiff's Amended Complaint. Instead of filing their Answers that day, Defendants filed a motion to either strike portions of the complaint or extend their time to answer by 45 days. We wrote then, and it is equally applicable here:

> Defendants have simply given themselves an extension of time, knowing full well that even if the Court were to deny their motion to strike, the Court would still give them *some time* to Answer. . . . Does it bother this Court that Defendants failed to file their extension request last week, so that if the Court was inclined to deny the request, the actual deadline would have some meaning? . . .

Judge Guzman denied the motion to strike and gave Defendants nine days to answer instead of the 45 days they had requested.

Third, the document demands that Defendants are making on the O'Rourke firm are far beyond what is proper for a third-party subpoena and are not generally proportional to the issues in this case nor specifically proportional to the narrow issue on

3

which Defendants seek discovery (why the O'Rourke firm did what it did?). There is no reasonable basis to believe that the O'Rourke firm disclosed its positions on exoneration or innocence *in emails* to any degree that is different from or greater than what they have set forth in the detailed internal memos the firm has already produced. *See*, *e.g.*, Exhibits 1-3. *See also* Exhibit 4 (explaining to the Court that Plaintiff had met his burden in proving innocence).

The overreaching and late demand for all emails is especially troublesome here, where the document subpoena was issued in June 2021 and defendants waited until April 2022 to demand an electronic search of emails. Perhaps had they made that request in June 2021, the privilege issue could have been resolved in July, August, September, October, or November, *before* Mr. O'Rourke's November 30 deposition, instead of six months after his deposition and four months after fact discovery has closed.

There is simply no valid reason to put off Mr. O'Rourke's deposition further, and Plaintiff requests that Defendants' third request to extend the deposition be denied. In the alternative, if the Court concludes that it has no choice but to grant the request because the Court's current deadline is already upon us and the deposition has still not been completed, then Plaintiff requests the Court to order the deposition's completion in 3-5 business days, not 15.

Dated:   April 26, 2022

                                              Respectfully submitted,

                                              Plaintiff Robert Smith Jr.

                                              By: */s/ Ariel Olstein*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
7373 Lincoln Avenue
Suite 100
Lincolnwood, IL 60712
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com