**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT SMITH, JR.,** | ) | |
| | ) | **Case No. 21 C 1159** |
| **Plaintiff,** | ) | |
| | ) | **Magistrate Judge M. David Weisman** |
| **v.** | ) | |
| | ) | |
| **THE CITY OF CHICAGO, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Defendants' Motion to Compel Plaintiff to Identify Portions of Dr. Karl Reich's Expert Report that Reich Did Not Type. ECF 318. The Court heard oral argument on December 1, 2022 and has reviewed all of the parties' briefing on this matter. The Court denies Defendants' motion for the reasons discussed below.

**Background**

It is undisputed that Plaintiff's counsel and Plaintiff's DNA expert (Dr. Reich) collaborated on the preparation of Dr. Reich's expert report. The issue presented in this discovery dispute is whether Plaintiff must identify the specific portions of Dr. Reich's report that were not "typed" or "originally authored" by Dr. Reich.[1] The parties disagree on whether Federal Rule of Civil Procedure 26(b)(4) shields this information from disclosure.

---

[1] At oral argument and in their Reply (ECF 324), Defendants clarified that their request is not limited to who "typed" the various sections of the report, as indicated in their Motion to Compel (ECF 318), but rather who "originally authored" the sections. As will be discussed, it does not appear that either of these terms have any basis in the language of Rule 26.

**Discussion**

Rule 26(b)(4) provides in pertinent part:

> (B) *Trial-Preparation Protection for Draft Reports or Disclosures*. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.
>
> (C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> (i) relate to compensation for the expert's study or testimony;
>
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(B)-(C).

Federal Rule of Civil Procedure 26(a)(2)(B) provides:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—*prepared and signed by the witness*—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

The Advisory Committee Notes to the 2010 amendments to Rule 26(b) state that the amended Rule 26(b)(4)(C) "is designed to protect counsel's work product and ensure that lawyers may interact with retained experts without fear of exposing those communications to searching discovery." Fed. R. Civ. P. 26 advisory comm. n. (2010). The 2010 notes also state that:

> "Under the amended rule, discovery regarding attorney-expert communications on subjects outside the three exceptions in Rule 26(b)(4)(C), or regarding draft expert reports or disclosures, is permitted only in limited circumstances and by court order. A party seeking such discovery must make the showing specified in Rule 26(b)(3)(A)(ii) — that the party has a substantial need for the discovery and cannot obtain the substantial equivalent without undue hardship. It will be rare for a party to be able to make such a showing given the broad disclosure and discovery otherwise allowed regarding the expert's testimony."

*Id*.

Although the parties do not raise Rule 26(a)(2)(B) in their briefing, the Rule is notable because it addresses the preparation of an expert witness's report. Moreover, caselaw analyzing the Rule sheds light on what it means for an expert to "prepare" a report and how much involvement counsel may have in the process. The Advisory Committee Notes to the 1993 amendments to Rule 26 state that the Rule "does not preclude counsel from providing assistance to experts in preparing the reports" and that "the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and [ ] must be signed by the witness." Fed. R. Civ. P. 26 advisory comm. n. (1993).

"The purpose of the report is to provide adequate notice of the substance of the expert's forthcoming testimony and to give the opposing party time to prepare for a response." *Meyers v. Nat'l R.R. Passenger Corp*. (Amtrak), 619 F.3d 729, 734 (7th Cir. 2010). Indisputably, counsel

can assist in the preparation of the expert report. *Numatics, Inc. v. Balluff, Inc*., 66 F.Supp.3d 934, 942 (E.D. Mich. 2014); *Crowley v. Chait*, 322 F.Supp.2d 530, 543 (D. N.J. 2004). However, when counsel's assistance becomes so intrusive and overwhelming, it cannot be fairly said that the report was "prepared" by the expert. *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 578 (W.D. Tenn. 2009). Whether there has been compliance with respect to the preparation of the report is not based on who actually penned an expert's report, but, rather, whose opinions and analysis the report contains. *Lehman Bros. Holdings, Inc. v. Laureate Realty Servs*., Inc., 2007 WL 2265199 at *2 (S.D.Ind. Aug.6, 2007); *see also Isom v. Howmedica, Inc*., No. 00 C 5872, 2002 WL 1052030 at *1 (N.D. Ill. May 22, 2002) ("We reject a formalistic approach which would require that the expert be the person who actually puts pen to paper (or fingers to a keyboard)"). While attorney involvement in the preparation of an expert report is permissible, the expert must substantially participate in the preparation of the report. *Manning v. Crockett*, 1999 WL 342715 at *3–4 (N.D. Ill. May 18, 1999).

Defendants primarily rely on *Johnson v. City of Rockford*, No. 15-CV-50075, 2018 WL 1508482 (N.D. Ill. Mar. 27, 2018) as support for their motion. In that case, Judge Johnston granted the defendants' motion to compel plaintiffs' expert, Mr. Libby, to identify who typed portions of his expert report. In reaching this conclusion, Judge Johnston first determined that the report at issue was a final report, not a draft; thus, the protections of Rule 26(b)(4)(B) did not apply. *Id*. at * 5. Next, Judge Johnston found that the final report contained "facts or data, or assumptions, that the plaintiffs' counsel provided to Mr. Libby who, because the information was incorporated into the final draft, by definition, 'considered' or 'relied upon' this information." *Id*. Thus, Rule 26(b)(4)(C) did not protect disclosure of the attorney-expert communications. Judge Johnston also analyzed persuasive authority and policy considerations that supported disclosure

of the identities of who typed specific portions of Mr. Libby's report. *Id.* at *5-7. Defendants argue that this Court should adopt Judge Johnston's reasoning and compel Plaintiff to identify who authored the various sections of Dr. Reich's report.

Defendants also present the case of *Hood v. City of Chicago*, No. 16-CV-1970, dkt 456 (N.D. Ill. Mar. 30, 2021) as supplemental authority in support of their motion. ECF 326. In that unpublished decision, Judge Valdez, citing *Johnson*, granted the defendants' motion to compel a re-deposition of plaintiffs' expert. There, plaintiffs' expert—on the advice of counsel—did not answer questions at his deposition regarding whether he prepared certain portions of his report. *Id.* at 5. Specifically at issue were factual summaries and tables within the report. *Id.* at 2. Plaintiffs' counsel objected to questions regarding who prepared those sections of the report on the grounds of Attorney-Expert work product doctrine. *Id.* at 5. Judge Valdez held that the identity of an individual who types or authors a report, or any portion of it, is not in and of itself protected by privilege. *Id.* at. 7. Thus, Judge Valdez granted the motion to re-depose the expert and permitted defendants to ask the expert about the specific portions of the report "as they relate to facts, data, and assumptions that were relied upon by [the expert]." *Id.* at 13.

Conversely, in *In re Cook Med., Inc., IVC Filters Mktg., Sales Practices and Products Liab. Litig.*, 1:14-ML-2570-RLY-TAB, 2018 WL 6113466 (S.D. Ind. Nov. 21, 2018), Judge Baker determined that the identity of who typed which portions of a final expert report should be protected from disclosure under Rule 26(b)(4)(C). Specifically, Judge Baker found that the 2010 amendments on discovery into communications between counsel and testifying experts were intended to change the law to afford greater protection to these communications. *Id.* at *4. Thus, Judge Baker held that "diving into the details" of the drafting process should be limited to the exceptions listed in Rule 26(b)(4)(C). *Id.* at *5 (citing *U.S. ex rel. Wall v. Vista Hospice Care*,

319 F.R.D. 498 (N.D. Tex. 2016) and *U.S. Commodity Futures Trading Commn. v. Newell*, 301
F.R.D. 348 (N.D. Ill. 2014)). To that end, Judge Baker concluded that the identity of a typist of
an expert's final report is not information that falls into any of the Rule 26(b)(4)(C) exceptions,
directly contradicting *Johnson*. *Id*. Plaintiff urges the Court to adopt the reasoning of *In re Cook
Medical* instead of *Johnson*, and to deny Defendants' motion.

      The Court concludes that Plaintiff's position is better supported by the law, and that the
information sought by Defendants is protected under Rule 26(b)(4). As an initial matter,
Defendants fail to establish why they are entitled to receive the requested information under the
language of Rule 26(b)(4). The Defendants request the identity of who "typed" or "originally
authored" each word within Dr. Reich's expert witness report, but Rule 26(b)(4) says nothing
about such information being discoverable.[2] In fact, the only language in Rule 26 that addresses
the preparation of an expert witness's report is found in Rule 26(a)(2)(B) ("Unless otherwise
stipulated or ordered by the court, this disclosure must be accompanied by a written report—
*prepared* and signed by the witness—if the witness is one retained or specially employed to
provide expert testimony in the case or one whose duties as the party's employee regularly
involve giving expert testimony."). Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). However,
Defendants do not contend that Rule 26(a)(2)(B) is controlling in this case. Further, to the extent
that Defendants suggest that Plaintiff's counsel wrote portions of Dr. Reich's report and tried to

---

[2] We are cognizant that the party asserting a privilege has the burden of showing it applies. *See Valero Energy
Corp. v. United States*, 569 F.3d 626, 630 (7th Cir. 2009) ("the one seeking [a privilege's] protection must carry
the burden of showing that it applies"). And, if the parties framed the issue solely based on a claim of attorney-
expert privilege, we would accordingly consider the issue more strictly applying privilege principles. However,
defendants rely on Rule 26(b)(4) for the basis of their relief, so we focus our analysis on Rule 26, and not general
privilege law. *See* ECF 318, p. 9 ("[b]ased on Reich's admissions and Rule 26(b)(4), Defendants are entitled to
discovery which portions of the final report were typed by someone other than Reich.")

conceal their involvement, the record says otherwise. *See, e.g.*, Reich Dep. 28-31 (transparently describing the collaborative process between counsel and Dr. Reich in preparing the report).[3]

Instead, Defendants contend that the identity of the typists of Dr. Reich's report are discoverable as "facts, data, or assumptions" within the meaning of Rule 26(b)(4)(C), and cite *Johnson* and *Hood* to bolster their claim. The Court disagrees with this position. If Plaintiff's counsel "typed," or "originally authored" the entirety (or such large swaths) of Dr. Reich's report such that Dr. Reich could not reasonably identify the facts or data that he "considered" in forming his opinion, or identify the assumptions that he relied upon in forming his opinion (because that mental process had been performed by the ghost-writing attorneys), Defendants' argument may have more merit for the reasons animating the *Johnson* opinion.[4] We disagree with Defendants that the *identity* of who drafted particular portions of Dr. Reich's opinion is itself a fact, data, or assumption on which he relied or considered in rendering his opinion. This point was illuminated in *In re Cook Medical*, where Judge Baker stated that:

> **"The identity of the person who typed which portions of the report is not 'facts or data' or an assumption that the expert considered or relied upon in 'forming the**

---

[3] At oral argument, defendants' counsel asserted that Dr. Reich initially claimed to have "typed" every word in the final report at his deposition, but later backtracked once he was shown email exhibits. While counsel is correct that Dr. Reich initially claimed, very early in the deposition, that he "typed" the entire report (Reich Dep. 7), once Dr. Reich realized where defendants' counsel was going with this line of questioning (i.e., the deliberative process with plaintiff's counsel in exchanging drafts of the report), Dr. Reich did not dispute that there may have been some words that plaintiff's counsel proposed and that he later reviewed and adopted as his own (Reich Dep. 29-30). The semantics of who actually "typed" the text in the report, when multiple parties are exchanging drafts and modifying language, is inherently confusing and the Court does not believe that Dr. Reich was purposefully trying to conceal plaintiff's counsel involvement.

[4] We think the proper understanding of *Johnson* is not a judicially created addition to Rule 26(b)(4). Rather, we think *Johnson* is properly understood to mean that a party cannot claim attorney-expert privilege to hide the conveyance of information that is otherwise discoverable. This principle is no different than the same (more commonly applied) principle in attorney-client communications. The communication may be privileged, but the underlying information conveyed is not. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]") We further understand *Johnson* to mean that when counsel drafts near entire sections of an expert's report, those sections may necessarily become "facts, data, or assumptions" for which the expert relies on or considers in rendering his opinions. Such reliance or whole cloth adoption of counsel's words may be discoverable.

**opinions to be expressed' in the report**. It strains the imagination to think [the expert] considered or relied on the who typed which portions of the report in forming his opinions, which are expressed in the report."

*In re Cook Medical* at *5 (emphasis added).

Defendants do not suggest that Dr. Reich considered or relied upon information that was not included in the final report, nor do they argue that Plaintiff is improperly withholding other *facts, data, or assumptions* upon which Dr. Reich considered and relied upon. And there is no suggestion that the report is so inundated with ghost-writing that Dr. Reich cannot recall what information he considered and relied upon in forming his opinions. Instead, the sole dispute of this motion centers around the identity of who "typed" or "originally authored" sections of Dr. Reich's report, and whether the identity of that person is discoverable. Defendants have failed to establish why they are entitled to that information under the language and intent of Rule 26(b)(4).

Beyond the legal principles just articulated, the cases relied upon by Defendants are factually distinguishable. *Johnson* is distinguishable from the circumstances presented here. In *Johnson*, after oral argument, Judge Johnston ordered plaintiff's counsel to provide the court *in camera* with a copy of the expert's report, highlighting those portions that were not "typed" by the expert. *Johnson* at *3. After reviewing the highlighted report, Judge Johnston determined that almost half of the "Statement of Facts" in the report were typed by someone other than the expert. *Id*. Further, significant sections of the expert's "opinions" within the report were typed by someone other than the expert. *Id*. Here, the Court has not ordered Plaintiff's counsel to provide the Court a copy of the report *in camera*, although Defendants suggest such relief may be appropriate. ECF #318, p. 15. Moreover, even if the Court conducted a detailed review of the report Plaintiff's counsel provided the Court (unprompted), Defendants dispute that version of

the report. *See* ECF 324. Thus, an *in camera* review would not seem to aid the resolution of this matter even if we were inclined to proceed in that direction. There is also no "Statement of Facts" section of Dr. Reich's report.[5] Thus, the Court is not presented with circumstances sufficiently analogous to those in *Johnson* for it to provide meaningful factual guidance.

Defendants also rely on the *Hood* decision, which also is easily distinguishable. In *Hood*, Judge Valdez was presented with the narrow issue of whether defendants' counsel could properly ask at deposition whether an opposing expert authored particular sections (specifically, tables and summaries of data) of his report without violating the protections of Rule 26(b)(4)(C). Here, Dr. Reich has already admitted at his deposition that plaintiff's counsel contributed to the preparation of his report. Plaintiff does not object to the question of authorship itself, but rather to disclosing—in word-by-word detail—who typed particular sections within the report. Thus, the relief requested (and granted) in *Hood* differs significantly from the instant case. While *Hood* and *Johnson* each present persuasive policy considerations against ghost-writing, and in favor of robust cross-examination of expert witnesses, those commendable ideals must be integrated into the language and intent of Rule 26(b)(4), which protects initial drafts of expert reports and Attorney-Expert communications, with limited exceptions that are not applicable here.

In summary, defendants have failed to establish how Rule 26(b)(4)—or any other Rule—permits discovery into the identity of who "typed" or "originally authored" portions of Dr. Reich's report.

---

[5] The Court conducted only a cursory review of Dr. Reich's report. In doing so, we observed that the report is not formatted such that a "Statement of Facts" exists.

**Conclusion**

For the reasons set forth above, the Court denies Defendants' Motion to Compel Plaintiff to Identify Portions of Dr. Karl Reich's Expert Report that Reich Did Not Type. ECF 318.

**SO ORDERED.**                    **ENTERED:**

**DATED: 12/7/22**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**