IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|     Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
|     Defendants. | ) | |

**INITIAL JOINT STATUS REPORT FOR REASSIGNED CASE**

    Pursuant to this Court's October 30, 2023 "Standing Order Regarding Reassigned Civil Cases," Dkt.417, Plaintiff Robert Smith Jr., through his Special Representative Diane Yeager Smith, and all Defendants (the "Parties") respectfully file this Joint Status Report as follows:

**I.**     **Nature of the Case - § 1983 Reversed conviction.**

**A.**     **Identify the attorneys of record for each party.**

    **For Plaintiff Robert Smith Jr.**
    Stuart J. Chanen and Ariel Olstein of CHANEN & OLSTEIN LLP

    **For Defendants Phillip Cline, Daniel McWeeny, Steven Brownfield, William Pedersen, John Solecki, Robert Dwyer, Estate of Yucaitis, Estate of Rice; Estate of Higgins**

    Special Assistant Corporation Counsels Eileen E. Rosen and Stacy A. Benjamin (and additional counsel identified below) of ROCK, FUSCO & CONNELLY, LLC

    **For Defendant City of Chicago**
    Special Assistant Corporation Counsels Terrence M. Burns, Paul A. Michalik, and Daniel M. Noland (and additional counsel identified below) of REITER BURNS LLP

**B.**     **State the basis for federal jurisdiction.**
    The basis for federal jurisdiction is 28 U.S.C. § 1331, 1983. Counts 1-6 and 12 assert claims under Section 1983. The Court also has supplemental jurisdiction over Counts 7-11 under 28 U.S.C. § 1367.

**C.**     **Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**
    Plaintiff asserts that he was wrongfully convicted when the Individual Defendants beat a false confession out of him, fabricated evidence to match the false confession, withheld exculpatory evidence, destroyed evidence in bad faith, and committed perjury at Smith's suppression hearing and criminal trial.
    Plaintiff further asserts that the Defendants conspired to take these actions, failed to intervene in the unconstitutional acts of other defendants, and maliciously prosecuted Smith, and intentionally inflicted emotional distress.

        Plaintiff asserts that Defendant City of Chicago (in addition to participating in destruction of evidence) had a *de facto* policy and practice of (1) excessive force and fabrication of evidence (and lying about both) at Area 2 Violent Crimes; (2) the City failed to adequately supervise/discipline Area 2 Detectives who engaged in such conduct; and (3) that the by September 1987, the City's top policymakers knew that it was highly predictable that excessive force and fabricated evidence would continue at Area 2 Violent Crimes if the City failed to supervise and/or discipline Area 2 Violent Crimes Detectives engaging in such conduct. Dkt.82 (Second Amend. Complaint).

        Defendants deny the allegations against them and assert numerous affirmative defenses to plaintiff's Second Amended Complaint. *See* Dkts. 92, 97.

**D.**     **Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**
Plaintiff currently seeks compensatory damages in the amount $33,101,369.86 for his 33 years, one month, and seven days of wrongful incarceration ("Smith's wrongful incarceration") and punitive damages in the amount of $33,101,369.86. Plaintiff reserves the right to seek greater damages, both generally, and because Mr. Smith is suffering from severe vascular dementia and he may attempt to prove at trial that his vascular dementia was caused by poor medical care and diet during Smith's wrongful incarceration, leading to additional damages.

**E.**     **List the names of any parties who have not yet been served.**
All Parties have been served.

**II. Discovery and Pending Motions**

**A.**     **Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**
None.

**B.**     **What is the current discovery schedule?**
Fact and Expert discovery are closed.

**C.**     **Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.**
The parties conducted fact and expert discovery relating to the underlying incident and Mr. Smith's competency at the time he gave his deposition in November 2021 and when he filed this lawsuit in March 2021.

**D.**     **Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**
1.    Judge Guzman granted the City's Motion to stay *Monell* discovery. Dkt.75.

2. Judge Guzman denied without prejudice the City's Motion to Bifurcate Plaintiff's Monell Claim (Count VI) from the remainder of the case. Dkt.48
3. Judge Guzman denied without prejudice Plaintiff's Motion for partial summary judgment on Plaintiff's *Monell* claim. Dkt.75
4. Judge Guzman denied Plaintiff's Motion to Amend Complaint to add two Defendants, Officer Hughes and Officer Rios. Dkt.142
5. Judge Guzman denied Plaintiff's motion to lift the *Monell* discovery stay. Dkt.314.
6. The parties entered into an evidentiary stipulation regarding certain evidence/ Dkt. 267.
7. Judge Guzman denied without prejudice Plaintiff's Motion for Default Judgement against Defendant Cline as a sanction for perjury. Dkt.321.
8. Judge Guzman granted Plaintiff's Motion to voluntarily dismiss Defendant Brogan (who had settled). Dkt.118
9. Plaintiff Voluntarily Dismissed Defendant Michael Rowan. Dkt.142
10. Judge Guzman granted Plaintiff's Rule 25(b) Motion to appoint Diane Yeager Smith to be Robert Smith's Special Representative with respect to this case. Dkt.296.
11. Judge Weisman denied Plaintiff's Motion to Name A Police Practices Expert. Dkt.409.

**E. Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

1. November 17, 2023 – (per Dkt. 415): (But see Section V.B. below)
   - Defendants will file a Motion to Bar from Evidence the Deposition of Plaintiff, Robert Smith.
   - City of Chicago will file a Renewed Motion to Bifurcate Plaintiff's Monell Claim (Count VI) from the remainder of the case for purposes of trial.

   A briefing schedule was already set by Judge Alonso on both these motions, responses are due November 22 and Replies are due December 13, 2023. Your Honor's order of October 30 maintains this schedule. Dkt.417.

2. Defendants intend to move for summary judgement, but because the evidentiary basis for this motion is premised on the outcome of the ruling on the forthcoming Motion to Bar the Deposition of Plaintiff Robert Smith, Judge Alonso stated at the September 26, 2023 status that a schedule for summary judgment would be addressed after ruling on that motion.

   Plaintiff opposes the filing of any summary judgment motions. Plaintiff asserts that there are far too many disputed issues of material fact for the court to consider summary judgment motions for this case and will rely extensively case law in support of the proposition that sometimes a case is simply too complex, and/or the facts are simply too hotly contested, and/or the benefits of (maybe) resolving individual counts pre-trial too insignificant, to spend months of attorney and court time poring over summary judgment pleadings and Rule 56.1 statements when that time could be better spent preparing for trial.

3

**III. Trial**

**A.**     **Have any of the parties demanded a jury trial?**
All parties have demanded a jury trial. See Dkts. 1,32,33,34

**B.**     **What is the trial date (if any)?**
August 12, 2024 to September 6, 2024 (20 trial days). Dkt 355 and 415.
**If there is a trial date, are the parties prepared to have a trial on an earlier date?**
Plaintiff is available for trial for any four-week period between March 4 and April 19, 2024 OR between June 10 and August 9, 2024. Defendants are not available during these times and, in addition, oppose an earlier trial date because it would be impracticable based on the anticipated motions referenced above in section E.

**C.**     **Have the parties filed a final pretrial order? If so, when? If not, when is the deadline for the filing?**
The Final Pretrial Order and Motions in Limine are due June 17, 2024; MIL Responses are due July 1, 2024. A Final Pretrial Conference is scheduled for July 25, 2024, at 11:00 a.m. Dk.415.

**D.**     **Estimate the number trials days.**
20 trial days.

**IV.**     **Settlement, Referrals, and Consent.**

**A.**     **Have any settlement discussions taken place? If so, what is the status?**
Plaintiff has made increasing demands on Defendants on the following dates: February 18, 2021; July 23, 2021; November 11, 2021; and October 10, 2022. The Defendant City of Chicago sent settlement offers on the following dates: August 13, 2021 and November 18, 2022.

**B.**     **Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**
Discovery only (Dkts. 23, 213.).

**C.**     **Do the parties request a settlement conference before this Court or the M.J.?**
No.

**E.**     **Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent?**
All parties have informed their respective clients, and there is not unanimous consent to do so.

**V.**     **Other**
**A.**     **Is there anything else that the plaintiff(s) wants the Court to know?**
**B.**     **Is there anything else that the defendant(s) wants the Court to know?**

4

Defendants wish to bring a disqualification issue to the Court's attention and request either an in-person or telephonic status hearing to discuss prior to the scheduling of any deadlines or ruling on any substantive matters. Defendants believe that recusal of this Court is proper under 28 U.S.C. § 455. Prior to judicial appointment, in 2007 and 2008, Your Honor signed onto two reports, one of which is part of discovery in this matter.

Daniel McWeeny and the Estate of John Yucaitis are, among others, defendants in this matter and accused of misconduct that led to Plaintiff's alleged wrongful 1985 conviction for murder. Plaintiff alleges in his Second Amended Complaint that McWeeny and Yucaitis, as well as the other Defendant Detectives and then-Lt. Cline, are all "protegees" of Lt. Jon Burge. (Dkt. 82, 2nd Am. Compl. ¶2). His *Brady* claim (Count III) and conspiracy claim (Count IV) both claim "systematic torture of persons in police custody at Area 2" as part of the evidentiary basis for these claims. Plaintiff has also alleged that the City had a de facto policy and practice of allowing the coercion of confessions through physical abuse. (*Id.* at ¶¶100-157, and Count VI). As a partner at Miner, Barnhill & Galland, Your Honor was listed as one of the individuals who submitted two reports in 2007 and 2008 regarding Jon Burge and detectives under his command: April 24, 2007 "Report on the Failure of Special Prosecutors Edward J. Egan and Robert D. Boyle To Fairly Investigate Police Torture in Chicago" and October 29, 2008 "Torture in Chicago – A Supplementary report on the on-going failure of government officials to adequately deal with the scandal." The 2007 Report, produced in this case, is attached as Exhibits "A" to this Joint Status Report. The report was relied upon as evidence supporting Plaintiff's Motion for Partial Summary Judgement on his *Monell* claim, Count VI (*see* Dkt. 65-2 Ex. 130 "Shadow Report"). In addition, Plaintiff's July 26, 2021 Response to the Defendant Detectives' Five Sets of Interrogatories lists many of the individuals referenced in the 2007 report as FRE 404(b) "torture victim" witnesses he intends to call at trial (Ex. B. at 2, 5-9, 12) as evidence he intends to rely upon to support his claims.

Respectfully, Defendants believe that Your Honor's role as an individual signing onto the 2007 and 2008 reports disqualifies Your Honor from presiding over this case under § 455(a), (b)(1) and wish to address this before this Court considers any further matters.

Plaintiff agrees that this issue should be resolved promptly, but Plaintiff disagrees that it should be raised solely by status report or resolved solely at a status hearing. If Defendants desire to bring a disqualification or recusal motion, they should do so. Plaintiff was literally made aware of this issue for the first time less than one hour before approving this draft, but in that brief time, has done sufficient research of Section 455 and the two underlying documents to conclude that Plaintiff would oppose any such motion if one were filed. *See, e.g., In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010) (holding that article co-authored by judge did not establish that "a reasonable, thoughtful, and well-informed observer" would question the judge's impartiality.)

Dated: November 9, 2023

5

Respectfully submitted,

PLAINTIFF ROBERT SMITH JR.
By: *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
7373 Lincoln Avenue, Suite 100
Lincolnwood, IL 60712
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

DEFENDANTS PHILLIP CLINE, DANIEL MCWEENY, STEVEN BROWNFIELD, WILLIAM PEDERSEN, JOHN SOLECKI, ROBERT DWYER, ESTATE OF JOHN A. YUCAITIS, ESTATE OF ROBERT RICE; ESTATE OF WILLIAM HIGGINS

By: /s/ Stacy A. Benjamin____
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker Drive, 19th Floor
Chicago, IL 60606
312-494-1000
sbenjamin@rfclaw.com

CITY OF CHICAGO

By: /s/ Daniel M. Noland____
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Reiter Burns LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
312-982-0090