**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| Defendants. | ) | |

**PLAINTIFF'S STATUS REPORT AND MOTION TO SET A NEW TRIAL DATE**

Plaintiff Robert Smith Jr., through his Special Representative Diane Yeager Smith, respectfully files this Status Report and requests this Court to re-set the August 12-September 6 trial date, which was stricken earlier today (collectively, the "Motion"). In support of the Motion, Smith states as follows:

1. Plaintiff filed this case more than three years ago, on March 1, 2021. Dkt.1.

2. On March 14, 2023, after fact and expert discovery had closed, Judge Guzman set this case for trial from August 12 to September 6, 2024. Dkt.355.

3. On May 22, 2023, the Executive Committee transferred the case to Judge Alonso, Dkt.378, who on September 26, 2023, re-affirmed the August 12, 2024 trial date. Dkt.415.

4. On October 26, 2023, the Executive Committee transferred this case to Your Honor. Dkt.416. Since that time, Defendants have either filed or completed the briefing of three different motions: (a) a motion seeking Your Honor's disqualification (Dkt.436); (b) a motion *in limine* seeking to bar Robert Smith's deposition testimony (Dkt.426); and (c) a motion to bifurcate Smith's Count VI *Monell* claim against the City of Chicago from the remainder of the case (Dkt.423). The Court disposed of the disqualification motion on May 29 (Dkt.459). Defendants then moved on June 11 to stay all proceedings

(Dkt.463), but withdrew that motion on July 2 (Dkt.467), when the Seventh Circuit denied their mandamus petition.

5.      Earlier today, July 23, 2024, Judge Alonso entered an Order formally striking the trial scheduled for August 12 to September 6. Dkt.470.

6.      The next step under this Court's procedures would be to have an off-the-record conversation with the Parties about summary judgment, but Defendants stated during an April 5 Telephone Conference with the Court that their position on summary judgment was heavily dependent on this Court's ruling on Defendants' Motion to Bar Smith's Testimony. While Smith disagrees that the Court's ruling on that motion is pertinent to summary judgment (and further asserts that, in this particular case, the Court should not allow summary judgment altogether), the case is stalled until the Court rules on Defendants' Motion to Bar or holds that the summary judgment briefing does not need to await that ruling. Smith therefore respectfully requests this Court to rule on Dkt.426 as soon as possible or to set the case for a conference regarding summary judgment.

7.      In addition, Smith respectfully requests this Court to set this case for trial and for a pretrial conference as soon as possible. As the Court is aware, Mr. Smith suffers from vascular dementia and will not be able to testify at his own trial. Defendants have repeatedly acknowledged this fact and that Mr. Smith's dementia is both "progressive" and "degenerative." Dkt.444, at 13-14, 16, 20-21, *citing* Dinwiddie Report; Goldstein Dep. at 33-34, 102-03 and Argumedo Dep. at 48. Even though Mr. Smith has extreme deficits in memory, he nevertheless retains some cognition, but it too is degenerative. The sooner the trial proceeds, the more Mr. Smith will be able to understand and appreciate the evidence and arguments being presented on his behalf.

8. On April 5, 2024, this Court stated its intention to move this case forward with deliberate speed and to treat it as a priority, and we again request the Court to do so. Indeed, we respectfully reiterate that Mr. Smith is uniquely deserving of having his case heard as soon as possible, especially in light of his deteriorating condition and the fact that he has waited nearly four decades to prosecute his claims against Defendants, who caused his more than 33 years-long wrongful incarceration.

For all these reasons, Plaintiff Robert Smith Jr., through his Special Representative, Diane Yeager Smith, respectfully requests this Court to:

A. Rule on Defendants' Motion to Bar, Dkt.426;

B. Hold an off-the-record Conference with the Parties related to summary judgment motions;

C. Set the case for Trial and Pretrial; and

D. Rule on the City's Motion to Bifurcate (although Defendants do not make the same claim that this must be done prior to the post-trial briefing).

Dated: July 23, 2024

Respectfully submitted,

PLAINTIFF ROBERT SMITH JR.
By: *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
7373 Lincoln Avenue, Suite 100
Lincolnwood, IL 60712
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com