DRAFT – SJC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 21-cv-1159 |
| | ) | |
| The City of Chicago, | ) | The Honorable Jeffrey I. Cummings |
| Former CPD Superintendent Phillip Cline, | ) | |
| Detective Daniel McWeeny, | ) | |
| Detective Steven Brownfield, | ) | |
| Detective William Pedersen, | ) | |
| Detective John Solecki, | ) | |
| Detective Michael Rowan, | ) | |
| Detective Robert Dwyer, | ) | |
| The Estate of John A. Yucaitis, | ) | |
| The Estate of William Higgins, | ) | |
| The Estate of Robert Rice, | ) | |
| Cook County Assistant State's Attorney Raymond Brogan, | ) | |
| Defendants. | ) | |

## **TABLE OF CONTENTS**

INTRODUCTION -- THERE WILL BE A TRIAL OF THIS CASE — x

THREE IMPORTANT LEGAL STANDARDS — x

    1.    The Rule 56 Summary Judgment Standards. — x

    2.    The *Kennedy v. Silas Mason* Discretion Doctrine. — x

    3.    The Section 1983 Due Process Standards. — x

SUMMARY OF THE FACTS — x

I.    DEFENDANTS HAVE NOT MET THEIR SUMMARY JUDGMENT BURDENS WITH RESPECT TO SMITH'S COUNT II FABRICATION-OF-EVIDENCE CLAIM. — x

    A.    The Court Should Reject Defendants' Argument That There Are No Disputed Facts With Respect to Whether They Fabricated Evidence. — x

B. The Court Should Reject Defendants' Argument That They Are Entitled to Judgment As A Matter of Law because "No Police Reports Were Admitted Into Evidence" and "Defendants Cannot Be Liable For Their Testimony." .................................................. x

C. This Court Should Reject Defendants' Argument That As Long As Smith Has Conceded That All The Words Attributed To Him In the Transcribed Confession Were Spoken By Him, Defendants Cannot Be Liable For Fabrication of The Content of The Confession. ............ x

D. The Court Should Reject Defendants' "Personal Involvement" Argument. .... x

II. DEFENDANTS HAVE NOT MET THEIR SUMMARY JUDGMENT BURDENS WITH RESPECT TO SMITH'S COUNT III *BRADY* CLAIM. ........ x

    A. The Court Should Reject Defendants' Argument That There Is No Case Law That Requires A Police Officer To Produce Exculpatory or Impeachment Evidence Related to Area 2's Pattern and Practice of Torture and Abuse. .................................................................. x

    B. The Court Should Reject Defendants' "Personal Possession" Argument and "Did-Not-Withhold-*Brady*-Evidence *Willfully*" Argument. ........ x

    C. The Court Should Reject Defendants' Argument That There Was No Exculpatory Material In The Form of Evidence To Produce. ............ x

    D. This Court Should Reject Defendants' Argument That Anything That They Should Have Produced To The Prosecutor Was Equally Available to Smith. .................................................................................... x

    E. This Court Should Reject Defendants' "Reasonable Probability" Argument. .... x

    F. The Court Should Reject Defendants' Argument That Smith Cannot Prove His *Brady* Claim Because His Criminal Defense Lawyer Did Not Present Evidence or Argument That Coercive Conduct Led To His Confession. .................................................................. x

    G. The Court Should Reject Defendants Argument That Only The Witnesses Who Testified At Smith's Trial About His Confession Can Be Found Liable For a *Brady* Violation Related To Prior Instances of Violence Against Suspects. .................................................................. x

    H. The Court Should Reject Defendants' Qualified Immunity Argument. .... x

DRAFT – SJC

| | | | |
|---|---|---|---|
| III. | DEFENDANTS HAVE NOT MET THEIR SUMMARY JUDGMENT BURDENS WITH RESPECT TO SMITH'S COUNT XII *YOUNGBLOOD* CLAIM. | | x |
| | A. | A *Youngblood* Claim Presents Three Issues of Fact, Only Two of Which Are At Issue on this Motion. | x |
| | B. | The Jury Should Decide If One of More of Defendants Acted In Bad Faith. | x |
| | | 1. Two First Responders, One Detective, and One Fire Marshall All Identify The Knife At The Crime Scene. | x |
| | | 2. Smith's Criminal Defense Counsel Requests the State to Make All Physical Property Available For Inspection. | x |
| | | 3. The Knife is Destroyed. | x |
| | C. | What Smith's Criminal Defense Counsel Did or Did Not Do With Respect To The Knife During The Criminal Trial Is Not Relevant To Smith's *Youngblood* Claim in This Case. | x |
| | D. | Defendants' Purported Assertion That A Bomb & Arson Detective Took the Knife From The Kitchen and Used It To Cut Carpet, Then Photographed The Knife, Then Left It Laying at the Scene To Be Found By Other Area 2 Detectives, is Entirely Implausible, And Does Not Control on Summary Judgment In Any Event. | x |
| IV. | DEFENDANTS DWYER, MCWEENY, AND SOLECKI HAVE NOT MET THEIR SUMMARY JUDGMENT BURDENS ON SMITH'S COUNT I COERCION CLAIM. | | x |
| | A. Defendant Dwyer | | x |
| | B. Defendant McWeeny | | x |
| | C. Defendant Solecki | | x |
| V. | DEFENDANTS HAVE NOT MET THEIR SUMMARY JUDGMENT BURDENS ON SMITH'S COUNT VIII ILLINOIS COMMON-LAW MALICIOUS- PROSECUTION CLAIM. | | x |
| | A. | The Court Should Reject The Moving Defendants' "\_\_\_\_" Argument. | x |

|   |   |   |   |
|---|---|---|---|
|   | B. | The Court Should Reject The Moving Defendants' "Did Not Commence Or Continue" Argument. | x |
| IV. | | DEFENDANTS HAVE NOT MET THEIR SUMMARY JUDGMENT BURDENS ON SMITH'S FAILURE-TO-INTERVENE, FEDERAL CONSPIRACY, SECTION 1986, IIED, and STATE CONSPIRACY CLAIMS. | x |
|   | A. | Defendants Concede That if Any of Their "Substantive" Counts are Going to Trial, The "Derivative" and "Vicarious Liability" Counts are also Going To Trial. | x |
|   | B. | The Court Should Reject Defendants' "Intra-Corporate Conspiracy" Argument. | x |
|   | C. | The Court Should Reject Defendants' Qualified Immunity Argument With Respect to Smith's Federal Conspiracy Claims. | x |
|   | D. | The Court Should Reject Detectives' Argument That There Is No Evidence of Conspiracy. | x |
|   | E. | The Court Should Reject Defendants' "Incongruous Argument" on Smith's Failure-To-Intervene Claim. | x |
|   | F. | The Court Should Reject Defendants' "Derivative Argument" Related to Smith's Section 1986 Failure-to-Intervene Claim. | x |
|   | G. | The Court Should Reject The Defendants' "Extreme and Outrageous" Argument With Respect to Smith's IIED Claim. | x |
| CONCLUSION | | | x |