IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|                 Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|                 Defendants. | ) | |

**SMITH'S MOTION IN LIMINE #2 TO BAR DEFENDANTS FROM ASSERTING THAT SMITH'S REPRESENTATIVE IS THE PLAINTIFF IN THIS CASE**

On April 4 and July 8, 2022 respectively, Cook County Probate Judge Aicha Marie MacCarthy appointed Diane Yeager Smith, Plaintiff Robert Smith's ex-wife to be Temporary Guardian, and subsequently Permanent Guardian, of Robert Smith's person and estate under Sections 203 and 204 of the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act, 755 ILCS 8/203-204, concluding that he:

    (a) was suffering from Major Neurocognitive Disorder (likely Vascular type);

    (b) was no longer capable of making "personal and financial decisions;"

    (c) had been the victim of financial exploitation; and that

    (d) a guardian was necessary to assist him in several aspects of his life, including to "direct ongoing litigation regarding his false imprisonment based on a forced confession."

*See* Exhibits A and B (Probate Court Orders).

Subsequently, on August 11, 2022, pursuant to Federal Rule of Civil Procedure 25(b), and over Defendants' objections, Judge Guzman also appointed Diane to be Smith's Special Representative for purposes of this case. *See* Exhibit C (Judge Guzman

Order). Judge Guzman entered this Order only after Smith was able to answer several of Judge Guzman's questions and concerns about the underlying Probate proceedings and satisfying him that Ms. Smith was an appropriate Special Representative.

Since that time, both the City and the Detective Defendants have repeatedly insisted that Diane Smith is now the "Plaintiff" in this case. *See, e.g.,* Dkt.426, at 6 ("Smith's counsel then moved to name Yeager-Smith as plaintiff in the role of Smith's representative on the basis that he was incompetent pursuant to Fed. R. Civ. Proc. 25(b)"); Dkt.494, at 1 n.1 (referring to Diane as "Plaintiff" in her capacity as "Representative," and as "Diane" in her capacity as a witness); and Dkt. 490, at cover n.1 (even though the Court approved Diane as representative in August 2022, "the Clerk of the Northern District of Illinois has not yet updated the caption in this case regarding the change"). *See also* Dkt.516, at ¶ 1 (objecting to Defendants' misnomer of referring to Ms. Smith as "Plaintiff").

Respectfully, Defendants are wrong to refer to Ms. Smith as the Plaintiff. Robert Smith is still the Plaintiff in this case. *See* Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest") (emphasis added). We have repeatedly explained to Defendants' counsel that:

(1) Robert is not deceased;
(2) Robert does not have a Decedent's Estate;
(3) Diane acts as a "guardian" of Robert's estate (small e), and of his person;
(4) Diane acts as his "representative" in this litigation;
(5) No Court has ever appointed Diane to be the plaintiff in this case; and
(6) Robert remains the real party in interest,

Nevertheless, Defendants continue to insist that Diane Smith is now the Plaintiff.

Defendants are clearly confusing Rule 25(b) applicable to disabled parties, with Rule 25(a), *applicable to deceased parties*. *Compare* Fed. R. Civ. P. 25(a) ( "If a party dies and the claim is not extinguished, the court may order substitution of the proper party")(emphasis added) *with* Fed. R. Civ. P. 25(b) ("If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative.") (emphasis added). There is nothing at all in Rule 25(b) about a "substitution" of the Special Representative as Plaintiff. There is nothing in Rule 25(b) about Robert not continuing to be "the proper party." Contrary to the City's suggestion, the Clerk of the Court will not be substituting Diane for Robert as the Plaintiff in this case (which is why it has not done so in the past three years). Even if the Clerk were to change the caption, it would change it to "Robert Smith, Jr., Plaintiff, by and through his Special Representative Diane Yeager Smith," and not "Diane Yeager Smith, Plaintiff."

Robert Smith now requests the Court to bar Defendants from referring to Ms. Smith as the "Plaintiff" during the trial.

First, it is just wrong to do so because she is not the Plaintiff under the Federal Rules of Civil Procedure.

Second, it will cause tremendous confusion among the jurors if Smith's counsel refers to Robert as the "Plaintiff," while Defendants and their counsel are constantly referring to Diane as the Plaintiff.

Third, there is a high risk that continuing to permit Defendants to call Diane the Plaintiff will prejudice Robert. Defendants may attempt a "shell game" where

they ask the jury why should you award a large judgment to Plaintiff Diane Smith when it was Robert, not Diane, who spent more than 33 years in prison? Or equally bad (perhaps worse), an allegation against Diane that now, 38 years later, *she is trying to profit from her mother's and grandmother's own murders*. Such arguments must be barred as improper and prejudicial regardless of what they call Diane, but permitting Defendants to refer to Diane as the "Plaintiff" – even without such arguments – could easily prejudice Robert's case as well.

Per the Court's Standing Order regarding Pretrial Issues, the parties met and conferred on April 16, 2025, and were not able to agree on a resolution that would prevent this Motion.

For all these reasons, Plaintiff Robert Smith respectfully requests this Court to bar Defendants from:

- referring to anyone other than Robert Smith as the "Plaintiff,"
- suggesting that Diane Smith has brought this lawsuit;
- suggesting that Diane Smith (and not Robert Smith himself) will receive the jury's award; and
- suggesting that Diane Smith is seeking to profit from her mother's and grandmother's deaths.

Dated: April 23, 2025

Respectfully submitted,

*Plaintiff Robert Smith Jr.*
/s/ *Stuart J. Chanen*

CHANEN & OLSTEIN LLP
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com

4

Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatelaw.com