IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION NO. 3 TO BAR EVIDENCE AND ARGUMENT REGARDING SMITH'S PURPORTED REFUSAL TO TAKE A POLYGRAPH

Plaintiff Robert Smith respectfully moves to bar Defendants from referencing any evidence or argument regarding Mr. Smith's purported refusal to take a polygraph examination. In support of the Motion, Smith states as follows:

### Factual Background

At Smith's 1989 Suppression Hearing, Defendant McWeeny testified that when he interviewed Robert Smith in the Area 2 Interrogation Room he asked Smith if he was willing to take a lie detector test, and Smith responded that he wanted to "think about it." Dkt.495-9, at E-37. That testimony is not disputed. That, however, did not stop Defendant Yucaitis from testifying – as the very next government witness – that "both [Robert and Diane] had been asked if they would take a polygraph examination" and "[t]he male subject had declined." Dkt.459-9, at E-65. McWeeny later confirmed at his deposition that Smith had requested time to think about it, but McWeeny also volunteered at that time that he considered Smith's hesitancy to be a "red flag." *See* Dkt.495-28, at 84.

The only evidence that Smith in fact declined a polygraph came more than 34 years later, at Smith's deposition in 2021. The City's counsel told Mr. Smith that he had read that Smith had declined to take a polygraph at Area 2, and Smith agreed. Smith Dep., attached as Exhibit 1, at 308. Smith stated that he had declined at Area 2 in part because he was high on drugs and in part because he had failed a polygraph previously, when he sought employment with Brinks. *Id.* Smith first thought that had occurred in '83 or '84 but later stated that it was '71 or '72 when he came home from the Army. *Id.* at 309. The issue of when it occurred was never resolved.

## ARGUMENT

### I. Evidence That An Individual Refused A Polygraph Exam Has Repeatedly Been Held To Be Unfairly Prejudicial.

Numerous courts have held that because of the questionable reliability of polygraph exams and their potential for manipulation, a criminal suspect's "refusal to agree to take a polygraph" is inadmissible because it is unduly prejudicial.

Second, under Illinois law, a defendant cannot be compelled to take a polygraph test, even if requested by the court or law enforcement. Similarly, a suspect's refusal to take a polygraph exam is not admissible as evidence of guilt or consciousness of guilt. Because of these rules, a suspect's refusal to take a polygraph cannot be used as evidence against him or her, a right that is rooted in the Fifth Amendment's right against self-incrimination.

Third, the evidence establishes that Mr. Smith did not *refuse* to take a polygraph examination.

## II. Evidence That An Individual Refused A Polygraph Exam Has Repeatedly Been Held To Be Inadmissible Under The Fifth Amendment.

The Self–Incrimination Clause of the Fifth Amendment states that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. 5th amend..; *see also Miranda v. Arizona,* 384 U.S. 436, 444 (1966). This Fifth Amendment right incorporates a right to remain silent when facing custodial interrogation, and a "polygraph examination is almost always a custodial interrogation." *United States v. Resnick*, 823 F.3d 888, 897 (7th Cir. 2016), *citing Oregon v. Elstad,* 470 U.S. 298, 304 (1985). Id. at 899 (Bauer, J., dissenting) ("As the majority notes, a polygraph examination is a custodial interrogation"). A suspect's right against self-incrimination is absolute, not situational. *Miranda*, 384 U.S.at 479 (right against compelled testimony is absolute and "cannot be abridged"); *Greene v. Finley,* 749 F.2d 467, 472 (7th Cir.1984) ("the constitutional privilege against self-incrimination . . . grant[s] . . . an absolute right").

Most significantly, a defendant's exercise of his right to remain silent may not be treated as "substantive evidence of guilt." *United States v. Robinson,* 485 U.S. 25, 34 (1988); *United States v. Ochoa–Zarate,* 540 F.3d 613, 617 (7th Cir.2008). The Supreme Court has made this point repeatedly, in numerous different contexts. *Miranda,* 384 U.S. at 468 n.37 ("[I]t is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation").

Here, that is precisely what the Defendants are attempting to do – assert that because Smith did not immediately agree to take a polygraph, he must be guilty of his in-laws' murders. "What innocent person would not want to immediately clear his name

by proving himself innocent on a polygraph machine?" Such an argument is not permissible because it violates Smith's constitutional right to decline to take a polygraph. Defendants will argue in response that this is not a criminal case, it is a civil case and that jurors may draw adverse inferences against parties to civil actions when they assert Fifth Amendment rights. *See, e.g., Hillmann v. City of Chicago*, 834 F.3d 787, 792 (7th Cir. 2016). This is not the same situation as *Baxter* and *Hillmann*. Smith is not invoking his 5th Amendment right to silence *in this case*, or even in other comparable civil litigation. Rather, during a custodial interrogation he requested additional time to make a decision about whether he wanted to undergo a polygraph examination. That is the fifth amendment right that Defendants are attacking, not one that is being asserted in this or prior civil lawsuits.

### Local Rule 37.2 Certification

Pursuant to this Court's Standing Order, Plaintiffs' counsel conferred with Defendants' counsel on April 16, 2025, and the Parties could not reach an agreement to avoid this Motion.


Dated: April 23, 2025

> Respectfully submitted,
>
> *PLAINTIFF ROBERT SMITH JR.*
>
> By: /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL   60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatelaw.com