IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH'S MOTION IN LIMINE #6 TO BAR ALL REFERENCES TO AN
ALLEGED ROMANTIC OR SEXUAL RELATIONSHIP
BETWEEN SMITH AND HIS CHILDHOOD FRIEND SALLY PAYNE**

On the night of the murders, September 19, 1987, Plaintiff Robert Smith Jr. ("Smith") had participated in a billiards tournament at a tavern located below the apartment of a friend named Sally Payne. As Robert also later told the police, throughout the night he had gone back and forth from the tavern to Payne's apartment, and on two or three occasions during the night he left Paynes' place to buy drugs from another friend of his, a man named Mike Santee. Smith was married to Diane Yeager-Smith at the time.

Smith anticipates that Defendants will allege or suggest at trial that he had a romantic or sexual relationship with Payne. The Court should not allow Defendants to do so because there is not a single shred of evidence to suggest or support it, and no such relationship ever existed. Smith denied having any such relationship at his deposition, Smith Dep., Exhibit A, at 35-36 ("we were just friends") and Defendants have not disclosed any witness or evidence that in any way refutes or contradicts Smith's testimony. (Ms. Payne died prior to this lawsuit being filed.)

Second, even if there was evidence of such a relationship, which there is not, such fact is not relevant, Fed. R. Evid. 402, and it is being asserted solely to besmirch Smith's character, which is also prohibited under Fed. R. Evid. 608.

Third, even if somehow relevant and even if not an attack on character, the Court should still bar such evidence or argument because the danger of unfair prejudice to Mr. Smith of such an unsupported accusation substantially outweighs the evidence's probative value. Fed. R. Evid. 403.

Put simply, this case is not about whether Robert was a good or loyal husband, but rather about whether the Defendants caused his wrongful conviction by violating his constitutional rights. The Court should therefore not allow Defendants to distract the jury with unsupported, irrelevant, and unfairly prejudicial allegations that Smith had a romantic or sexual relationship with Ms. Payne.

For these reasons, Plaintiff Smith respectfully requests that this Court grant this motion *in limine* to bar Defendants from alleging or suggesting that he had a romantic relationship with Sally Payne.

<u>Local Rule 37.2 Certification</u>

Pursuant to the Court's standing order, on April 16, 2025, Plaintiffs' counsel met and conferred telephonically with Defendants' counsel and notified them of Plaintiffs' intention to seek to bar the evidence identified in this motion. Defendants confirmed that they intend to put on the identified evidence at trial and that they objected to this motion *in limine*. Therefore, there remains a dispute about this evidence before the Court.

Dated: April 23, 2025

Respectfully submitted,

*PLAINTIFF ROBERT SMITH JR.*
By:  /s/ *Ariel Olstein*

Ariel Olstein
Stuart J. Chanen
CHANEN & OLSTEIN
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law