IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH'S MOTION IN LIMINE NO. 7 REQUESTING A NARROW JURY INSTRUCTION AND TO BAR DEFENDANTS FROM REFERENCING OR ARGUING <u>MR. SMITH'S DEMENTIA OR INABILITY TO TESTIFY LIVE</u>**

Plaintiff Robert Smith respectfully requests this Court to address Mr. Smith's dementia and inability to testify live by including the following words in either the opening description of the case to the jury or in one of the jury instructions before opening statements:

> Plaintiff Robert Smith is unable to provide live testimony at this trial because on February 26, 2022 he was diagnosed with vascular dementia, a disease affecting his memory and thinking, which ultimately rendered him not competent to testify during this trial. The fact of Plaintiff's inability to testify is not evidence in this case. You should not draw any inferences in favor or against any party from the fact that Mr. Smith cannot testify as a live witness in Court.
>
> You will see and hear video testimony that Plaintiff gave under oath on November 17, 2021 at his deposition in this case. You should consider Plaintiff's deposition testimony in the same way that you consider live testimony. In considering Plaintiff's November 17, 2021 deposition testimony, you may consider the fact that Plaintiff was diagnosed with dementia on February 26, 2022, and that his dementia was more likely than not present for more than one year prior to that date.

Once the Court provides this instruction to the jury, Mr. Smith's dementia should no longer be a subject matter in the case, with two exceptions discussed below. Lawyers should not be commenting on Robert's inability to testify live. It is not relevant. They

had the opportunity to depose him. They videotaped the deposition. They cross-examined him for more than seven hours. Numerous other witnesses will have their testimony admitted through videotape or the reading of suppression and trial transcripts. Smith therefore requests an order that lawyers not comment on the fact that his testimony was admitted through video, instead of live.

This Motion does not seek to bar defense lawyers from commenting in any way on Smith's credibility. They certainly have the right to argue that Robert's dementia may be considered to evaluate Robert's memory and credibility, but they should not be permitted to argue "the fact of" the dementia for any other purpose in reaching its verdict or awarding appropriate damages.

This Motion also does not seek to bar Smith's Guardian Diane Smith from being able to describe how she came be Robert's Guardian, Special Representative, and what she does in those roles. This is important background information about Ms. Smith in order for the jury to evaluate her testimony.

For these reasons, Plaintiff Robert Smith respectfully requests the Court to:

(a) provide the words included with this Motion either in the opening case description read to the jury or in the preliminary jury instructions;

(b) bar Defendants from commenting on Mr. Smith testifying by videotape instead of live; and

(c) permit Ms. Smith to mention Robert's dementia to (1) explain how she came to be appointed Guardian and (2) explain what she does in that role.

**Local Rule 37.2 Certification**

2

Pursuant to this Court's Standing Order, Plaintiffs' counsel conferred with Defendants' counsel on April 16, 2025, and the Parties could not reach an agreement to avoid this Motion.

Dated: April 23, 2025

                                                Respectfully submitted,

                                                *PLAINTIFF ROBERT SMITH JR.*
                                                By: /s/ *Stuart J. Chanen*

CHANEN & OLSTEIN
8822 Niles Center Rd. Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law