IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| Robert Smith Jr., ) | | |
|      Plaintiff, ) | No. 21-cv-1159 | |
| v. ) | | |
| ) | Honorable Jeffrey I. Cummings | |
| The City of Chicago, et al. ) | | |
| ) | | |
|      Defendants. ) | | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 8 TO BAR EVIDENCE OF CRIMINAL CONVICTIONS OVER TEN YEARS OLD AND ANY PRIOR ARREST**

  In the past 43 years, Plaintiff Robert Smith has been convicted solely of the double murder for which these Defendants caused him to be wrongly convicted and for which he has been fully exonerated. In the seven years before that, Robert had one conviction for federal postal theft and several state burglary convictions for which he served time and was released.

**Federal Rule of Evidence 609(b) Bars Smith's Convictions**

  Smith respectfully requests this Court to bar Defendants from presenting any evidence about, or making any reference to or argument about, those criminal convictions. Federal Rule of Evidence 609(b) presumptively prohibits the admission, even for impeachment, of criminal convictions that are more than ten years old. Here, the convictions are 45-50 years old.

  Rule 609(b) provides in pertinent part that "evidence of [a conviction older than ten years] is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect . . . ." The Seventh Circuit has explained that the language of Rule 609(b) "weighs probative value against

prejudice in a way that is dramatically skewed in favor of *excluding the conviction evidence*; the evidence is inadmissible unless probative value 'substantially outweighs' prejudice." *Horvath v. W. Bend Mut. Ins. Co.*, 534 F. App'x 552, 553 (7th Cir. 2013), *quoting* 28 Charles Alan Wright & Victor J. Gold, *Federal Practice & Proc.: Evidence* § 6136, at 290 (2012) and citing 3 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 6:53 at 401, 404 (3d ed.2007). The Seventh Circuit has also repeatedly emphasized that convictions older than ten years "should be admitted 'only in rare and exceptional circumstances.'" *Narkiewicz-Laine v. Doyle*, 930 F.3d 897, 902 (7th Cir. 2019), *quoting United States v. Rogers*, 542 F.3d 197, 201 (7th Cir. 2008).

Here, these 1975 to 1982 convictions have no probative value whatsoever, other than for Defendants to characterize Smith as a criminal. The evidence would establish that these thefts all arose out of Mr. Smith's drug addiction, courtesy of the Army and the Vietnam War, in which he served from May '67 to Mar. '70. These convictions, although embarrassing for Mr. Smith, serve no evidentiary purpose whatsoever (*i.e.*, possess zero probative value) and the age of the convictions clearly establishes that such value does not outweigh – and certainly does not substantially outweigh – the convictions' improper prejudicial effect.

Defendants may respond that the convictions should come in because his postal theft and burglary convictions provide evidence of his dishonesty and his willingness to steal from others. There are two problems with this argument. First, while he had such convictions as a younger man, he had no such convictions from January 1980 to September 1987, a period of more than 7-1/2 years. Second, and even more importantly, Defendants' attempt to assert that Mr. Smith's prior convictions relate to the fact that a

gun or a set of keys were missing from the Yeager/Alexander home. This fact, however, actually cuts completely against Defendants. As the Seventh Circuit explained in *Horvath,* any suggestion that Smith must have been there to commit a theft because he had committed thefts before "the danger [of unfair prejudice] increases. The jury is more likely to misuse the evidence for purposes other than impeachment, that is, to regard the prior conviction as evidence of a propensity to commit crime or of guilt, despite instructions to the contrary." 534 F. App'x 552, 554 (7th Cir. 2013), quoting *United States v. Shapiro,* 565 F.2d 479, 481 (7th Cir.1977), *which in turn cited inter alia, United States v. Harding,* 525 F.2d 84, 89–90 (7th Cir.1975) (Stevens, J.).

Quite simply, Defendants cannot meet their burden of admissibility because Rule 609(b) requires exclusion of these convictions. This would be true even if this were a murder case against Robert Smith, which, it is important to remember, it is not.

**Seventh Circuit Case Law Also Bars An Arrest Not Resulting In Conviction**

Although it hardly should have to be mentioned, all arrests that did not result in a conviction must also be excluded as improper impeachment material. As the Seventh Circuit explained in *Barber v. City of Chicago*, 725 F.3d 702 (7th Cir. 2013),

> The well-established general rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges. This rule is based upon a clear recognition of the fact that the probative value of such evidence is so overwhelmingly outweighed by its inevitable tendency to inflame and prejudice the jury against the [party-witness] that total and complete exclusion is required in order that the right to trial by a fair and impartial jury may not be impaired.

*Id.* at 709 (citations and internal quotation marks omitted). Defendants should be barred from mentioning any arrest of Mr. Smith.

**Local Rule 37.2 Certification**

Pursuant to this Court's Standing Order, Plaintiffs' counsel conferred with Defendants' counsel on April 16, 2025, and the Parties could not reach an agreement to avoid this Motion.

## CONCLUSION

Plaintiff respectfully requests this Court to bar:

(a)  any mention or use of any conviction older than ten years, and

(b)  any mention or use of any arrest that did not result in a conviction.

Dated:  April 23, 2025

        Respectfully submitted,

        *PLAINTIFF ROBERT SMITH JR.*

        By:  /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com


Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law