IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|               Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|               Defendants. | ) | |

**SMITH'S MOTION IN LIMINE NO. 9 TO BAR DEFENDANTS
FROM REFERRING TO OR OTHERWISE INTRODUCING
EVIDENCE RELATING TO HIS PRISON DISCIPLINARY HISTORY**

Defendants should be barred from introducing irrelevant, prejudicial, and hearsay evidence relating to Plaintiff Robert Smith Jr.'s ("Smith's") prison disciplinary history. Details about Smith's disciplinary record have no bearing on any issue relevant to this case and would only serve to paint Smith as a "bad" person in the jury's eyes, in violation of Federal Rules of Evidence 401, 402, 403, and 404(b).

Smith spent more than 33 years wrongfully incarcerated, and given the nature of prison's dangerous conditions, he could not possibly avoid getting into some minor and non-violent trouble during his lengthy incarceration. In fact, it appears that the full extent of Smith's disciplinary history in more than 33 years of incarceration consists of three alleged violations: (1) lending personal property to another inmate, (2) possessing a hypodermic needle, and (3) getting into a verbal argument with a guard. These alleged violations, however, are not only based solely on inadmissible hearsay, but involve infractions wholly irrelevant to the claims at issue in this case.

1

Defendants should not be permitted to allow this trial to devolve into a petty mudslinging affair focused on Smith's disciplinary history. Such allegations are irrelevant and, therefore, inadmissible. Fed. R. Evid. 401, 402. Moreover, even if the allegations had some relevancy (they do not), they are unfairly prejudicial to Smith, making him appear a bad person, which Federal Rule of Evidence 404(b) does not permit. *See United States v. Whalen*, 940 F.2d 1027, 1034 (7th Cir. 1991) (barring evidence of a prison report of witness's fight with another inmate as "a classic example of prior act evidence to show a propensity for violence").

## Local Rule 37.2 Certification

Pursuant to this Court's Standing Order, Plaintiffs' counsel conferred with Defendants' counsel on April 16, 2025, and the Parties could not reach an agreement to avoid this Motion.

WHEREFORE, Plaintiff Smith respectfully requests that this Court grant this motion *in limine* to bar Defendants from referring to or otherwise introducing evidence relating to his prison disciplinary history.

Dated: April 23, 2025

    Respectfully submitted,

    *PLAINTIFF ROBERT SMITH JR.*
    By: /s/ *Ariel Olstein*

Ariel Olstein
Stuart J. Chanen
CHANEN & OLSTEIN
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

2

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5469
Nicole.auerbach@elevatenextlaw.com