IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|     Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NO. 10 TO BAR
EVIDENCE OF CERTAIN OF PLAINTIFF'S ALLEGED BAD ACTS**

    The Defendants' proposed witness list and the manner in which Defendants conducted discovery, including especially their deposition of Mr. Smith, suggest an improper desire to transform this trial from an inquiry into whether or not Defendants violated Robert Smith's constitutional rights into a referendum on every aspect of the Plaintiff's character, every bad thing he ever did, every mistake he ever made, and everything that ever happened *to him*.

    Their proposed evidence includes Plaintiff's undisputed alcoholism and periods of drug use, periods of unemployment, his staying out late, his being attacked in a Walgreen's parking lot, his seizure disorder, and eventually his vascular dementia. None of this has any connection to the Yeager/Alexander homicide or any factual dispute in this case. These incidents are irrelevant to the issues that the jury will have to decide, and would serve only to smear the Plaintiff unfairly and to distract from the actual issues to be tried.

    Smith has already moved to bar his 43-50-year-old convictions and arrests (MIL #8), and he has already moved to bar his three infractions during his 33-year

1

incarceration (MIL #9). This MIL #10 requests the Court to bar Defendants from using any additional purported "bad acts" as character or impeachment evidence because such evidence is barred by Rules 404(b) and 608(b). And even if these alleged additional "bad acts" were somehow related to issues in the case, which they are not, they should still be barred because the prejudicial effect of their admission would substantially outweigh any minimal probative value they might have. The Court should therefore exclude the following additional evidence from the trial:

1. While you were in the Army in Europe did you use various substances, including barbituates, amphetamines, heroin, and increased alcohol consumption? 40:3-6.

2. What other periods of your life have you suffered from drug addiction? 43:10-11.

3. Did you ever seek any drug treatment in 1987? In the time-frame leading up to your arrest in September of 1987? 56:17-19.

4. Were you high at any time in 1987 in the presence of your wife? 78:13-14.

5. Was your wife angry at you for hanging out with Sally? 89:16-17.

6. How would you describe the state of your marriage in and around August and September of 1987? 58:5-7.

7. Do you know if Diane was ever contemplating separating from you during that time frame? 58:9-11.

8. Were you, during August and September of 1987, engaging in any types of arguments . . . with Diane. 58:13-14 and 59:3.

9. Were you seeing any marriage counselors in and around 1987? 62:15-16.

10. Were you seeking any assistance with any members of your church in relation to your marriage? 62:18-20.

11. You also engaged in burglaries in the past before marrying Diane? 69:25-70:1.

12. Would you burglarize people's home to fund your drug habit? No. What were you burglarizing? 75:16-19.

13. What was the longest time that you held a job from when you returned to Chicago through your arrest in this case? 71:14-16.

This is just a smattering of the wholly irrelevant questions on which Defendants have focused their attacks on Mr. Smith's character, all of which are barred under Rule 404(b) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character) and Rule 608(b) ("Except for an [admissible] criminal conviction under 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack . . . the witness's character for truthfulness").

Smith has filed this additional motion because Defendants' attacks on Mr. Smith's character are not going to end with his criminal convictions and arrests identified in MIL #8 or his prison disciplinary record identified in MIL #9. It is clear that they intend to attack his friendship with Sally Payne, his marriage with his wife, his past history of store burglaries to support his drug habit, and other aspects of his character. The Court should not permit them to do so. Such evidence is not admissible in the first instance under Rule 402, is barred by Rules 404(b) and 608(b), and the significant risk of unfair prejudice substantially outweighs the evidence's probative value.

For these reasons, Plaintiff Smith requests the Court to bar the irrelevant and inadmissible character evidence identified in this Motion, as well as any other that arises during the trial on an individual basis.

Per the Court's Standing Order regarding Pretrial Issues, the parties met and conferred on April 16, 2025, and were not able to agree on a resolution that would prevent this Motion.

Dated: April 23, 2025

                                                                                         Respectfully submitted,

                                                                                         *Plaintiff Robert Smith Jr.*

                                                                                         <u>/s/ *Stuart J. Chanen*</u>

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN LLP
8822 Niles Center Road, Suite 100
Skokie, IL 60077     847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661     312-676-5460
Nicole.auerbach@elevatelaw.com

4