IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|                 Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|                 Defendants. | ) | |

**SMITH'S MOTION IN LIMINE #11 TO BAR DEFENDANTS
FROM MENTIONING COLLATERAL SOURCE PAYMENTS,
<u>INCLUDING ILLINOIS STATUTORY COMPENSATION</u>**

On November 6, 2020, Judge LeRoy K. Martin Jr., then the Presiding Judge of the Criminal Division of the Circuit Court of Cook County, granted Smith a Certificate of Innocence pursuant to Section 2-702(h) of the Illinois Innocence Act, 735 ILCS 5/2-702(h). On January 21, 2021, the Illinois Court of Claims awarded Smith statutory compensation pursuant to Sections 2-702(a) & (h) of the Innocence Act and Section 8(c) of the Illinois Court of Claims Act, 705 ILCS 505/8(c) (the "Court of Claims Award"). *See also Rudy v. People*, 2013 IL App (1st) 113449, ¶ 13 (the legislature intended to compensate individuals awarded a certificate of innocence for their wrongful incarceration).

In addition, earlier in this lawsuit, Cook County paid a substantial sum in exchange for the dismissal of this lawsuit against former Defendant and former Assistant State's Attorney Raymond Brogan (the "County Settlement").

Smith now moves *in limine* to bar Defendants from making any reference to the Court of Claims Award or the County Settlement during the trial of the case. Any such references are barred by the "collateral source doctrine," which holds that all payments

1

from collateral sources and all evidence or testimony about such payments are inadmissible at trial. *See Halek v. United States*, 178 F.3d 481, 483 (7th Cir. 1999) ("[A] tortfeasor [including constitutional torts] is not permitted to credit compensation that his victim receives from another ('collateral') source as a consequence of the tort."); *Giuffre v. Jefferson*, 2017 WL 1375536, at *1-4 (N.D. Ill. Apr. 17, 2017) ("Under the collateral source rule, the amount of damages a plaintiff may be awarded is not decreased by the amount of payments he receives from an independent, collateral source in connection with his injury."); *Hathaway v. New Dimension Ctr. for Cosmetic Surg.*, 2006 WL 897899, at *1 (N.D. Ill. Apr. 4, 2006) ("[T]he benefits received by the injured party from a source independent of, and collateral to, the tortfeasor will not diminish damages otherwise recoverable from the tortfeasor") (internal citations and quotations marks omitted); C*ouch v. Village of Dixmoor,* 2006 WL 3409153, at *3 (N.D. Ill. Nov. 27, 2006) (same). *See also Andersen v. City of Chicago, et al.*, 16-cv-01963, Dkt.728 (N.D. Ill.) (Kendall, J.) (granting a motion *in limine* to bar collateral source payments, including Illinois state compensation).

For these reasons, Plaintiff Smith respectfully requests this Court to bar Defendants from mentioning either of these two collateral source payments or any other collateral source payment.

## Local Rule 37.2 Certification

Pursuant to this Court's Standing Order, Plaintiffs' counsel conferred with Defendants' counsel on April 16, 2025, and the Parties could not reach an agreement to avoid this Motion.

2

Dated: April 23, 2025

 Respectfully submitted,

 *PLAINTIFF ROBERT SMITH JR.*
 By: /s/ *Ariel Olstein*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5469
Nicole.auerbach@elevate.law