IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|         Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|         Defendants. | ) | |

**SMITH'S MOTION IN LIMINE # 12 TO BAR
DEFENDANTS FROM INTRODUCING EVIDENCE OF THEIR
COMMENDATIONS AND OTHER GOOD CHARACTER EVIDENCE**

Plaintiff Robert Smith Jr.("Smith") moves to bar Defendants from introducing evidence of their "good character," including any work-related commendations, awards, complimentary history, promotions, or performance reviews.

Smith objects to any attempt to interject good character evidence into the trial. Rule 404(a) could not be clearer that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Evidence of commendations and awards cannot possibly be relevant to any issue in this trial other than to suggest that Defendants conducted themselves as model officers. That would constitute "nothing more than classic character evidence offered to prove that [the defendant] had a good character and acted in conformity therewith." *United States v. Hill*, 40 F.3d 164, 168 (7th Cir. 1994).

Evidence of commendations and awards is *per se* inadmissible for that purpose and district courts in this circuit routinely exclude such evidence from trial.

*See, e.g., Ott v. City of Milwaukee*, No. 09-C-870, 2015 WL 1219587, at *3 (E.D. Wis. Mar. 17, 2015) (granting the plaintiff's unopposed motion barring defendant officers' commendations, awards, and job evaluations); *see also Avery v. City of Milwaukee*, No. 11-C-408, 2015 WL 247991, at *5 (E.D. Wis. Jan. 20, 2015); *Case v. Town of Cicero*, 2013 WL 5645780, at *2 (N.D. Ill. Oct. 13, 2013); *Sughayyer v. City of Chicago*, No. 09 C 4350, 2011 WL 2200366, at *3–4 (N.D. Ill. June 6, 2011) (granting Plaintiff's motion to bar "attempts to bolster credibility"); *Charles v. Cotter*, 867 F. Supp. 648, 659 n.6 (N.D. Ill. 1994) ("[T]he court strongly suspects that evidence of defendants' commendations, awards or honors could only serve the improper function of providing evidence of defendants' character for the purpose of proving action in conformity therewith on the night in question.").

## Local Rule 37.2 Certification

Pursuant to this Court's Standing Order, Plaintiffs' counsel conferred with Defendants' counsel on April 16, 2025, and the Parties could not reach an agreement to avoid this Motion.

WHEREFORE, Plaintiff Smith respectfully requests this Court to bar Defendants and their counsel from introducing evidence of their Department commendations or awards and any other evidence of their "good character."

Dated: April 23, 2025

Respectfully submitted,
*PLAINTIFF ROBERT SMITH JR.*

By: /s/ *Ariel Olstein*

2

Ariel Olstein
Stuart J. Chanen
CHANEN & OLSTEIN
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com


Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5469
Nicole.auerbach@elevate.law