IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH'S MOTION IN LIMINE #14 TO BAR DEFENDANTS FROM ASSERTING THAT THEY INVOKED THE FIFTH ON ADVICE OF COUNSEL OR, IN THE ALTERNATIVE, WAIVER OF THE PRIVILEGE**

Every American has the right to invoke the privilege against self-incrimination. The formulaic response of "I assert my Fifth Amendment right and decline to answer that question on the ground that it may incriminate me" is well known in every courthouse in the country, including 219 S. Dearborn.

But there is also a corollary. A party to civil litigation who has invoked the Fifth Amendment must live with the consequences. Here, several defendants have made careers of invoking the Fifth Amendment every time they were asked about whether torture, beatings, or abuse of suspects had occurred at Area 2. Defendant McWeeny, for example, invoked the Fifth Amendment nine different times, in nine different fora, the vast majority of which were in response to that question during civil litigation.

The law is unambiguous that a trier of fact in a civil case may draw adverse inferences from a party's or witness's refusal to testify or prior refusal to testify in ta non-custodial setting. *See Baxter v. Palmigiano,* 425 U.S. 308, 318 (1976); Hillmann v. City of Chicago, 834 F.3d 787, 793 (7th Cir. 2016) ("in a civil case, the

1

jury is permitted to hear evidence of a witness's invocation of the privilege and may draw an adverse inference from it"); *Kontos v. Kontos*, 968 F. Supp. 400, 406 (S.D. Ind. 1997) ("a defendant's assertion of her right against self-incrimination does not prohibit a trier of fact in a civil case from drawing adverse inferences from the witness's refusal to testify"). *See also United States v. $128,915.00 U.S. Currency,* No. 3:20-CV-00667-JPG, 2022 WL 3100636, at *4 (S.D. Ill. Aug. 4, 2022) ("evidence of a witness's assertion of the Fifth Amendment may be presented to a jury in a civil case" and denying a party's motion in limine to exclude his prior invocation of the fifth amendment); 8 J. Wigmore, Evidence 439 (McNaughton rev.1961).

One technique that parties often use in an attempt to soften their invocation of the privilege is to assert that they "would have loved very much to testify," except "my lawyer told me to remain silent." There are at least two problems with any such invocation.

First, asserting what another person told the party or witness to do is classic hearsay. It is an out-of-court statement of a declarant (the lawyer) that is being offered to prove the truth of the matter asserted in the statement – that the lawyer told me to remain to silent.

Second, even if the Defendant could get around the hearsay problem, the party or witness is also waiving his attorney-client privilege on the subject of the fifth-amendment privilege, thereby opening the door to questions such as, "When your lawyer told you to remain silent, he told you that you could only do so on the ground that a truthful answer would incriminate you in illegal or improper conduct?

2

Illegal or improper conduct such as beating and torturing suspects in your custody?" Such questions are now permitted because the witness invoked this lawyer as the reason he invoked the privilege; the conversation between them immediately becomes important. The party also runs the risk of turning his own former lawyer – the one who purportedly gave the fifth amendment advice – into a witness. He too can be made to disclose everything that the party and the lawyer discussed when the party was being asked about the torture and abuse that went on at Area 2.

There is a simpler way, well within this Court's discretion: to bar a defendant from pawning off his own decision to invoke the fifth onto his lawyer. The Court may rely on Rule of Evidence 802 and simply instruct the party who invoked his fifth on a prior occasion – that they may not testify as to any hearsay statement that his lawyer made to him at that time. Or the Court may rely on Federal Rule of Evidence 402, concluding that *the reason* the witness invoked the fifth is not relevant, or 403, that the probative value of "my lawyer told me to do it" is substantially outweighed by the fact that as soon as the witness says that, there is a high risk of confusion of the issues, misleading the jury, and considerations of undue delay caused by the door that that opens to the party's prior communications with his attorneys.

For these reasons, Plaintiff respectfully requests this Court to bar any Defendant who previously invoked his fifth amendment right on the question of whether he participated in or was aware of beatings, torture, or other physical

3

abuse of a suspect when he worked at Area 2 Violent Crimes Detective Division, to state that the reason he did so was because his lawyer told him to.

If, and only if, the Court declines to issue such a bar, then Plaintiff requests in the alternative that the Court admonish each such witness – who Plaintiff will identify before they take the stand – that if they do invoke their prior attorney's advice as the reason they invoked the privilege, that they will be waiving the privilege on that subject, and that all such conversations with the attorney will become admissible, including through testimony of the attorney himself.

## Local Rule 37.2 Certification

Pursuant to this Court's Standing Order, Plaintiffs' counsel conferred with Defendants' counsel on April 16, 2025, and the Parties could not reach an agreement to avoid this Motion.

Dated: April 23, 2025

>Respectfully submitted,
>
>*PLAINTIFF ROBERT SMITH JR.*
>By: /s/ *Ariel Olstein*

Ariel Olstein
Stuart J. Chanen
CHANEN & OLSTEIN
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5469
Nicole.auerbach@elevate.law