IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|     Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**SMITH'S MOTION IN LIMINE #20 TO BAR ALL PARTIES FROM MOVING INTO EVIDENCE AND/OR PUBLISHNG TO A WITNESS OR THE JURY GRUESOME CRIME SCENE AND AUTOPSY PHOTOS OF THE TWO VICTIMS**

Plaintiff Robert Smith respectfully moves this Court to preclude any party from moving into evidence or publishing to any witness or juror the crime scene and autopsy photos of the two victims, Edith Yeager and Willie Alexander (the "Yeager and Alexander Photos"). Such gruesome photos of the victims slit throats and charred bodies have no relationship to any disputed issue of fact in this case. All parties agree that the senseless murders of Mr. Yeager and Alexander were horrific and gruesome, but showing such horrific and gruesome pictures to any witness or juror will serve no purpose other than to inflame them.

Federal Rules of Evidence 401 and 402 govern the admissibility of relevant evidence. Under FRE 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." FRE 401. Irrelevant evidence "is not admissible." FRE 402. Here, with one exception discussed below, there is no issue regarding the cause and manner of Ms. Yeager's and Ms. Alexander's

deaths.  The Photographs at issue in this motion are not relevant because they do not make the existence of any fact that is of consequence to the determination of this action more or less probable than it would be without such evidence.  FRE 401.  Because this evidence is irrelevant, it is "not admissible." FRE 402; *see also United States v. Tsosie*, CR 10-0773 JB, 2011 WL 2731187 at *2 (D.N.M. June 23, 2011) (although government had the burden to establish that victim died as a result of the collision, autopsy photographs of the victim's body ruled inadmissible under FRE 401 because the cause of death was undisputed).

The Yeager and Alexander Photos should also be excluded because any marginally probative value is substantially outweighed by the danger of unfair prejudice to Smith and the needless presentation of cumulative evidence under FRE 403.  There are numerous other exhibits available to both parties – most specifically, the post-mortem autopsy report and other related autopsy documents – that may be used instead to make any point that either party chooses to make.

As one example only, in Smith's Transcribed Confession, which was concocted by Defendants, they have Smith saying that he cut both victims' necks twice, when in fact, Ms. Yeager's throat was cut only once.  This is an important part of Smith's case in that he will prove that numerous statements made in the coerced and fabricated Transcribed Confession are demonstrably false.  But Smith concedes that he does not need the gruesome photos of Ms. Yeager's neck slit *only once* to prove this point.  He will use alternative admissible documents to prove this point, and the Defendants should be directed to do the same.  *See* SMITH4732-

4733 (Report of On-Scene Medical Investigator Gibson: "Lillie Bell [Alexander] had what appeared to be 2 cuts to her throat and Edith Yeager had what appeared to be 1 cut to her throat); SMITH 4692-93 (*Yeager* Cause of Death Report of Officer Wasmund: "1 incised wound to throat"); SMITH 4694-95 (*Alexander* Cause of Death Report of Wasmund: "2 incised wounds to the throat"). *Compare also* SMITH4722-4726 (Protocol of Medical Examiner Barry Lifschultz in relation to Edith Yaeger: "Died as a result of an incised wound to the neck"); SMITH 4727-4731 (protocol of Medical Examiner Barry Lifschultz in relation to Willie B. Alexander: "Died as a result of incised wounds to the neck").

Where, as here, there are numerous alternative documents to establish any medical conclusion without having to resort to the gruesome photos of Ms. Yeager and Ms. Alexander, it would absolutely constitute undue (and unnecessary) prejudice to Smith to have the Yeager and Alexander Photos published to a witness or the jury. In the Notes to the passage of Federal Rule of Evidence 403, the Committee emphasized that "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." FRE 403 Committee Notes. And, as Judge Gilbert has noted, "Evidence is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Sec. & Exch. Comm'n v. Ferrone*, No. 11 C 5223, 2016 WL 723017, at *3 (N.D. Ill. Feb. 22, 2016) (internal citation omitted).

3

In sum, because the victims' cause of death is not disputed and can be well established by other evidence, this Court should exclude the Photographs under FRE 403. *See Aliotta v. Nat'l Railroad Passenger Corp.,* 315 F.3d 756 (7th Cir. 2003) (photograph of deceased's body properly barred under FRE 403); *Tsosie*, 2011 WL 2731187 at *2 (affirming exclusion of graphic autopsy photographs under FRE 403 because prejudicial effect of such photographs substantially outweighed whatever probative value the photographs may have had) (internal citation omitted).

### Rule 37.2 Certification

Per the Court's Standing Order regarding Pretrial Issues, the parties met and conferred on April 16, 2025, and were not able to agree on a resolution that would prevent this Motion.

### CONCLUSION

For these reasons, Plaintiff respectfully requests this Court to bar any party from using, in any way, the Yeager and Alexander Photos.

Dated: April 23, 2025

                                                Respectfully submitted,

                                                *PLAINTIFF ROBERT SMITH JR.*
                                                By:  */s/ Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5469
Nicole.auerbach@elevatenextlaw.com

5