**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

## DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO BAR PLAINTIFF FROM CALLING CLYDE LEMONS AS A WITNESS

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar Plaintiff from calling Clyde Lemons, Jr ("Lemons") as a witness at trial. In support thereof, Defendants state as follows:

Lemons was one of plaintiff's criminal defense attorneys and currently resides in the Philippines. Plaintiff disclosed him on July 28, 2021, in his First Supplemental Rule 26(a)(1) disclosure, but he did not provide his address or information indicating his anticipated testimony. The disclosure merely stated:

> Mr. Clyde Lemons' was one of Smith's defense counsel from his arrest through shortly before his criminal trial. We don't have an address for Mr. Lemons, but we know that he resides in Guam, works for the U.S. Attorneys' Office in Guam. And that his office phone number is [omitted].

Plaintiff did not supplement this disclosure. Plaintiff has now disclosed Lemons as a trial witness and states that he "will testify about his observations of Robert while representing him; his knowledge concerning the Defendants' conduct and the homicide investigation; and other non-privileged information relating to Robert's claims." In plaintiff's motion *in limine* no. 4 (Dkt. 547) filed on April 23, 2025, plaintiff for the first time further states that Lemons's anticipated testimony

includes that he did not receive a photograph or sketch of the knife at issue in this case during his representation of plaintiff.

Defendants initially did not attempt to contact or seek to depose Lemons due to his limited role in the criminal proceedings and the limited information that plaintiff provided regarding his knowledge. However, after Robert Smith testified at his deposition in November 2021, Defendants decided to pursue a deposition from Lemons. In December 2021, Defendants' counsel attempted to contact Lemons via phone, but did not get a response. Counsel was then able to contact him via an email address at the Guam Public Defender's Office. Dec. 2021-Jan. 2022 Emails (Exhibit A). On December 22, 2021 (in CST), Lemons responded and explained the potential difficulties in scheduling his deposition due to the time difference, his workload, and the limited number of lawyers that were available in his office to cover a large caseload. *Id.* Lemons did not state that he required a subpoena. *Id.* After the New Year, on January 6, defendants' counsel responded with a proposed Saturday date to accommodate Lemons's schedule, and counsel asked if Lemons would accept service of a subpoena via email. *Id.* With no response, Defendants' counsel followed up again on Sunday, January 9. *Id.* Lemons then responded that counsel would have to personally serve him with a subpoena. *Id.* He further stated that he expected the questions would impinge on the attorney-client privilege, and "I don't plan on answering any questions that infringe on that privilege in absence of a court order to the contrary, unless of course you have a written waiver from Mr. Smith." *Id.*

In light of the need to personally serve Lemons, on January 9, Defendants' counsel reached out to several process servers in Guam. The process server in Guam who responded stated the time frame for service was six to ten days. Because (a) discovery was set to close on January 20, 2022, (b) it did not appear Lemons would be willing to answer any questions regarding his representation

of Smith, and (c) plaintiff's counsel had not indicated any willingness to sign a privilege waiver, Defendants determined that proceeding with service would be futile. Since Defendants' counsel made those attempts to take Lemons's deposition, plaintiff's counsel has shared that Lemons is now residing in the Philippines.

Because Defendants were unable to secure Lemons's deposition despite their diligence, due to his representation that he is unwilling to provide substantive testimony relating to his representation of Robert Smith, and due to plaintiff's limited disclosure, plaintiff should be barred from calling Lemons as a witness. In the alternative, Defendants should be granted leave to depose Lemons prior to trial at the earliest mutually available date.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

3

Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com