**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

## DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO BAR RULE REFERENCE, EVIDENCE, OR ARGUMENT REGARDING PLAINTIFF'S SETTLEMENT WITH RAYMOND BROGAN

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar reference, evidence, or argument regarding Plaintiff's settlement with Raymond Brogan. In support thereof, Defendants state as follows:

Settlement discussions are not admissible. Fed. R. Evid. 408. Plaintiff intends to introduce at trial his settlement with former Defendant Raymond Brogan, who was the assistant state's attorney present when Robert Smith gave his court-reported statement. However, referencing, presenting evidence, or arguing that a settlement was reached with former defendant Raymond Brogan is irrelevant to any issues at trial. See Fed. R. Evid. 401, 402, 408. Moreover, allowing Plaintiff to put forth evidence or argument that a former defendant entered into settlement with Plaintiff would be unfairly prejudicial, confuse the issues, and mislead the jury. Fed. R. Evid. 403. Specifically, the jury would be led to believe that because Brogan settled, he admitted liability or has admitted the misconduct Plaintiff has alleged. *Id.* Plaintiff would then improperly argue or insinuate, or the jury may speculate, that because Brogan was involved in the murder investigation and/or approving charges, the Defendant Officers are likewise liable for the misconduct Plaintiff has alleged. *Id.*

Courts have recognized that the fact a settlement has been entered into with a former party is irrelevant to any issues to be tried. *Smith v. Sheahan*, No. 95 C 7203, 2000 WL 765089, at *6 (N.D. Ill. June 12, 2000); *Aitken v. Debt Mgmt. Partners, LLC*, No. 1:12-CV-01511-JEH, 2015 WL 433508, at *2 (C.D. Ill. Feb. 2, 2015); *Wisconsin Loc. Gov't Prop. Ins. Fund v. CH2M Hill*, Inc., No. 02-C-302-DRH, 2005 WL 8165798, at *8 (E.D. Wis. Dec. 6, 2005). Plaintiff has not established that evidence of the settlement with Brogan is relevant; it should therefore be barred. Fed. R. Evid. 401, 402. Moreover, any relevance is substantially outweighed by unfair prejudice to Defendants, and would confuse the issues and mislead the jury. Fed. R. Evid. 403.

Plaintiff's counsel has identified two out-of-circuit cases, *Warren v. Shilling*, No. 2:12-CV-13, 2015 WL 1726787, at *1 (W.D. Mich. Apr. 15, 2015) and *Wildasin v. Mathes*, No. 3:14-CV-02036, 2017 WL 3479761, at *3 (M.D. Tenn. Aug. 14, 2017), as support for his contention that he should be able to reference and elicit evidence as to the settlement with Brogan. As an initial matter, Plaintiff's intention to reference and elicit evidence regarding the settlement appears to violate Plaintiff's own motion *in limine* number 10 (dkt. 554), which seeks to bar "any reference to the Court of Claims Award or the County Settlement during the trial of the case." Second, the two cases Plaintiff's counsel has provided merely reference the "bias" and "prejudice" exceptions found in Fed. R. Evid. 408(b), and do not provide any substantive analysis of the issue. To be sure, Plaintiff's counsel has not identified what bias or prejudice he would need to introduce by way of the settlement with Brogan that cannot be explored based on Brogan's role in this case as the assistant state's attorney who was present for Robert Smith's court-reported confession. Accordingly, the settlement with Brogan is not relevant as to the issues at trial. *Smith*, 2000 WL 765089, at *6. And allowing evidence or argument regarding the settlement with Brogan would be unfairly prejudicial, confuse the issues, and mislead the jury. Fed. R. Evid. 403.

WHEREFORE, Defendants request that this Court bar reference, evidence, or argument regarding Plaintiff's settlement with Raymond Brogan, and for whatever other relief this Court deems appropriate.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.