**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 9 TO BAR ANY ARGUMENT OR EVIDENCE ASSERTING THERE WAS ANY DUTY TO RECORD INTERVIEWS**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar any argument or evidence asserting there was any duty to record interviews. In support thereof, Defendants state as follows:

Defendants move to bar any argument that Defendants had any duty to record or should have somehow recorded the interview of Smith or any other witness interviews through audio or video means. The investigation underlying this homicide occurred in September 1987. At that time, CPD facilities did not have equipment in place to audio or video record witness interviews and there is no evidence the Chicago Police Department had adequate equipment to complete such recordings. In addition, there were no Chicago Police Department policies that would have required such a recording to be completed. There has been no evidence that video or audio recording interviews was common practice in Chicago or Chicagoland in September 1987.

Also, it was illegal under Illinois law to record someone, including in a police station, without their express written consent. At the time of the homicide investigation in this case, the Eavesdropping Act prevented videotaping interrogations without consent. 720 ILLCS 5/14-4. Indeed, criminal defendants would regularly move to bar the admission of videotaped statements

on the basis that they did not give consent. *See, e.g., People v. Ceja*, 789 N.E.2d 1228, 1239 (lll. Sup. Ct. 2003) (rejecting criminal defendant's argument that his recorded statement was inadmissible under 720 ILCS 5/14–5 because it was recorded without consent in violation of Illinois Eavesdropping Act, 720 ILCS 5/14–2(a)(1)).

It was not until over a decade later, in 2003, that the "Illinois Eavesdropping Act was amended to permit [interrogation] recordings to be made covertly." Thomas P. Sullivan, Recording of Custodial Interrogations, J. Crim. Law & Criminology (Spring 2005) Vol. 95, No. 3 at 1131(citing 720 ILCS 5/14-3(k) (West 2004)). Law enforcement had to make sure "[e]avesdrop/wiretap laws" were "checked carefully, and amendments . . . proposed (as was done in Illinois) where necessary to permit covert recordings without the suspect's knowledge or consent" as a first step in enacting laws to require recording of interrogations. *Id.* at 1132-33. The public act amending the Illinois Eavesdropping Act was passed in July 18, 2003, with the exception allowing covert recording of custodial interrogations becoming effective that day—approximately thirteen-and-a-half years after the questioning of Smith or anyone else in this case. 2003 Ill. Legis. Serv. P.A. 93-206 (H.B. 223) (West). Law enforcement agencies were able to receive grants under the new law to outfit interrogation rooms and given two years before the mandate to record was in effect. *Id*.

In 2005, the change in Illinois law that custodial interviews for murder investigations be video recorded went into effect. 725 ILCS 5/103-2.1 (effective July 18, 2005).

In short, there was neither the equipment to audio or video record interviews nor any policy (either internal, state-mandated, or commonly accepted) to record interviews. Any argument that Defendant Officers should have or were required to record interviews in such a manner is not relevant, is contrary to both fact and the law as it existed in 1987, would mislead the jury and

confuse the issues, and unfairly prejudice Defendant Officers, including several who have passed away before this lawsuit was ever filed. The Court should grant this motion and bar Plaintiff's counsel from making this type of argument. Fed. R. Evid. 403.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
sbenjamin@rfclaw.com

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
dnoland@burnsnoland.com

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.