**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 10 TO BAR ANY ARGUMENT OR EVIDENCE ASSERTING THAT THE CHICAGO POLICE DEPARTMENT COULD HAVE CONDUCTED DNA TESTING**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar any argument or evidence asserting that the Chicago Police Department or Defendants could or should have conducted DNA testing at the time of the investigation in this case. In support thereof, Defendants state as follows:

The investigation underlying this homicide occurred in late 1987 and 1988. Plaintiff has not offered any admissible evidence to refute the testimony of Christine Anderson, who worked in the Serology Unit of the Chicago Police Department Crime Lab at the relevant time, that DNA testing was not available in the Chicago Crime Lab at that time. *See* Oct. 5, 2021 Anderson Dep. 14:10-13 (Exhibit A) ("At the time I was there, DNA was just at its very, very beginning. So we did no DNA testing at the CPD lab. The furthest we could take it was electrophesis."); *see also People v. Phillips*, 2022 IL App (1st) 181733, ¶ 13, 205 N.E.3d 922, 927 ("Denise Troche testified that she was assigned to the 'Cold Case Unit' of the Chicago Police Department. . . . She noted that the Chicago Police Department began conducting DNA analysis in the 1990s."). There has been no evidence that DNA testing was common practice, reliable, subject to any protocols, or feasible for law enforcement in Chicago or Chicagoland in or about September 1987. Any

argument or suggestion by plaintiff that the Defendant Officers should have or could have, somehow, arranged for or requested DNA testing is not based on evidence in the record. Such arguments are not relevant as they do not make any contested fact in this matter more or less likely true than not. Further, any argument along these lines must be barred under Rule 403 as it would be unduly prejudicial to Defendants to suggest that DNA testing was somehow an option but not sought (suggesting an intent to commit misconduct) and would risk juror confusion about what issues and fact disputes they must resolve.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

2

333 W. Wacker, 19th Fl  dnoland@burnsnoland.com
Chicago, IL 60606
T: 312-494-1000
F:  312-494-1001
sbenjamin@rfclaw.com