IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 12 TO BAR QUESTIONING, EVIDENCE, OR ARGUMENT SUGGESTING THE ABSENCE OF BLOOD IN THE DRYER LINT INDICATES THE OFFENDER DID NOT WASH AND DRY HIS CLOTHES**

Defendants, by their respective undersigned counsel, respectfully move *in limine* to bar questioning, evidence, or argument suggesting the absence of blood in the dryer lint indicates that the offender did not wash and dry his clothes.

Without having any relevant qualifications and without relying on any scientific principles, plaintiff's expert, Karl Reich, a DNA Analyst and serologist, opines that the absence of any detected blood in the lint from the dryer's lint filter is inconsistent with Robert Smith's confession that he washed and dried his clothes after committing the murders. Reich Report, at 18 (Exhibit A). That opinion is subject to Defendants' *Daubert* motion and should be barred for the reasons stated in the motion. However, even if the opinion is barred, it is expected that plaintiff's counsel may also question Christine Anderson, who worked in the Serology Unit of the Chicago Crime Lab at the time of the investigation in this case, or other witnesses in a manner that suggests the absence of any blood in the lint indicates that the offender did not wash and dry his clothes after the offense. Plaintiff's counsel may also attempt to argue this theory to the jury in his closing statement. This theory is not supported by any admissible expert testimony, and whether blood

would appear in dryer lint after bloody clothes go through a wash cycle is not a question suitable for a lay juror to decide. As Anderson testified, as a serologist, she is not an expert on how lint gets caught in a dryer, what creates the lint, and what part of the clothes create the lint; and she said there are many other factors that would prevent her from speculating as to whether she would expect to find blood in the dryer lint. *See* Anderson Dep. 110:10-113:5 (Exhibit B). Plaintiff has not offered a qualified expert on this issue who has addressed those factors and would be able to offer an opinion based on proper methodology, and any lay witness testimony on this issue would be based on pure speculation.

Federal Rule of Evidence 701 provides, in pertinent part, that opinion testimony by lay witnesses may not be based on "scientific, technical, or other specialized knowledge" that, per Rule 702, is the exclusive province of expert witnesses. Fed.R.Evid. 701 and 702. A lay witness's purpose is to inform the jury what is in the evidence, not to tell it what inferences to draw from that evidence. *See United States v. Noel*, 581 F.3d 490, 496 (7th Cir.2009) (omitting citations). Also, lay opinion testimony, in the circumstances where admissible, is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events." *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002).

The admission of this evidence or permitting such argument would do nothing but invite improper speculation on scientific matters by a lay jury. For these reasons, pursuant to Federal Rules of Evidence 403, 701, and 702, plaintiff should be barred from arguing or attempting to elicit evidence to suggest that the absence of blood in the dryer lint indicates that the offender did not wash his clothes or that such evidence is inconsistent with Smith's confession.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[1]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel |
| /s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel | Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Katherine C. Morrison<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |
| Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com |  |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

3