**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Robert Smith, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  21 C 1159 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) | |
| | ) | Magistrate Judge M. David Weisman |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 13 TO BAR EVIDENCE REGARDING CHICAGO
POLICE DEPARTMENT'S INTERNAL RULES, REGULATIONS, AND GENERAL ORDERS,
AND TO PROHIBIT REFERENCE AND ARGUMENT REGARDING "STREET FILES"**

Defendants, by their respective undersigned counsel, respectfully move *in limine* to bar
Chicago Police Department internal rules, regulations, and general orders and any argument
relating to a supposed violation of any Chicago Police Department internal rules, regulations, or
general orders, as well as argument regarding "street files."

"[T]he violation of police regulations or even a state law is completely immaterial as to the
question of whether a violation of the federal constitution has been established." *Thompson v. City
of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006). This principle was reinforced in *United States v.
Brown*, where the Seventh Circuit held "[a]n officer's compliance with or deviation from
departmental policy doesn't determine whether he" violated an individual's constitutional rights.
871 F.3d 532, 536-37 (7th Cir. 2017). Commenting that "[p]olice policies are not nationally
uniform; nor are they static" the Seventh Circuit found that tying constitutional determinations to
departmental policies would cause the constitutional standard to "vary from place to place and
from time to time." *Id.* (quoting *Whren v. United States*, 517 U.S. 806, 815 (1996)). Applying
*Thompson* and *United States v. Brown*, Judge Kendall specifically precluded this type of evidence,

holding "[e]vidence that police officers, including [the defendant] violated CPD general orders or other police rules and regulations cannot establish proof that a defendant violated a plaintiff's constitutional rights." *Cazares v. Frugoli*, No. 13 C 5626, 2017 WL 4150719, at *6 (N.D. Ill. Sept. 19, 2017); see also *Arthur Brown v. City of Chicago*, 2023 WL 2640317, at *8 (N.D. Ill. Mar. 22, 2023) (Pallmeyer, CJ.) (granting defendants' motion *in limine* barring evidence regarding departmental rules and regulations).

In addition to not having relevance, argument over compliance with an internal rule or policy has a high likelihood of confusing the issues and thereby unfairly prejudicing defendants. As such, this type of unfairly prejudicial evidence cannot be cured with a mere jury instruction. *Bruce v. City of Chicago*, 2011 WL 3471074, at * 3 (N.D. Ill. Jul. 29, 2011) (Dow, J.). Here, Plaintiff claims Defendants engaged in deliberate, intentional misconduct to deprive him of a fair criminal trial, using physical violence to coerce his confession, falsify evidence, destroy evidence, and deliberately conceal exculpatory evidence. Defendants deny they engaged in that conduct. Nonetheless, Defendants anticipate Plaintiff will argue that alleged failures to follow CPD internal rules, regulations, or general orders, or departures from CPD internal rules, regulations, or general orders, are relevant and/or go to Defendants' intent, willfulness and conduct for punitive damages purposes, and should be put before the jury.

During the meet and confer process where Plaintiff's attorneys voiced their opposition to this motion, they identified the following directives they intend on identifying as trial exhibits:

- the "Rules and Regulations of the Chicago Police Department," which are general rules and regulations for all police officers and detectives (Ex. A);

- 1988 "Detective Division Standard Operating Procedures," which is a 210-page SOP with 23 different chapters addressing scores of different procedures that went into effect after the Yeager/Alexander murder investigation (Ex. B);

- General Order 81-10, which sets forth procedures for conducting preliminary investigations by field personnel (Ex. C);

- the 1985 Chicago Police Department Field Reporting Manual, which sets forth provisions for report writing (Ex. D);

- And Detective Division Special Order 86-3, which was the procedure addressing the creation and maintenance of Investigative Files (Ex. E).

However, Plaintiff has not provided any specificity as to which provisions he seeks to rely upon, and, in any event, these rules and regulations are not relevant. For example, the 1988 Detective Division Standard Operating Procedure (Ex. B) went into effect *after* the subject murder investigation, so it has no relevance to any of the issues at trial. Moreover, this SOP spans 210 pages covering 23 separate chapters. The sheer size of this document shows that Plaintiff is emphasizing police directives rather than constitutional issues. And that is just one of the directives Plaintiff wants to put at issue. The remaining rules and regulations likewise are not relevant.

First, "[p]robable cause exists where the police officer is aware of facts and circumstances 'sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" *Coleman v. City of Peoria*, 925 F.3d 336, 350 (7th Cir. 2019) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)) (defining probable cause for the purpose of a Section 1983 false arrest claim); *see also Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009) (using similar language to describe probable cause as applied to a malicious prosecution claim under Illinois law). The facts and circumstances known to the officers which the jury must assess are wholly independent of whether the officers followed any rule or regulation. By way of an example, Defendants anticipate Plaintiff will argue that the failure to document certain investigatory steps in police reports runs counter to CPD rules, regulations, and general orders and is evidence of Defendants liability. However, introduction of the rules and regulations will shift the burden and will mislead the jury into equating the failure to follow a rule or regulation with a lack of probable

cause, a determination that can only be made by assessing the facts and circumstances known to the officers at the time of Plaintiff's arrest. *Coleman*, 925 F.3d at 350.

Second, any alleged failure to follow rules and regulations is not relevant to the element of malice. "Malice is defined as the initiation of a prosecution for any reason other than to bring a party to justice." *Rodgers v. Peoples Gas, Light & Coke Co*., 733 N.E.2d 835, 842 (Ill. App. Ct. 2000); *Salmen v. Kamberos*, 565 N.E.2d 6, 10 (Ill. App. Ct. 1990). The record in this case is absent of any such evidence, and any probative value is substantially outweighed by a danger of unfair prejudice under Fed. R. Evid 403. *Arthur Brown*, 2023 WL 2640317, at *8 ("On the other side of the scale, introducing departmental policies could increase the risk of prejudice and confusion, for the jury would be asked to consider the policies for the sake of assessing intent on Mr. Brown's state law claims but not as evidence of a constitutional violation for his evidence-fabrication and coercion claims.").

Nor is a violation of CPD rules, regulations, and general orders relevant to Plaintiff's destruction of evidence claim. As an example, Plaintiff lists on his will call list Rule 30(b)(6) witness Dachae Blanton, who testified regarding, among other things, General Order 81-1 (Ex. F). Plaintiff's disclosure of Blanton, includes the following description: she is a "witness about procedures, rules, and regulations that existed in 1987 and 1988 related to the CPD Evidence and Recovered Property Section ("ERPS"), including certain ones that were not followed." But again, a violation of CPD rules, regulations, and general orders, including General Order 81-1 (Ex. F), is not relevant to plaintiff's destruction of evidence claim.[1] Rather, to establish that evidence was destroyed in violation of due process, Plaintiff must show "(1) bad faith by [the defendant], (2) that the exculpatory nature of the evidence was apparent before its destruction, and (3) that he

---

[1] The City and Defendant Officers have both moved for summary judgment on Plaintiff's Fourteenth Amendment destruction of evidence claim. Dkt. 489, 490, 492, 494. These motions are currently pending.

could not obtain the same evidence anywhere else." *United States v. Cherry*, 920 F.3d 1126, 1140 (7th Cir. 2019); see also *Armstrong v. Daily*, 786 F.3d 529, 550 (7th Cir. 2015). Bad faith "requires proof of an official animus or a conscious effort to suppress exculpatory evidence, and necessarily turns on an official's subjective knowledge that the evidence in question had exculpatory value at the time it was lost or destroyed." *Cherry*, 920 F.3d at 1140. Whether or not the police department rules regulations, and general orders were followed provides no insight as to whether Plaintiff's due process rights were violated.

Finally, in light of Plaintiff's intention to rely on Detective Division Special Order 86-3 (Ex. E), which involve investigative files, Defendants anticipate Plaintiff will seek to improperly argue or infer that Defendant Officers withheld documents in a "street file." First, discussion of Special Order 86-3, and any supposed departures therefrom, should be barred because it is irrelevant. *Thompson*, 472 F.3d at 455. Second, evidence of "street files" and related argument should be barred under Fed. R. Evid. 403 because its probative value is nonexistent and substantially outweighed by a danger of unfair prejudice. There are no pending constitutional or state law claims that makes reference to hidden documents, "street files" or clandestine secret files relevant at the trial here. Without having developed any evidence of a "street file" in this case, Plaintiff's use of the term is inflammatory, confusing and unfairly prejudicial.

In *Marcel Brown v. City of Chicago*, the court recognized the prejudicial nature of this "street file" argument, and barred the plaintiff from discussing, referencing, and providing argument regarding street files. 2024 WL 5438519, at *11 (N.D. Ill. July 40, 2024). Judge Jenkins recognized "the fact that other officers may have kept street files does not mean that Defendants did, and without a nonspeculative basis to believe that Defendants engaged in this practice, the Court will exclude evidence." *Id.* Judge Jenkins further held that "[t]he problem is not the name

'street files,' but rather the insinuation without evidence that Defendants routinely kept material information secret from prosecutors and defense attorneys." *Id.* As in *Brown*, there is no probative value to using pejorative terminology such as "street files" or secret clandestine files that create or suggest inferences that are not relevant to the claims the jury will consider and for which plaintiff has not developed evidence.

Accordingly, since any internal rules, regulations, or general cannot form the basis of any constitutional violation and there would be no witness who be expected to testify that any of the same was violated, the Court should exclude any such evidence as irrelevant and likely to confuse the issues. Similarly, this Court should bar reference and argument as to "street files."

### Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com