**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Robert Smith, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 1159 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) | |
| | ) | Magistrate Judge M. David Weisman |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 20 TO BAR IMPROPER ARGUMENT AND EVIDENCE PERTAINING TO DAMAGES**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar plaintiff from introducing evidence and making any argument relating to damages incurred by persons not a party to this case, bar testimony from Smith's family members regarding experiences Smith had in prison that they have no first-hand knowledge of, and bar any evidence or argument that a violation of "constitutional rights" constitutes a separate category of damages. In support thereof, Defendants state as follows:

**I.    The Court Should Bar Evidence and Argument Regarding Damages Sustained by Plaintiff's Family Members.**

Defendants anticipate that plaintiff will seek to introduce evidence through Joshua Smith (Robert Smith, Jr.'s son) and Diane Yeager Smith about how the prosecution and conviction of Smith affected them. In the meet and confer on this motion, plaintiff's counsel agreed that plaintiff cannot ask the jury to award any damages to Yeager Smith or Joshua Smith but argued that these witnesses are "permitted to testify about how they experienced the damage that Robert's wrongful conviction and incarceration caused the family."

Neither Yeager Smith, personally, nor Joshua Smith is a party to this case. Any testimony regarding their emotional distress, difficulties, or expenses born by them while plaintiff was being

prosecuted or served time in prison should be barred. Defendants do not object to, for example, Joshua testifying as to facts such as how often he saw Robert Smith, Jr. when he was in prison, but he should not be permitted to further testify, as plaintiff suggested he might, as to how Robert Smith, Jr.'s absence personally affected him.

Indeed, the pattern jury instructions on compensatory damages make clear that, should the plaintiff prevail on any of his claims at trial, he is only entitled to recover damages that he sustained. To allow testimony of this nature would put before the jury damages to which plaintiff is not entitled to recover and should be barred under Rules 401 and 403.

## II. The Court Should Bar Testimony by Plaintiff's Family Members Regarding Smith's Experiences in Prison.

Diane Yeager Smith testified at her deposition that, when she visited Robert Smith at the prison, he would tell her about the bad conditions and treatment of the prisoners there and his difficulty in getting medical care. *See* Yeager Smith Dep. 142:6-143:3 (Exhibit A). Joshua Smith testified that his father told him that the food was bad and that he was not getting proper medical care in prison. *See* J. Smith Dep. 27-28 (Exhibit B). This testimony is not based on Diane's or Joshua's personal observations. Such statements allegedly made by Robert Smith are hearsay and do not fall within any of the specific exceptions to the hearsay rule. *See* Fed.R.Evid. 801, 802, 803, 804, 807.

## III. The Court Should Bar any Evidence or Argument that a Violation of "Constitutional Rights" Constitutes a Separate Category of Damages.

Plaintiff should be barred from referring to, arguing, or suggesting that a violation of "constitutional rights," or the "importance of constitutional rights" can be valued as a damages award or should increase any potential compensatory damages award.

In *Memphis Community School District v. Stachura*, the Supreme Court held that this sort of argument is not allowed. 106 S.Ct. 2537 (1986). "Damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in § 1983 cases." *Id.* at 2538. "[W]hen § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the common law of torts." *Id.* at 2542. The reasoning behind the prohibition of awarding damages simply for violations of "constitutional rights" is because these types of damages would focus on the jury's subjective perception of the importance of constitutional rights as an abstract matter, not on compensation for a provable injury. *Id.* at 2543. "Were such damages available, juries would be free to award arbitrary amounts without any evidentiary basis, or to use their unbounded discretion to punish unpopular defendants." *Id.* at 2544.

*Stachura* rejected jury instructions that instructed the jury to place a monetary value on constitutional rights and the same goes for any arguments or suggestions made to the jury. Damages based on the abstract 'value' or 'importance' of constitutional rights are not a permissible element of compensatory damages in § 1983 cases and any argument or inference suggesting the jury place a value on constitutional rights in assessing damages is improper. *See also*, Federal Civil Jury Instructions of the Seventh Circuit 7.25, Cmte. Cmmt. a. citing *Stachura* for damages recoverable under 42 U.S.C. § 1983.

Thus, Plaintiffs should be barred from arguing directly or inferring in any way that violations of constitutional rights increase plaintiff's damages in any way. This type of argument would serve no purpose other than to improperly entice the jury into awarding improper damages or higher compensatory damages, both of which are expressly forbidden by the Supreme Court.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[1]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.