**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 21 TO BAR CERTAIN FINGERPRINT EVIDENCE AND ARGUMENT**

Defendants, by their respective undersigned counsel, respectfully move *in limine* to bar certain fingerprint evidence and argument, as follows.

The evidence technicians who responded to the scene of the murders recovered latent fingerprints on the basement rear storm door and from a glass marked "Robert Motel" found on the top of the washing machine. (Ex. A, DeMarco deposition at 188). Latent prints were also recovered from a gas can found at the scene. (Ex. B, John DuShane trial testimony at SMITH-004317). CPD fingerprint examiner John DuShane testified at the criminal trial that he initially found the latent prints from the gas can suitable for comparison, but later reexamined those prints and concluded they were not suitable for comparison with other individuals. (*Id*. at SMITH-004317-19; see also Ex. C, CITY-RS-000224, Evidence Report reflecting same). The attached evidence report outlines the latent prints that were found and, among other things, has a box marked "Ident Section" with a box checked suitable. (Ex. D, CCSAO SMITH 001223). The Evidence Report also reflects that the prints taken from the victims (which DeMarco testified were taken at the morgue) were not suitable. (*Id*.; see also Ex. A, DeMarco deposition at 171). ETs Bachelder and DeMarco both testified their field of expertise did not include whether or not a

fingerprint is suitable for comparison. (Ex. E, Bachelder trial testimony at SMITH-004086; Ex. A, DeMarco deposition at 61, 190). There was no testimony at the criminal trial that the fingerprints from the storm door and the "Roberts Motel" glass were suitable or, if they were suitable, compared with others.

After the criminal trial, the evidence was impounded with the clerk of the Circuit Court of Cook County. The negatives of the latent prints taken from the gas can still exist and are impounded with the clerk. (Ex. F, photos from 7/22/21 Inspection of Impounded Evidence 0000060-62). In addition, the "Roberts Motel" glass was also impounded. (Ex. G, photo from 7/22/21 Inspection of Impounded Evidence 0000179).

Other than the foregoing, the record in this case does not reflect any other information with respect to the suitability of the latent prints that were recovered, or if they were suitable, whether they were compared with anyone. In this case, Plaintiff has not disclosed any witness, expert or otherwise, who would offer any testimony regarding the suitability of the recovered prints for comparison purposes.[1]

Federal Rule of Evidence 701 provides, in pertinent part, that opinion testimony by lay witnesses may not be based on "scientific, technical, or other specialized knowledge" that, per Rule 702, is the exclusive province of expert witnesses. Fed.R.Evid. 701 and 702. A lay witness's purpose is to inform the jury what is in the evidence, not to tell it what inferences to draw from that evidence. See *United States v. Noel*, 581 F.3d 490, 496 (7th Cir.2009) (omitting citations). Lay opinion testimony, in the circumstances where admissible, is "not to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same

---

[1] The only possible exception to this is Plaintiff's disclosure of DNA expert Dr. Reich, who is not a fingerprint examiner and not qualified to opine regarding fingerprint suitability or police practices, as outlined in our motion to bar him.

2

acts or events." *U.S. v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002).

In this case, Plaintiff has not identified a lay witness or an expert witness who has the foundation to testify that any of the recovered prints were suitable for comparison. As to the prints lifted from the gas can, DuShane's testimony that they were not suitable for comparison is unrebutted. The negatives of the photos of the prints still exist and Plaintiff did not make any effort to challenge DuShane's testimony.

As to the prints from the storm door and "Roberts Motel" glass, Plaintiff has also not identified any witness who has the foundation to testify that they were suitable for comparison purposes. The ETs who prepared the Evidence Report with the box checked "suitable" testified they are not qualified to state whether or not a latent fingerprint is suitable. DuShane is deceased and was not deposed or asked at the criminal trial about them. And Plaintiff has not otherwise disclosed a witness, sought a Rule 30(b)(6) deposition, or disclosed admissible expert testimony as to whether or not those prints were suitable. Nor is there any evidence in the record that, if these prints were suitable, they were compared with Plaintiff's prints.

For these reasons, pursuant to Federal Rules of Evidence 403, 701, and 702, plaintiff should be barred from attempting to elicit evidence or argue that his prints were not found at the scene or that Defendants failed to process the scene (or evidence from the scene) to locate fingerprints. Any testimony or argument on this issue lacks foundation and would be based on pure speculation. In *Gray v. City of Chicago*, 18 C 2624, Judge Chang barred the plaintiff from introducing similar evidence where he had not disclosed any expert witness with a foundation to testify as to what a crime lab report with a negative fingerprint result meant. (Ex. H, April 17, 2023 hearing in *Gray v. City of Chicago*, 18 C 2624, at 28: "So in the absence of expert testimony about fingerprint testing, what even a fingerprint is, there's no basis to allow this in. And even if there were, the jury

3

would just take their own speculation as to what fingerprint testing is comprised of and what a negative result means."; See also the crime lab report at issue in Gray attached as Ex. I). For the reasons stated above, this Court should reach the same result in this case and bar Plaintiff from attempting to elicit evidence or argue that his prints were not found at the scene or that Defendants failed to process the scene (or evidence from the scene) to locate fingerprints.

**Local Rule 37.2 Compliance Certification**

On April 23, 2025, the undersigned asked counsel for Plaintiff their position on this motion *in limine*, who responded that they object both on the merits and the timing of defendants seeking plaintiff's position on this motion. Based upon that communication, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

4

333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

F: 312-429-0644
dnoland@burnsnoland.com