**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 23 TO BAR ANY ARGUMENT THAT JURORS ARE THE "GUARDIANS OF THE COMMUNITY" OR OTHERWISE TASKED WITH PROTECTING THE PUBLIC**

Defendants, by their respective undersigned counsel, respectfully move *in limine* to bar any argument that jurors are the "guardians of the community" or otherwise tasked with protecting the public. In support thereof, Defendants state as follows:

A juror's role is to weigh the evidence presented to them during a trial and decide whether a party has met their burden of proof as set forth in the instructions given by the court. Any argument that a jury should decide the case based on their self-interest or the interest of the community at large is wholly improper and should be barred. *See United States v. Roman*, 492 F.3d 803, 805-06 (7th Cir. 2007) (asking jury to place themselves in party's shoes and depart from position of neutrality by deciding the case based on personal interest or bias is improper*); United States v. DeSilva*, 505 F.3d 711, 718 (7th Cir. 2007), *citing United States v. Weatherspoon*, 410 F.3d 1142, 1150 (9th Cir. 2005) (comment in closing argument that jury is protecting the community is "clearly designed to encourage the jury to enter a verdict on the basis of emotion rather than fact."). Asking the jury to be the "guardian of the community" or otherwise protect the public asks the jury to consider something other than the evidence when making a decision and should, therefore, be barred under Rules 401 and 403.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[1]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.