**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 26 TO BAR REFERENCE TO THE KITCHEN KNIFE AS THE MURDER WEAPON**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar reference, argument, or insinuation to the kitchen knife as the murder weapon. In support thereof, Defendants state as follows:

In Count XII of the second-amended complaint, brought against the City (and the Defendant Officers), Plaintiff asserts a claim for destruction of evidence (the kitchen knife) in violation of the Fourteenth Amendment Due Process Clause. (Dkt. 82, at Count XII). Defendants have moved for summary judgment on that claim, which currently remains pending. Dkt. 489, 490, 492, 494. As set forth in Defendants' motions for summary judgment, there is simply no evidence that the kitchen knife was used in the murders of Smith's mother-in-law Edith Yeager and his grandmother-in-law Willie Bell Alexander. Accordingly, there is no good faith basis for Plaintiff's counsel to reference, argue, or insinuate that the kitchen knife was the murder weapon, and Plaintiff's counsel should be barred from doing so at trial. Fed. R. Evid. 401, 402, 403.

**BACKGROUND**

Fire Marshall Jack Lumsden ("FM Lumsden") of the CFD's Office of Fire Investigations arrived at the crime scene around 4:00 a.m. (Ex. A – CFD Fire Investigations Incident Report at

CITY-RS-295) and Detective Lawrence Gates ("Det. Gates") of CPD's Bomb and Arson Unit arrived at the crime scene around 4:30 a.m. (Ex. B, August 28, 1990 Trial Testimony of Det. Lawrence Gates at SMITH-4064-4065), investigated the cause and origin of the fire, and photographed the scene (Ex. A, CFD Fire Investigations Incident Report at CITY-RS 300-307; Ex. C, CPD Cause & Origin Supplementary Report at CITY-RS-169; Group Ex. D, CFD Lumsden Photographs Bates-stamped CITY-RS-575-598; and Group Ex. E, CPD Gates Photographs Bates-stamped CITY-RS-4235-4243). Det. Gates, with FM Lumsden's aid, removed and inventoried a sample of carpeting from the fire origin area that had an odor of gasoline (Ex. A, Lumsden Investigation Report at CITY-RS-304; Ex. F, Lumsden deposition at 63:22-65:20; Ex. G, Gates Dep. at 58:1-9). Det. Gates, who did not carry a knife, believes he likely used a knife from the kitchen to take the carpet sample (Ex. G, Gates Dep. at 83:8-84:7). FM Lumsden and Det. Gates each took photographs of the fire origin area after the carpet sample was cut away and removed (Group Ex. D, CFD Lumsden Photos at CITY-RS-598; Ex. F, Lumsden Dep. at 157:4-16 and 176:5-13; Group Ex. E, CPD Gates Photos at CITY-RS-4241; and Ex. G, Gates Dep. at 80:23-81:13 and 93:6-12). The kitchen knife can be seen depicted in the photographs of the removed carpet taken by both FM Lumsden and Det. Gates (Group Ex. D at CITY-RS-598).

Later, Area 2 homicide detectives Mokry and Keough returned to the crime scene to search both outside and inside the house for additional evidence (Ex. H, September 19, 1987 General Progress Report at CITY-RS-112). While there, they recovered the kitchen knife in the dining room. Subsequently, the kitchen knife was brought to the CPD's Crime Lab where it was inventoried under No. 435435 and forensically tested (Ex. H, September 19, 1987 General Progress Report at CITY-RS-112; Ex. I, September 25, 1987 Request for Analysis/Receipt for Exhibit at CITY-RS-195; Ex. J, Physical Evidence Exhibits notes/diagram by Christine Anderson

at CITY-RS-196; Ex. K, Physical Evidence Exhibits notes/diagram by Bernadette Kwak at CITY-RS-235; Ex. L, October 5, 2021 deposition of Christine Anderson at 73:6-76:24).

The kitchen knife was analyzed by the Microscopy/Trace Unit, which determined the knife was "worn and discolored" and there was "no recent damage, no hairs or fibers." (Ex. L, Anderson deposition at 103:9-15; see also Ex. Q, p. 2 of exhibit 4 of Anderson deposition at CITY-RS-000235). After that, Serologist Christine Anderson tested the kitchen knife for the presence of blood . (Ex. L, Anderson deposition at 75:9-19, 78:16-17; Ex. M, November 9, 1988 Laboratory Report of Christine Anderson at CITY-RS-254-255). Despite the gruesome nature of the murders and the fact that testing could detect the presence of blood to a dilution level of 1 in a million, no blood was detected on the knife (Ex. L, Anderson deposition at 78:16-20 and 106:11-15; Ex. M, November 9, 1988 Laboratory Report of Christine Anderson at CITY-RS-254-255). No blood was detected even though the wooden knife handle contained "a lot of crevices in it" where, if there was a decent amount of blood, the wear of the knife's wooden handle could allow blood to seep into it (Ex. L, Anderson deposition at 105:16-21). The kitchen knife was ultimately destroyed prior to Plaintiff's criminal trial (Ex. N, Property Inventory Ledger at CITY-RS-571).

During the original criminal proceedings, Plaintiff did not contend the kitchen knife was the murder weapon, did not argue that it was exculpatory, did not seek to inspect or test the kitchen knife any further, and did not otherwise argue the kitchen knife was relevant to this case in any way. (Ex. O, August 29, 1990 Trial Testimony of Christine Anderson at OSPRSMITH 041531-041566; Ex. O, August 29 1990 Trial Testimony of Dr. Barry Lifschultz at OSPRSMITH 041568-04156; Ex. O, August 29, 1990 Report of Proceedings at OSPRSMITH 041504-041506; see also Group Ex.P, Trial Proceedings[1]). For example, Plaintiff's criminal defense attorney did not cross-

---

[1] The City cites and files the entirety of the criminal trial proceedings to show the absence of any argument regarding the kitchen knife. Given the voluminous number of pages contained in this exhibit, the City does

3

examine Anderson at trial regarding the kitchen knife. Moreover, during the cross-examination of Medical Examiner Dr. Barry Lifschultz, Plaintiff's defense attorney did not inquire, with the photographs, the Crime Lab sketches, or otherwise attempt to elicit any testimony that suggested the kitchen knife could have been the murder weapon.

## ARGUMENT

There is no evidence that the kitchen knife was used in the murders. It is rank speculation for Plaintiff to suggest 34 years later that the kitchen knife was the murder weapon. As set forth above, the kitchen knife was apparently used out of convenience but later collected and inventoried by other detectives as possibly relevant. On September 30, 1987 it was forensically tested, and no blood was detected on the knife despite the ability to detect the presence of blood to a dilution level of 1 in a million. Moreover, prior to the criminal trial, both the State and Plaintiff's criminal defense attorney had access to the forensic test results relating to the kitchen knife and the photographs from the crime scene. (Ex. M, November 9, 1988 Laboratory Report of Christine Anderson at CITY-RS-254-255; Group Ex. D, Lumsden Photos; and Group. Ex. E, Gates Photos). During the criminal proceedings before trial and during Smith's criminal trial, the kitchen knife was not made an issue by either the State or the defense. Further, the defense chose not to raise any issues with the kitchen knife, let alone argue the kitchen knife was the murder weapon.

There never was any basis for any of the Defendant Officers to know or somehow should have known that the kitchen knife had any connection to the crime whatsoever. As such, they should not now be put in a position to have a negative light cast on them by baseless speculation that the kitchen knife was the murder weapon and the Defendants here missed it, and by implication botched the investigation or, worse, engaged in misconduct. Simply put, the kitchen

---

not intend to include this exhibit with the courtesy copies delivered to the Court, but will certainly do so upon request.

knife has no relevance at trial, and reference to it as a possible murder weapon should be barred. Fed. R. Evid. 401, 402 ("Irrelevant evidence is not admissible."). In addition, depicting the kitchen knife as the murder weapon would also result in unfair prejudice to the Defendants, some of whom are deceased, because it had never been even insinuated that the kitchen knife was used in the murders. Fed. R. Evid. 403. Moreover, as there is no evidence the kitchen knife was the murder weapon (and, instead, the forensic evidence shows it was *not* the murder weapon), allowing Plaintiff's counsel to make a contrary argument or insinuation would confuse the issues and would mislead the jury. *Id.* Plaintiff's rank speculation that the kitchen knife was the murder should be barred. Id. This Court should grant this motion *in limine* and bar Plaintiff's counsel from referencing, arguing, or insinuating the kitchen knife was the murder weapon.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

5

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
 T: 312-494-1000
 F:  312-494-1001
 sbenjamin@rfclaw.com

Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com