**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 28 TO BAR THE SHOWING OF VIDEO DEPOSITION CLIPS IN OPENING STATEMENTS, CLOSING ARGUMENTS, AND FOR OTHER PURPOSES BEYOND IMPEACHMENT**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar the showing of video deposition clips in opening statements, closing arguments, and for other purposes beyond impeachment and to present testimony that the parties and Court have pre-determined will be presented by video in lieu of a live witness. In support thereof, Defendants state as follows:

Plaintiff intends to play video deposition clips of individual defendants and possibly plaintiffs and non-party witnesses during plaintiff's opening statement and closing argument. The practice of playing video deposition clips (such as video of the depositions of individual defendants who are now deceased) for purposes beyond the presentation of direct and cross-examinations in lieu of live testimony or for impeachment is unfairly prejudicial because it emphasizes testimony that is presented by video through repetition, and that opportunity does not exist for a live witness. Testimony presented by video should be treated no differently than live testimony.

In 2008, a district court in the Northern District of California noted there was "sparse case law" on the issue of using video depositions in opening statements. *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-05-00334 RMW, 2008 WL 190990, at *1 (N.D. Cal. Jan. 21, 2008). At the time, the court in *Hynix* found only one prior written order on the issue, which is a one-sentence

ruling by a district court in the Western District of Wisconsin permitting a party to play video segments during opening statements. *Id.* at n. 2, *citing MBI Acquisition Partners, L.P. v. Chron. Pub. Co.*, No. 01-C-0177-C, 2002 WL 32349903, at *1 (W.D. Wis. Oct. 2, 2002). The *Hynix* court ruled the other way, finding that neither party shall use any videotaped deposition testimony in its opening statement and reasoning as follows:

> Videotaped testimony may seem more believable or important to the lay jury because it can both see and hear the witness. During argument, [the defendnant] submitted that it cannot "preview" what its live witnesses will look like and testify to; it can only generally describe what it hopes to elicit. On the other hand, if unrestricted, a video deposition can be shown once in opening, again during trial (at least once), and in closing in the exact same form. Repeatedly showing the same few deposition segments seems to exalt the relevance of those videotaped shreds of evidence over live testimony.

*Hynix*, 2008 WL 190990, at *1. Since *Hynix*, several other courts have issued written rulings barring the use of video depositions during opening arguments. *See Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV078298ABCMANX, 2010 WL 11505684, at *22 (C.D. Cal. Jan. 25, 2010), *aff'd in pa*rt, 526 F. App'x 761 (9th Cir. 2013) (citing *Hynix, supra,* and barring videotaped deposition excerpts during opening statements); *Carpenter v. Forest Meadows Owners Ass'n*, No. 1:09-CV-01918-JLT, 2011 WL 3207778, at *7 (E.D. Cal. July 27, 2011) (same); *Beem v. Providence Health & Servs.*, No. 10-CV-0037-TOR, 2012 WL 13018728, at *2 (E.D. Wash. Apr. 19, 2012) (same and further stating, "the courts which have specifically addressed the use of video depositions in opening statement have found such use inappropriate as unduly emphasizing the testimony."); *In re Ethicon, Inc.*, 2014 WL 505234, at *8 (S.D. W. Va. Feb. 5, 2014) ("[T]he use of video clips during opening statements is precluded as to all parties...."). *Cf Sadler v. Advanced Bionics, LLC*, No. 3:11-CV-00450-TBR, 2013 WL 1340350, at *3 (W.D. Ky. Apr. 1, 2013) (citing *MBI Acquisitions Partners*, *supra*, and ruling that the parties are to confer on the video clips to be

shown in opening statements and closing arguments, and the "Court may consider allowing this procedure for both parties.").

In the above-cited rulings barring the use of video deposition clips during opening statements, the courts did not have the occasion to decide whether the showing of video deposition clips during closing should be barred as well. *See Hynix*, 2008 WL 190990, at *1; *Wyatt Tech. Corp.*, 2010 WL 11505684, at *22; *Carpenter*, 2011 WL 3207778, at *7; *Beem*, 2012 WL 13018728, at *2; *In re Ethicon, Inc.*, 2014 WL 505234. But the reasoning in *Hynix* equally applies to closing arguments.

Just as an attorney may not call a live witness to testify during an opening statement or a closing argument, a party should not be permitted to put on videotaped deposition testimony during either. Video testimony is properly used in lieu of live testimony for unavailable witnesses or by agreement as pre-determined by the Court. It also may also be used as prior testimony for purposes of impeachment. However, if further uses are permitted, the repeated showing of a video clip over the sole presentation of live testimony will lead to a significant danger that the videotaped prior testimony will be given undue weight over the live testimony at trial. *See* Federal Judicial Center, Effective Use of Courtroom Technology: A Judge's Guide to Pretrial and Trial 156 (2001)[1] (noting the distorting potential of the use of videotaped deposition testimony during opening argument, and advising that "[t]o deal with the problem that lawyers want to play their favorite videotapes as many times during trial as possible, and thus will use them at opening statement as well as with every possible witness, some judges rule that this kind of exhibit cannot be shown twice").

---

[1] https://www.fjc.gov/content/effective-use-courtroom-technology-judges-guide-pretrial-and-trial-0

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[2]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Katherine C. Morrison<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

4