IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

## DEFENDANTS' MOTION *IN LIMINE* NO. 31 TO BAR RULE 30(B)(6) WITNESS DACHAE BLANTON'S TESTIMONY AND, ALTERNATIVELY, THE USE OF HER DEPOSITION TRANSCRIPT AT TRIAL

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar the testimony of Rule 30(b)(6) witness Lt. Dachae Blanton and, alternatively, the use of her deposition transcript at trial (Ex. A). In support thereof, Defendants state as follows:

At the outset, the parties agree that this Court's ruling on Defendants' pending motions for summary judgment will affect the resolution of this motion. To that end, Defendants respectfully request the opportunity to amend and supplement this motion, if necessary, following this Court's ruling on summary judgment. As set forth below, should this Court enter summary judgment in favor of Defendants on Plaintiff's Fourteenth Amendment destruction of evidence claim, Lt. Blanton's testimony would have no relevance to any claim at trial, and therefore it should be barred. Fed R. Evid. 401, 402 ("Irrelevant evidence is not admissible.").

Lt. Dachae Blanton testified as a Rule 30(b)(6) witness regarding the destruction of the kitchen knife as well as the applicable General Order, G.O. 81-1 (Ex. B), which was in effect at the time of Plaintiff's arrest and the destruction of the kitchen knife. Lt. Blanton did not provide testimony as to any other topic at issue. Accordingly, should this Court grant summary judgment

in favor of Defendants on Plaintiff's destruction of evidence claim, Lt. Blanton's testimony at trial would be irrelevant without a pending destruction of evidence claim. See Fed. R. Evid. 401, 402.

If the claim remains and her testimony is relevant, Plaintiff cannot simply use Lt. Blanton's deposition testimony instead of calling her as a live witness because Plaintiff cannot show that Lt. Blanton is "unavailable." A witness is unavailable for purposes of Rule 804(b) if she "is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance." Fed. R. Evid. 804(a)(5); *see also* Fed. R. Civ. P. 32(a)(4) (providing that deposition testimony may be used for any purpose if the court finds that the witness is dead, the witness is more than 100 miles from the place of trial or outside of the United States (unless the absence was facilitated by the party offering the deposition), the witness cannot attend or testify at trial due to age, illness, infirmity, or imprisonment, or the party offering the deposition could not procure the witness's attendance by subpoena).

"The burden of proving the unavailability of the witness rests upon the party offering the prior testimony." *Burns v. Clusen*, 798 F.2d 931, 937 (7th Cir. 1986). Here, Plaintiff has not put forth evidence that Lt. Blanton is unavailable as a witness for trial. Plaintiff has not issued a subpoena to Lt. Blanton and has not otherwise explained why Lt. Blanton may be considered "unavailable." Accordingly, to the extent there is any relevant testimony Lt. Blanton can provide, it should be offered live at trial, rather than through her deposition transcript.

WHEREFORE, Defendants respectfully request this Court bar the testimony of Rule 30(b)(6) witness Lt. Dachae Blanton and, alternatively, the use of her deposition transcript at trial, and for whatever other relief this Court deems appropriate.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*.

Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[1]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.