IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS MOTION *IN LIMINE* No. 1 TO BAR PLAINTIFF FROM INTRODUCING ROBERT SMITH TESTIMONY**

In the alternative to Defendants' Motion to Bar Smith's November 17, 2021 Deposition which was denied by this Court, Defendants, respectfully move in *limine* to bar plaintiff from introducing into evidence Robert Smith's prior deposition and criminal pretrial hearing testimony because it is inadmissible hearsay that does not fall within any exception. In support thereof, Defendants state as follows:

Defendants previously moved to bar Robert Smith's November 17, 2021 deposition, arguing that he was legally incompetent at the time he testified. (Dkt. 476 at 1). Among other things, Defendants pointed to the opinions of two experts Plaintiff's attorneys arranged for him to be examined by in early 2022: Dr. Goldstein and Dr. Dinwiddie. Dr. Goldstein concluded based on her February 21, 2022 examination that Smith had dementia and Dr. Dinwiddie concluded that Smith suffered from Major Neurocognitive Disorder, likely vascular dementia, a condition that had likely been present for more than a year, and that since at least December 2021, Smith was totally disabled and in need of guardianship. (Defendants' Corrected Motion to Bar Plaintiff's November 17, 2021 Deposition, Dkt. 476 at 4 and exhibits attached thereto). Defendants also

retained Dr. Argumedo during discovery on this issue, who opined, among other things, that in November 2021, Smith was already suffering from a neurocognitive disorder that impaired his cognitive functioning and ability to give valid, competent testimony during the deposition. (Dkt. 476 at 7). On September 19, 2024, this Court ruled that Smith's dementia is not a bar to his testimony and that he is competent to testify pursuant to Fed. R. Evid. 601 based upon review of Smith's participation in this lawsuit to date – including Smith's deposition transcript and the video of his deposition. *See* Ex. A, Sept. 19, 2024 Hearing Transcript. In so ruling, this Court stated that it was not going to deal at that time with "whether Mr. Smith's deposition testimony will be admissible at trial" pursuant to Fed. R. Civ. P. 32(a)(4), Fed. R. Evid. 804(a)(4) and Fed. R. Evid. 804(b)(1). *Id*. at 4.

Defendants have now received Plaintiff's trial witness list. In lieu of calling Robert Smith as a witness, Plaintiff intends to introduce into evidence a combination of Smith's November 17, 2021 deposition testimony and his June 6/8, 1989 pretrial motion to suppress statement and motion to quash arrest and suppress evidence testimony. Based upon this Court's ruling, this prior testimony is inadmissible hearsay because Plaintiff has not established that Smith is unavailable and no other hearsay exception applies.

Fed. R. Civ. P. 32(a)(4), Fed. R. Evid. 804(a)(4) and Fed. R. Evid. 804(b)(1) allow a party to use prior testimony in lieu of live testimony at trial as part of a recognized exception to the hearsay rule, in relevant part, *when the court finds* the proffered witness is unavailable because of infirmity, mental or physical illness. The Court has made no such finding in this case.

Rather, on September 19, 2024, in denying Defendants' motion to bar Smith's deposition testimony and citing Rule 601 and *Sauer v. Exelon Generation Company, LLC*, 280 F.R.D. 404, 407 (N.D. Ill. 2012), this Court determined that "as long as a witness appreciates his duty to tell

2

the truth, and is minimally capable of observing, recalling and communicating events, his testimony should come in for whatever it is worth." (Ex. A, 6:11-18). The Court cautioned in accordance with Seventh Circuit precedent that, '"it is a common mistake," first, in this case and, in particular, Mr. Smith – 'to exaggerate the degree to which senile dementia renders an individual mentally incompetent…" *Boyce v. Fernandes*, 77 F. 3d 946, 949 (7th Cir. 1996). (Ex. A, 7:8-11). This Court also determined that Smith "had a memory for a lot of different things; a lot of details, both far back in time, such as his military service, including through the time of the event in question, small details, larger details. (Ex. A, 8:6-9). Based upon the Court's conclusions pertaining to Smith's ability to give competent deposition testimony in 2021, and the lack of any additional proof that Smith is unavailable under any evidentiary rule, Plaintiff, as the proponent of the evidence, cannot rely upon the dementia diagnosis to establish unavailability as the means of introducing otherwise inadmissible hearsay. (See also Dkt. 444 at 12-14, Defendants Reply in support of Motion to Bar arguing that Plaintiff should not be allowed to use his dementia diagnoses as both a sword and shield. (Dkt. 444 at 12-14).

In addition, Defendants would be unfairly prejudiced if Smith were sufficiently competent to be available and present in court most of the trial[1] but not required to testify. As the Seventh Circuit recognized in *Hall v. Jaeho Jung*, the jury's province of assessing a witnesses' "credibility via live testimony would be divested" if the testimony is presented only through his prior testimony. 819 F.3d 378, 384 (7th Cir. 2016).

Thus, in the absence of proof that Smith is unavailable, Plaintiff should be barred from offering his prior hearsay testimony in lieu of his live testimony at trial and instead the Court should require that Smith testify live at trial and be cross-examined in open court so that the jury

---

[1] Plaintiff's counsel stated during the meet and confer process that Smith will be present in court most days of the trial.

can assess his credibility. Again, Defendants file this motion in the alternative as it is their position that Smith was incompetent to testify at his November 17, 2021, deposition and that his deposition should be barred. But based on the Court's denial of Defendants' motion, Smith was not unavailable to testify because he was incompetent on November 17, 2021 and there is no additional showing that he is unavailable to testify today under Rule 601. His deposition is therefore hearsay.

### Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

F: 312-494-1001
sbenjamin@rfclaw.com