IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT OF A GENERALIZED POLICE "CODE OF SILENCE"**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar testimony, evidence, or argument of a generalized police "code of silence." In support thereof, Defendants state as follows:

Defendants move to bar Plaintiff from offering any testimony, evidence, or argument that police officers in general lie, conspire, cover-up or otherwise maintain a "code of silence" to protect their fellow officers. Plaintiff's counsel should be barred from using terms like "blue wall," "code of silence," or arguing that "law enforcement officers typically adhere to a 'code of silence' or 'blue wall' to cover up misconduct" under Rule 401 and 403. *See Betts v. City of Chicago*, 784 F.Supp.2d 1020, 1029 (N.D. Ill. 2011) (barring use of the terms and argument). Generalized evidence of a "code of silence" or "blue wall" with law enforcement or the Chicago Police Department as a whole is not relevant to the issues the jury will be tasked with determining as it has no tendency to make the facts the jury must decide more or less probable. Fed. R. Evid. 401.

To the extent it has any relevance, any probative value is substantially outweighed by a danger of unfair prejudice to the Defendant Officers, confusing the issues as Plaintiff's *Monell* claim has been bifurcated, and would further confuse the issues as the only issues in this case are

whether Defendant Officers violated Plaintiff's rights in the manner he claims and not whether there exists a "code of silence" within law enforcement as a whole.[1] Fed. R. Evid. 403. It is for those reasons that numerous courts within this jurisdiction have considered this motion and excluded these specific types of arguments. *See Brown v. City of Chicago*, No. 19 C 4082, Dkt. 343, p. 16, 7/30/24 Order on Def. MIL No. 7 (N.D. Ill. July 30, 2024) (Jenkins) (barring generalized arguments of police culture or practice, finding this "evidence and argument is irrelevant, inflammatory, and highly prejudicial."), attached hereto as "Exhibit A"; *see also Christmas, et al. v. City of Chicago, et al.*, 691 F.Supp.2d 811, 819 (N.D. Ill. 2012); Betts 784 F.Supp.2d 1020 at 1028-29 (generalized allegations "are not helpful and are akin to impermissible propensity evidence."); *Pryor v. Corrigan*, No. 17 C 1968, 2023 WL 1100436, at *36-37 (N.D. Ill. Jan. 30, 2023); *Watson v. Fulton*, No. 15 CV 11559, 2022 WL 21296130, at *5 (N.D. Ill. Feb. 23, 2022); *Smith v. Garcia*, No. 15 CV 10105, 2018 WL 461230, at *5 (N.D. Ill. Jan. 18, 2018) (noting that district courts "often exclude generalized evidence of a code of silence"). Based on this case law and the reasoning set forth therein, the Court should preclude any evidence or argument relating to any generalized conspiracy of law enforcement or Chicago Police Department officers in general.

    WHEREFORE, Defendants respectfully request this Court to bar testimony, evidence, or argument of a generalized police "code of silence," and for whatever other relief this Court deems appropriate.

---

[1] Defendant Officers recognize that Plaintiff would be permitted to argue there was a conspiracy between the officers in this case to show bias.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[2]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.