IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., | ) |
|                Plaintiff, | ) ) ) Case No. 21 C 1159 |
| v. | ) ) Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) ) Magistrate Judge M. David Weisman |
|                Defendants. | ) |

**DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO BAR REFERENCE TO THE CITY OF CHICAGO AS A DEFENDANT, AND BAR REFERENCE TO ANY INDEMNIFICATION BY THE CITY OF CHICAGO AS TO ANY AWARD OF COMPENSATORY DAMAGES**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar reference to the City of Chicago as a defendant, and bar reference to any indemnification by the City of Chicago as to any award of compensatory damages. In support thereof, Defendants state as follows:

Defendants move to bar Plaintiff from making any reference to the City of Chicago as a defendant and to remove the City from any verdict form or caption the jury may be presented with during trial. The *Monell* claim against the City has been bifurcated and stayed. Dkt. 75, 353, 485. Should this Court grant summary judgment in favor of the City on Plaintiff's Fourteenth Amendment destruction of evidence claim, the only remaining claims against the City, indemnification and *Respondeat Superior*, are derivative to the claims against the Defendant Officers.[1] Both of these claims only direct the City to pay an award of compensatory damages if the jury finds liability against the Defendant Officers. The City has already consented to payment of any compensatory damages if a jury finds any Defendant Officer liable to Plaintiff for any claim

---

[1] The City's motion for summary judgment on Plaintiff's Fourteenth Amendment claim is currently pending. See Dkt. 489, 490.

alleged in the operative complaint. Dkt. 39-3. In light of this consent, there is no reason to mention the City of Chicago as a defendant and doing so would only improperly signal to the jury that Defendant Officers would not have to pay any award of compensatory damages. It is well-settled that this type of evidence of indemnification is irrelevant and highly prejudicial. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998) (acknowledging general rule that "courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill"); *Betts v. City of Chicago*, Ill., 784 F.Supp.2d 1020, 1030 (N.D. Ill. 2011); *Martin v. City of Chicago*, No. 15 CV 4576, 2017 WL 2908770, at *9 (N.D. Ill. July 7, 2017) (granting similar motion *in limine* to remove City of Chicago as a defendant from the verdict form when there are no substantive claims against the City); see also Fed. R. Evid. 411 (prohibiting, with certain exceptions, evidence that a person was or was not insured). Moreover, evidence that the City of Chicago may indemnify any of the Defendant Officers – as opposed to the officers being personally liable for the compensatory damages – may encourage jurors to find for Plaintiff regardless of the facts presented at trial or inflate any damages award out of sympathy or for other improper reasons.

Whether the City provides indemnity to Defendant Officers is irrelevant to the issue of whether or not Plaintiff's claims have merit or whether he has met his burden of proof. *See Bolden v. City of Chicago, et al.*, 17-CV-417, Dkt. No. 467 at pp. 18-19 (granting the defendants' motion *in limine* to bar mention of indemnification, noting "There aren't substantive claims against the City, so it could breed confusion to tell the jury that the City is a defendant"), attached as Exhibit A; *Brown v. City of Chicago*, No. 18-CV-7064, Dkt. No. 411 (granting the City's motion *in limine* to bar reference to the City in the jury instructions and on the verdict form, and recognizing as follows: "Two of Mr. Brown's counts—*respondeat superior* and indemnification—involve the

City. There is no genuine basis to conclude that the City would refuse to pay judgment for a verdict against any one of the Detective Defendants, as the City concedes that the Illinois indemnity statute applies: the Detective Defendants were acting within the scope of their employment and under the color of law"), attached as Exhibit B. To that end, the Court should preclude any evidence, testimony, argument, innuendo, or comment concerning indemnification of Defendant Officers by the City of Chicago and should remove the City from any verdict forms and caption that may be presented to the jury during trial.

WHEREFORE, Defendants respectfully request this Court bar reference to the City of Chicago as a Defendant, and bar reference to any indemnification by the City of Chicago as to any award of compensatory damages, and for whatever other relief this Court deems appropriate.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

3

Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F:  312-494-1001
sbenjamin@rfclaw.com

Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com