IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANT OFFICERS' MOTION *IN LIMINE* NO. 5 TO BAR
ANY MENTION OR ARGUMENT CONCERNING THE ABSENCE OF ANY
DEFENDANT OFFICER DURING TRIAL**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar plaintiff from mentioning or arguing in any way about the absence of any defendant officer during the trial in this matter. In support thereof, Defendants state as follows:

It is anticipated that one or more Defendant Officers may not be able to be present in the courtroom for the duration of trial due to one or more following factors: advanced age, health issues, care obligations for spouses, residence out of state or significant distance from the courthouse, and the length of the trial. Defendant Brownfield is 76 years old and has a chronic health condition that requires regular doctor visits; Defendant Cline is 77 years old and also has a chronic health condition that requires regular doctor visits in addition to obligations relating to his role as the Executive Director of the Chicago Police Memorial Fund; Defendant Dwyer is 77 years old, lives over 100 miles away from the courthouse and is the primary caregiver for his spouse whose medical conditions necessitate around-the-clock care; Defendant Solecki is in his 80's and also lives out-of-state. However, each Defendant Officer will be available to testify and be subject to any cross-examination.

During the meet and confer, counsel indicated that he intends to argue a negative inference if a defendant officer is not present every or most trial days, if the absence is unaccounted for. Defendant Officers – most of whom live outside of Chicago (some also out of state)– are elderly, have health issues and/or are the primary caregivers for loved ones with health issues, subjecting them to hardship to be present in court each day. Under Plaintiff's scenario, a Defendant Officer will need an "excuse" from the Court for each day they are unable to be present. Yet Defendant Officers' lack of appearance during trial for times other than their testimony has no tendency to make any fact the jury is tasked with determining more or less probable; as such, their presence or absence when not testifying is irrelevant. Fed. R. Evid. 401. Further, any mention of a Defendant Officers' absence or commentary on the same by Plaintiff's counsel would be unfairly prejudicial, confuse the issues, and mislead the jury as to the issues before them. Fed. R. Evid. 403. Along these lines, Plaintiff also should not be allowed to argue or suggest that because Smith was present given his condition for more time than some Defendants that this should be weighed or considered by the jury – this has no relevance to any fact at issue in this case. It would also wrongly imply that a party to a lawsuit has an obligation to be present for the duration of trial, which has no basis in the law and would also improperly shift the burden of proof.[1] Accordingly, Defendants move to bar any mention, commentary, or argument as to the absence of any Defendant Officer from trial, other than a statement by the Court informing the jury of such an absence is not improper.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

---

[1] Plaintiff has the burden of proving each element of his claims. *See e.g.,* 7th Circuit pattern civil jury instructions § 7. Defendant Officers have no burden of proof in this case.

|  |  |
|---|---|
| PHILIP CLINE<br>DANIEL MCWEENY[2]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | Respectfully submitted,<br><br>MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.