IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 6 BAR ANY MENTION OF ARGUMENT THAT DEFENDANTS FAILED TO CALL A WITNESS OR FAILED TO PRESENT EVIDENCE**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar plaintiff from making any argument or even mentioning that Defendants failed to call a witness or failed to present evidence at trial. In support thereof, Defendants state as follows:

Defendants anticipate calling witnesses and presenting evidence in their defense. However, it is undisputed that Defendants have no burden of proof in this case and are under no obligation to call any witnesses or present any evidence. And as it is often the case in these types of trials, many witnesses are on both sides' witness lists and they often take the stand only once and are called first by Plaintiff. It would be improper for Plaintiff to argue that Defendants failed to call any particular witnesses or present any evidence during trial as it would unfairly prejudice the Defendants and mislead the jury as to the burden of proof. Fed. R. Evid. 403. Indeed, Seventh Circuit Pattern Jury Instructions 1.08 (Consideration of All Evidence Regardless of Who Produced it), 1.17 (Number of Witnesses), and 1.18 (Absence of Evidence) each instruct the jury on what and how to consider the evidence presented and allowing Plaintiff, who has the burden of proof to argue or suggest that Defendants are liable because they did not call a witness or present a piece

of evidence would be improper and contravene the law. To that end, the Court should preclude Plaintiff from making any such argument. Defendants also propose that the jury be given an instruction at the outset of the case that they should not infer unfavorable evidence against the Defendants because they did not call a specific witness or offer certain evidence.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

| | |
|---|---|
| PHILIP CLINE<br>DANIEL MCWEENY[1]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.