**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | Case No. 21 CV 1159 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Jeffrey I. Cummings |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 14 TO BAR IMPROPER ARGUMENTS
THAT DEFENDANT OFFICERS IMPROPERLY INVESTIGATED THE CRIMES**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar

plaintiff from making any argument that Defendant Officers improperly investigated the crimes.

In support thereof, Defendants state as follows:

Defendant Officers move to exclude any argument that Defendant Officers did not properly

investigate the murders of Edith Yeager or Willie Bell Alexander, that Defendant Officers should

have pursued other avenues of investigation prior to Plaintiff's arrest – such as DNA testing,[1]

alternative suspects, additional fingerprint evidence, *etc.* – and bar any argument that McWeeny

should have created a police report when Smith was removed from the crime scene in handcuffs

following an altercation between him and investigating detectives inside the crime scene near

where the victims' bodies were found.  Such arguments would be irrelevant and any probative

value would be substantially outweighed by the danger of unfair prejudice, confusing the issues,

and misleading the jury. Fed.R.Evid. 401, 403.

---

[1] Defendants Motion in Limine No. 10 also specifically addresses the issue of barring any argument, reference or inference to the fact that Defendants should have done DNA testing.

1

There is no constitutional right to have a "complete," "thorough," or "perfect" police investigation. *Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) (litigant has no "constitutional right to have the police investigation his case at all, still less to do so to his level of satisfaction); *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002) ("*Brady* prohibits suppression of evidence, it does not require the government to act as a private investigator and valet for the defendant, gathering evidence and delivering it to opposing counsel). Nor does a suspect have a right to have police investigate any potential alibi or for any exculpatory evidence. *Jackson v. City of Peoria*, 825 F.3d 328, 330 (7th Cir. 2016) (no obligation to have police investigate potential alibi before arrest as "police may arrest and leave to the judicial process the question of whether a defense applies."); *Lee v. Harris*, 127 F.4th 666, 673 (7th Cir. 2025) ("police are not required to thoroughly investigate a suspect's alibi before an arrest."). In addition, police officers are not required to create a report for each and every witness interaction and/or investigative task. *See Boyd v. City of Chicago*, 225 F. Supp. 3d 708, 719 (N.D. Ill. 2016) (police officers under no obligation to submit reports regarding every witness interaction); *Jones v. City of Chicago*, 856 F. 2d 985, 995 (7th Cir. 1988) (police not required to keep written records of all of their investigatory activities);   To that end, Defendants move to preclude any argument that Defendant Officers had any obligation to investigate the Yeager/Alexander homicides beyond which they did, search for alternative suspects, perform DNA or fingerprint testing prior to Smith's arrest or that McWeeny had any obligation to create a police report regarding his encounter with Smith at the crime scene.

Such a prohibition would also extend to any argument regarding the sufficiency of the investigation conducted by Office of Professional Standards ("OPS") investigators who investigated Robert Smith's claims of police misconduct. *See, e.g. Wilson v. Estate of Burge*, 667

F.Supp.3d 785, 866 (N.D.Ill. 2023) ("there is no general right to an internal investigation of a police department or police misconduct."); *Moore v. City of Chicago*, No. 05 C 5868, 2008 WL 516338, at *4 (N.D.Ill. Feb. 20, 2008) ("There is no constitutional right to have police perform an adequate internal investigation of complaints of police misconduct."). Because there is no such right to specific investigative steps, this Court should preclude any argument attacking the adequacy of what steps were taken during the homicide or OPS investigation.

<u>**Local Rule 37.2 Compliance Certification**</u>

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F:  312-494-1001
sbenjamin@rfclaw.com