**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Robert Smith Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 17 TO BAR ANY ARGUMENT, MENTION, EVIDENCE OR REFERENCE TO JON BURGE, INCLUDING ANY PUBLICIZED EVENTS OR OTHER ALLEGATIONS OF POLICE MISCONDUCT REGARDING BURGE**

Defendants by their respective undersigned counsel, respectfully move *in limine* to bar any evidence or argument regarding publicized events or other allegations of police misconduct.

Defendants anticipate that Plaintiffs will try to turn this trial into a series of mini trials with references to publicized events of police misconduct or other allegations of police misconduct concerning former Commander Jon Burge, including but not limited to:

- Jon Burge or any cases associated with Jon Burge;
- Jon Burge's termination from CPD;
- Jon Burge's 2011 criminal conviction;
- The Reparations Ordinance;
- Defendants' opinions about Burge as a supervisor;
- Knowledge about torture allegations against Burge;
- Whether or not any of the Defendants testified at the grand jury proceedings or asserted their Fifth Amendment rights in response to questioning concerning Burge allegations;
- any changes made or not made at Area 2 after Lt. Cline replaced Jon Burge.

Any evidence or argument about other allegations of police misconduct, especially any mention of disgraced former police commander Jon Burge, should be barred. Burge and other high-profile cases are not relevant to Plaintiffs' claims, and their only purpose would be to inflame

the jury and encourage a verdict based on guilt by association. The evidence is unfairly prejudicial to the Defendants and would substantially outweigh any minimal probative value. Fed. R. Evid. 403.

The references to Burge are particularly prejudicial. Plaintiff alleges that during the "Burge era," (1972-1991), that Burge and his subordinates systematically and methodically elicited confessions by torturing criminal suspects. In support, Plaintiff relies on the 1990 Goldston Report in which Michael Goldston, an investigator for the Office of Professional Standards, identified 50 alleged victims of torture by CPD personnel assigned to Detective Area 2 where Burge was a commanding officer. (Ex. A, Goldston Report). The alleged misconduct included beatings, suffocation, threatening and striking victims with firearms, electroshock, and hangings. (Ex. A, Appendix F to the Goldston Report ("Statistical Analysis") at p. 1). Burge himself was named as an accused in more than half of the 35 incidents in which the offending officer could be identified. *Id.*

Introduction or reliance on this report and/or any other evidence concerning Jon Burge as mentioned above, invites the jury to conclude that all Chicago police officers, including the Defendants, behaved in the same improper manner as Burge. Burge, however, was not the Commander at Area 2 during this time and had been replaced by Lt. Cline as the Area 2 violent crimes commander when the Yeager/Alexander homicides investigations was conducted. Indeed, Lt. Cline is a named Defendant in this case – not Burge. Burge had no investigatory or supervisory capacity at any point during the Yeager/Alexander homicides investigation. Although some of the Defendant Officers in this case at one point were supervised by Burge , that is an insufficient basis to introduce any evidence or argument relating to Burge in this case as it would improperly infer guilt by association without actual evidence. Simply put, Burge has no probative value to this

2

case, but Plaintiff, is well aware of just how prejudicial any reference to him will be – which is why Plaintiff insists on referencing Burge-related misconduct in this case despite the lack of any substantive connection to Burge.

Plaintiff's clear intent is to bring up Burge's name to inflame the jury so it finds the Defendants liable by association, no matter how loose or nonexistent that association may be. *See Dollard v. Whisenand,* 946 F.3d 342, 359 (7th Cir. 2019) ("[T]he concept of guilty by association is repugnant to our notion of elemental justice and fair play").  Indeed, multiple courts in this district have granted motions *in limine* to exclude similar evidence, reasoning that evidence of other officers' alleged misconduct and any mention of high-profile cases, including Burge, are irrelevant and highly prejudicial. *See Gomez v. City of Chi.*, No. 13 C 05303, 2015 WL 13651138, at *9 (N.D. Ill. June 29, 2015) (granting motion to bar evidence of or arguments about other allegations of police misconduct as irrelevant); *see also Jones v. Walters*, No. 12-cv-5283, 2016 WL 1756908, at *7 (N.D. Ill. Apr. 29, 2016) (granting motion to bar evidence of publicized events and other allegations of police misconduct as irrelevant and unfairly prejudicial); *Maldonado v. Stinar*, No. 08 C 1954, 2010 WL 3075680, at *4 (N.D. Ill. Aug. 5, 2010) (granting motion to bar evidence/argument of publicized allegations of police misconduct as this evidence "has only minimal probative value and is highly inflammatory and prejudicial.").  The present case is no different. *See Carr v. City of N. Chicago,* 908 F.Supp.2d 926, 935 (N.D. Ill. 2012) (evidence of excessive force complaints against non-defendant officers "could prejudice the Defendant Officers' ability to distinguish their own actions from those of other non-party officers.").

Indeed, even mentioning Burge's name would have a highly prejudicial effect on the Defendants.  The name "Burge" is synonymous with corruption and abuse.  Burge has been publicly described as "Chicago's most famous corrupt cop" and "the former Chicago Police

commander synonymous with the city's history of police brutality and excessive force." https://reason.com/2018/09/20/jon-burge-chicagos-most-famous-corrupt-c/. A simple Google search of the name "Jon Burge" brings up countless articles about Burge's reprehensible career. The name Burge is so well known in the Chicagoland area, that Burge's legacy is part of the mandatory curriculum at Chicago Public Schools under the reparation's ordinance.[1] Thus, any mention of Burge's name or any attempt to lump the Defendants' alleged conduct in this case with that of Burge would highly prejudice the Defendant Officers and should be barred. Indeed, any mention of other officers' misconduct should be barred, regardless of whether Plaintiff uses Burge's name, because the evidence is irrelevant to the issues and the unfair prejudicial effect it creates is far more significant and likely.

Defendants thus respectfully request that Plaintiff and their witnesses and attorneys be ordered not to mention, refer to, adduce, interrogate concerning, voluntarily answer, introduce any physical evidence concerning or attempt to convey to the jury at any time during these proceedings in any manner, directly or indirectly, the subject matter as stated above, and that each counsel is instructed to warn and caution each and every witness under their control appearing in this litigation to strictly comply with the ruling of this Court.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

---

[1] https://www.chicago.gov/content/dam/city/depts/dol/supp_info/Burge-Reparations-Information-Center/BurgeRESOLUTION.pdf; https://chicagotorture.org/reparations/ordinance/

4

| | |
|---|---|
| PHILIP CLINE<br>DANIEL MCWEENY[2]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

5

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.