IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | Case No. 21 CV 1159 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Jeffrey I. Cummings |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 19 TO BAR REFERENCE, EVIDENCE OR ARGUMENT REGARDING DEFENDANT OFFICERS' PRIOR FIFTH AMENDMENT INVOCATION TO UNRELATED INCIDENTS OR THAT CERTAIN DEFENDANT OFFICERS WERE GRANTED USE IMMUNITY BEFORE THEIR DEPOSITIONS DURING SMITH'S POSTCONVICTION PROCEEDINGS**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar reference, evidence, or argument that Defendants McWeeny, Pedersen, Brownfield, and/or Dwyer made prior invocations of the Fifth Amendment regarding unrelated incidents in other cases and that Defendants McWeeny, Pedersen and Brownfield were granted immunity prior to testifying at their depositions in Smith's postconviction proceedings. In support thereof, Defendants state as follows:

Over twenty years ago, between 2002 and 2006, during the Egan-Boyle Special Prosecutor investigation into the possibility of prosecuting Jon Burge and officers under his command for abuse allegations, [1] and in civil litigation pending around that same time, many detectives who, at times, worked under Burge, including certain Defendants in this case, were advised by counsel to

---

[1] The Presiding Judge of the Criminal Division of the Cook County Circuit Court appointed two special prosecutors (Edward J. Egan and Robert D. Boyle) to investigate allegations of torture, perjury, obstruction of justice, conspiracy to obstruct justice, and other offenses by Jon Burge and police officers under his command at Detective Area 2 and Area 3 Headquarters in Chicago from 1973 through 2002. On July 19, 2006, they filed a 292-page "Report of the Special State's Attorney" detailing the conclusions of their investigation.

1

assert their Fifth Amendment rights in response to questioning about abuse they allegedly inflicted or observed. In the past, defendant McWeeny asserted his rights in nine instances, Dwyer three, Pedersen four and Brownfield twice. However, these Defendants have not continued to assert their Fifth Amendment rights on those matters since then. And, more importantly, in relation to Robert Smith's allegations in this case, they did not assert their Fifth Amendment rights in answering the Complaint, in response to written discovery or during their depositions in this case. Indeed, these Defendants answered all questions posed to them relating to their conduct during the Yeager/Alexander homicides investigation and their interaction with witnesses during that time, including Smith, and also answered all questions regarding specific allegations of unrelated misconduct posed to them during their depositions, including on matters they had previously asserted their Fifth Amendment rights.

The fact that McWeeny, Pedersen and Brownfield were granted use immunity prior to their depositions during Smith's postconviction proceedings does not change or alter this fact as "use immunity for a witness in one proceeding affords no protection for any self-incriminating information disclosed by the witness in other proceedings, prior or subsequent to the immunized proceeding." *In re Corrugated Container Antitrust Litigation*, 661 F.2d 1145, 1154 (7th Cir. 1981). Indeed, use immunity does not even shield a witness from prosecution based on the very facts and activities testified to under the grant of immunity. (*Id*.) (citations omitted). In other words, the grant of use immunity during Smith's postconviction proceedings does not somehow count as an invocation of their Fifth Amendment rights for purposes of Plaintiff's civil rights lawsuit sufficient to warrant an adverse inference.

Despite this fact, Plaintiff intends to introduce into evidence that these Defendants asserted their Fifth Amendment rights in the past to other unrelated allegations of misconduct or that certain

2

Defendants were granted use immunity during Smith's post-conviction proceedings solely to backdoor in otherwise inadmissible 404(b) evidence by use of an adverse inference or attack Defendants credibility by mentioning use immunity. But there is no basis in the law to do so. In fact, the Seventh Circuit, in *Evans v. City of Chicago*, 513 F.3d 735, 740-41 (7th Cir. 2008), did not even allow into evidence that the defendant officers invoked their Fifth Amendment rights to the plaintiff's allegations, because the officers revoked their prior invocations and the plaintiff was allowed to conduct sufficient discovery into all matters the officers previously did not answer when they asserted their rights.

Moreover, this also violates Rules 401, 402 and 403 as Defendants' prior invocation of the Fifth Amendment is irrelevant in this case, but it is extremely unfairly prejudicial. Indeed, this evidence does not make any matter at issue in this case more or less probable, as whether these Defendants previously invoked their Fifth Amendment rights and/or were granted use immunity at some point during Smith's postconviction proceedings has no bearing on whether Defendants violated Plaintiff's constitutional rights in this case. Indeed, the Fifth Amendment protects the innocent as well as the guilty. *See United States v. Chase*, 281 F. 2d 225, 227 (7th Cir. 1960) ("It is well established that the rights and privileges under, and the protection of the Fifth Amendment of the Constitution of the United States extend to the guilty as well as to the innocent."). And, use immunity does not even do that as use immunity does not prohibit subsequent prosecution – which to be clear, has not occurred – based on any testimony these Defendants provided during Smith's postconviction proceedings. Thus, use immunity and/or prior invocation of Fifth Amendment is totally irrelevant for purposes of establishing Defendants' misconduct nor do these facts serve any other permissible purpose.

Instead, this evidence is simply intended to paint the Defendants in a bad light and what's more, is highly prejudicial to the majority of the other Defendants, who have never asserted their Fifth Amendment rights or been granted use immunity in response to any questioning either in this case or in prior proceedings. Moreover, this will undoubtedly result in confusion of the issues for the jury as Defendants will be forced to offer evidence regarding the circumstances as to each prior instance certain Defendants asserted their Fifth Amendment rights in other unrelated cases (including whether they subsequently decided to testify about those allegations, whether the assertions were made on advice of counsel, the circumstances surrounding their decision to testify, etc.) or were granted use immunity, creating a mini trial within a trial. In the case of McWeeny, who died during the pendency of this lawsuit shortly after summary judgment was filed, he is now no longer able to provide testimony as to the circumstances surrounding the invocation of his Fifth Amendment rights or the immunity granted to him by the Special Prosecutor – which also has a cumulative prejudicial effect for the remaining Defendants – as there is a substantial risk that the inability to contradict these inferences will impute liability on the other remaining living Defendants. Defendants thus move to bar mention of the prior invocation of these officers' Fifth Amendment rights and to limit any questioning during trial to their conduct during the Yeager/Alexander homicide investigation.

In short, the Court should limit the evidence in this case to that which is relevant and will assist the trier of fact in coming to a resolution of the claims. The Court should not allow Plaintiff the opportunity to pursue immaterial and prejudicial lines of questioning solely for dramatic effect – including the prior invocation of the Fifth Amendment and/or certain Defendants being given testimonial immunity. Along those same lines, this Court should bar any of Plaintiff's retained experts or any other witness from commenting on any Defendants' prior invocation of their Fifth

4

Amendment privilege or being granted immunity. Any comments on the prior invocation of the Fifth Amendment by police officers or whether they were granted testimonial immunity and how it may impact their credibility as a witness is wholly improper. *United States v Scheffer*, 523 U.S. 303, 313 (1998) ("determining the weight and credibility of witness testimony … belongs to the jury who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men."); *Richman v. Sheahan*, 415 F.Supp.2d 929, 941-42 (N.D. Ill. 2006) (expert's commentary on credibility of witness testimony inadmissible).

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

5

ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

F: 312-429-0644
dnoland@burnsnoland.com