IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | Case No. 21 CV 1159 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Jeffrey I. Cummings |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 24 TO BAR ANY EVIDENCE, ARGUMENT, OR REFERENCE RELATING TO SMITH'S CERTIFICATE OF INNOCENCE**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar any evidence, argument or reference relating to Robert Smith's certificate of innocence. In support thereof, Defendants state as follows:

After the Office of the Special Prosecutor ("OSP") *nolle pross'ed* the criminal charges against Smith on October 23, 2020, Judge Adrienne Davis dismissed the charges with prejudice and the criminal case ended. That same day, Smith then filed a petition for a certificate of innocence ("COI"), pursuant to Section 5/2-702 of the Illinois Code of Civil Procedure. (*See* Ex. A, Smith's Petition for Certificate of Innocence). On October 30, 2020, at the initial hearing on the petition before Judge Leroy Martin, the special prosecutor indicated that it was not going to file a response or oppose the petition, and the court continued for a week to allow it time to review the petition (which it had not yet done). (Ex. B, 10/30/20 Trans. at 3, 6). The COI petition was granted without an evidentiary hearing seven days later on November 6, 2020, by way of pre-printed form order. (*See* Ex. C, 11/6/20 Order Granting COI).

Defendants were not a party to and could not argue in opposition at the COI proceeding, as under law, they are not allowed to be. *See* 735 ILCS 5/2-702(e); *Patrick v. City of Chicago*, 974

1

F.3d 824, 833 (7th Cir. 2020). Smith was able to present a one-sided view of the evidence during this non-adversarial proceeding and there was significant evidence of Smith's guilt concealed during the COI proceedings. The COI court, which had no prior familiarity with the case, never heard evidence that 1) Smith's bloody underwear could not have been planted because it was depicted in a photograph taken shortly after the arson fire was extinguished in precisely the same location where detectives recovered it later that night; 2) that the victims' blood was on his underwear as well on the soles Smith's feet and the toe area of his socks; 3) that neither Sally Atkins Payne or Michael Santee could account for Smith's whereabouts during the times of when the murders likely occurred; 4) that Payne told police Smith's clothes were wet when he return to her home around 3:00 a.m, just as the fire was first reported; 5) that Smith carried a straight razor in his wallet in 1987 that was not in his wallet at the time of his arrest and his confession stated he used a razor blade when he committed the murders; 6) that Smith had been high on drugs and alcohol that night and that his wife believed Smith might be capable of the crimes in that state; and 7) that it was believed by his wife that Smith, who was unemployed, frequently committed burglaries and had previously stolen money from her and her mother's bank accounts to feed his drug habit.

      It is anticipated that Plaintiff will seek to admit the COI as substantive evidence to argue that Smith's criminal case ended in a manner indicative of innocence, but more so to argue that Smith is also factually innocent of the double murder for which he was originally charged, and that Defendant Officers engaged in the misconduct alleged in this lawsuit. Defendants anticipate that Plaintiff will argue that the presiding judge of the Circuit Court of Cook County, Criminal Division "found him innocent" and point out to the jury that the OSP did not contest the COI petition, creating the inference that the OSP would have contested the petition if Smith was not, in

fact, innocent.

The COI should be barred as well as any reference to it. First, the COI is inadmissible hearsay. Second, the COI is not probative of the "favorable termination" element of Plaintiff's state law malicious prosecution claim and, to the extent it is, that value is substantially outweighed by the danger of unfair prejudice to Defendants and confusion over the fact finding and liability issues the jury will be tasked with deciding in this trial.[1] Lastly, to obviate the irreparable and unfair prejudice that the COI will cause Defendants, they are willing to waive proof of the favorable termination element from the state law malicious prosecution claim such that Plaintiff will not need to prove that element, making the COI irrelevant.

## I. Smith's COI is Inadmissible Hearsay.

The COI and any declarations (or "findings") therein are out-of-court statements Plaintiff seeks to offer to prove the truth of the matter asserted. Fed. R. Evid. 801(c). But there is no exception to the hearsay rule that would allow its admission. *See Fields v. City of Chicago*, 2014 WL 12778835, at *4 (N.D. Ill. Apr. 29, 2014) (holding the denial of a COI is inadmissible).[2] Rule 803(8) allows admission of public records in a civil case if the record sets out "factual findings from a legally authorized investigation." Fed. R. Evid. 803(8). However, this exception does not encompass judicial findings of fact, such as a decision to grant a COI. *See United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994); *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993); *Taylor v. City of Chicago*, 2012 WL 669063 (N.D. Ill. Feb. 29, 2012) (a judge's finding of "no probable cause" does not qualify as a hearsay exception under Fed. R. Evid. 803(8)). A petition for a COI is a separate civil proceeding under Illinois law. They are proceedings that not only allow hearsay,

---

[1] If Defendants' pending summary judgment motion is granted as to Count VII, the Illinois state law malicious prosecution claim, the probative value of the COI to any issue that would remain is zero.
[2] The Seventh Circuit has never decided whether the COI is hearsay. That issue was not before the court or considered in *Patrick*. 974 F.3d at 834.

3

*People v. Fields*, 959 N.E.2d 1162, 1166 (Ill. App. Ct. 2011), but also require judges to solely rely on the evidence plaintiff presented in his petition when there is no intervention by the prosecution.[3] Where the State does not take a position on the COI proceedings, the circuit court is forbidden to consider any evidence beyond the plaintiffs' petitions, including the criminal trial transcripts. *People v. Washington*, 2023 IL 127952 ¶¶ 51-56. One circuit court complained that with such constrictions, it was forced to "'rule on something in a vacuum and just a partial record and partial transcripts.'" *Id.* at ¶ 21 (quoting the trial court's ruling). Nonetheless, an Illinois criminal court is "not free to reject the petitioner's evidence" and cannot consider anything beyond what is submitted by the petitioner when the petition is not opposed. *Id*. at ¶ 56.

The Seventh Circuit has discounted the COI when there is no opposition, stating it "does not really reflect a factual finding arising from the crucible of the adversarial process, which our legal system regards as the truth." *Patrick*, 974 F.3d at 833. And it is black letter law that the outcome of related civil proceedings is inadmissible as hearsay in subsequent proceedings involving different parties. *See Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) ("[C]ivil judgments are said not to be usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay."); *Fairley v. Andrews*, 423 F. Supp. 2d 800, 811–12 (N.D. Ill. 2006) (barring reference to outcome of prior litigation as both hearsay and as unduly prejudicial).

Furthermore, the Seventh Circuit has been clear that evidence of specific judicial reasoning for disposing of a criminal case is inadmissible. A judge's second-hand prior fact and credibility determinations are "irrelevant to an adjudication of a civil rights claim." *Schultz v. Thomas*, 832 F.2d 108, 111 (7th Cir. 1987) (reversing judgment on jury verdict because allowing state court judge's findings and credibility determinations into evidence was reversible error); *Fisher v.*

4

*Krajewski*, 873 F.2d 1057, 1063-64 (7th Cir.1989) (affirming exclusion of evidence of judge's determination in prior case where it was based on credibility determination of prior judge).

In *Walker v. White*, No. 16 C 7024 (N.D. Ill.), Judge Shah found that the COI is inadmissible when the element of favorable termination was not at issue because then all the COI could be used for was affirmative evidence of innocence. (*See Ex. D*, *Walker v. White et al.*, 16-cv-7024, transcript of March 2, 2023 hearing, at 40:18-20.)("[I]t would be hearsay to offer the [COI] as evidence of actual innocence and the truth of innocence."). In granting a motion to bar the COI, Judge Shah also noted that its admission would open the door to the use of judicial findings for the truth of the matter, explaining that "[t]here is no res judicata or preclusive effect of a [COI]...and it would be hearsay to offer the [COI] as evidence of actual innocence and the truth of innocence." (*Id.* at 40:12-20.) Yet, this is exactly what Plaintiff intends to use the COI for, as he will declare to the jury that the COI establishes that his statement to police was false, that he was tortured, and he is factually innocent. Plaintiff should not be permitted to support that claim with his COI because, as Judge Shah explained, it is improper to use judicial findings for the truth of the matter where there is no res judicata or preclusive effect of the order granting the COI. Accordingly, exclusion of the COI as inadmissible hearsay is the best way to prevent jurors from using it for an improper purpose. (*See Ex. E*, *Walker v. White et al.*, 16-cv-7024, transcript of March 7, 2023 hearing, at 95:8-17.)

Nor does Rule 807 permit admission of the COI. Rule 807 provides that a hearsay statement is not excluded when each of two conditions are met: (1) the statement is supported by sufficient guarantees of trustworthiness – after considering the totality of the circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through

5

reasonable efforts. Fed. R. Evid. 807(a). This exception is very narrow. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 233 (7th Cir. 2021); *Huff v. White Motor Corp.*, 609 F.2d 286, 291 (7th Cir. 1979) ("Congress 'intended that the residual hearsay exception[ ] will be **used** very rarely, and only in exceptional circumstances.'"); *Stolarczyk v. Senator International Freight Forwarding*, LLC, 376 F. Supp. 2d 834 (N.D. Ill. 2005) ("In addition to the presumption of unreliability afforded to hearsay statements, Plaintiff also faces the Seventh Circuit's repeated 'emphasis on narrowly construing the residual provision.'"). Smith's COI does not meet this exception – as previously stated – there was no opposition during Smith's post-conviction proceedings or in opposition to the COI. And, as pointed out, the evidence questioned by the State to support vacating his conviction has since been rebutted or is simply not accurate. Thus, the one-sided view presented by Smith to the court during these proceedings simply does not carry the guarantees of trustworthiness that would warrant use of such a rare and unique exception to justify admission of the COI.

Finally, to the extent Plaintiff argues that this Court should follow suit with other courts who have allowed COIs not for the truth of the matter but instead, for its existence as a circumstance under which Plaintiff's conviction was vacated, this argument should be disregarded. Plaintiff is undoubtedly offering the COI for the purported (and misleading) proposition that Smith is factually innocent. Plaintiff intends to use the COI as proof of innocence by putting before the jury the statements laid out in the COI itself. But as discussed, there is no exception to the hearsay rule that would allow its admission. *See Fields*, No. 10 C 1168, 2014 WL 12778835, at *4. Ultimately, the COI constitutes inadmissible hearsay and should be excluded.

**II. The COI Is Not Probative to the Favorable Termination Element of Plaintiff's State Law Malicious Prosecution Claim.** [3]

Even if the COI was admissible as a hearsay exception, it should still be barred because it is not relevant. Plaintiff will argue the COI is admissible to establish the favorable termination element of the state law malicious prosecution claim. Under Illinois law, the favorable termination element of a malicious prosecution claim necessitates that Plaintiff prove the proceeding ended in a manner indicative of innocence. The COI is not probative of the circumstances of how or why the OSP elected to *nolle pros* Smith's case. COIs are not issued as part of the criminal process and Smith's was non-adversarial and incomplete given the selected information included by Smith in his petition.

The Seventh Circuit evaluated whether the trial court abused its discretion in allowing into evidence a COI obtained by plaintiff. *Patrick,* 974 F.3d at 832-33. The court held that the district court did not abuse its discretion in admitting the COI. *Id*. The district court's rationale for admitting the COI was based on its determination that the certificate was probative of the favorable-termination element of the plaintiff's state law malicious prosecution claim, not to establish actual innocence or damages. *Id*. And, as such, the Seventh Circuit held that where there is no evidence from the State as to the reason for the *nolle pros*, the COI may be admitted. The facts in this case are clearly distinguishable because here the State offered its reasons for the *nolle pros* on the record to the court (*see* Ex. F, 10/23/2020 Trans. at 3-6), therefore the rationale expressed in *Patrick* actually supports barring admission of the COI in this case. The Seventh Circuit further cautioned there are limitations to a COI's probative value, which apply here where there is a record of the rationale for the State's dismissal of the charges. *Patrick,* 974 F.3d at 832-

---

[3] Defendants filed a motion for summary judgment, in part, to dismiss Plaintiff's malicious prosecution claim (Dkt. 492-495) which is currently pending. Defendants raise this argument only to the extent their motion for summary judgment relative to Plaintiff's malicious prosecution claim is denied.

33. Contrary to what Plaintiff will argue - *Patrick* did not hold and does not stand for the proposition that a COI can or should be admitted as substantive evidence in all cases. In addition, in *Patrick*, no hearsay argument was raised or decided either. *Id*. at 832.

This case is distinguishable from *Patrick* in that *there is direct evidence* as to why the *nolle pros* was entered that is directly contradicted by the undisputed evidence in the record. In fact, Special States Attorney Myles O'Rourke admitted that had the OSP been aware of this contrary evidence, including the photograph depicting Smith's bloody underwear hours they were recovered in the same location, it's possible it would have opposed vacating Smith's conviction. (Ex. G, O'Rourke Dep., at 62-65). In *Patrick*, the district court found the COI probative in the absence of any other evidence of the State's reason for entering the *nolle pros*. *Id*. However, unlike in *Patrick*, where no such evidence existed, O'Rourke can be called to testify at trial and offer evidence as to the OSP's reasoning for entering the *nolle pros*, consistent with what was represented to the Court during the hearing. Ultimately, while the OSP elected to dismiss the charges against Smith, it is clear from the record that this decision was based on an erroneous belief about the actual evidence. Based on this direct evidence from the OSP to explain why Smith's case was dismissed, it would be untrue, misleading, and unnecessary to argue to our jury that the issuance of the COI means that Smith's criminal case was terminated in a manner indicative of innocence. For the same reasons, the OSP's decision not to contest the issuance of the COI is also insufficient and unnecessary to establish that the proceedings were terminated in a manner indicative of innocence. *Swick v. Liautaud*, 662 N.E.2d 1238, 1243 (Ill. 1996); *see also Brown v. City of Chicago*, 2022 WL 4602714, *31 (N.D. Ill. Sept. 30, 2022) ( "it is imperative to examine why prosecutors dropped the charges" when considering indicative of innocence element).

### III. The COI Should Be Barred Under Federal Rule of Evidence 403.

The COI is not probative of any of Plaintiff's federal claims. If admitted, Plaintiff will undoubtedly use it as a sword against Defendants by arguing that a court has already found Smith innocent and that, since Smith is innocent, Defendants must have fabricated evidence and tortured Smith into falsely confessing. In so arguing, Plaintiff would hope the jury would give the COI the *res judicata* effect that Illinois law expressly forbids. No matter what instruction the Court could craft, the jury will ignore any reasoned analysis regarding the evidence that relates to the actual claims in this case. Admission of the COI would deprive the Defendants of a fair trial and is the very definition of unfair prejudice that Rule 403 is designed to avoid.

Under Federal Rule of Evidence 403, relevant evidence may be excluded if the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. Here, the only potential justification Plaintiff can offer for the COI is that it may be relevant to the favorable termination element of the state law malicious prosecution claim. However, as demonstrated above, the COI is not relevant to that element and even if it was, the slight relevance is substantially outweighed by the unfair prejudice it poses to the Defendants and results in very clear confusion of the issues.

*Patrick* does not prohibit this Court from excluding the COI and does not create a bright-line rule that all COIs must be admitted at trial. 974 F.3d at 832. Rather, this Court is entitled to weigh the issues and make its own determination under Rule 403. The *Patrick* court recognized the real possibility of prejudice in admitting a COI and it "carries a risk of unfair prejudice if misunderstood." *Id.* "The defendants were understandably concerned that jurors may be tempted to give conclusive weight to the [COI] merely because it reflects a judicial finding. There is also a possibility that introducing a [COI] as evidence … may risk confusing the issues." *Id*. As the *Patrick* court cautioned, there is a an exceedingly strong probability that Smith's COI will mislead

9

the jury into believing his factual innocence has already been determined, and thus the Defendants are at fault or the COI had any bearing on the officers' conduct. Therefore, admitting the COI could cause the jury to decide the case on an improper basis: the belief that Smith has already been judged innocent of the Yeager/Alexander homicides and Defendants must have engaged in the misconduct alleged. Consequently, admission of the COI will encourage the jury to decide the case on this improper basis rather than the actual evidence presented during the trial.

Smith's guilt and the actions of the Defendants are factual issues for the jury to decide and should not be determined by a court from a different proceeding for a different purpose. The unfair prejudicial effect of admitting the COI is clear. The presumptive reason why Plaintiff seeks to admit the COI is to improperly argue that the COI is evidence of innocence. It is no secret that the COI creates a significant risk that the jury will reach the same conclusion, despite it being based on an order that was issued without any substantive hearing or analysis. Especially in this case, when the evidence (or lack thereof) and argument that was presented during the postconviction and COI proceedings differs from the evidence adduced here.

If the COI is introduced, Defendants must be permitted to present evidence as to all the misrepresentations made at the postconviction hearing in order to counter the COI's effect. This would confuse the issues and require significant additional court time. Any possible relevance the COI may have is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The probative value, given the lack of adversarial proceedings as well as the multiple misrepresentations of evidence, is near zero. *See* Patrick, 974 F.3d at 833. Accordingly, Smith's COI should be barred under Fed. R. Evid. 403.

10

**IV.     Defendants Are Willing To Waive The Favorable Termination Element.**

In the alternative, Defendants are willing to waive the "indicative of innocence" element of the malicious prosecution claim, thus rendering the COI irrelevant. To be clear, Defendants are not stipulating that Smith's criminal case ended in a manner indicative of innocence, or that the COI proves favorable termination, or that the jury should hear any evidence about the COI. Rather, Defendants propose eliminating the favorable termination element from the trial altogether and, instead, instructing the jury that Plaintiff must prove only four elements to establish liability on the part of Defendants for his state law malicious prosecution claim: commenced/continued the criminal proceeding, probable cause, malice, and damages. Following this procedure would eliminate the highly prejudicial and misleading effect of the COI, avoid the unnecessary mini-trial about the postconviction proceedings, and likely substantially shorten the trial. *See Brown v. City of Chicago*, 19 CV 4082, 2024 WL 5438519, at *16 (N.D. Ill. July 30, 2024) (barring the COI, including on the grounds that it would make an already complex trial, more confusing because "If Plaintiff can introduce the COI, Defendants will be able to attack it, lengthening the proceedings on a side issue."). Defendants' willingness to waive this element eliminates the probative value of the COI. (*See* Ex. E, *Walker v. White et al.*, 16-cv-7024, transcript of March 2, 2023 hearing, in which Judge Manish S. Shah found the probative value of the COI "very low . . . near zero in light of the defense stipulation." at 39:22-40:40:24). With this approach, Plaintiff gains not having to prove an otherwise disputed element of his malicious prosecution claim and loses nothing. Plaintiff may object to this approach, but the only reason Plaintiff would do this would be so that the COI can be admitted to unfairly prejudice the Defendants, with the hope that the jury confuses the COI as evidence of Smith's actual innocence.

11

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[4]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com

---

[4] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.