IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 25 TO BAR PLAINTIFF FROM ASKING LEADING QUESTIONS AND TREATING NON-DEFENDANT POLICE OFFICERS, CRIME LAB EMPLOYEES, AND ASSISTANT STATE'S ATTORNEYS AS ADVERSE WITNESSES**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar Plaintiff from asking leading questions and treating non-defendant police officers, crime lab employees, and assistant state's attorneys as adverse witnesses. In support thereof, Defendants state as follows:

Plaintiff intends to treat as adverse witnesses, and thus ask leading questions, of the following groups of witnesses at trial: non-defendant former police officers, non-defendant former CPD crime lab employees, and non-defendant former assistant state's attorneys. Because there is no basis for Plaintiff to treat these witnesses as adverse, this Court should prohibit Plaintiff's counsel from asking leading questions of them at trial.

Federal Rule of Evidence 611(c) provides that, while leading questions "ordinarily" should not be used on direct examination, they may be used "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." In making this determination, courts look to a witness's current employment with an adverse party. *Brown v. City of Chicago*, No. 18 C 7064, 2023 WL 2640317, at *6 (N.D. Ill. Mar. 22, 2023); *see also Ellis v. City of Chicago*, No. 667 F.2d 606, 613 (7th Cir. 1981) ("These police officers *were employees of defendant City of*

*Chicago at all times during the litigation* and were each present during portions of the incident which gave rise to this lawsuit. "). Courts also assess the individual witness's involvement in the incident giving rise to the lawsuit to determine whether leading questions should be allowed. *Brown*, 2023 WL 2640317, at *6. "Although not explicitly stated, the rule is consistent with what has long been the law—that in the use of leading questions 'much must be left to the sound discretion of the trial judge who sees the witness and can, therefore, determine in the interest of truth and justice whether the circumstances justify leading questions to be propounded to a witness by the party producing them.'" *Ellis,* 667 F.2d at 612 (citations omitted); see also *Washington v. Illinois Dep't of Revenue*, No. 01-3300, 2006 WL 2873437, at *2 (C.D. Ill. Oct. 5, 2006) (recognizing Fed. R. Evid. 611 (c) is "expressly permissive").

**Non-Defendant Police Officers**

Plaintiff seeks to treat as adverse witnesses the following non-defendant Chicago police officers he intends to call: Ronald Gaines, Frank DeMarco, Warren Hughes, and Lawrence Gates.[1] However, because these witnesses are no longer employed by the City of Chicago and because they were not involved in obtaining Robert Smith's confession, there is no need to characterize them as adverse witnesses and ask leading questions of them at trial. See *Brown*, 2023 WL 2640317, at *6 (recognizing that "[b]ecause [former officer] Micek did not have a direct hand in the incident that resulted in Mr. Brown's suit—namely, the creation of Mr. Brown's statement" he is not unquestionably adverse to plaintiff).

---

[1] Defendants are not seeking to prohibit Plaintiff's counsel from treating former defendant Michael Rowan and non-defendant Martin Rios as adverse. In light of Rowan's status as a former defendant in this matter, Defendants recognize Rowan may be considered adverse. *Pogorzelska v. VanderCook Coll. of Music*, No. 19 CV 5683, 2024 WL 3177568, at *6 (N.D. Ill. June 26, 2024). In addition, Robert Smith's allegations that Rios kicked him provides a basis to characterize Rios as adverse.

Indeed, each of these witnesses' limited investigatory involvement generally, and lack of involvement in Robert Smith's confession specifically, supports a finding that they should not be treated as adverse witnesses. For example, Warren Hughes was a first responder to the crime scene when the house was ablaze and who later helped escort Robert Smith from the crime scene. Larence Gates was a bomb and arson investigator, separate from Area 2 homicide detectives, who was tasked with investigating the cause and origin of the fire. Frank DeMarco was an evidence technician who photographed both the crime scene and plaintiff and collected various evidence from the crime scene. Finally, Ronald Gaines interviewed Smith's purported alibi witnesses and submitted the kitchen knife to the crime lab. Like in *Brown*, none of these witnesses were involved in obtaining Robert Smith's confession, and none are currently employed by the City. See 2023 WL 2640317, at *6.

Accordingly, there is no need to characterize these witnesses as adverse and to allow Plaintiff's counsel to examine them at trial with leading questions. Should it become apparent while they testify that they are hostile to plaintiff, then the Court may allow Plaintiff's counsel to lead them at that time. See *Washington*, 2006 WL 2873437, at *1 (determining, after allowing the plaintiff to establish a foundation, "the Court was never presented with any evidence of a current alliance between witness Tapscott and the Defendant. The evidence that was presented showed that Tapscott had been employed by Defendant from 1988 until his retirement in 2002 and that he held a Program Administrator position with Defendant. Therefore, the Court determined that Plaintiff failed to meet her burden of showing that Tapscott was identified with Defendant or hostile."). And of course, if these witnesses do not have helpful information for Plaintiff's case, Plaintiff has the choice not to call them to the stand at all.

**Crime Lab Employees**

The crime lab employees—Christine Anderson and Pamela Fish—are further attenuated from Robert Smith's confession and thus, Plaintiff's counsel should be prohibited from examining them at trial by leading questions. In addition, both Anderson and Fish were never police officers and are no longer employed by the City of Chicago. Serologist Christine Anderson analyzed various materials recovered from the crime scene that were submitted to the crime lab, and Defendants have also disclosed her under Fed. R. Civ. P. 26(a)(2)(C). However, Anderson took no part in the investigation or Robert Smith's confession; she merely forensically analyzed items that were recovered and submitted. Anderson's report sets forth the items she analyzed, and her conclusions based on forensic analysis she performed.

Likewise, Fish was employed by the City until approximately January 1996, when she became employed by the State of Illinois. Fish was not a police officer and did not attend the police academy. Like Anderson, Fish forensically analyzed certain items submitted to the crime lab. She also did not participate in the murder investigation or in obtaining Robert Smith's confession. Simply put, given Anderson's and Fish's role in this case, there is no basis to treat them as adverse witnesses and allow Plaintiff's counsel to examine them at trial with leading questions. Again, Should it become apparent while they testify that they are hostile to plaintiff, then the Court may allow Plaintiff's counsel to lead them at that time. See *Washington*, 2006 WL 2873437, at *1.

**Assistant State's Attorney[2]**

Finally, former Cook County State's Attorney Patricia Woulfe was not employed by the City of Chicago or by any adverse party in this litigation, such that plaintiff may treat her as an

---

[2] Defendants are not seeking to prohibit Plaintiff's counsel from treating ASA Raymond Brogan as adverse because Brogan was involved in obtaining Robert Smith's confession and was a former defendant in this matter. See *Pogorzelska*, 2024 WL 3177568, at *6.

adverse witness at trial. Woulfe was the assistant state's attorney that handled pretrial matters during Robert Smith's criminal proceedings. Woulfe did not obtain Robert Smith's confession, and she was not one of the trial prosecutors. Given her role in this case, Plaintiff has not established that Woulfe is adverse under the federal rules, and thus, there is no basis for Plaintiff's counsel to examine her at trial with leading questions. See Fed. R. Evid. 611(c).

WHEREFORE, Defendants respectfully request this Court bar reference Plaintiff from asking leading questions and treating non-defendant police officers, crime lab employees, and assistant state's attorneys as adverse witnesses, and for whatever other relief this Court deems appropriate.

## Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[3]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP

---

[3] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

5

<div style="display: flex;">
<div>
Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
 T: 312-494-1000
 F:  312-494-1001
 sbenjamin@rfclaw.com
</div>
<div>
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com
</div>
</div>