IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 27 TO BAR EVIDENCE, ARGUMENT OR REFERENCE TO LT. CLINE NOT BEING PRESENT WHEN SMITH CONFESSED**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar evidence, argument or reference to Lt. Cline not being present at Smith's confession. In support thereof, Defendants state as follows:

Defendants anticipate that Plaintiff will argue and seek to present inadmissible hearsay evidence that Lt. Cline was not present when Smith first confessed to the crime. But doing so would directly contradict Robert Smith's sworn testimony and would be improper argument that lacks foundation. *See McNary v. Lemke*, 708 F.3d 905, 919 (7th Cir. 2013) ("litigants must live with the stories that they tell under oath.") (internal quotation marks and citations omitted).

Smith testified in 1989 at his motion to suppress statement (MTSS) about Cline's involvement. He testified that Lt. Cline, who Smith knew by name because he had just seen Lt Cline testify earlier that day in the hearing, eventually came into the room with another detective. (Ex. A, MTSS Day 1 at E100, 144-145; Ex. B, MTSS Day 2 at F99-100.) Smith testified that Lt. Cline introduced himself or was introduced as the "big boss". (Ex. B, MTSS Day 2 at F100.) Smith testified to additional conversations he had with Lt. Cline and what he was doing while speaking with Cline. (Ex. A, MTSS Day 1 at E144-145; Ex. B, MTSS Day 2 at F100.) Smith testified that

he gave his confession to Lt. Cline and another detective. (Ex. A, MTSS Day 1 at E145-146; Ex. B, MTSS Day 2 at F101, 118.) Smith testified to further conversations with Lt. Cline after he confessed. (Ex. A, MTSS Day 1 at E146; Ex. B, MTSS Day 2 at F101.) Smith continued to identify Lt. Cline by name and describe his interactions with him in the three decades since Smith gave his suppression hearing testimony. (Dkt. 505, Ex. 52 (Smith named "Lt. Kline" in a lawsuit and alleged "Lt. Hines was made aware of physical abuse & injuries which he ignored); Dkt. 505, Ex. 54 (Smith identified Cline" as one of the persons who allegedly tortured him in TIRC form); and Dkt. 505, Ex. 55 at 3-5 (Smith's affidavit makes repeated references to Lt. Cline's participation in his confession.) Plaintiff also did not contend in the post-conviction pleadings or the petition for a certificate of innocence that Cline was not present. At his deposition in this case, Smith could not recall who was present when he initially confessed. (Ex. C, Smith Dep. at 168-69, 177, 188, 191-92.) Considering his dementia diagnosis and Plaintiff's indication he will not be called at trial, Smith's testimony about Cline's presence will not change or be contradicted by him. The initial and amended complaints both also claimed that Cline was present and involved when Smith confessed (*see* dkt. 1 ¶¶ 66-71; dkt 25 ¶¶ 47-52.) And at his deposition, Lt. Cline explained that a time record that indicated it was his regular day off is not something he filled out. (Ex. D, Cline Dep at 60). But regardless, as the violent crimes commander, even if it was his scheduled day, he went into work that day because of the nature of the crime. (Ex. D, Cline Dep at 34-35.)

      Nevertheless, Defendants expect Plaintiff to use hearsay and foundationless records in an attempt to establish that Lt. Cline was not working on the day of Smith's arrest because it was his regular day off. Based off this, Plaintiff has crafted an entirely baseless and fabricated theory that Lt. Cline was never present at Area 2 at any time on September 19, 1987, and had no contact with Smith, contradicting Smith's own testimony and that of the Lt. Cline and many of the Defendant

2

Detectives. Plaintiff, however, has insufficient admissible evidence to establish Cline was not at work. Indeed, the only foundation for administrative attendance records concerning Lt. Cline comes from Lt. Cline himself, who explains that any additional time worked on his day off may not be reflected on that same day's time sheet. (Ex. D, Cline Dep at 64-65.)

It is fiction to suggest Lt. Cline was not present at Area 2 when Smith confessed. Any argument or suggestion to the contrary is in direct contradiction to Robert Smith's sworn testimony that he has never recanted in any later sworn testimony and is not expected to do so at the trial in this case. (Ex. A, MTSS Day 1 at E145-146; Ex. B, MTSS Day 2 at F101, 118.) Thus, because no admissible evidence negates Smith's own testimony establishing Lt. Cline's presence at Area 2 when he confessed, any attempt to argue or present evidence otherwise should be barred. Fed. R. Evid. 401, 402 ("Irrelevant evidence is not admissible.")

In addition, the evidence or argument would result in unfair prejudice, would confuse the issues, and would mislead the jury. Fed. R. Evid. 403. If Plaintiff were allowed to argue that Smith's own account of his confession is not reliable, the jury might infer that Smith's account was the product of his dementia – putting the defense in the position of having to highlight his current medical condition and prove Smith did not have dementia in 1989 at the time of his MTSS hearing. Highlighting Smith's current mental health condition would be unfairly prejudicial to the defense as the jury could improperly infer that Smith's dementia is somehow related to his incarceration, or the jury could simply find sympathy for Smith and credit the impermissible argument based upon Smith's diagnosis. This Court should therefore grant this motion *in limine* and bar Plaintiff's counsel from referencing, arguing, or seeking to introduce evidence that Lt. Cline was not present when Smith confessed.

### Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.