IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | Case No. 21 CV 1159 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Jeffrey I. Cummings |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 29 TO BAR EVIDENCE, ARGUMENT OR REFERENCE TO JUDGE KENNELLY'S OPINION IN *RICHARDSON V. BRILEY* RELATING TO DEFENDANT SOLECKI'S CREDIBILITY OR FOR ANY PURPOSE**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar any evidence, argument or reference relating to the substance of Judge Kennelly's opinion in *Richardson v. Briley* relating to Defendant Solecki's credibility or his work in that case. In support thereof, Defendants state as follows:

Defendants anticipate that Plaintiff will seek to impeach Solecki's credibility or introduce prior act evidence at trial by introducing evidence of Judge Kennelly's opinion about Defendant Solecki's testimony and his role in the underlying investigation following a hearing on a *habeas* petition over fifteen years ago in *Richardson v. Briley,* 2004 WL 419902 (N.D. Ill. Feb. 10, 2004), rev'd, 401F. 3d 794 (7th Cir. 2005), as modified (Aug. 8, 2006). In his opinion granting the *habeas* petition, Judge Kennelly found Solecki "to be utterly lacking in credibility, both in his demeanor and the content of his testimony" when he testified to whether witnesses tentatively or positively identified Richardson in a lineup. (*Id.* at *12.) The opinion is not relevant because it has been vacated, it is inadmissible hearsay and propensity evidence, and would be unfairly prejudicial to Defendants within the meaning of Rule 403. For each of these reasons, it should be barred.

1

First, the opinion is not relevant because it is a legal nullity. Judge Kennelly's decision was vacated by the Seventh Circuit in *Richardson v. Briley,* 401F. 3d 794 (7th Cir. 2005) as modified (Aug. 8, 2006). "[A] vacated judgment is vacated *for every purpose*." *Brisco v. Stinar*, 2020 WL 7027719 , *8 (N.D. Ill. Nov. 30, 2020)(emphasis added). "[W]hen a judgment is vacated, the factual findings underlying that judgment are vacated, too" and "there are no remaining factual findings to take judicial notice of." *Id.* at *4, citing *Simpson v. Motorists Mut. Ins. Co.*, 494 F.2d 850, 854-55 (7th Cir. 1974) (holding that the facts underlying a vacated judgment are "a nullity"); *Dodrill v. Ludt*, 764 F.2d 442, 444 (6th Cir. 1985) (holding that when a judgment is vacated, it "technically leav[es] nothing" behind); *see also United States v. Sigma Int'l., Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (*en banc*) (Opinions that are vacated "are officially gone. They have no legal effect whatever. They are void. None of the statements made in…them has any remaining force and cannot be considered to express the view of" the court.) Thus, because it is a legal nullity, Plaintiff should be barred from using Judge Kennelly's opinion about Solecki's credibility for *any* purpose in this case.

Second, Judge Kennelly's opinion should be barred because it is also inadmissible hearsay. Fed. R. Evid. 802. Civil judgments are "not usable in subsequent proceedings as evidence of the facts underlying the judgment; for as to those facts, the judgment is hearsay." *Greycas, Inc. v. Proud*, 826 F. 2d 1560, 1567 (7th Cir. 1987) (citations omitted). Because the opinion does not fall within any recognized exception to the hearsay rule, any use of it at trial should be barred.

Third, Rule 404(b) also prohibits the use of Judge Kennelly's opinion as to Solecki's lack of credibility or that he committed the bad act alleged in the underlying case as it would be impermissible propensity evidence. There is no non-propensity chain of reasoning that would allow for its admissibility based on any of 404(b)(2)'s limited exceptions. *United States v. Gomez*,

763 F.3d 845, 853 (7th Cir. 2014) (*en banc*). Judge Kennelly's opinion in *Richardson* about Solecki's credibility and the underling allegations of wrongdoing in that case are not evidence of modus operandi, reparation, knowledge, absence of mistakes, and lack of accident, as such issues are not elements of Plaintiff's claims or as rebuttal to the defenses in this case. *See e.g. Gomez*, 763 F.3d at 854 (modus operandi evidence is to prove a defendant's identity). Instead, the true purpose for which Plaintiff would seek to introduce this evidence would be as propensity evidence – i.e. that Solecki lied when he testified in a case in the past so he must also be lying now, or he committed misconduct in relation to a line up in that case so he must have done the same here with regard to the collection of the underwear. But this type of litigation tactic is why Rule 404(b) exists: to preclude impermissible propensity evidence.

And finally, along those same lines, the opinion should be barred under Rule 403 because there is a substantial risk of unfair prejudice to Defendants that the jury will improperly rely upon and give more credence to Judge Kennelly's opinion as to Solecki's credibility instead of weighing the evidence and assessing his credibility on their own. "There is substantial risk that a jury will give too much credence to the testimony of a judge. A judge's testimony is likely to bear additional weight in the mind of jurors because of his position and authority." *Georgou v. Fritzshall*, 1995 WL 248002 at * 4 (N.D. Ill. Apr. 26, 1995) (citing *Merritt v. Reserve Ins. Co.,* 34 Cal. App. 3d 858, 110 Cal. Rptr. 511, 528 (Cal. App. 1973); *Cornett v. Johnson,* 571 N.E.2d 572, 575 (Ind. App. 1991)). This cannot be allowed, as the jury alone has the responsibility of weighing the evidence and assessing witness credibility. *United States v. Scheffer*, 523 U.S. 303, 313, (1998) ("Determining the weight and credibility of witness testimony. . . has long been held to be the 'part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.'") (citing *Aetna Life Ins.*

3

*Co. v. Ward*, 140 U.S. 76, 88, 11 S.Ct. 720, 35 L.Ed. 371 (1891)).

Thus, for all of these reasons, this Court should bar any evidence, argument or reference relating to the substance of Judge Kennelly's opinion in *Richardson v. Briley* or relating to Defendant Solecki's credibility or his work in that case.

### Local Rule 37.2 Compliance Certification

The undersigned has conferred with counsel for Plaintiff regarding this Motion *in Limine*. Based upon that conference, the undersigned has determined that the matter at issue in this Motion *in Limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

| | |
|---|---|
| PHILIP CLINE | MARY B. RICHARDSON-LOWRY |
| DANIEL MCWEENY[1] | Corporation Counsel of the City of Chicago |
| STEVEN BROWNFIELD | By: *s/ Daniel M. Noland* |
| WILLIAM PEDERSEN | Special Assistant Corporation Counsel |
| JOHN SOLECKI | Terrence M. Burns |
| ROBERT DWYER | Paul A. Michalik |
| ESTATE OF JOHN YUCAITIS | Daniel M. Noland |
| ESTATE OF RICE | Molly E. Thompson |
| ESTATE OF WILLIAM HIGGINS | Daniel J. Burns |
| | Dhaviella N. Harris |
| /s/ *Stacy A. Benjamin* | Burns Noland LLP |
| Special Assistant Corporation Counsel | 311 S. Wacker Dr., Suite 5200 |
| | Chicago, IL 60606 |
| Eileen E. Rosen | T: 312-982-0090 |
| Stacy A. Benjamin | F: 312-429-0644 |
| Andrew J. Grill | dnoland@burnsnoland.com |
| Brittany D. Johnson-Delgado | |
| ROCK, FUSCO & CONNELLY, LLC | |
| 333 W. Wacker, 19th Fl | |
| Chicago, IL 60606 | |
| T: 312-494-1000 | |
| F: 312-494-1001 | |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

4

sbenjamin@rfclaw.com