IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT SMITH, | ) | |
| | ) | Case No. 21 CV 1159 |
| Plaintiff, | ) | |
| | ) | Honorable Judge Jeffrey I. Cummings |
| v. | ) | |
| | ) | Magistrate Judge M. David Weisman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION *IN LIMINE* NO. 30 TO BAR EVIDENCE OR ARGUMENT RELATING TO PEDERSEN'S 1992 CRIMINAL CONVICTION FOR IMPROPER USE OF POLICE RESOURCES, HIS RELATED RESIGNATION FROM CPD AND SUSTAINED COMPLAINT REGISTER FILES**

Defendants, by their respective undersigned counsel, respectfully move in *limine* to bar any evidence, argument or reference to Defendant Pedersen's prosecution and conviction for the improper use of police resources and related resignation from CPD, a related sustained complaint register ("CR") opened as a result of arrested and sustained CR for medical role violation. In support thereof, Defendants state as follows:

On December 18, 1991, (over a year after Robert Smith's criminal trial in August 1990) two consolidated federal indictments were unsealed against Pedersen out of the U.S. District Court of the Middle District of Florida with ten counts each, including charges of conspiring to commit crimes against the United States, unauthorized disclosure of social security information, fraud by wire, and theft of public records or government property. Pedersen was arrested that day by federal agents while at work and the Chicago Police Department ("CPD") relieved Pederson of his police powers. Pedersen pled guilty on April 13, 1992 to all ten counts in both indictments. *See United States v. Pedersen*, 3 F. 3d 1468 (11th Cir. 1993). The criminal charges were based on Pedersen unlawfully accessing the National Crime Information Center (NCIC) database maintained by the

1

FBI and disclosing those records to Nationwide Electronic Tracking (NET), who sold personal background information from approximately January 15, 1991 to December 4, 1991. *Id.;* Dkt. 515, Ex. 187 (previously filed under seal). Pedersen was sentenced on June 9, 1992, to 15 months in prison and his sentence was enhanced because he was police officer. The FBI notified the CPD's Internal Affairs Division (IAD) of the charges when agents spoke with Pedersen on December 18, 1991, which led to IAD seeking to terminate Pedersen, prompting Pedersen's resignation on June 23, 1992. In addition, while the federal charges were pending in January 1992, Pedersen injured his back and was on a medical leave of absence and was given a one-day suspension for not reporting that he left the house for a medical appointment. Plaintiff should be barred from mentioning, referencing or introducing any evidence related to Pedersen's conviction, his termination or the sustained complaints related to the federal charges and his medical leave violation into evidence at the trial in this case because the evidence is inadmissible impeachment evidence, irrelevant to any issue in the case, and unduly prejudicial.

### **Evidence related to the criminal conviction should be barred**

The admission of criminal convictions for impeachment purposes is governed by Rule 609, which permits, under certain circumstances, evidence of a criminal conviction for purposes of "attacking a witness's character for truthfulness." Fed. R. Evid. 609. At the time of trial, Pedersen's conviction will be over 30 years old and is thus presumptively inadmissible under Rule 609(b). *United States v. Jackson*, 546 F. 3d 801, 819 (7th Cir. 2008) (convictions more than ten years old are presumptively inadmissible under Rule 609(b) absent a finding that its probative worth substantially outweighs its potential for prejudice so as to warrant admission); *Conforti v. City of Franklin*, 2022 U.S. Dist. LEXIS 241130, *2-3 ("The Seventh Circuit has held that a district court may exclude even perjury convictions that are older than 10 years, so the mere fact that

2

these convictions relate to dishonesty does not make them admissible.") (citing *United States v. Gray*, 410 F.3d 338, 346 (7th Cir. 2005)). Indeed, "[t]he legislative history of Rule 609 indicates that 'it is intended that convictions over 10 years old will be admitted very rarely and only in exceptional circumstances.'" *United States v. Rios*, 2007 WL 9724443, at *1 (C.D. Ill. May 15, 2007) (quoting *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003).

No exceptional circumstances exist in this case to allow for the admission of Pedersen's three-plus decades-old conviction that has absolutely nothing to do with the substance of Smith's allegations in this case. The double murder in this case occurred on September 19, 1987. Smith was convicted on August 31, 1990. Pedersen's indictment was unsealed approximately 15 months *after* Smith was found guilty, and Pedersen's conviction was not final until June 9, 1992—the charges therefore were not and could not have been used at Smith's criminal trial. There is also no allegation that Pedersen tried to enrich himself through the investigation or that he attempted to steal sensitive information as part of the investigation into Smith. The allegations in this case are therefore wholly unrelated to the crime that Pedersen pled guilty to. While Pedersen's credibility will be an issue for the jury to decide, the probative value to any other matter at issue in this case of evidence relating to his conviction is zero. *See United States v. Rogers,* 542 F.3d 197, 200 (7th Cir. 2008) (reasoning that admissibility of convictions that are more than ten years old "requires the probative value of a prior conviction to *substantially* outweigh the prejudice caused by its admission into evidence.") (emphasis in original); s*ee also Coles v. City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *3 (N.D. Ill. July 22, 2005) (Evidence of a criminal conviction should not be used to "stink up" their character). For the same reasons there is no probative value to the complaint related to Pedersen's federal conviction.

3

Moreover, evidence relating to Pedersen's 1992 conviction would be unfairly prejudicial to Pedersen and to the other Defendant Officers and should be barred under Fed. R. Evid. 403. Pedersen's abuse of his access to sensitive records would lead a jury to believe he was a bad police officer in general, and his co-defendants would be guilty by association. Rule 609 recognizes the inherent prejudicial effect admission of prior convictions have by requiring that the balancing test pursuant to Rule 403 be completed prior to admission of such evidence. *See Romanelli v. Suliene*, 615 F.3d 847, 854 (7th Cir. 2010) (Under Federal Rule of Evidence 609(a)(1), evidence of a prior felony conviction is admissible subject to Rule 403, which requires the district court to balance the probative value of the evidence against the risk of unfair prejudice.) As explained above, Pedersen's prior conviction has no probative value to any matter at issue in this case and is presumptively inadmissible under Rule 609. However, evidence of this conviction would be highly prejudicial not only to Pedersen but also to the other Defendant Officers who have no such criminal convictions – as their credibility may also be called into question simply by association. Thus, the danger of unfair prejudice is substantial and not outweighed by a decades-old conviction without relevance to the case.

### **Evidence related to the two sustained complaints should also be barred**

Similarly, the two complaints sustained against Pedersen are inadmissible under any Federal Rule of Evidence. First, Rule 404(b) prohibits "bad act" evidence, as they are wholly irrelevant to any matter at issue in this case, which is about allegations of abuse, coerced confession, and fabricated evidence. *See, e.g.*, *Petrovic v. City of Chicago,* 2009 WL 10738355, at *3 (N.D. Ill. Feb. 17, 2009) (Guzman, J.) (probative value of two sustained excessive force complaints substantially outweighed by their prejudice in case alleging officers used dissimilar

excessive force). Instead, Smith would use them to prove Pedersen's character—specifically prohibited under Rule 404(b).

In addition, there is a lack of probative value given the complaints are entirely unrelated to the investigation into Smith or the allegations that Smith makes. The sustained complaints would be unfairly prejudicial under Rule 403 for the same reasons Rule 404(b) prohibits the admission, because Plaintiff would use it to imply to the jury the Pedersen was generally a bad person, and if he would use his police officer powers to enrich himself, he would also likely do the things Smith accuses him of. The evidence would also be particularly unfairly prejudicial to Pedersen's then-partner, Robert Rice (deceased), as he is unable to defend against any "guilt by association" inference the jury will likely make.

Wherefore, because Pedersen's conviction, related resignation from CPD and related sustained complaint, as well as the complaint related to medical leave do not fall under an exception for convictions/bad acts, have no legitimate relevance to any issue being tried in this current case, and are unfairly prejudicial, Plaintiff should be barred from referencing as well as introducing any evidence about these matters.

**Local Rule 37.2 Compliance Certification**

The undersigned has conferred with counsel for Plaintiff regarding this motion *in limine*. Based upon that conference, the undersigned has determined that the matter at issue in this motion *in limine* is actually in dispute and a ruling is necessary.

Respectfully submitted,

PHILIP CLINE  
DANIEL MCWEENY[1]

MARY B. RICHARDSON-LOWRY  
Corporation Counsel of the City of Chicago

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). No further action having been taken, counsel for the remaining individual defendants include his name here as a placeholder.

5

| | |
|---|---|
| STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson-Delgado<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |