IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|         Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|         Defendants. | ) | |

**SMITH'S PARTIAL OPPOSITION TO DEFENDANTS' MOTION
*IN LIMINE* NO. 2 TO BAR REFERENCES TO A POLICE "CODE OF SILENCE"**

In Defendants' MIL #2, they move to bar evidence of, and argument regarding. a generalized police "code of silence." Courts in this district are actually split on this question. Many judges in this district have rejected this precise motion in limine when brought in other cases. *See, e.g.*, *Cazares v. Frugoli*, No. 13 CV 5626, 2017 WL 4150719, at *3 (N.D. Ill. Sept. 19, 2017) ("the Court will not preclude Plaintiffs from presenting evidence or argument regarding a general code of silence"); *Galvan v. Norberg*, No. , 2006 WL 1343680, at *3 (N.D. Ill. May 10, 2006) (denying motion in limine seeking to bar "code of silence" evidence since "evidence or argument of this type can go to the issue of the bias or motivation of witnesses"); *Spalding v. City of Chicago,* No. 12 C 8777, Court Order, Dkt.255 (N.D. Ill. May 20, 2016) (denying City's motion *in limine* to bar Plaintiffs from introducing evidence of former Mayor Rahm Emanuel's public comments that a "code of silence" existed in the Chicago Police Department); *See also Cazares,* 2017 WL 4250719, at *3 ("Furthermore, the Court has deemed admissible the testimony of Lou Reiter, one of Plaintiffs' experts who intends to testify about the existence of a code of silence within the CPD").

Defendants, however, are also correct that some Northern District judges have barred evidence and argument of a *generalized* "code of silence" among all Chicago police officers. *See, e.g., Brown v. City of Chicago*, No. 19 C 4082, Dkt. 343, at 16 (N.D. Ill. July 30, 2024) (barring reference to a general "code of silence" among CPD officers); *Jones v. City of Chicago*, No. 14-CV-4023, 2017 WL 413613, at *3 (N.D. Ill. Jan. 31, 2017) (same); *Christmas, et al. v. City of Chicago, et al.*, 691 F.Supp.2d 811, 819 (N.D. Ill. 2012) (same).

Because Defendants disingenuously presented this Court with only a one-sided presentation of how the judges in this district have ruled, instead of more accurately acknowledging that the Northern District judges are evenly split on the issue, that Defendants have forfeited the relief sought on this Motion. Furthermore, Defendants have not developed any rationale for choosing their position over the other, and therefore under Seventh Circuit precedent, Defendants have forfeited their argument on this Motion. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) (even if a party asserts an argument, it is still forfeited if it is under-developed, conclusory, or unsupported by law). In this case, the Code of Silence is particularly relevant because it goes to the motivations of certain Defendsnts to testify falsely to cover up for others, and, as we have noted, for former Superintendent Phil Cline to give perjured testimony about his involvement in this case. For this and the reasons stated in *Cazares, Galvan, Spalding*, and other cases, this Court should, respectfully, deny Defendants' Motion in its entirety.

But even if the Court decides to bar evidence and argument of a *generalized*

3

code of silence, which it should not, the one issue on which all of these judges agree is that such Order cannot and should not ***extend* to barring** plaintiff from presenting evidence that the Defendants themselves "covered up allegedly wrongful behavior related to the arrest or prosecution of [this plaintiff]," or to bar evidence or argument that "the officers involved in this case are biased in favor of one another." *Jones v. City of Chicago*, No. 14-CV-4023, 2017 WL 413613, at *3 (N.D. Ill. Jan. 31, 2017) (denying Defendants' code of silence motion "to the extent it pertains to Defendants' own conduct relevant to the claims in this case"); *Id.* ("whether the individual Defendants covered-up for each other is probative of the officers' bias, which is almost always relevant."). *Hill*, 2011 WL 3205304, at *5 (denying motion and holding that plaintiff may introduce evidence that the Defendant Officers adhered to a 'code of silence' regarding their own alleged constitutional violations); *Ratliff v. City of Chicago*, No. 10 C 739, 2012 WL 5845551, at *4 (N.D. Ill. Nov. 19, 2012) ("to the extent that Plaintiff focuses on the officers and incidents involved *in this case*, Plaintiff may explore the possibility that the defense witnesses in this case are biased because of loyalty to one another");
*Saunders v. City of Chicago,* 320 F.Supp.2d 735, 740 (N.D.Ill.2004); *Townsend v. Benya*, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003). The Court should note that two of these cited cases are ones upon which Defendants rely in bringing their Motion in the first instance.

In sum, judges in this District agree that Smith may admit evidence regarding a code of silence among these defendants, and argue that their loyalty to one another

4

and their unwillingness to speak up against, or intervene to stop, unconstitutional conduct played a role in their joining the conspiracy to put a false and fraudulent case on an innocent man.

For all these reasons, Defendants MIL #2 should be denied.

Dated: May 14, 2025

                                            Respectfully submitted,
                                            *PLAINTIFF ROBERT SMITH JR.*

                            By:    /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com