**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|                 Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|                 Defendants. | ) | |

**SMITH'S OPPOSITION TO THE CITY'S MOTION *IN LIMINE* #3
TO BAR REFERENCE TO THE CITY'S OBLIGATION TO
INDEMNIFY THE INDIVIDUAL DEFENDANTS AND TO BAR
REFERENCE TO THE CITY AS A DEFENDANT IN THE CASE**

In the City's Motion in Limine #3, Dkt.582 (mistakenly referred to as Defendants' Motion in Limine #3), the City moves to bar any reference to:

(a) the fact that the City is obligated to indemnify the individual defendants for any compensatory damages entered against them; and

(b) the City of Chicago as a defendant in this case, including from all jury instructions and the verdict form (which is an extremely odd request given that the City of Chicago *is* a Defendant in this case).

Smith disagrees and requests the Court to deny the Motion in its entirety.

As an initial matter, the Parties agree that in September 2024 Your Honor bifurcated Smith's Count VI *Monell* claim from the remainder of this case. Dkt.485. The Parties also agree that Smith has three remaining counts against the City of Chicago: Counts X and XI for *respondeat superior* and indemnification, and Count XII for evidence destruction (also referred to as Smith's *Youngblood* claim).

**I. Counts X and XI Are Still Pending; the City Has Not Moved To Bifurcate, Dismiss, or For Judgment on These Claims, And They Are Therefore Properly Before the Jury.**

Defendants request this Court to bar Smith from not only trying to prove his claims in Counts X and XI, but from making any reference to those Counts whatsoever.

This case has been pending for over four years, and the City has never moved to bifurcate these counts, never sought to dismiss these counts, and never moved for summary judgment on these counts. Although the City did offer a *proposed* Limited Consent to Judgment four years ago, in June 2021, Dkt.39-3, that Limited Consent was never agreed to by Smith. Nor has it ever been re-tendered since that time, and at this point, it is unlikely that Smith would ever agree to such an Offer of Judgment because (a) there are far too many conditions and contingencies built into the Offer of Judgment; and (b) Smith gains nothing from entering such a stipulation because it offers him nothing that he does not already have.

Smith respectfully requests this Court to deny the first portion of the City's Motion.

II. **The Court Should Deny The City's Request That Smith Never Mention The City Because Smith Still Has Three Claims Pending Against It.**

Defendants also move to bar Smith from referencing the City of Chicago as a defendant. But the City still is a defendant. Defendants concede that the Court *may* deny the City's motion for summary judgment on Smith's evidence destruction claim, and if so, this MIL request is moot on its face. Moreover, even if the Court were to grant judgment for the City on the *Youngblood* claim (which it should not), there are still two more counts against the City for which neither party has moved for judgment. For these reasons, we request the Court to deny Defendants' Motion.

Dated: May 14, 2025                            Respectfully submitted,

                                                     *PLAINTIFF ROBERT SMITH JR.*

                                 By: /s/ *Stuart J. Chanen*

CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com