IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|     Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

### SMITH OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 4 TO BAR PLAINTIFF FROM CALLING CLYDE LEMONS AS A WITNESS

On July 18, 2021, almost four years ago, Smith disclosed his former Assistant Public Defender, Clyde Lemons, as one of his witnesses, stating:

> Mr. Clyde Lemons' was one of Smith's defense counsel from his arrest through shortly before his criminal trial. We don't have an address for Mr. Lemons, but we know that he resides in Guam, works for the U.S. Attorneys' Office in Guam, and that his office phone number is 671-477-8064.

Smith Supplemental Disclosure, at 2 (July 18, 2021). Smith was not alone in disclosing Lemons. The Officer Defendants – the ones bringing this Motion to bar Lemons – had separately disclosed Lemons in their June 6, 2021 Initial Disclosures, as had Defendant City of Chicago, stating that Lemons was "likely to have discoverable information regarding the prosecution and defense of Plaintiff for the murders of Edith Yeager and Willie B. Anderson that are the subject of the instant action and his communications with plaintiff regarding the homicides." Twelve days later, former Defendant Ray Brogan also disclosed Lemons in his June 18, 2021 Initial Disclosures, stating that Lemons "is likely to have discoverable information regarding the prosecution and defense of Plaintiff."

Notwithstanding that all of the parties timely disclosed Lemons and knew about his role in Smith's criminal case from the very onset of this case (if not earlier), Defendants now request this Court to bar Mr. Lemons as witness on two grounds: (1) Smith "did not provide [Lemons'] address;" and (2) Lemon's 'anticipated testimony' was not sufficiently disclosed." Motion at 1.

Smith disagrees and believes that the real reason that Defendants are moving to exclude Mr. Lemons is that they failed to take his deposition during the six additional months that discovery was open. *See Barmore v. City of Rockford*, No. 09 CV 50236, 2014 WL 12791639, at *7 (N.D. Ill. Aug. 20, 2014) ("Because Sgt. Carrera was disclosed as a witness years before the close of fact discovery, the Court will not allow him to be deposed now — over a year after the close of fact discovery").

This Court should reject both of Defendants' arguments. First, it is patently absurd for Defendants to assert that former APD Lemons should be barred because his address was not disclosed. Smith specifically stated that his address was not known but that (a) Lemons works at the U.S. Attorneys' Office in Guam, and (b) that his phone number is 671-477-8064. (And, Defendants admit speaking with him!) This is more than sufficient information for the Defendants to know where Mr. Lemons lived and worked and how to contact him, which is the purpose of requiring address and phone number disclosures in Rule 26(a)(1). The fact that Smith, like Defendants who included no address for Lemons in their disclosures, did not (and still does not) have an address for Lemons, is not a reason to bar his testimony.

It is also absurd for Defendants to assert that they "did not attempt to contact or seek to depose Lemons due to his limited role in the criminal proceedings." First, if defendants truly believed Lemons was not a relevant witness, then why did they list him on their initial disclosures (in three different sets of disclosures)? Second, Lemons did not have a limited role in the criminal proceedings, nor could Defendants *at any time* have thought that Lemons had a limited role. Had Defendants simply looked at the documents (a) they produced in their own Initial Disclosures, (b) Smith produced in his initial Disclosures, and (c) the Cook County State's Attorney's Office produced in response to a subpoena, they would have learned:

- Lemons was Smith's attorney at Smith's September 20, 1987 night bond hearing, in which a judge ordered **"Medical Exam-Hospital,"** on the face of the Court's Order. *See* PX45, at SMITH-3326 (emphasis in original).

2

- Lemons' was Smith's attorney at his September 21, 1987 second bond hearing, the one in which a second judge ordered that Smith be taken to the **"Hospital."** *See* PX46, at SMITH-3327 (emphasis in original).

- Lemons was the one who drafted and served Smith's discovery request, PX89, at CCSAO1205-1209, in which he demanded a "list of all physical property in the possession of law enforcement officials" and "that such property be made available to the defense for inspection before trial." Lemons issued that demand on November 9, 1987; Defendants destroyed the Knife taken from the crime scene on February 16, 1988; and then the CCSAO answered Lemons' discovery request on November 14, 1988, PX91, at CCSAO1165-69, completely omitting that the Knife had been destroyed.

- Lemons drafted and signed Smith's December 15, 1988 Motion to Quash Arrest, in which he stated that Smith was unconstitutionally seized by police.

- Lemons drafted and signed Smith's February 6, 1989 Motion to Suppress Statements, in which he stated that Smith was beaten and coerced into making a confession.

- Lemons represented Smith at the hearing on both motions on February 6-8, 1989, as well as argued both motions.

Each of Lemons' actions touch on central issues in this case, and Defendants knew perfectly well that Lemons was not a minor player; and their unsworn statement that they thought that is simply not credible and belied by their own disclosures of Lemons.

Next, Smith concedes that he did not outline Lemons' detailed testimony, but rather simply referred to him as "Smith's defense counsel from his arrest through shortly before his criminal trial," but the entire purpose of Rule 26(a)(1) is to be certain (1) that the opposing party knows the witness being identified; and (2) how to contact that witness if the opposing party decides to do its own investigation into that witness. *See Abernathy v. Village of Park Forest*, No. 16 C 2128, 2018 WL 5499788, at *1 (N.D. Ill. Oct. 29, 2018) (holding that a general description is sufficient for purposes of Rule 26(a)(1) and explaining that "the Rule is not intended to be a substitute for more particularized discovery; it is just a *first step* toward identifying people from whom discoverable information profitably might be obtained."); *Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, No. 02 C 5893, 2004 WL 2108410, at *2 (N.D. Ill. Sept. 21, 2004) (the "primary purpose of

3

Rule 26(a)(1) is to accelerate the exchange of basic information about the case … and the rule should be applied in a manner to achieve those objectives.") (internal quotes and citations omitted).

Defendants had more than enough information to proceed. In addition, Smith produced numerous documents tied to Lemons. Defendants decided instead to attempt to play "Gotcha" and accuse Smith of laying in the weeds. But the exact opposite is true. Smith was incredibly diligent and forthcoming in providing detailed Rule 26 disclosures both at the beginning (on June 4, 2021) (Exhibit 1), and in each subsequent supplemental disclosure on July 12, August 31, December 3, 2021 and January 14 and 18, 2022. (We do not provide all of these, but will upon request of the Court.)

The second half of Defendants' argument should be even more strongly rejected. In that section – without any sworn Declaration from defense counsel whatsoever – Defendants go on a long narrative about their thoughts and their efforts regarding deposing Mr. Lemons. What they omit from that long narrative is:

> Defendants never once contacted Plaintiff's counsel about deposing Lemons.
>
> Defendants never once asked Smith's counsel if Smith would waive his attorney- client privilege with Lemons. (Compare Defendants' argument on page 3 of their Motion that "plaintiff's counsel had not indicated any willingness to sign a privilege waiver.")
>
> Defendants never once shared any of the communications that Defendants were having with Mr. Lemons (which they attach as an exhibit to their Motion, and which Smith only now saw for the very first time).
>
> Defendants did not contact Mr. Lemons in July, August, September, October, or November 2021 – even though his name was coming up frequently in discovery, including repeatedly in former ASA Patricia Woulfe's August 5, 2021 deposition.
>
> Instead, Defendants waited until sometime in December 2021 (they won't provide the exact date) to contact Lemons, with a January 20, 2022 discovery cutoff looming. See Dkt.120 (Judge Guzman's Order, "Defendants' motion to extend fact discovery for 45 days (115) is granted. New fact discovery cutoff date is January 20, 2022.")

Defendants' Motion basically comes down to three things:

4

(1) Defendants waited until sometime in December 2021 to contact Clyde Lemons (they don't provide the precise date and redact their initial email to him);

(2) Defendants ran into the exact barriers that one would expect regarding serving a witness located in an American Territory with a subpoena; and

(3) Defendants did absolutely nothing to work with Plaintiff's counsel to get Lemons deposed. Now Defendants want to blame Smith and his counsel for their own decisions, first asserting that they did not have Lemons' address (even though they had his phone number, work address, and apparently access to his email address), and second asserting that Smith's Rule 26 disclosure was not fulsome enough (even though Defendants' disclosure is almost identical to Smith's).

Now, with nearly 3-1/2 years closed, Defendants request this Court to bar Lemons' testimony. Federal Rule of Civil Procedure 1 suggests otherwise, stating that the rules were designed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Since 1938, federal judges have had the duty to "construe[], administer[], and employ[]" the rules to obtain just such a determination. In 2015, the Judicial Conference Rules Committee, the Supreme Court Justices, and Congress concluded that "the parties to every action and proceeding" must now "share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 Amendment (Committee Notes). Defendants did not do that in this instance, and their attempt to shift the blame onto Smith should be denied.

For these reasons, Plaintiff Smith requests this Court to deny Defendants' MIL #4 in its entirety, including Defendants' request to bar Lemons' testimony and their request to take his deposition 3-1/2 years after the close of fact discovery. *See, supra*, Barmore, 2014 WL 12791639, at *7.

Dated: May 14, 2025

                Respectfully submitted,
                *PLAINTIFF ROBERT SMITH JR.*

              By:  <u>/s/ *Stuart J. Chanen*</u>

Stuart J. Chanen Ariel Olstein
CHANEN & OLSTEIN, LLP
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com

6