IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., ) | | |
|         Plaintiff, ) | | No. 21-cv-1159 |
| v. ) | | |
| ) | | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. ) | | |
| ) | | |
|         Defendants. ) | | |

**SMITH'S OPPOSITION TO DEFENDANT OFFICERS' MOTION
*IN LIMINE* NO. 5 TO BAR ANY MENTION CONCERNING
THE ABSENCE OF ANY DEFENDANT OFFICER DURING TRIAL**

It is unfortunate that Defendants misrepresent Smith's position on Defendants MIL #5, including misrepresenting what Plaintiff said during the parties' April 16 Rule 37.2 "meet and confer." With one important exception explained below, Defendants *do not oppose this Motion*. Plaintiff has no objection to any party to the case being excused from individual trial days due to any of the factors identified by Defendants: "advanced age, health issues, care obligations for spouses, residence out of state, significant distance from the courthouse, or the length of the trial," Motion at 1, or any other reasonable basis for missing one or a small number of trial days.

What Plaintiff does object to is the way that two unrelated Burge disciples behaved in the case of *Wrice v. Byrne*, No. 14-cv-05934 (N.D. Ill.), in which Defendants John Byrne and Peter Dignan did not appear on any trial days other than the day they were called to testify, and then, only to take the Fifth Amendment on all questions. See https://www.injusticewatch.org/archive/2020/the-stanley-wrice-jury-returns/ (last checked April 28, 2025). Contrary to what Defendants state in their motion, the position that Smith actually took during the parties' meet and confer

was that if a Defendant chose to absent himself for the entire four-week trial (except for testifying), then such contempt for the Court, for the proceedings, and for Smith is a subject on which Smith should be permitted to comment in closing argument. It is noteworthy that Defendants simply declare, without any support or explanation that:

> Defendant Officers' lack of appearance during trial for times other than their testimony has no tendency to make any fact the jury is tasked with determining more or less probable; as such, their presence or absence when not testifying is irrelevant. Fed. R. Evid. 401.

Smith disagrees. This case is all about Defendants' contempt for Mr. Smith. A Defendants' decision to absent himself from the entire proceedings – proceedings in which the Defendant is accused of extremely serious constitutional misconduct – supports the conclusion that the Defendant has an utter lack of respect for not only the Plaintiff, and not only the Court, but also couldn't care less about the constitutional misconduct of which he is accused. Such a fact is relevant under the instructions this Court will give, and Plaintiff should be permitted to comment about it during closing argument.

Defendants also assert that Smith's mention of Defendants' absence would "confuse the issues" (they never say how), would "mislead the jury" (they never say how), and would unfairly prejudice Defendants (again, without saying how). By failing to develop this Rule 403 argument *at all*, Defendants have waived their 403 argument. *See Griffith Foods Int'l Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 134 F.4th 483, 487 (7th Cir. 2025) ("[E]ven arguments that have been raised may still be waived . . . if they are underdeveloped, conclusory, or unsupported by law."), *quoting Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

3

Even if the Court were to consider Defendants' Rule 403 argument, the fact is that a jury is easily capable of hearing that a party to the case has shown a level of contempt for the proceedings and still follow all of the other important issues on which the jury is instructed. In other words, jurors are remarkably capable of keeping more than one thought in their heads at one time. In any event, just as Defendants have failed to establish "irrelevance," so too they have failed to establish undue prejudice.

At the end of their argument, Defendants attempt to assert that this Motion also addresses the parties' respective burdens of proof. *See* Motion at 2 and n.1 ("Plaintiff has the burden of proving each element of his claims" and "Defendant Officers have no burden of proof in this case") (citation omitted). But asking the jury to draw a negative inference from a Defendants' absence does not implicate Plaintiff's burden of proof at all. Plaintiffs' burden of proof is set forth clearly in the jury instructions the Court will provide to the jury, and the jury is presumed to follow those instructions. *See Evans v. Michigan*, 568 U.S. 313, 328 (2013). But those elements instructions are completely distinct from 7th Cir. Pattern Instruction (Civil) #1.13, which provides in pertinent part:

> You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.
>
> In evaluating a witness's testimony, you may consider any interest, bias, or prejudice the witness may have.

A Defendant absenting him- or herself from the entire proceeding goes directly to the witness's "interest, bias, or prejudice" in the proceedings (or perhaps better stated, "lack of interest"). Put another way, a juror is entitled to give less weight to the testimony of a party who absents himself from the entire trial than to one who sits there day in and day

4

out. And, if considerations of interest, bias, and prejudice are imbedded into the jury instructions, as they are, then there is no fair basis to bar the Plaintiff from talking about a defendant's attitudes toward the proceedings during closing argument. Indeed, trial judges frequently warn just before a trial is to begin, "Remember. The jurors are always watching you; be sure to take that into account in everything you do in the courtroom – and make sure your clients understand that as well." If the Defendants want an instruction that there is *no legal requirement* for a party to be present in the courtroom during the trial, they can ask for such an instruction, but that is far different from asking this Court to bar Plaintiff from commenting on a Defendant's complete absence from the trial. Put another way, given that the jurors are already evaluating the parties' courtroom demeanor, reactions to the evidence, and reactions to the proceedings generally, no party should be prohibited from commenting about such demeanor in closing argument.

In sum, the Parties have agreed not to comment upon individual requests of individual parties to miss trial days here and there for the reasons identified on page 1 of both Defendants' Motion and this Response. This Court, however, should otherwise deny Defendants' Motion because comments about a party's complete absence from the trial are relevant, proper, and not unduly prejudicial. The bottom line is this: These Defendants caused Robert Smith to spend 33 years, 1 month, and 7 days in Illinois prisons and jails, for something he did not do; if they truly believe that allegation <u>is not true</u>, they can certainly spend 20 days (or perhaps 17, 18, or 19) in a courtroom defending their position. And if they are unwilling to do so, Smith should be permitted to comment on it. For all these reasons, Motion #5, respectfully, should be denied.

5

Dated: May 14, 2025

                                                                                          Respectfully submitted,
                                                                                          *PLAINTIFF ROBERT SMITH JR.*

                                                                          By:      <u>/s/ *Stuart J. Chanen*</u>

CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com

6