## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

Robert Smith Jr.,                )
              Plaintiff,      )     No. 21-cv-1159
v.                             )
                            )     Honorable Jeffrey I. Cummings
The City of Chicago, et al.     )
                            )
             Defendants.     )

## PLAINTIFF SMITH'S OPPOSITION TO DEFENDANTS' MOTION
## *IN LIMINE* NO. 6 TO BAR ANY ARGUMENT THAT
## <u>DEFENDANTS FAILED TO CALL A WITNESS OR PRESENT EVIDENCE</u>

In Defendants' MIL #6, Defendants request this Court to bar Smith from arguing or mentioning that Defendants have failed to call a witness or to present evidence at trial. The motion is wildly overbroad and should be resoundingly denied. Any party is permitted in closing argument to comment on the opposing party's failure to present evidence. As Steven Lubet explains in his seminal work, *Modern Trial Advocacy* (NITA 5th Ed.), this is required advocacy on behalf of one's client.

> Attorneys on both sides of a case will inevitably make various promises and commitments to the jury during the course of the trial. . . . Or the commitments may be implicit in the theory of the case. When a plaintiff claims damages for personal injury there is obviously an implied promise of certain proof.
>
> Whatever the case, final argument is the time for counsel to comment on promises made, kept, or broken. Point out the ways in which you fulfilled your commitments. Perhaps more importantly, and certainly more dramatically, underscore the ways in which the opposition failed to live up to their own promises.

*Id.* at 472.

Defendants are just wrong to conflate one side or the other's "burden of proof" with whether the opposing side's arguments are or are not *supported* by evidence. For example, notwithstanding that the Cook County Courts have held Smith to be innocent

of the double murder charged against him in his indictment, Defendants are still planning to try Smith for murder during this civil trial. If the Court were to grant Defendants' motion, then Smith would be barred from arguing – or even mentioning – that Defendants have failed to present any evidence at trial that proves Smith committed the murders of his in-laws. But Smith is certainly permitted to argue that Defendants have failed to present any motive that ties Smith to murders, failed to present any eyewitness tying him to the murders, failed to present any fingerprint evidence, blood evidence, DNA evidence, or any other forensic evidence that ties Robert Smith to the murders, and so on. Respectfully, the Court should not bar Smith from making these arguments that Defendants have not brought forward certain evidence or certain witnesses or certain kinds of witnesses.

Defendants cite several jury instructions regarding what the jury may or may not consider as evidence, and they then argue that the Court should bar Smith from arguing that Defendants have failed to call a witness or to present certain evidence at trial. These instructions, however, actually favor *denial* of this Motion, not the *granting* of it. The jury will be repeatedly instructed – through the Seventh Circuit Pattern Jury Instructions – that Smith has the burden of proof on his causes of action:

> If you find that Plaintiff has proved these elements by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove these elements by a preponderance of the evidence, then you must find for Defendant.

The inverse is also true. If Defendants choose to put on any of their affirmative defenses (Defendants have listed thirteen, the City ten), then the jury will be instructed that <u>*Defendants*</u> bear the burden of proof on those defenses.

Most importantly, as Defendants themselves concede, the jury will be instructed:

> The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

7th Cir. PJI 1.18 ("Absence of Evidence"). This instruction, which the jury is presumed to follow, *see Evans v. Michigan*, 568 U.S. 313, 328 (2013), is more than sufficient to ensure that the jury understands that the law does not require a party to call every possible witness or move into evidence every possible exhibit. It is therefore because of this instruction that Defendants' Motion should be denied, not granted. Defendants' Motion is worded in such a way that it asks for relief that is far in excess of what is necessary or appropriate. This Court should allow the jury instructions to do what they were intended to do, and allow the parties to argue for all appropriate inferences from the parties' evidence *or lack of evidence.*

For these reasons, Robert Smith respectfully requests this Court to deny Defendants' MIL #6.

Dated: May 14, 2025

Respectfully submitted,
*PLAINTIFF ROBERT SMITH JR.*

By:     /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law