IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### SMITH'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 8 TO BAR ALL REFERENCES TO FORMER DEFENDAN RAYMOND BROGAN'S SETTLEMENT

Defendants are correct that under Federal Rule of Evidence 408 both "settlement discussions" and "settlements" are inadmissible for the purpose of proving either "the validity" or "the amount" of a disputed claim. FRE 408(a). And if Defendants were limiting in that manner, perhaps they would be right. But here, they are seeking to bar evidence of settlement for ***any*** purpose and this is inconsistent with the applicable rule.

There are two problems with Defendants' Motion. First, Defendants ignore that Rule 408 has a second, relevant, section. Rule 408(b), entitled "Exceptions," provides in pertinent part that, "The court may admit [settlement] evidence ***for another purpose***, such as proving a witness's bias or prejudice." FRE 408(b) (emphasis added). A district court has broad discretion to admit evidence for a purpose other than proving liability. *Zurich Am. Ins. Co. v. Watts Indus., Inc.,* 417 F.3d 682, 689 (7th Cir. 2005).

Here, the fact that Brogan was a Defendant in this case and the claims against him have been settled are both relevant and admissible because they go to

establishing bias and prejudice on his part. *Ewing v. 1645 W. Farragut, LLC*, No. 16-CV-9930, 2021 WL 12302692, at *5 (N.D. Ill. Oct. 5, 2021) ("Rule 408(b) allows for exceptions, including to show a witness's bias or prejudice"); *Tellis v. Sipes,* No. 4:12-CV-00007-SEB, 2012 WL 1969054, at *3 (S.D. Ind. May 31, 2012) ("we remind [plaintiff] that Rule 408(b) permits courts to admit evidence of settlement discussions for other purposes"). The fact that Plaintiff has alleged that Brogan participated in the wrongdoing alleged, named him in the lawsuit and required him to go through the process of responding to the claims, give a deposition and engage in the process prior to settlement can demonstrate bias or prejudice towards the Plaintiff.

Second, Defendants significantly overstate the holdings in the cases on which they rely. In their Motion, Defendants state that "courts have recognized that the fact a settlement has been entered into with a former party is irrelevant to any issues to be tried." Motion at 2, *citing Smith v. Sheahan*, No. 95 C 7203, 2000 WL 765089, at *6 (N.D. Ill. June 12, 2000); *Aitken v. Debt Mgmt. Partners, LLC*, No. 1:12-CV-01511-JEH, 2015 WL 433508, at *2 (C.D. Ill. Feb. 2, 2015); *Wisconsin Loc. Gov't Prop. Ins. Fund v. CH2M Hill*, Inc., No. 02-C-302-DRH, 2005 WL 8165798, at *8 (E.D. Wis. Dec. 6, 2005). Defendants' citation to these case for *that proposition,* however, is wildly overbroad. These cases do not in fact hold that "[t]he fact a settlement has been entered into with a former party" is ***always*** irrelevant "to any issues to be tried," and those cases are easily distinguishable.

First, unlike this case – where Brogan's settlement was *within this case* – in each of the three cases Defendants cite, the settlement at issue came from a

2

*completely separate lawsuit* and in two of them, with *completely separate parties.*

Second, while the Court did find – in each of those cases – that the settlement of the first lawsuit was not relevant to the disputed issues of fact in the second lawsuit, taking those three cases together does not stand for the proposition that a "settlement with a former party" is – as a matter of law – always irrelevant "to any issues to be tried." Rather, each case looks at the individual facts of the case and compares whether the settlement in Case #1 is relevant to the facts of Case #2 – and the courts concluded they were not. In other words, the courts concluded in those cases that two *distinct* pieces of litigation were indeed *distinct*.

This case is in a far different posture. Here, a former Cook County prosecutor was a Defendant *in this case*. His former employer settled on his behalf, and he was dismissed as a Defendant. His bias and prejudice towards the Plaintiff will likely become a significant part of his cross-examination. If Smith chooses to either introduce him as a witness or let Defendants call him as a witness and then cross-examine him, either way, as a former Defendant in this case, his potential bias and prejudice are relevant to assessing his testimony. Defendants have not cited any evidentiary rule or any other basis why Smith should not be permitted to raise Brogan's settlement in order to address the potential for bias and/or prejudice.

Nor have Defendants pointed to a single case – and Smtih cannot find one – in which a Court held that under these circumstances, the plaintiff cannot cross-examine the former ASA Defendant under the bias and prejudice "exception" set forth in FRE 408(b) or under the relevance and undue prejudice standards in FRE 401, 402, and

3

403. Therefore, Defendants' request that the Brogan settlement be barred in its entirety on these grounds should be denied.

Defendants make one final argument. They assert that Smith's own MIL #10, requesting the Court to bar "*the amount*" of Brogan's settlement under the "Collateral Source Rule" conflicts with Smith's position that he be permitted to use the settlement to establish bias and prejudice. The two positions are not at all inconsistent. As Smith's MIL #10 makes clear, Smith has asked this Court to bar Defendants from turning to the jury and stating, "You are aware that Smith has already received several hundreds of thousands of dollars from Cook County, so you should keep that in mind when you are deciding how much to give him, if anything." Smith is likewise prohibited from arguing that because Cook County paid, that means Plaintiff's claims have been proven. Such statements on either side are barred by the collateral source doctrine. There is nothing inconsistent about asserting that the fact of Brogan's settlement is relevant, but the amount of Brogan's settlement is not.[1]

For these reasons, Plaintiff Smith respectfully requests this Court to deny Defendants motion in limine #8 to bar Smith from cross-examining former Defendant Brogan about his dismissal from the case on the basis of a settlement.

---

[1] Smith does make one concession. In his MIL #10, he requested this Court "to bar *any reference to* the Court of Claims Award or *the County Settlement* during the trial of the case." Defendants are absolutely correct that Smith's counsel erred in wording that request. The request should have been – and Smith would change it to:

> to bar during the trial of this case any reference to *the amount* of Smith's Court of Claims Award and to *the amount* of Smith's County Settlement or to bar argument that either such payment should affect the jury's award of damages in this case.

4

Dated: May 14, 2025                          Respectfully submitted,

                                                       *PLAINTIFF ROBERT SMITH JR.*
                                  By:     /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com


Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com