IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|                 Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|                 Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 13A TO BAR EVIDENCE REGARDING CHICAGO POLICE DEPARTMENT'S INTERNAL RULES, REGULATIONS AND GENERAL ORDERS**

In Defendants' Motion in Limine #13, Dkt.568, Defendants actually file two separate motions. They first move to bar the admission of all evidence regarding Chicago Police Department ("CPD") internal rules, regulations, and general orders (collectively "CPD regulations"), which we will refer to as MIL #13A. MIL #13A should be denied. (Defendants also separately move to bar all arguments regarding "street files," which we will refer to as MIL 13B, and to which Smith responds in a separate opposition.)

**A. The CPD Orders Are Relevant To Smith's Malicious Prosecution Claim And Therefore Wholly Admissible**

Relying on *Thompson v. City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006), Defendants are correct that a Detective's violation of a CPD regulations is not relevant to "whether a violation of the federal constitution has been established." Defendants are completely wrong, however, that a Detective's violation of a CPD regulation is not admissible in evidence for other purposes, such as the reasonableness of Defendants' actions or Defendants' state of mind. They may also be relevant to counts that do not involve constitutional claims, such as malicious prosecution, intentional infliction of emotional distress, and Illinois conspiracy.

Defendants have asked this Court to enter a "per se bar" against mentioning

any and all CPD regulations during this trial even though the Seventh Circuit made clear in three different cases that despite the strong language of *Thompson*, it in fact does not support a per se exclusion of CPD regulations.

First, in *Mays v. Springborn*, 575 F.3d 643 (7th Cir. 2009), the Court held that "although violation of the prison's rule against public searches was not, by itself, a violation of the constitution, it was relevant evidence on which the jury could have relied to conclude that the searches were done with an intent to harass." *Id*. at 650.

Second, in *United States v. Aldo Brown*, 871 F.3d 532 (7th Cir. 2017), the Court again made clear that "[d]espite its strong language, *Thompson* should not be understood as establishing a rule that evidence of police policy or procedure will *never* be relevant" to whether Defendants have objectively acted reasonably. *Id*. at 537.

Finally, in *United States v. Proano*, 912 F.3d 431 (7th Cir. 2019), the Court held, "Since *Thompson*, . . . we have clarified that there is no per se rule against the admission of police policies or training" and noting expressly that the policies and training are admissible "where an officer's intent is at issue." *Id*. at 439 (emphasis added), *citing Brown* and *Florek v. Village of Mundelein*, 649 F.3d 594, 602–03 (7th Cir. 2011).

Where, as here, several of Plaintiff's claims turn on whether Defendants acted intentionally, judges in this District have repeatedly relied upon *Mays*, *Brown*, and *Proano* to permit Plaintiffs to both admit and argue Defendants' breaches of CPD regulations. *See, e.g.*, *Martinez v. City of Chicago*, No. 14-CV-369, 2016 WL 3538823, at *6 (N.D. Ill. June 29, 2016) ("there is no categorical bar preventing parties from introducing . . . evidence of violations of departmental regulations and police practices"); *Ezell v. City of Chicago*, 2023 WL 5287919, at *20 (N.D. Ill. Aug. 16, 2023)

2

(finding evidence of CPD policy violations relevant because Plaintiffs must show that Defendants acted knowingly," and "[e]stablishing this policy baseline will help Plaintiffs show . . . that Defendants' conduct was intentional").

But Defendants' "intent" is not the only basis on which such breaches are relevant. Judges in this District have repeatedly held that departures from CPD policies are also relevant to plaintiff's request for punitive damages. *See England v. Allen*, No. 17-cv-8911, 2019 WL 2743481, at *5 (N.D. Ill. July 1, 2019) (violation of agency rules and procedures may be relevant to a claim for punitive damages or other circumstances not foreclosed by *Thompson*); *Jones v. Walters*, No. 12-cv-5283, 2016 WL 1756908, at *8 (N.D. Ill. Apr. 29, 2016); *Delgado v. Mak*, No. 06 C 3757, 2008 WL 4367458, at *8 (N.D. Ill. March 31, 2008); *Via v. Lagrand*, 2007 WL 495287, at *6 (N.D. Ill. 2007).

As this Court is aware, in asking for a complete bar on all references to the Department's regulations, Defendants have intentionally omitted these gaping exceptions to their argument about "constitutional claims." Smith respectfully requests this Court to deny Defendants' MIL #13 in its entirety.

Finally, Defendants assert without any citation whatsoever that if the Court allows CPD regulations into evidence, the Court will be both improperly shifting the burden to Defendants and improperly misleading the jury (apparently on the ground that the Court will be inviting the jury to equate Defendants' violations of CPD regulations with having a lack of probable cause to arrest and cause the prosecution of Robert Smith). Motion at 3-4.

There are at least three problems with this argument.

First, Defendants just declare – but never actually explain – how allowing the

3

CPD regulations will confuse or mislead the jury with respect to probable cause, or shift any burden onto Defendants. The argument is therefore forfeited.

Second, Defendants are asking the Court to bar from the case an issue that the jury is fully capable of both understanding and deciding. If Defendants want to explain to the jury why they repeatedly violated CPD regulations, and if Defendants' counsel want to explain to the jury how those numerous violations should not undermine the jury's belief that Defendants had probable cause to arrest Smith and have him charged for murder, they are welcome to do so. It is not, however, a basis to bar the numerous violations of the Department's regulations.

Third, in making this argument, Defendants appear to rely on *Coleman v. City of Peoria*, 925 F.3d 336, 350 (7th Cir. 2019). In response to Defendants' summary judgment motion, Smith explained in extensive detail why the Seventh Circuit's holding in *Coleman* is not applicable to Defendants' summary judgment arguments, Dkt.521, at 22-26, and the same principles apply equally to their reliance on *Coleman* as a basis to bar this important evidence.

Defendants make three final arguments that should just be summarily denied:

(1) Defendants complain that Plaintiff has failed to identify – chapter and verse – which specific regulations Plaintiff is going to assert that Defendants have violated. The Court should reject this argument on two grounds. First, that is what discovery is for, and Defendants never once asked that question during discovery, which is the sole reason that they have to do their own review of the regulations to determine what regulations their clients breached. Second, Plaintiff offered to exchange exhibit lists with Defendants approximately one month ago (with Plaintiff

4

going first), but Defendants rejected that suggestion. They therefore are in no position to complain that Plaintiff has not identified the regulations yet.

2. Defendants assert that "there is no evidence in this case that Defendants initiated a prosecution against Smith for any reason other than to bring a party to justice" and therefore the Court "should bar any indication that Defendants violated CPD regulations." Motion at 4. This Court, however, cannot just take the Defendants' word for it that they did not have "intent" to harm Smith. That is a question the jury will have to decide based upon the evidence presented to it and the inferences they draw from that evidence. But, as the case law cited above makes clear, violations of CPD regulations is one of the many pieces of evidence that the jury is permitted to consider in evaluating intent.

3. Defendants' final argument appears to be that at the very least, Smith should be barred from arguing that the City is liable for destroying the Butcher Knife found at the crime scene and that Plaintiff should also be barred from arguing that the destruction of that Knife came about because of a violation of CPD regulations. But a *Youngblood* destruction of evidence claim has one element that a *Brady* or fabrication claim do not: bad faith. In order to find the City liable under *Youngblood*, Smith must prove "bad faith," a fact Defendants concede in their Motion at 4. Because of this additional element, destruction of evidence claims are treated differently than the *Brady* and fabrication claims to which Defendants cite. The bottom line is that Defendants have not pointed to a single *Youngblood* destruction of evidence case in which a Court has blocked a plaintiff from establishing bad faith through a Defendants' violations of department regulations, nor has Smith been able to find one. This argument should also be rejected.

      For all these reasons, Defendants' MIL 13A should be denied in its entirety.

Dated: May 14, 2025

                                                    Respectfully submitted,
                                                    *PLAINTIFF ROBERT SMITH JR.*

                                 By:     /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com