IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|                Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|                Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 13B TO BAR ANY REFERENCE TO DEFENDANTS USE OF "STREET FILES"**

In the second half of Defendants' MIL #13, Dkt.568, Defendants embed a second motion in limine seeking to bar all reference or argument related to "street files." We refer to this part of Defendants' Motion as MIL # 13B. The Court should deny Defendants' MIL #13B.

The term "street files" is nothing more than a shorthand that has developed to describe a *Brady* violation. Or, put another way, the use of "street files" is just one method that CPD Detectives have historically used to suppress evidence that they were required to turn over under *Brady v. Maryland* and *Giglio v. United States*. In the 80s (and this case is from 1987), CPD Detectives used to put evidence that they wanted to disclose into the "investigation file" and/or "permanent retention file," and everything that they didn't want to disclose either:

    (a) was never written up at all,
    (b) was written up but then destroyed, or
    (c) placed in a "street file."

The phrase "street file" does not literally mean a file the detectives kept in the street. A street file could also be kept in a drawer, or in a car's glove compartment, or in a coffee can in the break room. Indeed, "street file" also colloquially refers to any evidence that was

not turned over to the prosecutor as part of the investigatory file, and then in turn, it was not turned over to the defendant and his counsel.

Defendants' Motion to bar Smith from using that term does not hold up. Smith should be permitted to use terms such as "*Brady* violation," "suppression of evidence" or "Defendants' use of street files" to establish his *Brady* allegations. Defendants don't seriously argue to the contrary. They assert – but do not establish – that use of the term street file is "irrelevant," "confusing," "inflammatory," and "unfairly prejudicial," and yet they never once explain how the words "street files" is, in fact, any of those things.

Nor does Judge Jenkins in *Marcel Brown*, on which Defendants rely, explain why the term is inflammatory or prejudicial. See Motion at 5. It is simply unrealistic to believe that the jury is going to be inflamed if we were to ask a Defendant on cross-examination whether he ever kept street files as a way to keep exculpatory information away from prosecutors, and ultimately the defendant.

Defendants' street file motion should be denied because Defendants never actually explain how that term is (a) not relevant to Smith's suppression claims in Count III, (b) confusing, (c) inflammatory, or (d) unfairly prejudicial to Defendants.

On all these grounds, the Motion should be denied.

Dated: May 14, 2025

    Respectfully submitted,

    *PLAINTIFF ROBERT SMITH JR.*

    By:   */s/ Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law