IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Robert Smith, Jr., <br>       Plaintiff, <br> v. <br><br> The City of Chicago, *et al.*, <br><br>      Defendants. | Case No. 21 C 1159 <br><br> Judge Jeffrey I. Cummings |

**SMITH OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 14
TO BAR PLAINTIFF FROM MAKING ANY ARGUMENT THAT THE
DEFENDANT OFFICERS IMPROPERLY INVESTIGATED THE CRIMES**

In their MIL#14, Defendants move to "bar plaintiff from making any argument that [the] Defendant Officers improperly investigated the crimes." Dkt. 587, at 1 (the "Motion"). This is not a typo or a joke, although it should be. It is Defendants' actual position that Smith is not entitled to make any argument about the numerous pieces of evidence that Defendants intentionally ignored and suppressed during the Yeager/Alexnader homicide investigation. In making this argument, Defendants completely discount the fact that prosecutors moved in part to vacate Smith's conviction because there were "significant questions about the integrity of the police investigation," See October 23, 2020 Hearing Transcript, attached as Exhibit A. They further discount the fact that Smith's claims are wholly premised on evidence establishing that Defendants, instead of actually investigating the murders and following the evidence available to them, decided to frame Smith for the murders by fabricating incriminating evidence and withholding exculpatory evidence. It is surprising that Defendants did not file a companion motion seeking to bar Smith from putting on witnesses in the case. Or have attorneys. That is how far fetched this Motion is.

1

Defendants' Motion is not supported by ***any*** case law or Federal Rule of Evidence and, like nearly all of their MILs, it is simply an attempt to exclude perfectly admissible evidence simply because Defendants don't like it. For the reasons stated below, the Court should summarily deny the Motion.

## ARGUMENT

### A. None of the Eight Cases Defendants Rely On Support Their Position.

Defendants seek to bar Smith from making any argument that they did not properly investigate the Yeager/Alexander murders on two grounds: (1) relevance under Rule 401, and (2) unfair prejudice under Rule 403. Motion at 1. Although they ask the Court to bar any and all arguments relating to their investigative failures, they specifically seek to block Smith from making arguments about:

(a) their failure to test DNA evidence relevant to the murders;

(b) Detective McWeeny's failure to complete an arrest report in connection with his supposed arrest of Smith at the scene;

(c) their failures to search for alternative suspects;

(d) their failures to complete fingerprint and other forensic testing;

(e) their failures to investigate Smith's alibi and other potentially exculpatory evidence; and

(f) the Office of Professional Standards' (OPS's) failures to investigate Smith's 1987 complaint that he was beaten and abused while in police custody.

Motion at 1-2. In purported support of this request, Defendants cite the following eight cases, *none of which involved or addressed the admissibility of evidence*, and none of which held, as Defendants contend, that a plaintiff in a Section 1983 civil rights case is barred from presenting evidence or argument relating to the defendant police officers'

2

investigative failures.

> In ***Rossi v. City of Chicago***, **790 F.3d 729 (7th Cir. 2015),** the Court held that a failure by a police detective to investigate an alleged assault, standing alone, did not give rise to a constitutional claim under §1983. *Id*. at 735.
>
> In ***United States v. Tadros***, **310 F.3d 999, 1005 (7th Cir. 2002)**, the Court held that the government is not required to produce exculpatory information that is not in its possession because "*Brady* does not require the government to gather information or conduct an investigation on the defendant's behalf." *Id*. at 1005.
>
> In ***Jackson v. City of Peoria***, **825 F.3d 328 (7th Cir. 2016),** the Court held that the police's alleged failure to investigate Jackson's alibi before arresting him, standing alone, did not give rise to a constitutional claim, especially because the police had obtained eyewitness evidence establishing probable cause for the arrest. *Id*. at 330.
>
> In ***Lee v. Harris***, **127 F.4th 666, 673 (7th Cir. 2025),** the Court held that a police officer's failure to disclose an arrestee's alleged alibi at a warrant hearing did not negate probable cause for arrest warrant, especially because the officer had no information other than the suspect's say-so that supported the alleged alibi. *Id*. at 673.
>
> In ***Boyd v. City of Chicago***, **225 F. Supp. 3d 708 (N.D. Ill. 2016),** the Court held that the police officers did not violate *Brady* by allegedly failing to document information relating to a witness's medical condition, where the defendant was made aware through police reports that the officers claimed to have communicated with the witness and defense counsel was aware of the witness's medical condition. *Id*. at 719.
>
> In ***Jones v. City of Chicago***, **856 F. 2d 985 (7th Cir. 1988)**, the Court held that "*Brady v. Maryland* does not require the police to keep written records of all their investigatory activities; but attempts to circumvent the rule of that case by retaining records in clandestine files deliberately concealed from prosecutors and defense counsel cannot be tolerated," and constituted a *Brady* violation. *Id*. at 995.
>
> In ***Wilson v. Estate of Burge***, **667 F.Supp.3d 785 (N.D.Ill. 2023),** the Court held that for purposes of a § 1983 claim for failure to supervise, absent allegations against a supervisor rising to the level of deliberate indifference, there is no general right to an internal investigation of a police department or police misconduct. *Id*. at 866.
>
> In ***Moore v. City of Chicago***, **No. 05 C 5868, 2008 WL 516338, (N.D.Ill. Feb. 20, 2008),** the Court held that "[t]here is no constitutional right to have police perform

an adequate internal investigation of complaints of police misconduct." *Id*. at *4.

As the Court can see, these cases do not support Defendants' position and are wholly inapplicable to their Motion. Defendants simply take "sound bites" from the cases, insert them into their Motion out of context, and then falsely represent to the Court that the cases support their position, when they do not.

*Rossi, Tadros*, *Jackson, Lee, Boyd*, and *Jones* addressed the categories of police misconduct that give rise to a Section 1983 claim. They did not address or even mention whether evidence proving that police officers intentionally ignored and suppressed evidence available to them during an investigation is admissible, nor the reasonable inferences that a jury can draw from such investigation failures with respect to Section 1983 claims. In this regard, even a first year law student can easily distinguish, for example, between the Court's holding in *Lee* that a police officer's failure to investigate a suspect's alibi does not negate probable cause for the suspect's arrest, and Defendants' position here that evidence of a police officer's failure to investigate a suspect's alibi is not relevant and never admissible in a Section 1983 case.

Equally inapplicable are the rulings in *Wilson* and *Moore*, which held that there is no constitutional right to have police officers perform an adequate internal investigation of complaints of police misconduct. Smith makes no such claim in this case, and the holdings in *Wilson* and *Moore* say absolutely nothing that supports Defendants' position that Smith should be barred from arguing to the jury that OPS did not properly investigate his 1987 complaint of police misconduct.

In sum, Defendants have not provided this Court with any support for the relief

4

they seek in their Motion and have instead cited cases that are completely inapplicable and wholly irrelevant. On this ground alone, the Court should deny the Motion.

### B. Defendants' Investigation Failures Are Plainly Relevant To Smith's Claims.

The Court should also reject Defendants' Rule 401 relevance argument because Defendants' investigation failures are plainly relevant to Smith's claims, and fit neatly within his theory of his case. Smith's claims are all premised on proving that Defendants intentionally ignored and suppressed the evidence available to them during the investigation because they had decided to instead coerce a false confession from him, fabricate evidence to match that false confession, and suppress exculpatory evidence that could be used to exonerate Smith or identify the real murderer or murderers.

Smith need not lay out the extensive and overwhelming amount of evidence that supports that there was no real investigation undertaken, as it has been documented in detail in Smith's Opposition to Defendants' Motion for Partial Summary Judgment. But suffice it to say that all of this evidence is necessary for Smith to establish the requisite elements of his claims.

For example, Smith's evidence will establish that Smith never dove headfirst into a pool of blood at the crime scene and that Detective McWeeny never arrested Smith at the scene for obstructing or interfering with the police investigation, as McWeeny falsely testified (on three separate occasions). Part of that evidence will include the fact that McWeeny wrote five GPRs at the scene, but none mentions Smith diving headfirst into a pool of blood, nor that Smith was arrested at the scene. Another part of that evidence will include the fact that McWeeny never completed any arrest report with respect to Smith's

5

purported arrest at the scene. Defendants argue that this evidence is irrelevant because "police are not required to keep written records of all of their investigatory activities," Motion at 2, citing *Jones,* 856 F. 2d, at 995. The fact that McWeeny may not have been *constitutionally required* to document Smith's purported arrest at the scene (he was required to do so under CPD regulations) does not negate the relevance of his failure to do so. McWeeny's failures to document the supposed arrest, whether required or not, still create a strong inference that supports Smith's claim that McWeeny fabricated the entire "arrest" at the scene as an after-the-fact justification for carting Smith off to Area 2 and because McWeeny and the other Detectives realized that the confession they were beating out of Snith would not be admissible if there was no probable cause for Smith's arrest in the first place.

The same is true with respect to all of Smith's evidence relating to Defendants' failures to investigate the murders. The evidence is plainly relevant.

### C. The Evidence Proving Defendants' Investigation Failures Is Not Unfairly Prejudicial To Defendants.

Defendants also argue that Smith should be barred from making any arguments about their investigation failures because "any probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury." Motion at 1, citing Rule 403. Defendants, however, use the 403 argument in every motion but never explain how the evidence creates any prejudice, why such prejudice is unfair, and they also provide no explanation at all as to how the jury will be confused and misled by such evidence. Defendants have therefore forfeited this argument, and the Court need not give it any consideration.

6

for all of these reasons, Defendants' Motion should be denied in its entirety.

Dated: May 14, 2025

                                             Respectfully submitted,
                                             *PLAINTIFF ROBERT SMITH JR.*

                           By:     /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com