## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## SMITH' OPPOSITION TO DEFENDANT OFFICERS' MOTION *IN LIMINE* NO. 16 TO BAR ANY EVIDENCE IN SUPPORT OF SMITH'S *BRADY* CLAIM ALLEGING FAILURE TO DISCLOSE PATTERN & PRACTICE

In Defendants' MIL #16, Dkt.589 ("Motion"), Defendants assert that this Court should bar evidence and argument related to Defendants' pattern and practice of torturing suspects and putting fake cases on them. If that sounds familiar, it is because this is precisely the argument Defendants made on summary judgment when they informed this Court that there was no law that supported a *Brady* claim for "deliberately conceal[ing] the existence of a pattern and practice of abuse at Area 2 of the Chicago Police Department." *See* Motion at 1; see also Dkt. 494, at 35-36. Smith explained in his summary judgment opposition that this was simply incorrect, and Smith provided this Court with the _twelve cases_ that Defendants asserted did not exist. For ease of reference, we attach that section of our summary judgment opposition to this MIL as Appendix A. It is vital that this Court have that background in considering this Motion.

## I.     The Court Should Reject Defendants' Attempt to Convert Their Unsupported Summary Judgment Motion Into An Unsupported Motion In Limine.

Now, Defendants have converted their summary judgment into a Motion in Limine, again arguing in the teeth of these twelve cases – *Newsome, Fields I, Fields II, Avery, Patterson, Cannon, Tillman, Alonzo Smith, Ruiz–Cortez, Maxson, Gibson, and Wilson* – that if this Court does not grant

them judgment on this claim, it should instead bar all evidence and argument on this claim for the same reasons. See Motion at 2 (allegations of defendants' misconduct at Area 2 and 3 during the 1980s is not relevant to any fact the jury will need to determine and should be excluded).

The only difference between the summary judgment motion and Defendants' current motion in limine is that in the current motion, Defendants seek to shift the focus away from Defendants' historical misconduct to the misconduct of "non-defendant police officers," who "abused other suspects or committed misconduct in other cases." Motion at 2. In doing so, however, Defendants double down on the very argument that they frivolously asserted on summary judgment: "As set forth in Defendant Officers' motion for summary judgment, *Brady* does not require Defendant Officers to disclose unrelated and unproven allegations of misconduct." Motion at 3. But this is the very same argument that is rejected out of hand by the twelve cases we have already provided to the Court. Therefore, this MIL #16 should be summarily denied on the same grounds that summary judgment on this point should be denied.

Even if the Court were to re-visit the identical issues Defendants raise in both motions, Defendants' arguments should again be rejected. To the extent that anything is new in their current Motion at all, the gist of the new argument appears to be that because "police officers do not have a *Brady* duty to tell the truth," do not have a *Brady* duty to "accurately disclose the results of their investigations," and do not have a *Brady* duty to disclose that "they allegedly abused other criminal suspects," then, therefore, the Court should bar all evidence related to Defendants' prior misconduct. There are numerous reasons Defendants' arguments must again be rejected.

2

First, Defendants are just wrong that they do not have a *Brady* duty "to tell the truth," "accurately disclose the results of their investigations," and disclose that "they abused other criminal suspects." See supra at 3.

Second, Defendants significantly mischaracterize the holdings in *Gauger, Harris, Saunders-El,* and *Sornberger,* just as they did during summary judgment, and as we explained in our summary judgment opposition. *See* Dkt.521 at 32.

Third, the two cases on which Defendants primarily rely, *Gauger v. Hendle* and *Harris v. Kuba*, are from 2003 and 2007 respectively, while 9 of the 12 cases on which Smith relies post-date those cases. If Defendants' argument were correct, wouldn't their theories have been adopted in those nine cases instead of the courts reaching the exact opposite ruling?

Fourth, on page 4 of their Motion, they attempt to resurrect the argument that a plaintiff may not assert a *Brady* suppression claim about information he already knew. Motion at 4, citing *Gauger*. This argument should be rejected for three reasons. First, Smith did not know or have access to the withheld information in this case. Second, Smith has already acknowledged that the information he in fact did have cannot form the basis of his *Brady* claim (see Dkt. 521 at 30). Third, in *Gauger,* the Court held that Gauger was already aware of the conduct for which Gauger was asserting a *Brady* violation, 349 F.3d at 6 360 ('the duty to disclose falls out [] because Gauger knew what he had said at the interrogation"). That holding simply does not apply to the withheld *Brady* material which is at issue on this Motion.

The remainder of Defendants' arguments can also be easily rejected. Those arguments either rely on case law from 1986 (*Williams*), 1994 (*Slagel*), 1995 (*Vera*), 2003

(*Gauger*), and 2007 (*Harris* and *Dabney*), all of which have been fundamentally overruled or contradicted by *Fields I* (2012), *Fields II* (2014), *Avery* (2017) and numerous district court cases that have followed *Fields* and *Avery* (six cases from 2011 to 2023, cited *supra*). Not only are Defendants' cases wholly outdated, but they also focus on a completely different issue, which is that law enforcement does not have an obligation to "create" new evidence and turn that new evidence over to the defense. *See* Motion at 4. That is not what Smith is claiming was a violation in this case.

## II. Defendants' Separate Request To Bar Two Chicago OPS Reports and the Special Prosecutors' (Egan/Boyle) Report Should Also Be Denied.

At the end of their Motion, Defendants throw in, but do not develop, an additional request to bar three reports, two issued by the City of Chicago itself and one issued by the Special States' Attorney assigned to investigate Areas 2 and 3. Defendants assert that these reports must be barred because (1) they relate to Smith's bifurcated Monell claim; and (2) they were written after Smith's criminal trial. These arguments can be easily rejected. First, while these three documents <u>*also*</u> relate to Smith's *Monell* claim, that does not mean that they don't relate to Smith's Coercion claim (Count I) and *Brady* claim (Count III), nor do Defendants argue that they are unrelated to those claims. Second, Defendants are simply wrong about the purported temporal limitation ("these documents were issued after Smith's criminal trial"). The two Chicago reports are admissions of a party opponent that may be used for any purpose; although they were written after Smith's trial, they admit to relevant events that occurred *before Smith's trial*. That is all that is needed to make the documents admissible.

4

For all the reasons, Plaintiff Smith respectfully requests this Court to deny MIL #16.

Dated:  May 14, 2025

> Respectfully submitted,
> *PLAINTIFF ROBERT SMITH JR.*
>
> By:     /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law

# APPENDIX A

**A.  The Court Should Reject Defendants' Argument That There Is No Case Law That Requires A Police Officer To Produce Exculpatory or Impeachment Evidence Related to Area 2's Pattern and Practice of Torture and Abuse.**

Defendants assert that "there is no legal precedent requiring police officers to disclose allegations of their misconduct." Mem. at [35-36].   This is just 100% wrong.  There is overwhelming legal precedent requiring such disclosure, including the following three *Brady*/*Giglio* rules applicable in this Circuit.

(1)  A Defendant Police Officer <u>must disclose</u> the circumstances in which the officer coerced a witness to falsely identify the criminal defendant on trial;

(2)  A Defendant Police Officer <u>must disclose</u> all prior circumstances in which the officer (a) coerced a witness or witnesses to falsely identify a defendant or (b) coerced a defendant to falsely confess; and

(3)  A Defendant Police Officer <u>is not required to disclose</u> the circumstances in which the officer had coerced the defendant then on trial to confess to the crime because of the longstanding doctrine that a *Brady* claim is not viable when the defendant already knows what a Defendant has done to coerce him.

In *Newsome v. McCabe,* 319 F.3d 301 (7th Cir. 2003), a jury found officers McCabe and McNally liable for concealing exculpatory evidence from Newsome and his lawyers, including evidence of the manner in which they had coerced a witness to finger Newsome.  On appeal, the Court affirmed the officers' *Brady* violation, holding that "the details about how [the police] induced the witnesses to finger Newsome" was information that "Newsome's lawyers needed (but did not receive) [and which was] vital to probe whether manipulation [of that witness] occurred." *Id*. at 304–05.

In *Fields v. Wharrie,* 672 F.3d 505 (7th Cir. 2012) (*Fields I*) , Fields sued two Assistant State's Attorneys for violating Fields' rights under *Brady* and *Giglio*.  The Seventh Circuit held that the ASAs had absolute prosecutorial immunity from civil liability to Fields.  *Id*. at 519.  In the process of reaching that ruling, however, the Court summarized a *Brady*/*Giglio* violation in the context of requiring disclosure of coercion evidence to the defendant.

[A] constitutional [*Brady*] violation occurs *when the means by which the testimony was acquired are not disclosed at trial—or when other information that impeach the testimony's reliability are not shared with the defense.* In this case, the constitutional violation occurred when, at retrial, the prosecution used [witness] Hawkins' testimony and never revealed to [defendant] Fields that [officer] Wharrie had asked Hawkins to lie.

*Fields v. Wharrie*, 672 F.3d 505, 517 (7th Cir. 2012).

Two years later, in *Fields v. Wharrie,* 740 F.3d 1107 (7th Cir. 2014) (*Fields II*), the court reiterated its holding from *Fields I*, stating that "failing to disclose the false statement's corrupt origins at trial violates [Fields'] due-process right to a fair trial under . . . *Brady*." *Id.* at 1117. Judge Sykes concurred on this point, emphasizing that if "police officers . . . withhold exculpatory information about coerced or fabricated evidence, the aggrieved [criminal] defendant will have a good § 1983 claim against the officers for violation of *Brady*." *Id.* at 1123 (Sykes, J., concurring in part and dissenting in part). *See also Avery*, 847 F.3d at 439 ("Armed with the *Brady* disclosure, the accused can impeach the coerced testimony by pointing to the tactics the officers used to extract it, and the jury has a fair opportunity to find the truth.").

Relying on these four Seventh Circuit opinions (none of which Defendants cite in their *Brady* section), numerous district court judges in this district have held that suppressing evidence of systemic torture and abuse at Areas 2 and 3 can violate *Brady*. These include but are not limited to:

- *Patterson v. Burge*, 328 F. Supp. 2d 878, 889 (N.D. Ill. 2004) (plaintiff's allegations that "all of the defendants acted in concert to effectuate a pattern and practice of torture and frame-ups at Area 2," and that "[plaintiff] was not aware of this evidence until it was made public by court order in other proceedings" and that "defendants at all times knowingly suppressed both the actual truth of his innocence and their roles in framing him for the Sanchez murders" alleged a valid *Brady* claim).

- *Cannon v. Burge*, No. 05 C 2192, 2006 WL 273544, at \*12 (N.D. Ill. Feb. 2, 2006) ("Plaintiff's knowledge of what transpired in the interrogation room does not relieve the City Defendants of their obligation under *Brady* to disclose exculpatory evidence regarding what transpired outside the interrogation room, or preclude the Court from finding the existence of a *Brady* violation.").

- *Tillman v. Burge,* 813 F.Supp.2d 946, 962 (N.D. Ill. 2011) (allegations of " 'suppressing, destroying, and preventing the discovery' of exculpatory evidence, including that of 'the instruments of torture,' " and "obstructing and improperly influencing investigations" are "circumstances that substantially exceed what Tillman was aware of based on his presence at [his own] interrogation" stated a Brady violation).

- *Alonzo Smith v. Burge*, 222 F. Supp. 3d 669, 680–81 (N.D. Ill. 2016) (same, and collecting cases).

- *Ruiz–Cortez v. City of Chicago,* No. 11 C 1420, 2016 WL 6270768, at *16 (N.D. Ill. Oct. 26, 2016) (Plaintiff's claims "relate to things that ranged far outside Plaintiff's knowledge," including a "pattern of misconduct and obstruction of justice.").

- *Maxson v. Dwyer,* No. 16 C 9417, 2017 WL 1493712, at *4 (N.D. Ill. Apr. 26, 2017) (same, collecting cases).

- *Gibson v. City of Chicago*, No. 19 C 4152, 2020 WL 4349855, at *9 (N.D. Ill July 29, 2020) ("Gibson may proceed on a Brady claim based on the Defendant Officers' and Burge's alleged failure to disclose the threats and coercion used to obtain Johnson, Smith, and Webb's statements, as well as the pattern and practice of police abuse at Areas 2 and 3.").

- *Wilson v. Est. of Burge,* 667 F. Supp. 3d 785, 863 (N.D. Ill. 2023) (denying motion to dismiss *Brady* claim related prior instances of misconduct at Area 2, holding that the impeachment of the officers involved in Wilson's interrogation, or those overseeing it (such as Burge), could reasonably have been expected to cast the charges against Plaintiff in a very different light").

As with the four Seventh Circuit cases, Defendants cite none of these cases in their *Brady* section. These cases make clear that Defendants may be liable for suppressing information about their well-entrenched pattern and practice of physical and psychological abuse and torture of detainees at Area 2.

Smith Second Corrected Opposition to Defendants' Summary Judgment Motion. Dkt. 521 at 29-31.