IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 18
TO BAR ALL REFERENCES TO DIANE YEAGER SMITH BEING ROBERT
SMITH'S GUARDIAN AND TO BAR HER PRESENCE FROM THE COURTROOM**

In Defendants' MIL #18, Defendants make two requests: (1) to bar Robert Smith and his trial team (which interestingly, includes Diane Smith as his Special Representative) from making any reference to Diane Smith being his Court-appointed Guardian or Court-appointed Special Representative in this case; and (2) to bar Ms. Smith from the courtroom notwithstanding her special status as Special Representative "Motion". Respectfully, the Court should deny both requests.

## RELEVANT FACTS

On February 21, 2022, Dr. Steven Dinwiddie, Chief of Forensic Psychiatry in the Department of Psychiatry and Behavioral Sciences at Northwestern's Feinberg School of Medicine, diagnosed Robert Smith as having dementia, most likely vascular dementia. His report is attached as Exhibit 1.

On or about March 5, 2022, Diane Yeager Smith – who is both Robert's ex-wife and the daughter/granddaughter of the two murder victims – retained the preeminent mental health law firm in Illinois, Monahan Law Group, and agreed to become Robert's Guardian.

On April 4 and July 8, 2022 respectively, Cook County Probate Judge Aicha Marie MacCarthy first appointed Ms. Smith to be Robert Smith's Temporary Guardian and then Permanent Guardian of Robert's person and estate under the Uniform Adult Guardianship

and Protective Proceedings Jurisdiction Act, 755 ILCS 8/203-204 ("Adult Guardianship Act"). The court concluded that Smith (a) was suffering from Major Neurocognitive Disorder; (b) was no longer capable of making "personal and financial decisions;" (c) had been the victim of financial exploitation; and (d) that a guardian was necessary to assist him in several aspects of his life, including to "direct ongoing litigation regarding his false imprisonment based on a forced confession." Judge MacCarthy's Orders are attached as Exhibits 2 and 3.

On August 11, 2022, over Defendants' objections, Judge Guzman appointed Diane to be Smith's Special Representative for purposes of this litigation under Federal Rule of Civil Procedure 25(b). *See* Exhibit 4.

From April 4, 2022 through the present, Ms. Smith has served as Robert's Guardian, handling his housing needs, his extensive healthcare needs including multiple trips to the hospital, and his financial affairs. Since August 11, 2022, she has been the primary interface and decisionmaker with respect to this lawsuit against Defendants.

## ARGUMENT

**1. Under FRE 615, the Court Must Reject Defendants' Request to Bar Diane Smith From the Courtroom.**

Taking Defendants' arguments in reverse order, Defendants' request to bar Ms. Smith from the courtroom should be denied. Although Defendants provide only eight words from Federal Rule of Evidence 615, (Mot. at 5), that rule actually controls Defendants' request. Rule 615(a) provides:

> **(a) Excluding Witnesses** . At a party's request, the court must order witnesses excluded from the courtroom so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> **(1)** a party who is a natural person;
> **(2)** one officer or employee of a party that is not a natural person, if that officer or employee has been designated as the party's representative by its attorney;
> **(3)** any person whose presence a party shows to be essential to presenting the party's claim or defense; or
> **(4)** a person authorized by statute to be present.

2

Defendants likely chose not to provide the full rule to the Court because the rule requires that their request be denied. The rule clearly states that it does not authorize this Court to exclude: (3) any person whose presence a party shows to be essential to presenting the party's claim or defense (for which Ms. Smith qualifies); and (4) a person authorized by statute to be present (for which Ms. Smith qualifies under both Illinois's Adult Guardianship Act and Federal Rule of Civil Procedure 25(b)). In addition, even though (2) does not apply directly to Robert Smith because he is not "a party that is ***not*** a natural person" (such as a corporation), the intent nevertheless applies indirectly to Ms. Smith because she "has been designated as the party's representative by [the party's] attorney," and even more importantly, she has been designated by the Court under Federal Rule 25(b). The Court should therefore deny this portion of Defendants' motion on two grounds: (1) procedurally because they have forfeited their argument by failing to cite to the Court the controlling Rule of Evidence; and (2) on its merits because FRE 615(a)(2), (3), and (4) bar this Court from excluding Ms. Smith.[1]

**2.     The Court Should Reject Defendants' Request to Bar Diane Smith From Informing The Jury That She is Robert Smith's Guardian or Special Representative.**

Respectfully, the Court should also deny Defendants' second request, that Diane Smith

---

[1] While no further reason is needed, there is nevertheless one significant additional reason this Court should deny Defendants' request. In asserting that Ms. Smith should be barred from the Courtroom, Defendants completely omit that Robert Smith has dementia (a word that appears nowhere in Defendants' motion) and that Diane Smith has been serving as his Special Representative since August 2022, including being the primary attorney interface and decisionmaker on behalf of Robert Smith for this lawsuit against Defendants.

In other words, Diane Smith is, for all practical purposes, our current client for purposes of this case, even though Robert Smith still is the "Plaintiff,". In proposing that Ms. Smith be barred, Defendants have offered absolutely nothing to accommodate the court-recognized fact that Smith's lawyers would then be left without a client with respect to important decision-making. In order to make the many decisions she will be called on to make as the trial progresses, Ms. Smith will have had to have *seen the trial unfold*. On this additional ground – another ground which Defendants intentionally ignore – the Motion should be denied.

be barred from informing the jury that she is Robert's Guardian or Special Representative. As an initial matter, before addressing Defendants' Motion, Plaintiff' had suggested that the Court – not Ms. Smith – inform the jury at the beginning of the case that Mr. Smith has dementia and that Ms. Smith will be serving as his Guardian and Special Representative. Regardless who does it, however, Defendants have not proffered a good reason to bar the jury from hearing this fact. Defendants purport to bring this request under Rules 401, 402, and 403, asserting that her role as Guardian is (a) not relevant; and (b) even if relevant, the risk of undue prejudice to Defendants of the jury knowing that fact substantially outweighs the fact's probative value. The problem with Defendants' Motion, however, is that they never explain how that fact has little probative value, nor how that fact could cause undue prejudice to Defendants.

In an incredibly convoluted argument, Defendants begin their motion by asserting that Ms. Smith will testify that "Robert Smith was 'capable' of murdering her mother and grandmother "if he was on something, not in his right mind" and that there were times in her life where "she has believed Smith was guilty, and at other times she has believed he was innocent." [2] Motion at 2-3, 4, citing Diane Smith Dep. at 68-69, 45. There is no explanation as to how Defendants could possibly be *prejudiced*, let alone, unduly prejudiced, by such testimony. Defendants assert that they are afraid that if the jury knows that Diane agreed to be Robert's Guardian, they may "insinuate" that she believes Robert Smith is innocent of the murders. But that is hardly unduly prejudicial to Defendants. It would be like arguing that Smith's Certificate of Innocence should be kept out because the jury may "insinuate" that the court that issued it believes Smith to be innocent. The Seventh Circuit has already rejected

---

[2] Plaintiff has filed its own motion in limine to exclude people's opinion of Robert Smith's guilt, so this "opinion," even if it were given in the correct context in which it was elicited, should be excluded if Plaintiff prevails on that motion.

4

that argument. The jury would make that same insinuation if Diane Smith is asked if she is involved in his life in any way presently, and she recites the many things she does to care for him, without citing the formal appointment of guardianship. Surely Defendants are not suggesting that this too would be prejudicial. The jury will make its own determinations based on the facts regardless of what words are used. But, because Robert cannot testify or make decisions, it is only fair for the jury to be instructed or to learn that Diane is serving in that role.

Defendants' "insinuation" argument appears to be the sole basis on which Defendants argue that the "fact" of Diane Smith's Guardianship should be barred from the evidence. Defendants may not like that Diane is Robert's Guardian. They may not like that Diane is Robert's Special Representative. They may not like a lot of the facts that she will testify about regarding September 19 and the Defendants' seizure and improper detention of Robert. Nevertheless, these are all existing facts relevant to this case, relevant to Diane Smith's credibility as a witness, and relevant to several ultimate factual disputes in the case. If her decision to become Robert's Guardian and Special Representative "makes a fact in dispute more or less likely," then by definition, it is relevant, not irrelevant as Defendants now claim.

In sum, Diane's decision to become Robert's Guardian and Special Representative is both relevant to numerous underlying facts and factual disputes, Defendants have not explained at all how such a fact will cause them undue prejudice or that such undue prejudice substantially outweighs the fact's probative value. As such, the 403 argument should be denied on its merits as well.

Dated: May 14, 2025

                                            Respectfully submitted,
                                            *PLAINTIFF ROBERT SMITH JR.*

                                  By:    /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com