IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 19
TO BAR ANY REFERENCE TO DEFENDANT OFFICERS INVOKING THE
FIFTH AMENDMENT OR TO RECEIVING USE IMMUNITY FOR THEIR
DEPOSITION TESTIMONY IN SMITH'S POST-CONVICTION CASE**

Defendants' MIL #19, Dkt.591 ("Motion") is a frivolous motion. Without citing *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Hillmann v. City of Chicago*, 834 F.3d 787, 793 (7th Cir. 2016); *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 835 (7th Cir.); or *Harris v. City of Chicago*, 266 F.3d 750, 755 (7th Cir. 2001), all of which control this Court's inquiry on this Motion, Defendants seek to bar Plaintiff Smith from making any reference at all to Defendants' admitted invocation of the Fifth Amendment. *See* Motion at 2 ("McWeeny asserted his [Fifth Amendment] rights in nine instances, Dwyer three, Pedersen four and Brownfield twice").

Nowhere in their Motion do Defendants ever inform this Court that in *Hillmann*, the Seventh Circuit unequivocally held that "in a civil case, the jury is permitted to hear evidence of a witness's invocation of the [Fifth Amendment] privilege and may draw an adverse inference from it." 834 F.3d at 793, *citing Baxter*. Defendants' sole argument is that they did not invoke the Fifth

1

Amendment *during this case*, but they do not point to a single case in the Northern District, Seventh Circuit, any other District, or any other Circuit that indicates that the fact that the invocation was made in related or prior litigation makes a difference to the *Hillman* holding. Even if that argument had ever been adopted (and there is no evidence that it has been), it still would not apply in this instance where all eighteen invocations of the privilege identified above relate directly to the Defendants' conduct of beating and coercing suspects at Area 2, as Smith alleges in this case. In short, Defendants provide no support for their argument whatsoever, and therefore the argument is forfeited and should also be denied on its merits.

Defendants' second argument fares no better. Defendants are correct that a Special Assistant States Attorney for Area 2 and Area3-related cases (the "Special Burge Prosecutor"), extended "use immunity" from state prosecution to McWeeny, Pedersen and Brownfield when they testified in Smith's post-conviction proceedings, and Defendants are also correct that "use immunity for a witness in one proceeding affords no protection for any self-incriminating information disclosed by the witness in other proceedings, prior or subsequent to the immunized proceeding." *In re Corrugated Container Antitrust Litigation*, 661 F.2d 1145, 1154 (7th Cir. 1981). Put differently, anything that McWeeny, Pedersen, and Brownfield said in those post-conviction depositions are admissions of a party opponent and wholly admissible in this case. *See* Fed. R. Ev. 801(d)(2)(A) and Fed. R. Civ. P. 32(a)(1), (a)(3).

But then Defendants leap to a result that has nothing whatsoever to do with any of the correct statements they just provided the Court. They assert that Smith

2

should not be able to mention Defendants' "use immunity" at all because it would just be a "backdoor way" to "attack Defendants [sic] credibility" or to admit "inadmissible 404(b) evidence." Motion at 3. This is completely made up. Defendants have not pointed to a single case in which a court has barred a party from raising the fact that the opponent obtained "use immunity" on these grounds. The invocation certainly is relevant to a witness's credibility, and Defendants never explain how it could possibly be used in violation of 404(b) – and we assume Defendants mean 404(b)(1).

Nor is *Evans v. City of Chicago*, 513 F.3d 735 (7th Cir. 2008), the sole case on which Defendants rely with respect to "use immunity" to the contrary. Motion at 3. First, *Evans* does not mention "use immunity" at all. Second, as the majority in *Evans* explained, "the situation presented [in *Evans*] was rather unique." *Id.* at 741 (explaining how it was unique and did not fall within the common run of civil cases related to the Fifth Amendment). Third, *Evans* involved a defendant asserting his Fifth Amendment rights throughout all of discovery, and then on the eve of trial attempting to revoke that position and take the witness stand to testify freely. *Id.* at 738-740. *See also Id.* at 747 (Williams, J., dissenting) ("a late waiver of the privilege can wreak havoc on an opposing party and create a fundamentally unfair trial"). The situation got even weirder in *Evans* when the plaintiff agreed to drop his punitive damages claim against Defendant Dignan in exchange for Dignan continuing to assert the Fifth Amendment. *Id.* at 739. Ultimately, the district judge ruled that he would instruct the jury that Dignan had refused to answer

3

questions about the case and that the jury could draw an adverse inference from his refusal to take the stand, a holding the Seventh Circuit affirmed. *Id*. at 740, 740-41. Therefore, *Evans* stands for no proposition with respect to "use immunity." It stands for the proposition that the jury may, but is not required, to draw an adverse inference from the fact that a party has taken the Fifth Amendment when asked directly about the misconduct in which he is alleged to have engaged or seen.

In the last two pages of their Motion, Defendants just repeat over and over again that "Defendants' prior invocation of the Fifth Amendment is irrelevant in this case," Motion at 3, that "use immunity and/or prior invocation of Fifth Amendment is totally irrelevant for purposes of establishing Defendants' misconduct," Motion at 3, and that admitting such evidence "is extremely unfairly prejudicial," Motion at 3, "is highly prejudicial to the majority of the other Defendants," Motion at 4, and "has a cumulative prejudicial effect." Despite these many remonstrations, they never cite a single case that has held this and they never explain, nor can they, how the evidence is irrelevant or how the risk of "unfair prejudice" substantially outweighs the evidence's probative value.

The Court should reject Defendants' Rule 401, 402, and 403 arguments on two grounds. First, they have forfeited it by: (1) failing to provide this Court with the controlling law applicable to invocation of the Fifth Amendment; (2) failing to provide this Court with any law whatsoever that supports their theories of irrelevance and risk of unfair prejudice; and (3) failing to explain, in any meaningful way, and in light of controlling case law, how they have met their burdens to

4

exclude the evidence under Rules 401, 402, and 403.

Finally, the Court may and should also deny the Motion on its merits for all the reasons already outlined in this Opposition.

For these reasons, Defendants' MIL #19 should be denied.

Dated: May 14, 2025

                                           Respectfully submitted,
                                           *PLAINTIFF ROBERT SMITH JR.*

                                   By:    /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law