IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|            Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|            Defendants. | ) | |

**SMITH'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 20
TO BAR IMPROPER EVIDENCE AND ARGUMENT AS TO DAMAGES**

In Defendants' MIL #20, Dkt.592, Defendants make three arguments:

1. Defendants first assert that the Court should bar all evidence and argument regarding any damages sustained by Smith's family members, most specifically, Robert's wife Diane and son Joshua. As Defendants acknowledge, Smith agreed to this request during the meet and confer, and he has no intention of asking for any damages for any person other than for himself, Robert Smith.

Nevertheless, Defendants then attempt to extend their motion in limine beyond Smith's agreement and attempt to limit and control Diane and Joshua's testimony of what Diane experienced in losing her husband and what Joshua experienced in not being able to have a relationship with his father outside of prison walls. Defendants have not cited any case law or even rationale to support this argument. They simply declare that neither should be able to discuss the experiences they both lived through and observed as a result of having Robert in prison. That wildly overbroad request should be denied. Both Diane and Joshua can testify about Robert's jail experiences given the fact that they spoke to him, visited

1

him and exchanged letters with him at various points throughout his 33-year incarceration. The fact that Smith has agreed he cannot seek damages to compensate Diane or Joshua for their losses does not preclude them from being able to testify about Robert's losses in that regard. By failing to provide either case law or a rationale, Defendants have waived the argument, and the argument should also be denied on its merits.

2. Defendants next assert that the Court should bar Diane and Joshua from testifying about what Robert experienced while he was in prison. Again, Smith agreed during the meet and confer that if the witness has no first-hand knowledge of the testimony being offered, and no hearsay exception exists to allow testimony about statements made by Robert, then they could not testify about what Robert told them if the evidence is offered for the truth of the matter asserted. If a hearsay exception does apply, or the matter is asserted for another purpose, however, the testimony is admissible. Smith respectfully requests this Court to deny this part of the Motion without prejudice to allow the Court to rule on this issue on a case-by-case basis in the context of the witness's testimony. Put differently, the Court's ruling should be deferred until trial "so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context." *United States v. Rusin*, 889 F. Supp. 1036, 1038 (N.D. Ill. 1995).

3. Defendants' final argument is that Smith should not be permitted to either move the admission of evidence or make an argument that the Defendants' violation of his constitutional rights constitutes a "separate category" of damages.

Smith intends to rely on the Seventh Circuit's pattern instructions on Compensatory and Punitive Damages, 7th Cir. PJI 7.26 and 7.28, and Smith has no objection to a narrow order that he may not assert that a "violation of his constitutional rights" constitutes a "separate category" of damages from the compensatory and punitive damages he will ask the jury to award. But such an Order should not bar Smith from telling the jury things to the effect of: "police officers should not violate citizen's constitutional rights," that "constitutional rights are important and should be upheld," or that "victims of violations of constitutional rights should be compensated," etc. Nor should the Court's Order in any way limit Smith from talking about the specific violations of constitutional rights that happened to him between September 1987 and August 1990.

Dated:  May 14, 2025

                                                Respectfully submitted,
                                                *PLAINTIFF ROBERT SMITH JR.*

                                                By: /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law