**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH'S OPPOSITION TO DEFENDANTS' MIL #22 TO BAR SMITH FROM TELLING THE JURY TO SEND A MESSAGE TO THE CITY OR DEPARTMENT**

In Defendants' MIL #22, Defendants seek to bar Plaintiff from arguing that the jury should "send a message" to the City of Chicago (the "City") or the Chicago Police Department (the "Department") because punitive damages are not available against either entity. Smith agrees that punitive damages may not be entered against the City or the Department and that he may not argue that the jury should award punitive damages to "send a message" to either.

Plaintiff, however, is entitled to argue that the jury should award punitive damages to deter police officers, including Chicago Police Department officers, from future misconduct, as described in the very cases Defendants' Motion cites. *See Jones v. City of Chicago*, No. 14-CV-4023, 2017 WL 413613, at *5 (N.D. Ill. Jan. 31, 2017 ("Jones is entitled to ask the jury to award punitive damages and send a message to Defendants or to other police officers generally to deter the type of misconduct Jones alleges in this case."); *Betts v. City of Chicago*, No. 2011 WL 1837805, at *9-10 (N.D. Ill. May 13, 2011) ("Betts will be permitted to argue that he is attempting to deter the defendant officers and other Chicago police officers from future misconduct."); *see also Bruce v. City of Chicago*, No. 09 C 4837, 2011 WL

3471074, at *6 (N.D. Ill. July 29, 2011) ("Given that compensatory damages are limited to actual losses, this Court agrees that Plaintiff's argument that the jury should 'send a message' is a punitive damages argument. Nevertheless, the Court is not persuaded that Plaintiff should not be able to argue that he is attempting to deter Defendant officers and other Chicago police officers from future misconduct…. Defendants' motion *in limine* is denied insofar as Plaintiff will be permitted to argue that he is attempting to deter Defendant officers and other Chicago police officers from future misconduct."). Cf. also *Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 738 (N.D. Ill. 2004) (permitting "send a message" argument, even against the City and even in the absence of punitive damages).

Plaintiff Robert Smith therefore agrees that he may not argue that punitive damages should be awarded to "send a message" to the City or Department, but Smith further requests that the Court make clear that Smith may do so against both the five living Defendants in the case, as well as other supervisors, police officers and Detectives in the Department.

Dated: May 14, 2025

              Respectfully submitted,
              *PLAINTIFF ROBERT SMITH JR.*

        By: /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077

2

847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com