IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 23 TO BAR ANY ARGUMENT THAT JURORS ARE THE "GUARDIANS OF THE COMMUNITY" OR ARE OTHERWISE TASKED WITH PROTECTING THE PUBLIC**

In Defendants' MIL #23, Defendants assert that Smith is not permitted to tell the jurors that they are the "guardians of the community" or that they are otherwise tasked with protecting the public from police officers who would engage in misconduct. Smith respectfully disagrees because Defendants have not pointed to a single case in which a plaintiff in a civil rights case has been barred from making such an argument.

Defendants cite three cases on page 1 of their Motion: *United States v. Roman*, 492 F.3d 803, 805-06 (7th Cir. 2007); *United States v. DeSilva*, 505 F.3d 711, 718 (7th Cir. 2007); *United States v. Weatherspoon*, 410 F.3d 1142, 1150 (9th Cir. 2005). These cases are not on point and do not bar the argument that Defendants identify.

The Seventh Circuit's holding in *Roman* did not involve a "Guardians of the Community" argument at all. It involved the "Golden Rule" that prohibits a party from asking a jury member to put himself or herself in the shoes of a party. That is not permitted, *Roman* holds, along with more than 3,000 other cases, but there is no

1

mention in those cases of barring an argument that the jury is a "guardian" or "protector" of the community or public and that its verdict can serve to protect the public from police misconduct.

The Seventh Circuit's *DeSilva* case was very different from this case. It was a criminal prosecution against a drug dealer, and the prosecutor was held to have crossed the line by arguing in closing argument that by returning a verdict of guilty, the jury would be "protecting this community from drug dealers like the defendant and gang leaders like the defendant that inflict violence upon this community." *United States v. DeSilva*, 505 F.3d 711, 718 (7th Cir. 2007). The Court held that such comments were not proper, *Id.*, citing three criminal cases, and that such comments "improperly invite[] the jury to convict the defendant in order to punish or deter other persons not on trial." *Id.* The Court did not reverse the conviction, however, holding that the improper comments did not rise to the level of plain error. *Id.*

Finally, the Ninth Circuit's decision in *Weatherspoon* is virtually identical to the Seventh Circuit's opinion in *DeSilva*, and is inapplicable for the same reasons as *DeSilva*.

Defendants' reliance on *DeSilva* should be rejected, however, because as we explain in detail in a companion MIL opposition to this one, #22, Smith is permitted to argue to the jury that they may send a signal to other police detectives or officers who would consider engaging in misconduct and violating their oath. *DeSilva* holds that in criminal case, a prosecutor may not improperly invite the jury to convict a

2

criminal defendant in order to deter other persons in the community who are not on trial. That is fundamental to due process in a criminal case. In civil cases such as this one, however, a civil rights plaintiff "is entitled to ask the jury to award punitive damages and send a message to Defendants *or to other police officers generally* to deter the type of misconduct plaintiff alleges in this case." *See Jones v. City of Chicago*, No. 14-CV-4023, 2017 WL 413613, at *5 (N.D. Ill. Jan. 31, 2017); *Betts v. City of Chicago*, No. 2011 WL 1837805, at *9-10 (N.D. Ill. May 13, 2011) (same); *Bruce v. City of Chicago*, No. 09 C 4837, 2011 WL 3471074, at *6 (N.D. Ill. July 29, 2011) (same); *Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 738 (N.D. Ill. 2004) (actually going beyond Jones, Betts, and Bruce and holding that his argument may also be made against the City of Chicago).

For all these reasons, and also because Defendants fail to explain anything at all to the Court about these cases and failed to develop their argument in any way, the Court should deny the Motion on both waiver grounds and on the Motion's lack of merit.

Dated: May 14, 2025

          Respectfully submitted,
          *PLAINTIFF ROBERT SMITH JR.*

By:   /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669

Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com