IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|               Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|               Defendants. | ) | |

**SMITH'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 24 TO BAR ANY REFERENCE WHATSOEVER TO SMITH'S CERTIFICATE OF INNOCENCE**

In Defendants' MIL #24, Defendants request this Court to bar the Certificate of Innocence ("COI") that the Chief Judge of the Cook County Criminal Court awarded to Plaintiff Robert Smith on November 6, 2020, in its entirety (the "Motion"). Defendants request this on three grounds: (1) relevancy; (2) hearsay; and (3) undue prejudice. All three arguments should be rejected.

**I.  The Seventh Circuit Has Held That COIs are Relevant When Plaintiff's Civil Rights Case Includes an Illinois Malicious Prosecution Claim**

Defendants are correct that Smith will argue the COI as "substantive evidence . . . that Smith's criminal case ended in a manner indicative of innocence," Motion at 2. This is wholly permitted. The Seventh Circuit has ruled that a COI is relevant whenever a civil rights plaintiff has also pled a malicious prosecution claim. In *Patrick v. City of Chicago*, 974 F.3d 824 (7th Cir. 2020), the Seventh Circuit rejected the identical relevance argument Defendants raise here. In an opinion written by Chief Judge Sykes, the Court held:

> The district judge held—and we agree—that Patrick's certificate of innocence was directly relevant to an element on which he bore the burden of proof: that the prosecution against him was terminated in a manner indicative of innocence.

*Id.* at 833. *See also Id.* at 834 ("In sum, the certificate of innocence was directly probative on an element of Patrick's malicious-prosecution claim").

Since the Seventh Circuit's 2020 holding in *Patrick*, **every** judge in this district has followed *Patrick*, as they must. See *Gray v. City of Chicago*, No. 1:18-CV-02624, 2023 WL 7092992, at *12 (N.D. Ill. May 8, 2023) ("*Patrick* is controlling on the relevancy of the certificate in malicious-prosecution claims: the certificate is 'directly relevant' to the indicative-of-innocence element. . . [T]he certificate is [also] admissible against Rule 403 concerns [with a proper limiting instruction.]"); *Brown v. City of Chicago*, No. 18 C 7064, 2023 WL 2640317, at *3 (N.D. Ill. Mar. 22, 2023); *Bolden v. City of Chicago*, 17-cv-417, ECF No. 467, at 26 (N.D. Ill. Sept. 22, 2021).

In addition, several other judges in this district reached the same result prior to the *Patrick* decision. *See Harris v. City of Chicago*, 2018 WL 2183992, at *3 (N.D. Ill. 2018) ("Plaintiff's certificate is relevant and admissible to demonstrate that Plaintiff's underlying criminal proceedings were terminated in her favor in relation to her malicious prosecution claim . . ."); *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 745–46 (N.D. Ill. 2015) (same); *Chatman v. City of Chicago*, 2018 WL 11426432, at *1 (N.D. Ill. Oct. 11, 2018) (same); *Logan v. Burge*, No. 09-cv-05471, Dkt.423, at 1–3 (N.D. Ill. Oct. 19, 2012) (same).

Even more judges have denied the same argument Defendants raise in the context of

motions to dismiss or for summary judgment. *See, e.g., Cruz v. Guevara*, No. 23 C 4268, 2024 WL 4449944, at *1 (N.D. Ill. Oct. 9, 2024) ("The Court of Appeals held relatively recently that certificates of innocence, when issued to [] malicious prosecution plaintiff[s], are relevant to whether the underlying prosecutions of such plaintiffs were terminated in a manner indicative of innocence"); *Brown v. City of Chicago*, 633 F. Supp. 3d 1122, 1170 (N.D. Ill. 2022); *Palmer v. City of Decatur*, No. 17-CV-3268, 2021 WL 7707939, at *46 (C.D. Ill. Sept. 20, 2021); *Walker v. White*, No. 16 CV 7024, 2021 WL 1058096, at *13 (N.D. Ill. Mar. 19, 2021); *Patterson v. Dorrough*, No. 10 C 1491, 2012 WL 5381328, at *5 (N.D. Ill. Oct. 31, 2012) (denying summary judgment on plaintiff's malicious prosecution claim because "the charges against Patterson were not simply dropped by the prosecutor . . . Patterson was subsequently issued a certificate of innocence").

In addition to the COI being relevant to the "favorable termination" element of a malicious prosecution claim, several judges have held that the criminal court's award of a COI is also relevant to damages when the Defendants argue that Plaintiff committed the crime, something Defendants are contending here. *See, e.g., Harris v. City of Chicago*, 2018 WL 2183992, at *3 (N.D. Ill. 2018); *Chatman v. City of Chicago*, No. 14 C 2945, 2018 WL 11426432, at *4 (N.D. Ill. Oct. 11, 2018); *Kluppelberg*, 84 F. Supp. 3d at 746.

In *Walker v. White*, No. 16 C 7024, Transcript at 40 (N.D. Ill. Mar. 2, 2023), Dkt.579-4, Judge Shah held that in a case *where there is no Illinois malicious prosecution claim*, a COI would not be admissible because the element of "favorable termination" would not be at issue. However, here, Plaintiff has pled and is proceeding on his malicious prosecution claim, so Judge Shah's holding is inapposite. Indeed, the

3

only cases in which a motion to exclude a COI was granted were ones in which either the Plaintiff no longer had a malicious prosecution claim, such as *Walker* and *Brown v. City of Chicago*, No. 19 CV 4082, 2024 WL 5438519, at *15 (N.D. Ill. July 30, 2024), or it was undisputed in the civil rights case that the plaintiff was innocent of the criminal conduct charged. *See Brown*, 2024 WL 543819, at *15 & n.15. Neither apply here, so the COI should unequivocally be admitted.

## II.    Judges In This District Have Overwhelmingly Held That A COI Falls Within The Public Records Exception To The Hearsay Rule And Is Admissible.

Defendants are correct that the Seventh Circuit has yet to determine whether a COI is inadmissible hearsay or whether it falls squarely within the public records exception in Federal Rule of Evidence 803(8). In the meantime, five judges in this district have held that a COI falls squarely within the 803(8) public records exception and is not inadmissible hearsay. *See Brown v. City of Chicago*, No. 18 C 7064, 2023 WL 2640317, at *2 (N.D. Ill. Mar. 22, 2023) ("This court, consistent with others in this Circuit, finds that the Certificate of Innocence is a public record within the meaning of Rule 803(8)."); *Chatman v. City of Chicago*, 2018 WL 11426432, at *4-5 (N.D. Ill. Oct. 11, 2018); *Harris v. City of Chicago*, No. 14 C 4391, 2017 WL 11887787, at *3 (N.D. Ill. Mar. 29, 2017); *Kluppelberg v. Burge*, 84 F. Supp. 3d 741, 745–46 (N.D. Ill. 2015); *Logan v. Burge,* No. 09 C 5471, Dkt.423, at 2-3 (N.D. Ill. Oct. 19, 2012).

The entire purpose of the Rule 803(8) public records exception is to admit into evidence "factual findings from a legally authorized investigation." FRE 803(8). A COI easily meets this test, as well as the other elements of Rule 803(8). A COI is "a statement

of factual findings" of both a "public office" and "a legally authorized investigation" that sets out "the office's activity" in applying the Illinois Innocence Act. FRE803(8); *see also Brown*, 2023 WL 2640317, at *2. The issuance of a COI also occurs in a matter in which the court "was under a legal duty to report." FRE 803(8). *Id.*

Rule 803(8)(b) allows Defendants to show that the source or circumstances of the public record indicate a lack of trustworthiness, but they completely fail in their attempt to do so. First, the Illinois Innocence Act was passed by the Illinois General Assembly and signed into law in 2011, with subsequent amendments effective in 2013, 2021, 2025. Defendants never assert that in issuing the COI here, Chief Judge Martin deviated from any of the Act's requirements. It does not suffice for Defendants to assert that they do not like certain components of the Act, *see* Motion at 1-2; that simply does not qualify as *evidence* that the source or circumstances of the Court's Order lack trustworthiness.

Second, under 28 U.S.C. § 1738, this Court must give the Circuit Court's Order the same full faith and credit as it would give to an Order issued by a federal court. *See* 28 U.S.C. § 1738 ("[state] judicial proceedings [and authenticated] copies thereof . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken"). (Smith's counsel has obtained and produced an authenticated copy of the Order.)

Third, in addition to the statutory safeguards chosen by the legislature, the Cook County Criminal Court also has an internal rule that all COI Petitions are to be heard by the Chief Judge. This guarantees both (a) uniformity in the application of the statute's *elements*, and (b) that the Petition will be heard by a highly experienced judge.

5

Defendants may not like the statute's elements, but the elements have been determined by the legislature and are binding. For example, one of Defendants' favorite arguments is that Judge Martin did not conduct an evidentiary hearing, and that he only considered the written documentation that Smith provided with his Petition. But Illinois courts have clearly held that "the act does not require an evidentiary hearing." *People v. Gomez*, 2021 IL App (1st) 192020, ¶ 63 (2021). It permits one if the Petitioner requests it, but no evidentiary hearing is required. *Id*.

Fourth, Defendants imply that it is simply way too easy to obtain a Certificate of Innocence where, as here, the Special Prosecutor did not oppose the Petition. Defendants want this Court to believe that Cook County's Chief Criminal Judge is giving away COIs the same way that a dentist gives away little tubes of toothpaste. In fact, the exact opposite is true. There are many cases from Cook County which make clear that COI Petitions are often *denied*. *See e.g.*, *People v. Shawn Smith*, 2024 IL App (1st) 221645-U; *People v. James Reed*, 2024 IL App (1st) 230669-U, *appeal allowed*, 238 N.E.3d 302 (Ill. 2024); *People v. Thomas Warner*, 2022 IL App (1st) 210260-U; *People v. Terrell*, 2022 IL App (1st) 192184; *Gomez*, 2021 IL App (1st) 192020. In the past four years, the Illinois Supreme Court has twice unanimously overruled Illinois Circuit Court opinions denying a Certificate of Innocence. *See People v. Washington*, 2023 IL 127952, ¶ 1 (reversing COI denial and directing that it be awarded); *People v. Palmer*, 2021 IL 125621, ¶ 1 (same), and recently, the Court accepted an appeal of another denied COI, *People v. James Reed* (2024 IL App (1st) 230669-U, *appeal allowed*, 238 N.E.3d 302 (Ill.

6

2024).[1]

It is noteworthy that Defendants do not cite a single case from this District holding that a COI is inadmissible. They attempt to do so but repeatedly miss the mark. Instead of citing such a case, they cite cases that don't pertain to the issue at hand, like *Fields v. City of Chicago*, 2014 WL 12778835, at *4 (N.D. Ill. Apr. 29, 2014) (which held that the "*denial* of a COI is inadmissible"); *Taylor v. City of Chicago*, 2012 WL 669063 (N.D. Ill. Feb. 29, 2012) (which held that a "finding of 'no probable cause'" is inadmissible); and *Fairley v. Andrews*, 423 F. Supp. 2d 800, 811–12 (N.D. Ill. 2006) (which held that the "outcome of prior litigation" is inadmissible). Mot. at 3, 6. They do not, however, cite to any judge in this District who has held a COI to be inadmissible hearsay.

---

[1] On page 4 of their Motion, Defendants significantly misrepresent the Illinois Supreme Court's holding in *People v. Washington*, 2023 IL 127952. Defendants state:

> Where the State does not take a position on the COI proceedings, the circuit court is forbidden to consider any evidence beyond the plaintiffs' petitions, including the criminal trial transcripts; and
>
> [A]n Illinois criminal court is "not free to reject the petitioner's evidence" and cannot consider anything beyond what is submitted by the petitioner when the petition is not opposed.

Motion at 4, *citing Washington*, at ¶¶ 51-56. The *Washington* Court *actually* held that it was error for the judge considering the COI Petition to:

(1) to look at the criminal trial transcripts *after the evidence in the COI proceeding had closed*;
(2) to consider that additional evidence *without giving Petitioner an opportunity to respond to that evidence*; and
(3) *to make credibility determinations* from those criminal trial transcripts *without explaining "how petitioner's unrebutted evidence was contradicted, inherently improbable, or impeached."*

*Id*. at ¶¶ 52-56. The ruling in that case is the exact *opposite* of what Defendants argue here. The Court held that the Illinois Innocence Act "allows the trial court to take 'judicial notice of prior sworn testimony or evidence admitted in the criminal proceedings,'" *Id*. ¶ 52, but simply is not free to reject the petitioner's evidence without explaining "how petitioner's unrebutted evidence was contradicted, inherently improbable, or impeached." *Id*. at ¶ 56 (emphasis added).

7

Because there is no such case, Defendants switch to a different argument, asserting that this Court should apply *Greycas, Inc. v. Proud*, 826 F.2d 1560, 1567 (7th Cir. 1987) to bar the COI. They fail to inform the Court, however, that three district judges have already expressly distinguished the Seventh Circuit's *Greycas* opinion, holding that it does not apply to the specific circumstances of a COI. *See Chatman*, 2018 WL 11426432, at *4; *Kluppelberg,* 84 F. Supp. 3d at 745–46; *Logan*, No. 09 C 5471, Dkt.423, at 2-3 (N.D. Ill. Oct. 19, 2012). Put another way, Defendants are asking this Court to do something that in the past 38 years no judge has ever done: bar a COI from evidence based on the Court's holding in *Greycas*.

Finally, apparently aware that Federal Rule of Evidence 807 is also a problem for them, Defendants repeatedly state that this residual hearsay exception is "very narrow" and used "very rarely." Motion at 5-6, *citing* three cases unrelated to the admission of COIs. First, should the Court find that the COI is a public record under Rule 803, it need not reach this argument. *See Brown v. City of Chicago,* No. 18 C 7064, 2023 WL 2640317, at *2, n.2 (N.D. Ill. Mar. 22, 2023). Regardless, Rule 807 allows a statement "supported by sufficient guarantees of trustworthiness" that "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." FRE 807. In arguing that the Court should reject this argument, Defendants misapply the phrase, "guarantee of trustworthiness." Defendants would have this Court conclude that Judge Martin's "hearsay" issuance of a COI should be barred because his holding that Smith is innocent is not "trustworthy." For a hearsay statement to meet the "guarantee of trustworthiness" element of Rule 807, this Court must be convinced that Judge Martin truly made the statement (*i.e.*, issued the COI)

8

and as a source, he is credible. *Harris v. City of Chicago*, 327 F.R.D. 199, 201 (N.D. Ill. 2018) ("A hearsay statement satisfies Rule 807's trustworthiness element if it has circumstantial guarantees of trustworthiness 'equivalent to those inherent in the more specific [hearsay] exceptions' in Rules 803 and 804) (citation omitted). The COI is admissible under Federal Rules of Evidence 803(8) and 807, and is not hearsay.

### III. The Seventh Circuit Hase Rejected Defendants' Rule 403 Undue Prejudice Argument

In *Patrick*, the Seventh Circuit also rejected Defendants' undue prejudice argument. Smith does not deny that in *Patrick*, the Court expressed concern about the risk of "unfair prejudice," the risk of "giving conclusive weight to the COI," and the risk of "confusing the issues." *See* Motion at 9-10. But it is absurd to argue that those cropped quotes from *Patrick* require a Rule 403 holding *in Defendants' favor*. In the very next paragraph of the decision, the Seventh Circuit specifically held that all of those risks can be easily ameliorated by a carefully-crafted jury instruction – and they cite with substantial approval Judge Guzman's jury instruction in *Patrick*. See *Patrick,* 894 F.3d at 833 and 834 ("the judge appropriately instructed the jury [in order] to limit the risk of unfair prejudice or jury confusion").

Finally, Defendants make two more arguments, both of which this Court can easily reject. First, Defendants assert that Judge Martin issued his Order "by way of [a] pre-printed form." Motion at 1. That is true. Cook County Criminal Court ("CCCR") Form 709 is used for every single grant of a Certificate of Innocence in Cook County, just as Form CCCR 708 is used for every denial of a Certificate of Innocence in Cook County. *See* Exhibits A and B. If someone did not know that fact, they might

9

think that use of a pre-printed form is a rather cursory way to conclude that someone is innocent of a double murder for which they lost 33 years of their life. This Court should not bite at the suggestion that there was anything cursory about this process.

Second, Defendants ask this Court to block Smith from arguing that the Chief Judge of the Cook County Criminal Court "found him innocent" (even though that is precisely what he did) and from asserting that the Office of the Special Prosecutor ("OSP") did not contest the COI Petition (even though it did not). They claim that this Court must do so because it will "creat[e] the inference that the OSP would have contested the petition if Smith was not, in fact, innocent." Motion at 2. Similarly, they asserted that Smith's COI must be barred because it emanated from a "non-adversarial proceeding." Motion at 2, 7. In *Patrick*, Judge Guzman rejected these precise arguments, holding that the State's Attorney's decision not to challenge the criminal defendants' Petition of Innocence is itself circumstantial evidence that the petitioner's criminal case was terminated in a manner indicative of innocence.

> What the plaintiff has to show is, as you indicated, not only that his case was terminated favorably, but that it was terminated in a manner indicating innocence. So the question is, what pieces of evidence out there are there that, when the state's attorney's office *nolle prossed* this case, it's because they thought the defendant was innocent, not because witnesses had died, they couldn't prove the case up. Not because evidence had been lost. Not because for political reasons. But because they believed the defendant was innocent. This seems to me, regardless of what the statute says, or its purpose, an opportunity for the state's attorney's office to have stepped up and said: No, we don't think he is innocent. He shouldn't get a certificate of innocence. And instead of doing that, they sat on their hands. That's evidence. Circumstantial evidence, but it's evidence. And it goes to an essential element of his malicious prosecution claim. It comes in.

*Patrick v. City of Chicago*, No. 14-cv-3658, Pretrial Tr. at 103 (N.D. Ill. Feb. 21, 2017), attached as Exhibit C.

At the end of the day, Defendants want to retry Smith for the murder of his in-laws. In doing so, they want this Court to admit evidence they believe supports that conclusion, but bar all of Smith's counter-evidence that he is innocent, including by attacking the COI process. There is nothing "unfair" or "unduly prejudicial" to Defendants about the COI (or the statutory processes Smith followed to obtain it) other than Defendants don't like that Smith obtained it. The Motion should be denied on 403 grounds as well.[2]

Finally, on page 9, Defendants assert that in arguing that "since Smith is innocent, Defendants must have fabricated evidence and tortured Smith into falsely confessing . . . Plaintiff would hope the jury would give the COI the *res judicata* effect that Illinois law expressly forbids" and therefore, Defendants assert, the COI should be barred from evidence. Numerous judges in this district have rejected this argument, but none more articulately than Judge Lee in *Chatman v. City of Chicago*, 2018 WL 11426432, at *4:

> [Defendant] next contends that the COI is inadmissible under the Illinois COI statute itself. She points to a provision of the statute that states that "the decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed in the Court of Claims and shall not have a *res judicata* effect on any other proceedings."

---

[2] Recognizing the relevance to the "indicative of innocence" element of the malicious prosecution claim, Defendants offer to literally remove that requirement from the jury instructions. Motion at 11. Plaintiff will accept that offer, but only if Defendants agree not to assert that Smith was guilty of the Yeager or Alexander murders. Smith agrees with the numerous courts that have held that the focus of this upcoming trial should remain on Defendants' unconstitutional misconduct and not a retrial of Smith's guilt or innocence. Without such an agreement from Defendants, however, Plaintiff will not agree that Defendants get to scream "guilty, guilty, guilty" throughout the entire trial, but then have all of the "indicative of innocence" evidence removed.

11

> As an initial matter, the relevance of state evidentiary law is unclear—this is a federal case applying federal law. "[T]he Federal Rules of Evidence, not provisions of state law, govern the admissibility of evidence in federal court."
>
> What is more, the provision to which [Defendant] cites does not have anything to say about the admissibility of a COI. Rather, [Defendant] conflates the issue of whether a COI is "binding," *i.e.*, whether it will have a "*res judicata* effect," with the issue of admissibility. The two issues are not the same. As discussed above, the COI does not have any preclusive effect on any of the issues in this case—the jury will have the prerogative to weigh it along with all other evidence to render its verdict as to Chatman's claims. Nothing in the Illinois statute prohibits the COI's mere admission into evidence.

*Id.* (all internal citations omitted). *See also Walker*, 2017 WL 2653078, at *6 ("the statute only states that the certificate does not have a res judicata effect on any other proceedings—it does not bar its evidentiary use or relevance in later proceedings"); *Harris*, 2017 WL 11887787, at *2 ("The Court agrees that Plaintiff's Certificate of Innocence does not have a res judicata effect on any other proceedings as unequivocally stated in the statute, 735 ILCS 5/1-702(j), but it is also clear that the statute does not bar the evidentiary use of Plaintiff's certificate"); *Kluppelberg*, 84 F. Supp. 3d at 745, 747 (same).

## Conclusion

For all the reasons stated in this Opposition, Defendants' Motion to bar Smith's COI should be denied.

Dated:  May 14, 2025

                                        Respectfully submitted,
                                        *PLAINTIFF ROBERT SMITH JR.*
                          By:   /s/ *Stuart J. Chanen*

CHANEN & OLSTEIN
7373 Lincoln Avenue, Suite 100
Lincolnwood, IL 60712    847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com