IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|     Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**SMITH'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 27
TO BAR EVIDENCE, ARGUMENT OR REFERENCE TO
DEFENDANT CLINE NOT BEING PRESENT WHEN SMITH CONFESSED**

Defendants' MIL #27 moves to bar one of Plaintiff's case theories – that Defendant Phil Cline repeatedly lied about being present at Area 2 on September 19, 1987, and that he repeatedly committed perjury when he told the Court and the jury at Smith's Suppression Hearing and Criminal Trial that he personally had taken Smith's oral confession. *See generally* Dkt. 203 (Smith's Motion For Default Judgment Against Defendant Phil Cline as a Sanction for Perjury) ("Default/Sanction Motion"); Dkt. 204 (Smith's Memorandum of Fact and Law in Support of Dkt.203).

There are three primary reasons the Court should deny Defendants' Motion.

**1. Judge Guzman Already Addressed Defendants' Arguments.**

There is no greater reason to summarily deny this Motion than the fact that Judge Guzman has already considered all of the arguments Cline raises in his Motion and specifically held on November 30, 2022 that the factual disputes raised in Smith's Default/Sanctions Motion would have to be resolved "during trial" with both parties "argu[ing] to the jury what conclusions it should draw from" the disputed facts about Defendant Cline. Dkt.321, at 5 (Nov. 30, 2022).

Judge Guzman denied the Default/Sanctions Motion "*without prejudice*" to

re-raising these issues "*post-trial*." *Id.* at 5 (emphasis added). Defendants have now, in essence, asked the Court to deny Smith's Default/Sanctions Motion <u>with prejudice</u> (*i.e.*, not allow Smith to make the argument that Judge Guzman held must go to the jury). The Court should simply decline to do so, either because Judge Guzman's November 2022 Order is "law of the case" or simply because the Court agrees with Judge Guzman that these disputed facts cannot be barred as a matter of law and must be decided by the jury.

Surprisingly (or perhaps not), Defendants do not even mention that Judge Guzman has already ruled on the very issues they raise in their Motion; but in any event, the Motion should be summarily denied.

**2. Defendants' "Insufficient Evidence" Argument Should Be Rejected.**

The second reason the Motion should be denied is that even putting aside Judge Guzman's prior opinion in this matter, the Motion is still not a proper motion in limine. Smith does not intend, as Defendants speculate, to use "foundationless records" and "hearsay" to prove his arguments about Cline's absence. Indeed, this is an odd argument given that all (or very close to all) of the records that Smith will use to prove Cline's perjury **are Defendant City of Chicago's own documents**. These documents are self-authenticating because they were produced as records regularly kept by the Chicago Police Department or City. In addition, the authentication and foundation for many of these documents have already been laid by Defendant Cline himself during two of his depositions related to this case. (If the City disagrees that (a) an OPS Reports, (b) a Command Channel Review signed by Cline himself, or (c) any other City of Chicago document, is either not authentic or

2

has insufficient foundation, then we can call all the Custodian of Records for the records the City has produced, and we will put them into evidence that way.) Defendants' argument that all of Smith's evidence will be inadmissible is just wrong, and the Court should deny this Motion on this basis as well. .

### 3. Defendants' Argument That "Our Evidence Is Stronger Than Smith's" Is Also Not A Proper Motion In Limine.

Defendants also argue that their Motion should be granted because the "Smith-identified-Cline-in-Court" evidence is stronger than any evidence that Smith might bring forward. There are two problems with this argument. First, it is not a proper grounds for a Motion in Limine. If the Defendants are urging this Court to block all of Smith's evidence and argument on this subject (or any other subject for that matter) on the ground that Defendants' evidence is stronger, then Defendants fundamentally misunderstand the purpose of a trial and the role that motions in limine play in relation to such a trial. "Our evidence is stronger" is simply an attempt to usurp the role of the jury and is not a proper basis for a motion in limine. That fact gets magnified ten-fold when Defendants intentionally omit all of the countervailing evidence that favors Smith. Put another way, even if "our evidence is stronger" *were* a proper argument (it is not), how could the Court assess such an argument when Defendants have omitted all of Smith's evidence?

That evidence – that Cline was not present at Area 2 -- includes:

- CPD's own Attendance and Assignment Record for September 19, 1987 (the "A&A"), states that Cline did not report for duty that day because he had taken a personal day off. PX97, at CITY-RS-24826. That A&A was prepared by that day's Watch Commander Rutherford Wilson. Wilson marked as "present" every Chicago police officer who appeared that day (and if he failed to do so, that person would not get paid). In any event, he marked Cline absent.

3

- Cline testified he was not aware of any person ever showing up for work and not being marked as present by the Watch Commander. Cline also testified that Sergeant Wilson was a "good" and "thorough" Watch Commander who capably performed his assigned responsibilities, including keeping track of who was and was not on duty during a specific watch. Cline Dep. at 12-14.

- CPD's own Office of Professional Standards (OPS) Investigator Calvin Bouma investigated Robert Smith's claim that Detectives had beaten and abused him at Area 2, including Robert's statement that he told the officer introduced to him as the "big boss" that he was hurting and needed medical attention. Bouma, however, concluded, that "Lieutenant Cline was not present for duty [on September 19, 1987]." PX98, at CITY-RS- 24866 (February 19, 1988 "Bouma Memo").

- *Cline himself* approved and signed off on the Bouma Memo as part of his duty to review each CR within his unit as part of "Command Channel Review." PX99, at CITY-RS-24768- 24769.

- Cline specifically approved and signed off on Bouma's conclusion that Cline was *not* on duty at Area 2 on September 19. *Id.*

- Cline testified that he did a thorough review of the Bouma Memo before signing it and that had he seen anything in the memo that was incorrect, there was a specific procedure in place for him to indicate that he thought some or all of the conclusions reached by Bouma were incorrect.

- Cline certifying that he was not at Area 2 that day one year before he was asked in February 1989 to come to Criminal Court to testify in the place of two of his Detectives, Defendants Rice and Pedersen, both of whom the ASA prepared for the hearing but refused to call to the witness stand, one, because a judge had found him not credible in a suppression hearing three months earlier (also in a case called *Robert Smith*, you cannot make this stuff up), and the second, because he was under federal investigation for stealing citizens' personal identification information from an FBI computer and selling them for profit.

- Cline prepared no reports on September 19, 1987, or at any other time related to the Yeager/Alexander Murder Investigation.

- Cline prepared no reports on September 19, 1987, or at any other time, related to his purported interrogation of Robert Smith.

- Not a single CPD report written at the crime scene mentions that Cline was present at the murder scene.

4

- None of the NBC5, WGN9, WFLD, or WLS/ABC7 footage taken live at the scene that day showed Cline present at the murder scene.

- Not a single September 19, 1987 report of any kind, written and/or submitted at Area 2 mentions Cline *in any way*.

- Not a single September 19, 1987 report written and/or submitted at Area 2 and related to the murder investigation, *was approved or signed by Cline*.

- Not a single September 19, 1987 report written and/or submitted at Area 2 and related to the murder investigation, *mentions Cline's involvement in Smith's confession*.

- Many Detectives, including some Defendants, don't remember seeing or speaking with Cline that day. *See* Dkt.502, at 105.

In their Motion, Defendants assert that Smith "has insufficient admissible evidence to establish Cline was not at work." They also assert that "no admissible evidence negates Smith's own testimony establishing Lt. Cline's presence at Area 2." They conclude by claiming that permitting any of the evidence or argument above "would result in unfair prejudice, would confuse the issues, and would mislead the jury." Motion at 3. Seriously? This is a quintessential credibility issue for the jury. Defendants know that if the jury finds that Cline was in fact ***not involved at all*** in the investigation, but lied under oath ***four times*** that he was, the jury will have a very difficult time believing anything that comes out of the Defendants' mouths. Smith has ample reliable evidence produced by the Defendants themselves. Their Motion, especially the portion that asserts "our evidence is stronger," must be denied.

Dated: May 14, 2025

                                                 Respectfully submitted,
                                                 *PLAINTIFF ROBERT SMITH JR.*

                             By:    */s/ Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN, LLP
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law