IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|               Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|               Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 28 TO BAR VIDEO DEPOSITION CLIPS FOR PURPOSES BEYOND IMPEACHMENT, IN CLOSING ARGUMENTS, AND IN OPENING STATEMENTS**

In Defendants' Motion in Limine #28, Dkt.576 ("Motion"), they have moved this Court to bar Plaintiff's use of video clips in the following three ways:

1. For any purpose other than impeachment.
2. In Closing Argument.
3. In Opening Statement.

The Motion should be rejected in its entirety on the following grounds:

**1. Defendants Do Not Support Their Request That Video Clips Should Be Barred For Any Purpose Other Than Impeachment.**

Defendants have provided no rule, rationale, or case law to bar the use of video deposition clips for any other purpose other than impeachment. Because the argument is completely undeveloped (indeed, "any other purpose" is mentioned only in the Motion's title), the argument is waived or forfeited. *See Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012) ("even arguments that have been raised may still be waived . . . if they are under-developed, conclusory, or unsupported by law").

Even if the Court does not find waiver, the Court must reject this request because with respect to at least six of the nine Defendants, it is fundamentally at odds with the Federal Rules of Evidence. A statement under oath at a federal deposition is an admission of a party opponent within the meaning of FRE 801(d)(2) and is not hearsay. As such, as long as the admission is relevant, the admission is <u>direct evidence</u> that may be admitted at any time during trial. To put

as fine a point on it as possible: Smith is permitted to play any defendant videotaped deposition directly to the jury, at any time within the reasonable limitations placed by the Court in relation to issues such as repetition. Smith does not need to wait to use the admission for impeachment, or to refresh recollection, or even to call the witness to the witness stand. Under Rule 801(d)(2) and Rule 32, the videotaped deposition is itself admissible evidence and may be played to the jury "for any purpose." Defendants' request for the Court to bar such use of videotaped depositions should be resoundingly denied.

2. **Defendants Do Not Support Their Request to Bar Video Clips In Closing Argument.**

    Defendants have likewise provided no rule, rationale, or case law to bar the use of video deposition clips in closing argument. Indeed, as the Court will see below in Section 3, the case law holds precisely the opposite. On pages 2-3 of their Motion, Defendants point to five cases that they claim bar use of video clips during *opening statement*s. They then assert:

> In the above-cited rulings barring the use of video deposition clips during opening statements, the courts **did not have the occasion to decide** whether the showing of video deposition clips during closing should be barred as well. *See Hynix*, 2008 WL 190990, at *1; *Wyatt Tech. Corp.*, 2010 WL 11505684, at *22; *Carpenter*, 2011 WL 3207778, at *7; *Beem*, 2012 WL 13018728, at *2; *In re Ethicon, Inc.*, 2014 WL 505234. But the reasoning in *Hynix* equally applies to closing arguments.

But this is a sleight-of-hand. Defendants have not pointed to a single case that has ever held that parties are not permitted to use a video clip in closing argument. They have not done so on any ground, including the ground Defendants urge here, that the jury may end up hearing that testimony twice or three times. The reason no case has ever made such a holding is that the very purpose of closing arguments is to synthesize and summarize for the jury all of the powerful evidence that has been admitted and supports that party's theory of the case. Video clips of deposition testimony should be no more barred in closing argument than a PowerPoint page that quotes the live testimony of a witness who made an admission from the witness stand during the trial. The two pieces of evidence have equal admissibility before the law; it is wholly for the jury to decide what weight to give evidence; and it would

2

be highly improper for the Court to bar evidence in closing argument that the Court had admitted as evidence during the trial. Defendants do not actually argue to the contrary; they just assert that the reasoning for barring it in opening statements applies equally to closing arguments, which it does not.

No Court has ever ruled that video clips may not be used in closing argument. Defendants use the euphemism "no Court has ever had occasion to decide whether the showing of video deposition clips during closing should be barred as well." Motion at 3. In other words, there is no case at all that supports Defendants' position regarding closing arguments. Indeed, no Court would reasonably bar a party from using the evidence in closing that the Court has admitted during the trial. Respectfully, to grant Defendants' request regarding Closing Argument would so hinder Plaintiff's ability to effectively summarize and present his case in closing as to be prejudicial error.[1]

### 3. Defendants Are Also Wrong About Blocking The Use of Such Admissible Evidence In Opening Statement.

As noted above, Defendants have not provided *any support* for their first two requests. Their final request – to bar video clips during opening statement – should be rejected for a different reason: Defendants significantly overstate the case law in their favor. While five courts have granted the request, many other courts have rejected it. Indeed, the last time a Court granted this request, as far as we can tell from Defendants' Motion, was

---

[1] Defendants actually do this a lot, but this is the best example we can find. Here, Defendants possess some limited case law to support barring video clips in opening statement (which is not nearly as uniform as Defendants suggest, which will be discussed below). They then insist on attempting to stretch that argument beyond all recognition. Both of their first two arguments (1 and 2 above) have no support in the rules or case law at all, but that does not stop Defendants from making those arguments. While it is a waste of Plaintiff's time and a waste of this Court's time to have to respond, Defendants nevertheless repeatedly rely on the theory, "Let's ask for A, B, and C, and perhaps if we wear the Court down with A and B, he will give us C." It is improper and highly cynical advocacy, and the Court should not permit these types of wholly unsupported throw-away arguments, which serve no other purpose than to arguably "increase the odds" on the sole, marginal, argument they actually have.

3

11-1/4 years ago. To their credit, Defendants cite two of the cases that have ruled against them, *MBI Acquisition Partners, L.P. v. Chron. Pub. Co.*, No. 01-C-0177-C, 2002 WL 32349903, at *1 (W.D. Wis. Oct. 2, 2002), and *Sadler v. Advanced Bionics, LLC*, No. 3:11-CV-00450-TBR, 2013 WL 1340350, at *3 (W.D. Ky. Apr. 1, 2013). There are, however, numerous other cases, including at least one in this District, that have permitted the use of video clips in opening statements. *Smith v. I-Flow Corp.*, No. 09 C 3908, 2011 WL 12627557, at *4 (N.D. Ill. June 15, 2011) (Judge Kennelly denying a motion to bar the use of video clips in opening statements and directing the parties to disclose the clips before trial to determine their admissibility); *Northfield Ins. Co. v. Royal Surplus Lines Ins. Co.*, No. SACV 03-0492-JVS, 2003 WL 25948971, at *3 (C.D. Cal. July 7, 2003) (denying motion in limine to exclude the use of deposition video clips in opening statements and holding that Federal Rule 32(a)(2) expressly permits the use of a party deposition "for any purpose."). *See also Dawson v. NaphCare, Inc.*, 2022 WL 203487, at *4 (W.D. Wash. Jan. 24, 2022) (holding that plaintiff may use surveillance video clips that are admissible during opening statements).

Moreover, as the Court explained in *Northfield,* a request to bar the use of deposition video clips in opening statements is wholly inconsistent with Rule 32(c), which was specifically amended to normalize the use of deposition videos during jury trials. *Id*. ("On any party's request, deposition testimony offered in a jury trial for any purpose other than impeachment *must be* presented in non-transcript form, if available, unless the court for good cause orders otherwise.") (emphasis added). Further, to the extent the Court has any concerns about the admissibility of the video clips, those concerns can be addressed by the parties designating the clips before the trial. *See Northfield,* 2003 WL 25948971, at *3; *I-Flow Corp.,* 2011 WL 12627557, at *4. There is no reason to bar the use of the clips altogether, as Defendants request.

The bottom line is that modern opening statements, to be effective, must account for

4

the fact that today's jurors live in a visual world in which the use of graphics and video aids is the norm, not the exception. Allowing the parties to use deposition video clips in opening statements is therefore not only consistent with the Federal Rules, but also with the very purpose of opening statements, which is to help the jury process and understand the evidence that will be presented during the trial. *See Sadler,* 2013 WL 1340350, at *3 ("one respected treatise" describes as "very effective advocacy" the practice of playing deposition video clips in opening statements (citing Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 6-H, Presentation of Opening Statement)).

Additionally, as the Court can discern from the above cases, there is no valid reason to treat a deposition video clip differently than any other piece of evidence. To block a party from using a video in opening (that is unquestionably admissible during trial) would be no different than barring Defendants from putting up an admitted exhibit during their opening. As one example only, why should Defendants be permitted to publish Smith's purported Transcribed Confession during (1) Opening, (2) Higgins' testimony, (3) Brogan's testimony, (4) Robert's testimony and (5) Closing Arguments, but Smith cannot put up an admission from a Defendant that Cline never asked him to search for a razor blade? One is a transcribed document with questions and answers, and one is a video with questions and answers. Is there any actual solid distinction for isolating a single kind of evidence and concluding that it would somehow be unfair to one party and only that type of evidence? There is not.

Indeed, *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-05-00334 RMW, 2008 WL 190990, at *1 (N.D. Cal. Jan. 21, 2008), is the only case that Defendants actually discuss in support of their request to bar videotapes during opening statements, but there are two problems with *Hynix*.

The first is that the Court's primary premise is fundamentally wrong. The Court

5

posits that a jury may find "videotaped testimony . . . more believable or important . . . because it can both see and hear the witness," *id.* at *1, but in fact the opposite is likely true. Juries might actually conclude that the more contemporaneous evidence – the police reports, other summaries written at that time, witness interviews at the time, physical evidence, and other evidence that memorialized the actual facts in 1987, will be much more *believable* and *important* than the evidence that a party to a lawsuit states at his deposition 35 years later.

*Hynix*'s second problem is that very few cases have actually followed *Hynix*. *Hynix* was a 2008 California district court case, and since that time, only four judges have joined *Hynix*. Two were also from California, one in 2010 (*Wyatt Tech. Corp.*) and one in 2011 (*Carpenter*); one was from Washington state in 2012 (*Beem*); and the final one was from Virginia in 2014 (*Ethicon*). As far as we can tell, however, no judge has agreed to the relief Defendants request in this Motion in the past 11-1/4 years, while other courts have consistently rejected such requests both before and after *Hynix* was decided. *See supra* at 4.

In sum, this Court should reject Defendants' invitation to dictate what each party may or may not use in their Opening Statements. Defendants' purported rationale of blocking Smith from getting "two-or-three-bites-at-the-apple" with video depositions simply does not hold up as a rationale because the exact same argument applies equally to four or five other types of evidence as well. What Defendants' motion really comes down to is yet another example of Defendants moving to limit the use of evidence *they do not like*. (Defendants are embarrassed from both admissions and false statements that they made in videotaped depositions.)

The bottom line is that until Congress amends the Federal Rules of Evidence to add, "Rule 1104. Exclusion of Evidence That The *Smith* Defendants Do Not Like," Defendants are stuck with the Rules of Evidence we actually have. None provide a rationale that supports barring Smith from using video clips in opening statements.

For all these reasons, the Court should deny Defendants' Motion.

Dated: May 14, 2025

>Respectfully submitted,
>*PLAINTIFF ROBERT SMITH JR.*
>
>By:     /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com