## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### SMITH'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* # 29 TO BAR JUDGE KENNELLY'S OPINION THAT DEFENDANT SOLECKI LIED UNDER OATH DURING A COURT HEARING IN *RICHARDSON V. BRILEY*

Defendants concede, as they must, that in *Richardson v. Briley,* 2004 WL 419902 (N.D. Ill. Feb. 10, 2004), *rev'd on wholly unrelated grounds*, 401F. 3d 794 (7th Cir. 2005), *as modified* (Aug. 8, 2006), Judge Kennelly conducted an evidentiary hearing in which Defendant Solecki testified about "whether witnesses tentatively or positively identified Richardson in a lineup." Motion at 1. As Defendants also concede, Judge Kennelly found Solecki's testimony to be "utterly lacking in credibility, both in his demeanor and the content of his testimony." 2004 WL 419902, at *12. Defendants omit that Judge Kennelly went quite a bit further, also holding that "Solecki's police report that [the witnesses] all tentatively identified Richardson from a lineup appears to be a complete fabrication" and that Solecki "attempted to embellish these purported 'identifications' even further by making up a non-existent photographic identification by [one of the witnesses]." *Id*. Judge Kennelly concluded, "Even giving Solecki the benefit of doubt, the court is unable to attribute to mistake, poor memory, or the passage of time. It was, quite simply, an untruth." *Id*. (emphasis added).

Defendants now ask this Court to bar Smith from using the Judge's express

finding to impeach Solecki, and they make four arguments, each of which may be summarily rejected: (1) the Seventh Circuit "vacated" Judge Kennelly's opinion; (2) Judge Kennelly's opinion about Solecki is inadmissible hearsay; (3) Judge Kennelly's opinion about Solecki is inadmissible character evidence; and (4) permitting the Judge's conclusions would be unfairly prejudicial to Solecki under FRE 403.

      1.      Defendants misrepresent to this Court the Seventh Circuit's holding in *Richardson v. Briley,* 401F. 3d 794 (7th Cir. 2005), *as modified* (Aug. 8, 2006). The Seventh Circuit ***did not vacate*** Judge Kennelly's opinion; it reversed it. Therefore all of Defendants' numerous case quotations that "Opinions that are vacated 'are officially gone,' " "have no legal effect whatsoever," and are "a legal nullity" may be true as to opinions that are *actually vacated*, but they have no bearing whatsoever as to Judge Kennelly's opinion about Defendant Solecki in this instance. The reason that Defendants are confused about this is that the Seventh Circuit did vacate the "writ of habeas corpus" that Judge Kennelly had issued to the prisoner in that case, Floyd Richardson. The writ itself had to be "vacated" and not just reversed for archaic reasons having to do with writs and federal court control over the Illinois Department of Corrections, but those arcane rules about vacating the writ have nothing whatsoever to do with any aspect of Judge Kennelly's opinion, which the Court of Appeals simply reversed. Under Defendants' theory, every district court opinion that has ever been reversed by a court of appeals is a nullity, and we know to a certainty that that is simply not correct. Defendants' first argument must be rejected.

2. Defendants' second argument should also be rejected for misapplying a second Seventh Circuit opinion, *Greycas, Inc. v. Proud*, 826 F. 2d 1560, 1567 (7th Cir. 1987). They do so in two different ways. First, Defendants pull one quote from Judge Posner's opinion completely out of context, apparently interpreting the opinion as holding that the federal district court improperly relied on hearsay evidence in reaching its damages' decision. But the Court in *Greycas* ruled ***precisely the opposite way*** than Defendants imply – the Seventh Circuit held that all of the facts on which the federal district court relied were either non-hearsay or fell within the Rule 807 residual hearsay exception (then referred to as FRE 804(24)). Second, even if *Greycas* ruled as Defendants suggest, such a holding still could not bar Judge Kennelly's factual findings set forth in his opinion. The focus in *Greycas* was on the federal court relying on the "judgment" of a state court in an earlier proceeding as evidence of damages in the federal proceeding. *See Id*. ("That was the use made of it by [plaintiff] and the district judge: the state court judgment fixed Greycas's rights, equivalent to title, in Crawford's farm machinery"). This case therefore has no bearing on Judge Kennelly's findings.

Judge Kennelly's opinion falls squarely within at least two hearsay exceptions, the public records exception set forth in FRE 803(8) and the "sufficient guarantees of trustworthiness" exception in FRE 807.

3. Defendants' Rule 404(b) argument must also be rejected. Defendants assert that the lies that Defendant Solecki told to Judge Kennelly constitute a "bad act" and that if this Court admitted Judge Kennelly's statements, the statements would be improper propensity evidence, presumably under Fed. R. Ev. 404(b)(1) –

although they do not cite that provision. Defendants also declare – without citation and without explanation – that none of the 404(b)(2) exceptions are applicable. Smith believes that they are very applicable, but it is really beside the point since the evidence is unquestionably admissible under a completely different rule, FRE 608.

FRE 608(a) provides in pertinent part that "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness. . . ." FRE 608(b), in turn, provides in pertinent part that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness." Under Rule 608, Defendant Solecki's credibility "may be attacked or supported by evidence in the form of opinion or reputation," as long it remains focused on his character for untruthfulness, and it is permitted by this Court. While we do not dispute that Solecki's lies constitute "bad acts" within the meaning of FRE 404, such lies and Judge Kennelly written opinion about them are unquestionably admissible under Rule 608. *See United States v. Dawson*, 434 F.3d 956, 959 (7th Cir. 2006) ("Rule 608(b) 'clearly' allows a judge to permit the defendant's lawyer . . . to ask the witness whether they had lied in two previous suppression hearings" and "to ask[] the witness

whether a judge, say, had ever found him not to be a credible witness").[1]

4.     Solecki's final argument – that there is a substantial risk he will suffer unfair prejudice if Judge Kennelly's opinion is admitted– should also be rejected. Solecki never explains, nor can he, how his lying to a federal judge and his concocting an unconstitutional lineup procedure could possibly create unfair prejudice *to him*. Every piece of relevant evidence is prejudicial to one side or the other, but in order for FRE 403 to apply, the evidence must be "unduly," that is "unfairly," prejudicial, and there is no risk of unfair prejudice in this evidence.  In addition, Defendants are completely silent about the evidence's probative value.  Rule 403 can only be applied when the probative value and the undue prejudice are measured against each other, and Defendants do not do that in their argument at all.  And, while it is unfortunate for Defendant Solecki that a judge's opinion may bear greater weight than had Solecki lied in a completely different forum, that does not constitute unfair prejudice to Mr. Solecki because the choice to make false statements, under oath, in this very courthouse, was his own.  There could be no more appropriate way to use those findings then as a mechanism to attack Solecki's credibility in this case. Solecki's 403 argument should also be rejected.

For all these reasons, Judge Kennelly's opinion regarding Defendant Solecki's

---

[1]     *See also United States v. Avalos-Diaz*, No. 8:22-CR-139, 2023 WL 5124985, at *3 (D. Neb. Aug. 10, 2023) (denying a motion in limine to bar questions about Detective Sunder-meier's false statements in an earlier judicial proceeding and holding that the opposing parties absolutely "may ask Detective Sundermeier whether the veracity of his testimony in prior judicial proceedings has ever been called into question").  See also *Battle v. O'Shaughnessy*, 11 C 1138, 2012 WL 4754747, at *4 (N.D. Ill. Oct. 4, 2012) ("Battle will be allowed to cross-examine O'Shaughnessy regarding the sustained CR because the fact that she was previously disciplined for providing false information on a police report is probative to her character for truthfulness").

character for untruthfulness is wholly admissible to impeach Defendant Solecki, and

Defendants' Motion to bar that opinion should be denied.


Dated:  May 14, 2025

                                        Respectfully submitted,
                                        *PLAINTIFF ROBERT SMITH JR.*

                                By:     /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law