**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

Robert Smith Jr.,                          )
                          Plaintiff,       )      No. 21-cv-1159
v.                                         )
                                           )      Honorable Jeffrey  I. Cummings
The City of Chicago, et al.                )
                                           )
                          Defendants.      )

**SMITH'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 30
TO BAR EVIDENCE OR ARGUMENT RELATING TO PEDERSEN'S
FEDERAL CRIMINAL CONVICTION, HIS RESIGNATION FROM CPD,
AND HIS TWO SUSTAINED COMPLAINT REGISTER FILES**

In Defendants' MIL #30, Defendants move to bar any evidence, argument, or

reference to Defendant Pedersen's (a) federal prosecution and conviction for  stealing

citizens' social security and other information from the FBI NCIC; (b) his related

resignation from CPD; (c) his sustained complaint register ("CR") file related to his

criminal conviction, and (d) his sustained CR file for violating the terms of his

medical leave.  The jury should know that Pedersen was engaging in criminal conduct

within five months of Smith's criminal trial, that he is a convicted felon for a crime

involving untruthfulness, and that even after he had been criminally charged, he

continued to violate rules.  All of this conduct, the conviction, the resignation based

on the conviction, and the two sustained CRs all go directly to Pedersen's character

for untruthfulness and are admissible under the Federal Rules of Evidence.

**BACKGROUND FACTS**

As Pedersen concedes in his Motion, in December 1991, while he was a City of

Chicago Police Detective, the United States Justice Department (and more specifically

the USAO for the Middle District of Florida) indicted Pedersen on twenty counts of

conspiring to commit crimes against the United States, unauthorized disclosure of citizens' social security information, wire fraud, theft of public records, and theft of government property. The criminal charges stemmed from Pedersen unlawfully accessing the FBI's National Crime Information Center (NCIC) database and disclosing records from that database to an organization that sold citizens' personal background information for profit. On April 13, 1992, Pedersen pled guilty to all twenty counts with which he was charged, while reserving his right to challenge his sentence, which he did shortly after the Court sentenced him to 18 months incarceration. *United States v. Pedersen*, 3 F. 3d 1468 (11th Cir. 1993). CPD then began proceedings to terminate Pedersen and ultimately issued Pedersen a sustained CR, but Pedersen resigned in June 1992 before the Department could complete the process of terminating Pedersen from the police force.

Pedersen also asserts that in January 1992 (after his indictment, but before he pled guilty and before he resigned), he hurt his back and went on medical leave. While on leave, according to Pedersen, he left the house for a medical appointment, but did not alert the Department, and he was, therefore, suspended for a day for failing to properly report.

## ARGUMENT

### A. Pedersen's Criminal Conviction Is Admissible.

Rule 609 permits evidence of a criminal conviction for purposes of "attacking a witness's character for truthfulness." Fed. R. Evid. 609. Defendants concede as much. *See* Motion at 2. Although presumptively inadmissible under Rule 609(b) because Pedersen's

federal conviction is more than ten years old, the rule and case law make clear that such is only a presumption, and that the Court may admit a conviction attacking a witness's character for truthfulness if the Court finds that the probative value of the conviction substantially outweighs its potential for prejudice. FRE609(b). Pedersen asserts that such findings under Rule 609(b)(1) should be made only "very rarely" and "only in exceptional circumstances," Motion at 3, citing *Rios*, 2007 WL 9724443, at *1 and *Fallon*, 348 F.3d at 254, but if there ever was an exceptional circumstance where this controlling part of the rule should be applied, this is it. Cf. Motion at 3 ("No exceptional circumstances exist in this case").

Rule 609(b) provides:

(b) **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FRE 609(b). There are numerous reasons why this is an appropriate case to apply Rule 609(b)(1) regarding probative value of Pedersen's conviction substantially outweighing any prejudicial effect it may have. The factors that favor its application include:

A. Pedersen was a Chicago Police Detective at the time he invaded the FBI database for personal gain and invaded the private information of numerous citizens.

B. The theft of citizens' personal information is high on the scale of deception and untruthfulness. This was not a bar fight. It wasn't child pornography. It

3

wasn't even excessive force. It was straight out stealing and lying, closely aligned with a character for untruthfulness.

C. The time frame was in very close proximity to Smith's trial (and although the indictment was for conduct that began in January 1991, it is certainly possible that the conduct began much earlier, but the USAO only charged the most recent conduct in the indictment). The close time proximity is important as it applies to Pedersen because he was one of the two people (he and Rice) who were logically scheduled to testify against Smith, in light of the fact that he took the "first" of the four different "first confessions." Recall that Cline had been recruited to testify in Pedersen's and Rice's place, Rice's because his disastrous performance in the other Robert Smith case three months earlier, and in Pedersen's place perhaps because of the risk of impeachment regarding his unlawful thefts from the FBI database.

In addition, all of Defendants' arguments to the contrary should be rejected.

1. Pedersen tries to distance his conviction from the time of Smith's criminal trial, asserting that his conviction was not final until June 1992, but this misses the point completely. Pedersen pled guilty to conduct that began in January 1991, less then five months away from Smtih's criminal trial.

2. The second argument is downright odd. Pedersen asserts that the Court should not admit his conviction about untruthfulness because there is no allegation that Pedersen tried to enrich himself during his investigation of Smith or that he attempted to steal sensitive information as part of the investigation into Smith. He then asserts that the allegations in Smith's case are "therefore wholly unrelated" to the crime to which he pled guilty. Again, this misses the point. The criminal conviction is admissible not because of its factual similarity to the charges against him in this case. It is admissible because it has an extremely high probative value on the issue of Pedersen's credibility as witness. *Cf.* Motion at 3 ("there is no probative value to . . . Pedersen's federal conviction").

3.     Pedersen's propensity argument on page 4 should also be rejected. Pedersen completely misses the point that the admission of a conviction under 609(b) goes directly and solely to the witness's character for untruthfulness.  It is not simply another Rule 404 "bad act" that the Court should hold inadmissible on the ground that invites a propensity chain of logic.

4.     Finally, Pedersen's claim that the Court should apply a Rule 403 balancing before making a decision about admissibility under Rule 609(b)(1) is a bit of an odd argument given that under Rule 609(b)(1), the evidence is admissible if its probative value substantially outweighs its prejudicial effect, while under Rule 403, the evidence is inadmissible if the danger of prejudicial effect substantially outweighs the evidence's probative value – so virtually the same test, just inverted.  In other words, there is not much left to consider under Rule 403 after the Court has already applied the balancing in Rule 609(b)(1).

**B. <u>Evidence of Pedersen's resignation is admissible.</u>**

In his Motion, Pedersen skips over his resignation.  The reason Pedersen resigned is admissible.  Unlike his criminal convictions, the 10-year rule set forth in FRE 609 and the balancing test set forth in FRE 609(b)(1) do not come into play at all.  One could argue that resigning from the CPD is not per se a "bad act" under Rule 404(b), but since the underlying reason for the resignation is criminal conduct and the fact that termination was imminent, one could assert that 404(b) is implicated, but again, just as discussed above, propensity is not implicated.  The resignation and the reason it is admissible is because it goes directly to Pedersen's character for untruthfulness, which is covered by FRE 608, a different rule altogether than Rule

404(b).  The resignation is admissible under Rule 608.

**C.  <u>Evidence of Pedersen's Two Sustained CR Files Are Admissible</u>.**

Pedersen makes the same two errors with respect to the sustained CRs that he makes above.  First, the inquiry is controlled by Rule 608 because the CRs go directly to Pedersen's character for truthfulness; they are not controlled as other bad acts under Rule 404(b), nor is a propensity analysis applied.  Second, the argument that there is a low level of probative value to the sustained CR because it is "entirely unrelated to the investigation into Smith" or "the allegations [of unconstitutional conduct] that Smith makes, again misses the point completely.  The evidence's relevance is not judged by its relationship to the underlying constitutional charges in this case; they are measured against Pedersen's character for untruthfulness, which all four incidents – the conviction, the verge of termination, the CR for the conviction, and the CR for failing to follow the medical leave rules – all indicate a high probative value for untruthfulness.

Indeed, Pedersen's CRs include numerous statements that go directly to his character for untruthfulness, including, for example, his refusal to honor a commitment that he had made to appear before CPD investigators and give a statement about his criminal conduct, see CITY-RS-002238 ("It was explained to Detective Pedersen that he had ample time to arrange his schedule so as to honor his commitment to appear in this office"), as well the statement he made to the investigators, even after he had pled guilty, that  "the FBI had framed him." See CITY-RS-002243. Smith should be able to present such evidence to the jury,

especially in the context of Pedersen's denials about his participation in Smith's beating and Defendants' conspiracy to frame Smith for the Yeager/Alexander murders.

For all these reasons, Pedersen's Motion should be denied.


Dated: May 14, 2025                          Respectfully submitted,
                                             *PLAINTIFF ROBERT SMITH JR.*

                              By:    /s/ *Stuart J. Chanen*


Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com


Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.tlaw