IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 31
TO BAR THE USE OF THE VIDEO DEPOSITION ADMISSIONS OF
THE DEFENDANT CITY'S RULE 30(B)(6) WITNESS DACHAE BLANTON'S**

In Defendants' MIL #31, Defendants move to bar the use at trial of a 30(b)(6) deposition given by a City of Chicago Lieutenant, Dachae Blanton. Respectfully, Defendants fail to acknowledge that statements that Lt. Blanton made at her deposition are admissions of a party opponent that may be used for any purpose. Accordingly, the Motion should be denied.

**ARGUMENT**

Federal Rule of Civil Procedure 32(a)(3) provides:

> An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's . . . designee under Rule 30(b)(6) . . ..

Fed. R. Civ. P. 32(a)(3). Here, Blanton was the City's designee under Rule 30(b)(6), and therefore her deposition may be used for any purpose, including as direct evidence.

Lt. Blanton's admissions are important to Smith's case because she admitted during her 30(b)(6) deposition that in 1987 and 1988, the Department's Evidence and Recovered Property Section ("ERPS") did not adhere to the procedures that were set out for evidence destruction. More specifically, she testified that her investigation uncovered that ERPS did not always follow the CPD protocol for destruction, but rather also destroyed evidence on the mere "say-so"

of a single detective. In this case, ERPS destroyed the butcher knife discovered at the crime scene, which constitutes Defendants' *Youngblood* violation in this case. The improper destruction of the Knife also supports Smith's suppression claim in Count III and his malicious prosecution claim in Count VII.

Although the Defendants claim that Lt. Blanton is available and, therefore, cannot be called as an unavailable witness under Federal Rule of Evidence 804(a), Defendants are incorrect. "A party may 'introduce the deposition of an adversary as part of his substantive proof *regardless of the adversary's availability to testify at trial.*'" *Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc.*, No. 616CV1425ORL40TBS, 2018 WL 10690250, at *1 (M.D. Fla. Apr. 5, 2018) (emphasis added), *quoting Coughlin v. Capitol Cement Co.*, 571 F.2d 290, 308 (5th Cir. 1978). *See also Redd v. N.Y. State Div. of Parole*, 923 F. Supp. 2d 393, (E.D.N.Y. Jan. 24, 2013) ("Rule 32(a)(3) is liberally construed, and . . . the court . . . may not refuse to allow the deposition to be used merely because the party is unavailable to testify in person")(internal quotation marks omitted).

Lt. Blanton's admissions are not hearsay because they are statements of an opposing party under Federal Rule of Evidence 801(d)(2)(A), (C), and (D). That rule provides that a statement is not hearsay if it is "offered against an opposing party" and

(A) was made by the party in an individual or representative capacity; OR

(C) was made by a person whom the party authorized to make a statement on the subject; OR

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.

Fed. R. Ev. 804(d)(2)(A), (C), and (D) (emphasis added). Here, Lt. Blanton testified at her

deposition in all three of these capacities (while only one is needed) and therefore all of her statements are sworn admissions of a party opponent under FRE 804(d)(2) and under Fed. R. Civ. P. 32. As noted above, Federal Rule 32, entitled, "Using Depositions In Court Proceedings," provides Smith may use Blanton's deposition for "any purpose." Fed. R. Civ. P. 32(a)(3). Lt. Blanton was deposed as the City's 30(b)(6) designee; that is undisputed. The City was a party when Lt. Blanton was deposed. Nothing else is required to admit her deposition into evidence.

As also noted above, the term "for any purpose" allows Smith to use Lt. Blanton's videotape deposition whether she is available to testify or not. The term "for any purpose" means, among other things, that the Court may admit the deposition as *direct evidence* and that Smtih does not need to wait to use the deposition transcript either for impeachment or to refresh the witness's recollection. Smith may play the videotape of Blanton's deposition testimony for the jury directly, and he will, pursuant to this Court's Standing Order, provide Defendants with Smith's designations of Lt. Blanton's deposition in advance.

One final word. At the beginning of Defendants' Motion, they assert that the "parties agree that this Court's ruling on Defendants' pending motions for summary judgment will affect the resolution of this motion." Motion at 1. This statement is not correct. Smith will be using Lt. Blanton's deposition *regardless* of how the Court rules on Defendants' summary judgment motion as it relates to Smith's destruction of evidence of claim. If the Court upholds Smith's claim on summary judgment, which we expect it will for all the reasons stated in Dkt. 521, at 40-50, then Blanton's admissions should be admitted to support Smith's destruction, suppression, and malicious prosecution

3

claims. If the Court were to bar Smith's destruction of evidence claim in its entirety, the Blanton deposition should still be admitted as relevant to Smith's suppression and malicious prosecution claims.

The Blanton Deposition is admissible regardless of her availability and regardless of how the Court rules on Smith's *Youngblood* claim in Count XII. Accordingly, Defendants' Motion should be denied in its entirety.

Dated: May 14, 2025

                                            Respectfully submitted,
                                            *PLAINTIFF ROBERT SMITH JR.*

                                            By:    /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law