IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
|     Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
|     Defendants. | ) | |

**SMITH'S OPPOSITION TO DEFENDANTS'**
***DAUBERT* MOTION TO BAR THE TESTIMONY OF**
**FIRE INVESTIGATION EXPERT JAMIE MCALLISTER**

Plaintiff Robert Smith respectfully submits this Opposition to Defendants' *Daubert* Motion to bar the expert testimony of his Fire Protection Engineer and Toxicologist ("Fire Investigator"), Dr. Jaime McAllister.

**INTRODUCTION**

Defendants seek to exclude Smith's expert Fire Investigator, Dr. McAllister, from testifying at trial. See Dkt. 578 (the "Motion"), alleging that her opinions are not disputed and, therefore, her testimony should be barred.

In her Report, Dkt. 578-1, Dr. McAllister analyzes the scientific validity of statements that Defendants made in their police reports and attributed to Smith regarding the manner in which Smith supposedly started the fire at the scene. Specifically, Dr. McAllister analyzes Defendants' statements that Smith confessed to "spreading gasoline all over the house," "threw the gas around the house," "spread the gas all over," and caused the gasoline to explode or "blow up" when he ignited it with a match. See Report at 7 (quoting the statements and citing each of the police reports in which Defendants make the statements). Based on her analysis of the fire scene evidence, including her review of scene photographs, the point of origin of the fire, fire patterns, damage patterns, the victims' thermal injuries, and "principles of fire dynamics," Dr. McAllister has opined that:

1

(1) the perpetrator or perpetrators who started the fire did not throw or spread gasoline all over the house, but rather only poured gasoline in a single location, near or on a hide-a-bed sofa in the dining room;

(2) there is no evidence that the fire "blew up" or that any explosion occurred at the scene;

(3) had there been any such explosion, there would have been evidence of gasoline, carbon residue, or thermal exposure on Smith's skin or clothes.

See Dkt. 578-1, at 7-17, 22.

In addition, Dr. McAllister has also provided an opinion regarding Defendants' theory that the 12" butcher knife (the "Knife"), which the police recovered from the scene near the point of origin of the fire, was unrelated to the murders. Specifically, based on her review of CPD Bomb & Arson Detective Lawrence Gates and Fire Marshall Inspector Jack Lumsden's deposition testimony that they *believe* and *speculate* that the Knife was unrelated to the murders and merely a tool that one of them (they don't who) took from the scene to cut out a carpet sample, Dr. McAllister has opined that:

(4) any use of a knife taken from the crime scene to collect evidence from the crime scene would have been "in direct conflict with established evidence collection practices and procedures both in current day and at the time of the incident," which require investigators to avoid evidence contamination, as well as carry and use their own knife for evidence collection purposes.

See Report, Dkt. 578-1, at 18-12 (citing *both* the U.S. Department of Commerce 1980 Fire Investigation Handbook (the "1980 Handbook") and the 2021 National Fire Protection Association (NFPA) Guide for Fire and Explosion Investigations (the "2021 NFPA Guide")).

In their Motion, Defendants do not challenge Dr. McAllister's qualifications or the fact that she has the required knowledge, skill, experience, training, and education to provide the four opinions summarized above. *See* Federal Rule of Evidence 702. Instead, Defendants argue that Dr. McAllister's opinions concerning the fire evidence should be excluded because they are not disputed and therefore will not help the jury understand the evidence. See Motion at 3-4. Further, Defendants argue that Dr. McAllister's opinion

concerning the Knife must be barred because she improperly relied on NFPA's 2021 Guide, which was not in effect in 1987, and because any failure by Gates or Lumsden to follow proper evidence collection protocols is not relevant and unfairly prejudicial to Defendants. *Id.* at 4.

Defendants are incorrect with respect to each of their arguments. Dr. McAllister's four opinions easily meet the standard of admissibility under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). None should be excluded.

## ARGUMENT

### A. Dr. McAllister Should Be Permitted To Testify That Gasoline Was Not Poured All Over The Scene and That There Was No Explosion At The Scene.

Defendants' principal argument is *not* that Dr. McAllister's opinions concerning the fire evidence are unreliable, irrelevant, or otherwise defective, but that Defendants' own experts, Lumsden and Gates, agree with her opinions and reached the same conclusions in their investigation of the fire scene. See Motion at 3 (the "City's investigation, conducted immediately after the fire occurred, came to the same conclusions that McAllister did as to the fire's origin and spread and the lack of any explosion."). Defendants reason that because their own experts agree with Dr. McAllister, Dr. McAllister's opinions cannot meet the requirement that an "expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." *Id.* at 3-4, citing Rule 702.

Respectfully, Defendants' argument fails because it is based on an erroneous interpretation of Rule 702's requirement that expert testimony must help the jury understand the evidence or determine a fact in issue. It also incorrectly proclaims that the Rule requires that the opinion be disputed.

3

First, the fact that Defendants' experts have reached the same conclusions as Dr. McAllister with respect to the fire evidence does not render her opinions any less or more helpful to the jury. Smith is entitled to choose how he presents his case. For this aspect, he is allowed to do so through his own expert, particularly given that the expert testimony supports his core theory: that the alleged confession attributed to him by the Defendants was fabricated by the Defendants, who created a false story about how the fire was started, without realizing that their false story would contradict the actual fire investigation conclusions. Put simply, the fact that Lumsden and Gates reached the same conclusions as Dr. McAllister – that gasoline was not spread all over the house and that the gasoline did not blow up or explode – does not render Dr. McAllister's opinions any less helpful to the jury or otherwise inadmissible.

Dr. McAllister will help the jury understand how the fire was started, where it was started, what precisely happened when it was started, and where it burned. That testimony, in turn, will help the jury determine whether Smith's confession is consistent or inconsistent with the fire scene evidence, which will also help the jury assess whether the police fabricated Smith's confession, which is the central issue in this case. Dr. McAllister's testimony easily meets Rule 702's helpfulness requirement and *Daubert*. Whether Defendants' experts agree or disagree with her opinions is completely beside the point.

Second, the fatal flaw in Defendants' argument is that it assumes, without any support, that Smith must rely on *Defendants' experts* to present the fire investigation evidence favorable to him. Indeed, although they fail to mention this in their Motion, Defendants disclosed both Gates and Lumsden as their Rule 26(a)(2)(B) experts on the "cause and origin of the fire," expressly stating that they both will provide opinions about the fire evidence, including the "burn patterns and remnants of furniture at the scene indicated that the offender poured a flammable liquid onto a sofa and the floor adjacent to

4

the sofa." See Exhibit 1, Defendants' April 1, 2022 Rule 26(a)(2)(B) Disclosure, at 2-3. Defendants therefore apparently believe that they are entitled to have experts testify about the cause and origin of the fire, but Smith is not. This is a frivolous position. Smith is entitled to present his own expert on the cause and origin of the fire. He is entitled to have his expert communicate her opinions about fire evidence to the jury, and explain how her opinions are contextualized within his overall theory of his case. No Federal Rule of Evidence puts Smith at the mercy of having to try to prove his case through Defendants' experts. If anything, the Rules make it clear that each party is entitled to prove its case through its own experts. *See* Federal Rule of Evidence 706(e) ("Parties' Choice of Their Own Experts. This rule does not limit a party in calling its own experts.").

Finally, Defendants' argument that Dr. McAllister will tell the jury "under the cloak of scientific expertise, not to believe that certain admissions by Smith are true," is a complete red herring. Motion at 4. Dr. McAllister has not disclosed any opinions in her Report that would suggest that this would occur and has no intention of advising the jury what to believe regarding Smith's confession. The jury will decide whether Smith's confession consists of true or false statements and Defendants' unsupported assertion that Dr. McAllister will provide such improper expert opinions is completely baseless.

The Court should allow Dr. McAllister to testify about the cause and origin of the fire, including the fact that fire investigation proved that gasoline was *not* poured or thrown all over the scene and that there was no explosion at the scene.

**B. Dr. McAllister Should Be Permitted To Testify That It Was Inappropriate In 1987 For A Fire Investigator To Take and Use A Knife To Collect Evidence From The Scene.**

Defendants also seek to exclude Dr. McAllister's opinion that Gates and Lumsden would have violated evidence collection standards if they had used a knife from the scene to collect evidence from the scene. In this regard, Defendants argue that Dr. McAllister has

5

improperly relied on the 2021 NFPA Guide, despite the fact that the fire investigation in this case took place in September 1987. Motion at 4-5. Defendants further argue that Dr. McAllister's opinion concerning the Knife must be barred because any violation of evidence collection standards by Lumsden or Gates is not relevant to Smith's claims against the Defendants and would unfairly prejudice them. *Id.* at 4. Both arguments fail.

Defendants' first argument fails because it is a straw man argument. Defendants have simply misrepresented how Dr. McAllister used the 2021 NFPA Guide in her Report. As the Court can see in the Report, at 19, Dr. McAllister simply cites to the 2021 NFPA Guide in support of the general proposition that using a "tool with unknown history, such as a knife from the kitchen of a crime scene, would be highly inappropriate, as this tool could contaminate the evidence being collected." *Id.* She does not rely on the 2021 NFPA Guide to support her opinion that it was established protocol in 1987 that fire investigators were not to utilize tools found at a crime scene to collect evidence from it. Indeed, in the very next paragraph of her Report, Dr. McAllister separately explains that it was already well known in the 1980's that investigators had to use proper evidence collection techniques and avoid contamination of the evidence, and she goes on to cite the 1980 Fire Investigation Handbook in support of that part of her opinion. *Id.* at 19-20 ("use of a knife from a residence to collect evidence would be in direct conflict with established evidence collection practices and procedures *both in current day and at the time of the incident*.") (emphasis added).

Moreover, Defendants' argument fails because there is no requirement under Rule 702 or *Daubert* that an expert's opinion be based on professional studies or written policies or protocols. On the contrary, an expert is permitted to provide opinions based on their personal experience and knowledge. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). *See also United States v. Conn*, 297 F.3d 548, 556 (7th Cir. 2002) (expert opinion

6

is admissible where based on "knowledge, skill, experience, training, or education"). Here, Defendants have not, cannot, and do not dispute that Dr. McAllister, as a seasoned fire investigator, is qualified through her experience, knowledge, and training to opine on the appropriate evidence collection practices that were in place in the 1980s. Indeed, Defendants do not contest Dr. McAllister's qualifications at all, and as such, at best, their complaint that Dr. McAllister has not provided sufficient support for this part of her opinion goes to the weight of her opinion, not its admissibility.

Finally, Defendants argument that "there is no proper purpose" for Smith to admit Dr. McAllister's opinion regarding the Knife is meritless. Defendants argue that any violation of evidence collection procedures by Lumsden or Gates is irrelevant to Smith's claims against the Defendants in this case. Defendants, however, are suffering from selective amnesia, as one of Smith's claims is that the Knife was not an evidence collection tool, as Lumsden and Gates speculated in their depositions, but rather potentially exculpatory evidence that the Defendants, in bad faith, had destroyed before Smith's criminal trial, in violation of Smith's constitutional rights. Dr. McAllister's opinion about the Knife, which undeniably makes it less likely that the Knife was in fact used as an evidence collection tool, is plainly relevant to Smith's evidence destruction claim (as well as his claim that Defendants fabricated his razor blade confession).

Finally, Defendants are hardly in a position to complain that Dr. McAllister's opinion about the Knife is "unfairly prejudicial" to them. Motion at 5. It was Lumsden and Gates that speculated during their depositions that the Knife was a tool that one of them had used to collect a carpet sample from the scene. They injected this wildly implausible theory into this case and clearly did so to try to explain away Defendants' inexcusable destruction of the Knife. Moreover, Defendants fully adopted and embraced this theory, including on summary judgment, when they relied on Lumsden and Gates' testimony to ask

7

this Court to dismiss Smith's evidence destruction claim. Defendants, therefore, cannot complain that Dr. McAllister's opinion is unfairly prejudicial to them simply because it undercuts their theory. Dr. McAllister should be permitted to testify that long-standing and well-accepted principles of evidence integrity, in existence in 1987, prohibited fire investigators from using a tool found at a crime scene to collect evidence.

Dated: May 14, 2025

    Respectfully submitted,
    *PLAINTIFF ROBERT SMITH JR.*

    By:    /s/ *Stuart J. Chanen*

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com