## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## SMITH OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 15
## TO BAR EVIDENCE OR ARGUMENT REGARDING
## ALLEGATIONS OF MISCONDUCT BY NON-DEFENDANTS

Defendants' MIL #15 ("Motion") is really two motions rolled into one. At the beginning, Defendants assert that unless Smith can tie an act or omission during the murder investigation directly to one of the Defendants, that act or omission is irrelevant under Federal Rule of Evidence 401. In sections 5, 6, 7 (pages 4-5), the Motion shifts dramatically, and Defendants assert that the Court should bar all character evidence for untruthfulness regarding non-Defendant witnesses Gaines, Rios, and Fish.

The Motion should be summarily denied on three grounds.

First, <u>the motion is simply a re-hash of an argument that played out extensively in the summary judgment briefing</u>. Defendants insist in this Motion – just as they do on summary judgment – that Smith must prove the "personal participation" of each and every Defendant in each and every individual piece of evidence that Smith wishes to prove, and respectfully that is simply not the law. Defendants ignore completely that Smith has pled a failure to intervene claim (Count X), federal conspiracy claim (Count Y), and state conspiracy claim (Count Z). Defendants also ignore completely that evidence may be highly relevant to the claims against Defendants even if it was physically handled by someone other than Defendants. (For example, the lint filter was seized by Brownfield and Yucaitis and tested in the Crime Lab by Anderson. Neither are Defendants. Does that mean that the lint filter – and the fact that it contained no traces of blood, even 1 part in a million – is not relevant, admissible evidence? Of course not.)

1

We will not replay here the entire argument that played out on summary judgment, but suffice it to say that Defendants' overriding thesis that "if a police, fire, or crime lab act during the investigation was not done by one the Defendants themselves, it is inadmissible," is completely false, unworkable, and not consistent with the definition of relevant evidence in FRE 401. It simply fails to acknowledge that in a police investigation, numerous things get done and do not get done, and while Defendants are free to argue that they did not have personal involvement in something Smith criticizes does not mean that such evidence is, by definition, not material and inadmissible; Rule 401 simply does not work that way.

Second, <u>Defendants' summary judgment motion is not the only motion that Defendants repeat in this Motion</u>. What Defendants really have done in the first half of this Motion is cross-reference one or more of their other Motions In Limine (and there are 31 in total); they then make a sweeping declaratory statement such as "all of Defendants' evidence on this point is inadmissible," and leave Smith to simply rebut that unsupported allegation. The best example is their first category, "Fire Investigation and Destruction of the Knife," in which they declare,

> The knife is the subject of Defendants' motion for summary judgment and other motions *in limine*, and we will not repeat the arguments raised in those motions. *Since there is no evidence that the Defendant Officers had any role in the use, recovery, or destruction of the knife*, evidence or argument that there was some act of misconduct committed in connection with the knife should be barred.

Motion at 2 (emphasis added). Smith fundamentally disagrees with Defendants' self-serving statement that "Defendant Officers did not have any role in the Destruction of the Knife." In response to Defendants' MIL #26, we provide extensive evidence that supports the inference that one or more of the Defendants had a significant role in the destruction of the Knife, and that Knife was destroyed in furtherance of the federal and state conspiracy that all nine Defendants are a part of. This Motion – notwithstanding that it is extensively addressed in MIL #26 – simply declares, without any support or explanation whatsoever that "Defendant Officers had no role in destroying the Knife. Respond," which is their entire argument for barring the evidence, and then they leave it to Smith to have to unwind their unsupported declaration. This is not a proper Motion in Limine.

Defendants should not have to repeat in the Opposition to this Motion precisely what they have already said in opposition to MIL #26. Defendants' Sections 2, 3, and 4 follow this format as well, and should be summarily denied on the same grounds. Indeed, it is not at all surprising that not a single one of Defendants' arguments in Sections 1 to 4 (and also, by the way, in Sections 5-7) is supported by an actual case that discusses the legal standard for admitting evidence under Rules 401-403. As such, any argument that this evidence is inadmissible is clearly waived, *see Puffer*, 675 F.3d at 718, and on both these grounds – waiver and the merits – Sections 1-4 of the Motion should be denied.

Third, even if the Court were to give specific consideration to the evidence that Defendants are attempting to bar, on a section-by-section basis (which respectfully the Court should not do for the two reasons stated above), but should the Court do so, the Motion still fails because Defendants twist the Federal Rules of Evidence beyond all recognition. Taking the Knife again as an example, Robert Smith's purported Typewritten Confession (the one he did not sign, but it was admitted into evidence against him anyway), states that Smtih killed his in-laws *with a razor blade*. Smith denies he killed his in-laws with a razor blade, and the mere fact that a butcher knife was found on the floor of the murder scene, photographed, bagged and tagged, and sent to the crime lab is *all relevant evidence* – regardless of who found the knife, photographed the knife, bagged the knife, tagged the knife, or sent it to the lab. In other words, the false assumption in Defendants' argument is that the evidence cannot be relevant unless one of the Individual Defendants had a role in its passage from point A to point B, and that is simply incorrect under the Rules of Evidence. Defendants do not get to declare that Smith murdered his in-laws, and then block every single piece of evidence that he did not, on the purported ground that they were not involved, given (1) much evidence shows they were; and (2) there are two pending conspiracy counts.[1]

---

[1] The same applies to Sections 2, 3, and 4. In Section 2, entitled ""Preservation of CPD Paperwork," Defendants concede that there are numerous pieces of missing evidence that should be a part of the police file – including, by way of example only, the inventory report for the knife, the evidence report for the knife, and a CPD Tracer Form for the destruction of the knife. Defendants then argue, based solely on their own "say-so," that "there is no evidence of anything sinister with respect to the

3

The last three sections can also be easily disposed of:

5. **GAINES.**  Detective Gaines testifies at trial, an important witness because both Sally Payne and Michael Santee corroborated Smith's alibi to Gaines. Defendants assert that Smith should not be permitted to cross-examine Gaines about a civil lawsuit the United States filed against him for LYING on a Pell Grant application for one of his children.  Defendants argue that Smith should be barred from that line of questioning because the lawsuit and Gaines' payment to the U.S. to settle the charges are not relevant to Gaines's credibility. Motion at 4 (Gaines' conduct is "not probative of Gaines' truthfulness [or untruthfulness] under Rule 608(b).")  Excuse me, but lying to the U.S. Government on a Pell Grant application is probative of untruthfulness.  This part of the Motion should be denied.

6. **RIOS.**  In 1994, Rios was convicted of indecency with a child under 13 years old and received a three-year sentence.  He resigned his employment with CPD as a result. Although Rios's conviction is *presumptively* inadmissible under Rule 609(b) because he was released from confinement more than 10 years ago, Defendants completely omit the remainder of Rule 609(b), which provides that even if more than 10 years old, such evidence is admissible if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial

---

non-existence of these pieces of paper." Excuse me, but isn't that for the jury to decide.  Isn't that why we are having this trial?  Respectfully, the Court cannot bar Smith's probative evidence, admissible under the standards applicable to Rule 401-403, simply on Defendants' declarations that "there is nothing to see here," and "Don't look at the man behind the curtain."

Another great example is Section 3, "Protection of the Crime Scene," in which Defendants concede that CPD failed to protect the crime scene and that two individuals who were in "possession of keys to the house," were on the same day as the murders moving a washing machine out of the house. They also concede that former Defendant Rowan failed to either ask how these two individuals came into possession of the keys and failed to ask who authorized their taking the washing machine.  Had Rowan actually investigated, he could have asked, "Did Robert Smith give you those keys?"  "Did Robert Smith ask you to come here and to bring him the washing machine?" And, if the answer was "No," and it certainly would have been "No," then how about, "Who gave you the keys?," "Who told you could take the washing machine?  What else have you taken?  To whom are you bringing what you are taking?"  Defendants' argument is that this evidence is not relevant because Rowan is not a current Defendant and the current Defendants cannot be held responsible for his mistake, but that is simply incorrect.  First, the failure to secure the crime scene occurred *before Rowan arrived there*, and second, the fact of these two people unrelated to Robert Smith exiting with the keys and washing machine is itself relevant, even without being tied to an individual defendant, and third, the operative Complaint states that Rowan was a member of the conspiracy, so even if this theory of judging evidence's relevancy solely by the person gathering the evidence were a real thing (it is not), any evidence gathered by Rowan would still be admissible.

effect." FRE 609(b)(1). Defendants do not argue that this provision is inapplicable, and they therefore forfeit the argument, *Puffer*, 675 F.3d at 18. Similarly, by not directing this Court to the controlling Rule of Evidence, Defendants also forfeit the claim on the merits. The same applies to Defendants' Rule 404 argument. Defendants do not inform this Court that 404(a)(3) specifically provides that "[e]vidence of a witness's character may be admitted under Rules 607 , 608 , and 609." FRE 404(a)(3). Therefore, Defendants' assertion that "Rule 404(b) bars introduction of the crime and his employment separation as impermissible evidence of a prior bad act" is simply a misrepresentation of Rule 404.

      **7. FISH.** Pam Fish worked in the crime lab and conducted "electrophoresis testing" (see Opposition to MIL #10 at 1-2) of certain evidence. Defendants assert that Smith should be barred from questioning Dr. Fish about a long series of allegations that she intentionally altered DNA results in favor of the prosecution, and/or testified falsely at several criminal trials, about whether her testing implicated or absolved the criminal defendant in those cases. (A report was completed by one of the nation's leading forensic experts, who concluded Fish had lied in at least nine cases. Exhibit A (Fish Dep. Exhibit - January 9,2001 Forensic Services Associates Report, colloquially referred to as the "Edward Blake Report"). Defendants have now moved to bar impeachment on that ground, but they again misrepresent the actual content of Rule 404, and they also cite Rules 401 and 402 without explanation, ignoring the fact that under Rule 404(a)(3), evidence of *witness's* character is wholly admissible under Rules 607, 608, and 609 without restriction and further that under Rule 608(a) (Defendants cite only 608(b)), that "a *witness's* character may be attacked by testimony about the witness's reputation for having a character for untruthfulness." Indeed, Rule 609(b) expressly states that the Court may permit an opposing party to inquire about specific instances of the witness's untruthful conduct during cross-examination.

      For all these reasons, MIL #15 should be denied.

Dated: May 14, 2025

Respectfully submitted,
*PLAINTIFF ROBERT SMITH JR.*

By:     /s/ *Stuart J. Chanen*


Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Nehama Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com

Stuart J. Chanen
Ariel Olstein
CHANEN & OLSTEIN
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law