IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., | ) |
|       Plaintiff, | ) |
| | ) Case No. 21 C 1159 |
| v. | ) |
| | ) Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) |
| | ) Magistrate Judge M. David Weisman |
|       Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO BAR DEFENDANTS FROM ASSERTING THAT SMITH'S REPRESENTATIVE IS THE PLAINTIFF IN THIS CASE**

Defendants, by their respective undersigned counsel, respond to Plaintiff's motion *in limine* no. 2 as follows:

Plaintiff's motion *in limine* no. 2 seeks to bar Defendants from the following: "referring to anyone other than Robert Smith as the 'Plaintiff,' suggesting that Diane Smith has brought this lawsuit; suggesting that Diane Smith (and not Robert Smith himself) will receive the jury's award; and suggesting that Diane Smith is seeking to profit from her mother's and grandmother's deaths." Dkt. 545, at 4.

Defendants can agree to refrain from referring to Diane Yeager-Smith ("Diane") as the Plaintiff to the jury provided that her role as Smith's guardian and legal representative in this case is barred and the Court grants Defendants the relief requested in their motion *in limine* no. 18. Dkt. 570. To be clear, Diane is Robert Smith's plenary guardian and was also appointed to serve as the representative in this litigation to prosecute Smith's claims on his behalf. Dkt. 296. The highly unusual circumstances that led to her appointment as guardian, her role as a representative, and substitution as the Plaintiff in this matter clearly warrant that the Court carefully bar any mention

or reference to Diane as being anything other than a witness. Dkt. 570.[1] Plaintiff's counsel recognizes that Diane's litigation role is not relevant at trial. It follows that Diane's role as Robert Smith's legal representative in this litigation and plenary guardian in life is likewise not relevant. Moreover, should Diane's testimony materially change from her deposition testimony wherein she admits, among other things, that Robert Smith was "capable" of murdering her mother and grandmother, that Robert Smith expressed increasing anger before the murders, and Robert Smith did not look beaten or did not complain of abuse when he was at the police station (dkt. 570, at 1-4), Defendants should be able to explore the reasons for any change in testimony, including her new role as Plaintiff and any financial considerations that flow from that appointment because it goes to her interest and bias as a witness.

First, barring reference to Diane's role as guardian, representative, and plaintiff is necessary here. Given the significance of Diane's role as a witness in this case and Plaintiff's counsel's intention to explore at trial how Diane "came to be Robert [Smith's] Guardian, Special Representative, and what she does in those roles" (dkt. 550, at 2), Plaintiff's counsel will seek to improperly bolster testimony in favor of Robert Smith and minimize her negative testimony against him based on her role now as his guardian and representative. See Fed. R. 403. Specifically, Defendants believe Plaintiff's counsel will argue or insinuate that because Diane is serving as

---

[1] Less than two weeks before filing this lawsuit, Robert Smith executed an Illinois Short Form Power of Attorney for Property ("POA") giving his attorney, Stuart Chanen, POA over matters including claims and litigation and financial transactions (Ex. A). In January 2022, Smith married his nursing home caregiver, Shalonda Batts. It is believed that this prompted Mr. Chanen, in February 2022, in his role as POA over claims and litigation, to obtain (or assist in obtaining) a psychiatric evaluation of Smith and then to secure probate attorneys for Yeager-Smith to assist with petitioning the Cook County Probate Court for temporary guardianship, which specifically included the authority to direct on-going litigation (this case) and investigate and safeguard assets from financial exploitation by Batts, based upon the diagnosis that Smith has been totally disabled since at least December 2021. (See Ex. B, Petition for Temporary Guardian of Alleged Person with a Disability, filed March 29, 2022, at RFC 5952-4.). Ultimately, the Probate Court annulled the marriage with Batts, and appointed Yaeger-Smith as permanent guardian on July 8, 2022. Dkt. 293, at 2; dkt. 296, at 1.

guardian and representative for the person accused of murdering her mother and grandmother, she must believe that Robert Smith is innocent of the murders. Worse yet, Plaintiff's counsel may signal to the jury that it was a revelation of misconduct that prompted her new-found role. Because Diane is the daughter and granddaughter of the victims, any inferred belief in Robert Smith's innocence by her role as guardian or Plaintiff would overshadow her testimony and the evidence presented at trial and leave the jury to speculate about matters outside of matters that will be properly before them.

Although Defendants are willing to refrain from referring to Diane as "Plaintiff," Plaintiff's counsel asserts that Robert Smith is the "Plaintiff" despite his incompetency. Smith moved under Rule 25(b), titled "Substitution of Parties," to appoint Diane because of this incompetency. This rule governs the "substitution of parties" when a party dies or becomes incompetent, like Robert Smith here. See Fed. R. Civ. P. 25(a), (b). Courts in the Seventh Circuit have substituted plaintiffs under Rule 25(b) when incompetency arises. *See*, *e.g.*, *Karen Haney, in her capacity as John McDonald's guardian, Plaintiff*, *v. Pritzker*, 563 F. Supp. 3d 840, 845 (N.D. Ill. 2021) (recognizing the court previously granted a Rule 25(b) motion, which substituted the plaintiff); *Campbell v. RAP Trucking Inc.*, 2011 WL 4001348, at *6 (C.D. Ill. Sept. 8, 2011) (granting Rule 25(b) motion and substituting and replacing the incompetent plaintiff); see also *George v. Amgen, Inc.*, 2021 WL 1088303, at *1 (N.D. Ill. Mar. 22, 2021) (recognizing that Magistrate Judge Cummings, when issue of competency arose, directed that "'Plaintiff is ordered to either appear for her deposition or file an appropriate motion for substitution pursuant to Federal Rule of Civil Procedure 25(b)'"). Because the court appointed Diane as Robert Smith's representative under Rule 25(b), Substitution of Parties, due to her status as Robert Smith's guardian, Diane is now technically the Plaintiff. However, given the parties' recognition that Diane Smith's litigation role is irrelevant to this case,

3

there is no need to refer to Diane as the Plaintiff (or as guardian or representative of Robert Smith). See Fed. R. Evid. 401, 402. And, allowing evidence, reference, or argument as to Diane's role as representative, guardian, or Plaintiff would mislead the jury, confuse the issues, and unfairly prejudice defendants. Fed. R. Evid. 403.

Second, to the extent that Diane's trial testimony materially changes from her deposition testimony given in this matter or should Plaintiff be allowed to reference Diane's role as representative, guardian, or Plaintiff, Defendants may need to explore the reasons for a potential change in her testimony.[2] "Witness bias is a quintessentially appropriate topic for cross examination." *Bachenski v. Malnati*, 11 F.3d 1371, 1375 (7th Cir. 1993). Most obvious, since Diane was deposed, she has now been substituted as Plaintiff in this matter. Given this development, she may now have a financial stake in the outcome of the case, which may explain why her testimony may change. "Financial interest in a case is always relevant to the question of bias." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 723 (N.D. Ill. 2014). Accordingly, should Diane's testimony materially change at trial, Defendants should be able to explore her new role as Plaintiff, and any financial interest resulting therefrom.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[3]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*

---

[2] Defendants' motion *in limine* no. 18, to bar reference, evidence or argument as to Diane Yeager-Smith's guardianship or role as special representative of Robert Smith contains a concise account of Diane's deposition testimony. See dkt. 570, at 1-4.

[3] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.

ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

Special Assistant Corporation Counsel

Terrence M. Burns
Daniel M. Noland
Paul A. Michalik
Molly E. Thompson
Daniel J. Burns
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com

5