IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 11 TO BAR DEFENDANTS FROM MENTIONING COLLATERAL SOURCE PAYMENTS**

Defendants, by their respective undersigned counsel, respond to plaintiff's motion *in limine* no. 11 as follows:

Plaintiff's motion *in limine* no. 11 (Dkt. No. 554) seeks to bar Defendants from mentioning any collateral source payments, specifically, the payment of $239,306.00 that Robert Smith received from the Illinois Court of Claims as a result of obtaining a certificate of innocence ("COI") and the payment of $425,000.00 he received as a result of the settlement of his claims in this case against former Assistant State's Attorney Raymond Brogan (the "County Settlement").

**I.  If the COI is Admissible, it is Reasonable for the Jury to Know that its Purpose Was to Obtain a Payment by the Illinois Court of Claims.**

Plaintiff seeks to have Smith's COI admitted and presented to the jury, which Defendants oppose (MIL No. 24, Dkt. No. 594). Plaintiff cannot have it both ways. If plaintiff is allowed to inject the COI into this case on the basis that it is relevant, then the purpose of the COI—to provide Smith with a monetary payment through the Illinois Court of Claims—is also relevant.

Under 735 ILCS 5/2-702(a), the COI was created so that "persons should have an available avenue to obtain a finding of innocence so that they may obtain relief through a petition in the Court of Claims." 735 ILCA 5/2/-702(a). Also, as the Seventh Circuit emphasized in *Patrick v.*

*City of Chicago*, "the certificate-of-innocence statute expressly provides that '[t]he decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed in the Court of Claims and shall not have a *res judicata* effect on any other proceedings." *Patrick*, 974 F.3d 824, 833 (7th Cir. 2020), quoting 735 ILCS 5/2-702(a). Thus, aside from the monetary relief plaintiff obtained in the Illinois Court of Claims, Smith's COI has no other legal effect, particularly in this case.

As set forth in Defendants' motion *in limine* no. 24 (Dkt. No. 594), the COI is not relevant to this case and any limited probative value it may have is substantially outweighed by its prejudicial effect on Defendants, namely the likelihood that the COI will confuse the jury into believing that a prior court concluded that Smith is factually innocent of the charges for which he was convicted. If the COI is excluded, Defendants would agree not to reference the Court of Claims payment as it would then also be irrelevant. However, if the Court finds the COI is admissible, then Defendants should be permitted to explain what the COI is—a vehicle to obtain compensation from the State of Illinois, not a vehicle to sue the City and defendant officers.

Plaintiff relies on *Halleck v. United States*, 178 F.3d 481, 483 (7th Cir. 1999) and *Andersen v. City of Chicago*, et al., No. 1:16-cv-01963, Dkt. No. 728 (N.D. Ill.) (Kendall, J.) (granting motion *in limine* to bar collateral source payments, including Illinois state compensation) for the proposition that the monetary relief plaintiff received from the Illinois Court of Claims is inadmissible. Plaintiff also cites other cases for the general collateral source rule. None of these cases are persuasive here.

In *Andersen*, the plaintiff filed a motion *in limine* to bar evidence of collateral source payments. *See Andersen*, No. 1:16-cv-01963, Dkt. No. 554 (N.D. Ill. Feb. 28, 2020). The defendants did not contest the plaintiff's motion, and that fact alone was the reason why the court

2

granted it and barred the evidence. *See Andersen*, No. 1:16-cv- 01963, Dkt. No. 728 (N.D. Ill. Nov. 25, 2020) ("Plaintiff's motion to bar any mention of collateral source payments was not contested 554. Motion 554 is granted."). The court's decision in *Andersen* is not a reasoned basis to exclude the payment from the State of Illinois in instances where a COI is admitted at trial.

In *Halleck*, an elevator mechanic injured at a United States naval base sued the United States under the Federal Tort Claims Act for his injuries and was awarded damages after a bench trial. 178 F.3d at 483. The elevator mechanic appealed his monetary judgment because the district judge deducted the pension and fringe benefits he received from his employer as a result of the accident from his total damages. *Id.* The Seventh Circuit reversed the district court's decision to deduct such benefits from the total damages, holding that "a tortfeasor is not permitted to credit compensation that his victim receives from another ('collateral') source as a consequence of the tort." *Id.* (*citing Wilson v. Hoffman Group Inc.*, 131 Ill.2d 308, 137 Ill. Dec. 579, 546 N.E.2d 524, 530 (1989)). Unlike in *Halleck*, which was a bench trial, Defendants are not attempting to argue to the fact finder that there should be a set off as a result of the Court of Claims award.[1] Rather, Smith's monetary compensation as a result of the COI is relevant to rebut an implication by plaintiff's counsel or a perception by the jury that the COI's primary purpose is to declare Smith's innocence and no monetary compensation is involved.

Plaintiff cites two other cases to support his argument. In *Giuffre v. Jefferson*, the court considered collateral payments of the plaintiff's medical expenses and held that "the amount of damages a plaintiff may be awarded is not decreased by the amount of payments he receives from an independent, collateral source in connection with his injury." No. 14 C 3692, 2017 WL 1375536, at *2 (N.D. Ill. Apr. 17, 2017) (internal citations omitted). Similarly, in *Hathaway v.*

---

[1] In the event the jury returns a verdict in Plaintiff's favor, Defendants will argue the COI award should apply as a setoff.

*New Dimension Center For Cosmetic Surgery*, No. 03 C 5848, 2006 WL 897899, at *1 (N.D. Ill. Apr. 4, 2006), the court barred, under the collateral source rule, any evidence that the plaintiff's insurance company paid for her medical expenses. Neither of these cases explores money received from the Illinois Court of Claims in connection with a certificate of innocence.

As Judge Pallmeyer noted in *Brown v. City of Chicago*, classic forms of collateral source payments, such as insurance payments for medical expenses, are not analogous to the Court of Claims payment resulting from a COI, because "the funds that flow from the Certificate of Innocence are not necessarily collateral to all of the damages [plaintiff] seeks here." *Brown*, No. 18 C 7064, 2023 WL 2640317, at *3 (N.D. Ill. Mar. 22, 2023) (denying the plaintiff's motion *in limine* to bar reference to collateral source payments, including payment by the Court of Claims), *citing Clanton v. United States*, 943 F.3d 319, 326 (7th Cir. 2019) (noting that Illinois courts look to the source, nature, and purpose of payments to determine if they are wholly independent of, and thus collateral to, damages sought). Judge Pallmeyer found that "[i]t is reasonable for the jury to know that compensation is one result of receiving a Certificate of Innocence under Illinois Law." *Id.*

Plaintiff cannot affirmatively inject the COI with a great risk of prejudice to Defendants and then simultaneously argue that plaintiff would be prejudiced if the jury were informed that the COI permits Smith to seek compensation from the State of Illinois. Thus, should Smith's COI be admitted at trial, Defendants should be able to present evidence that the COI's purpose was to provide Smith with monetary relief from the Illinois Court of Claims and the amount of that award.

## II. The County Settlement Should Be Barred, but, if it is Admitted, Defendants Should Have the Opportunity to Reference the Amount.

The County Settlement should be barred in its entirety. Indeed, Defendants moved *in limine* (Def. MIL No. 8, Dkt. No. 564) to bar this information as it is not relevant and unduly

prejudicial within the meaning of Fed. R. Evid. 401 and 403 and is not admissible under Fed. R. Evid. 408. Here, Plaintiff has not shown that a settlement payment by a co-defendant and alleged joint tortfeasor qualifies as a collateral source payment. Plaintiff's proffered basis to admit the County Settlement is his unexplained claim that it is relevant to "bias" under Fed. R. Evid. 408(b), but offers no further explanation or analysis.

The jury should not learn of the County Settlement at all. However, if the Court is inclined to allow it into evidence, Defendants must have the opportunity to present evidence of the amount of the settlement. Otherwise, the jury will hear of a settlement and will be invited to speculate as to the reasoning, amount, and import it has against the Defendants at trial.

|  |  |
|---|---|
| PHILIP CLINE<br>DANIEL MCWEENY[2]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000 | Respectfully submitted,<br><br>MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Katherine C. Morrison<br>Daniel J. Burns<br>Molly E. Thompson<br>Dhaviella N. Harris<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.

F: 312-494-1001
sbenjamin@rfclaw.com

6