IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 15 TO DEFENDANTS FROM COMMENTING ON GUILT OR INNOCENCE AND CREDIBILITY**

Defendants, by their respective undersigned counsel, respond to plaintiff's motion *in limine* no. 15 (Dkt. 557) as follows:

Plaintiff's motion broadly seeks to bar any witnesses from commenting on Smith's guilt or innocence or on the credibility of Smith and other witnesses. Plaintiff fails to properly identify the specific evidence that is subject to the motion, other than David Yeager's April 26, 2020 letter to Special State's Attorney Myles O'Rourke in opposition to Smith's Clemency Petition (Ex. A, the "Letter") and generally questioning witnesses about Smith's guilt or innocence. Because the subject of plaintiff's motion is too broad and vague, the motion should be denied, and, in circumstances where appropriate, the evidence can be addressed on a case-by-case basis at trial rather than in the blanket manner plaintiff addresses it in the motion. *Shipley v. Chi. Bd. Election Comm'rs*, 947 F.3d 1056, 1062-63 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived"). Further, plaintiff's motion should be denied because its broad sweep covers evidence that is relevant and admissible for the reasons discussed below.

**I.    Defendants' Conclusions as to Smith's Guilt or Innocence and Credibility are Relevant to the Issues of Probable Cause and Malice.**

"Probable cause," as stated in the Seventh Circuit Pattern Jury Instruction No. 7.08, exists if, "at the moment the arrest was made, a reasonable person in Defendant's position would have believed that Plaintiff [had committed] a crime." Plaintiff's motion seemingly could restrict a defendant from explaining how he reached his probable cause determination and whether he believed certain statements made by plaintiff. Contrary to the contention in plaintiff's motion (Dkt. 557, at 3), defendants do not need an expert to state their own reasoned conclusion that Smith committed a crime or to state whether they believed he was telling the truth on certain issues.

Moreover, the opinions of the defendants are not mere personal opinions but go to the issue of malice and intent. Plaintiff's case for damages and his malicious prosecution claim assume Smith was wrongly convicted. The basis for defendants' actions is necessary to counter plaintiff's position that Smith's prosecution was malicious from the beginning. The Defendants' conclusions on guilt or innocence are also relevant and admissible to defeat plaintiff's claim his confession was coerced and fabricated.

Also, to the extent plaintiff's motion seeks to bar statements that any witnesses made to the defendants in the course of the investigation that could be construed as statements on guilt, innocence, or credibility, those statements would not necessarily be offered for the truth of the matter (excepting certain statements, such as plaintiff's admissions in his confession, which can be offered for the truth of the matter) but for their effect on defendants in reaching their determination that probable cause existed to arrest and prosecute plaintiff. The Federal Rules of Evidence have long recognized that statements can be admitted when their effects on the listener bring clarity to the listener's actions. *See* Fed. R. Evid. 801; *see also Cotter v. Village of Maple Park*, No. 04 C 1794, 2006 WL 218161, at *2 (N.D. Ill. Jan. 25, 2006).

### II. Diane Yeager-Smith's and Other Witnesses' Views Relating to Smith and Their First-Hand Knowledge of His Conduct are Relevant to Damages and Smith's Credibility.

There are other circumstances where witnesses' assessment of Smith's guilt, innocence, or credibility would be relevant and admissible. As further set forth in Defendants' response to plaintiff's motion *in limine* no. 10, plaintiff is expected to make damages claims that could be undermined by the testimony of Yeager-Smith and David and Derrick Yeager as to their own views and experiences relating to Smith's conduct and role in the family. Certainly, any testimony by Smith as to the normal life and bond with his family that he lost while incarcerated would be one-sided and unfairly prejudicial if his family and in-laws are barred from offering any testimony that may contradict Smith's testimony or undermine his credibility.

Further, even if Diane Yeager-Smith and Derrick and David Yeager were not first-hand witnesses to the murders themselves, as plaintiff argues, they were first-hand witnesses to other conduct and behavior of Smith's and have knowledge of the way their mother and grandmother lived that is relevant to the assessment of guilt or innocence and credibility. Their views and assessment of Smith, in other words, are not based on mere instinct or feelings, but on first-hand observations that are relevant and proper.

### III. Plaintiff's Innocence is Not Established as a "Fact" on Account of the Certificate of Innocence, and, Moreover, Defendants Should Be Entitled to Reference the Letter, Which the Special Prosecutor Had Prior to His Agreeing to Vacate Smith's Case.

Plaintiff makes legally baseless claims that Smith's Certificate of Innocence has already established his innocence, that the COI order should be entitled to "full faith and credit," and, as such, no witness should comment on Smith's guilt or innocence. This argument blatantly ignores the language of 735 ILCS 5/2-702(j) and Seventh Circuit precedent. As the Seventh Circuit emphasized in *Patrick v. City of Chicago*, "the certificate-of-innocence statute expressly provides

3

that '[t]he decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed in the Court of Claims and shall not have a *res judicata* effect on any other proceedings.'" *Patrick*, 974 F.3d 824, 833 (7th Cir. 2020), quoting 735 ILCS 5/2-702(j). Indeed, for the reasons set forth in Defendants' motion *in limine* no. 24, the Certificate of Innocence should be barred for multiple reasons explained therein.

Further, if plaintiff is entitled to rely on the vacation of Smith's case and the granting of the Certificate of Innocence to support the element of "favorable termination," defendants should be entitled to point to the information that the Special Prosecutor did or did not review and did or did not follow up on in reaching those decisions, which would include the Letter. Defendants' response to plaintiff's motion *in limine* no. 16 also sets forth various grounds on which the information and views expressed in the Letter would be admissible.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Katherine C. Morrison
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.

4

ROCK, FUSCO & CONNELLY, LLC    dnoland@burnsnoland.com
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com