IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* No. 20 TO BAR ALL PARTIES FROM MOVING INTO EVIDENCE AND/OR PUBLISHING TO A WITNESS OR THE JURY GRUESOME CRIME SCENE AND AUTOPSY PHOTOS OF THE TWO VICTIMS**

Defendants, by their respective undersigned counsel, respond to Plaintiff's motion *in limine* no. 20 as follows:

Chicago Police Department Evidence Technicians ("CPD ETs") took photos of the bodies of Edith Yeager and her mother Willie Bell Alexander after they were removed from the bloody, wet floor in the hallway to the grassy area in the back of their house. These photos depict the condition of the victims that Defendant Detectives and other initial on-scene investigators all observed. These photos were then introduced by the State as evidence at Smith's criminal trial through the testimony of the ETs and other CPD investigators. Besides the crime scene, ETs also took photographs of the victims at the Medical Examiner's Office, which were then introduced at trial during the testimony of Dr. Lifschultz, who conducted the autopsies and described the cuts to the victims' necks along with photos Dr. Lifschulz also took. In addition, Chicago Fire Marshall Jack Lumsden photographed the victims as part of his investigation into the cause and origin of the arson fire. While the photos of the victims are gruesome, "[t]he fact that a particular photo is

'gruesome' does not render it inadmissible if the photo is sufficiently probative on a pertinent issue." *United States v. York*, 86 CR 315, 1989 WL 65167, *3 (Williams, J.) citing *United States v. Conley,* 826 F.2d 551, 559 (7th Cir. 1987)*; United States v. Fleming,* 594 F.2d 598, 607 (7th Cir.), *cert. denied,* 442 U.S. 931 (1979) (the decision whether to admit photographs into evidence is made in the court's discretion).

      Plaintiff argues that all victim photos are not relevant to any matter at issue and, even if they were, other documentary evidence, such as the autopsy reports will suffice. Both arguments are incorrect and insufficient to bar the use of any victim photo at trial. First, the photos are relevant to Defendant Officers' ability to establish the evidence of what they observed at the crime scene, including the condition and location of the victims' bodies and the investigative steps taken by the investigators. Well over three decades have elapsed since the 1987 investigation and memories of the crime scene are in some cases limited and reports do not contain the same detail as the photos. In other cases, some Defendant Officers and investigators have very distinct memories of the case based, in part, on the condition of the victims depicted in the crime scene photos and the jury should see those photos as part of their assessment of the credibility of that testimony. Plaintiff is also highly critical of the investigative steps taken by Defendant Officers and other investigators at the crime scene. Thus, because the crime scene investigation and the condition of the victims when they were initially found and where they were initially taken after the fire was extinguished are pertinent matters at issue, the photos are relevant and their gruesomeness does not outweigh their probative value.

      Plaintiff's motion also concedes that the photographs are "marginally" relevant to at least one disputed issue – the substance of Smith's court reported confession. Plaintiff argues that non-photographic evidence would be sufficient *for him* to prove his claim that the physical evidence

2

does not correlate to his court recorded confession and argues that since he can do it without the use of photos Defendants should be likewise limited. But just because Plaintiff feels he can prove his point without photos, it does not mean that Defendants must be precluded from introducing the most relevant evidence on the issue of the victims' injuries. It is Plaintiff's claim that Defendant Detectives fed Smith the information contained in his confession, yet if that true Defendants would have known from the crime scene that only one of the two victims' necks was cut twice. Moreover, the photos depict and are consistent with the injuries described by Smith in his confession to Lt. Cline and Det. Rice, thus are highly probative to Defendants' claim that Smith's confession was not fabricated or coerced.

In addition, the photos were also part of the evidence used to convict Smith, and thus as part of the body of evidence used to convict Smith, the photos are relevant to his claims now that he was wrongfully convicted. When ASA Connelly, the prosecutor at Smith's trial testifies in this case, he will explain why there was a sufficient basis to prosecute Smith, despite Smith stating in his court reported statement that he cut both victims twice and the medical examiner's testimony that only Alexander was cut twice. The photos will assist in illustrating Connelly's testimony.

Photos of the victims are also relevant to establishing the timeline for when other evidentiary photos were taken. For instance, photos of the victims are within the sequence of photos taken by Fire Marshal Lumsden that also include the bloody underwear on the top basement stair (*see* Plaintiff's MIL no. 21 seeking to bar Lumsden's photo of the bloody underwear and Defendants Response in opposition). Lumsden's original 35mm negatives, which include photos of the victims, establish that the photos were taken before 5:00 a.m., well before Smith arrived at the crime scene, a matter hotly contested by Plaintiff who claims his underwear was planted roughly 14 hours later by some of the Defendant Officers. Similarly, the timeline for photos other

contested evidence such as the kitchen knife and blue sheet on the basement laundry area floor are established by the original 35mm film negatives of the ET's photos that include the photos of the victims at the scene. The photos are also relevant to the extent Plaintiff attempts to argue that no fingerprints found at the scene match Smith, which Defendants will argue is insignificant because due to the condition of the victims bodies depicted in the photographs, neither of the victims could be fingerprinted for comparison purposes.

Each of these reasons establishes a potential pertinent basis for the introduction of photos of the victims that are tied directly to disputed matters at the heart of this case and there are likely others that arise at trial. It would be premature for the Court to preclude use of the victims photos at trial on simply Plaintiff's argument that the photos are gruesome.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion *in Limine* No. 20 that seeks to bar all parties from moving into evidence and/or publishing to a witness or the jury gruesome crime scene and autopsy photos of the two victims.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[1]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Paul A. Michalik<br>Daniel M. Noland<br>Molly E. Thompson<br>Daniel J. Burns<br>Dhaviella N. Harris<br>Burns Noland LLP |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.

| | |
|---|---|
| Eileen E. Rosen | 311 S. Wacker Dr., Suite 5200 |
| Stacy A. Benjamin | Chicago, IL 60606 |
| Andrew J. Grill | T: 312-982-0090 |
| Brittany D. Johnson | F: 312-429-0644 |
| ROCK, FUSCO & CONNELLY, LLC | dnoland@burnsnoland.com |
| 333 W. Wacker, 19th Fl | |
| Chicago, IL 60606 | |
| T: 312-494-1000 | |
| F: 312-494-1001 | |
| sbenjamin@rfclaw.com | |