IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., <br><br> Smith, <br><br> v. <br><br> The City of Chicago, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. 21 C 1159 <br> ) <br> ) Judge Jeffrey I. Cummings <br> ) <br> ) Magistrate Judge M. David Weisman <br> ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO BAR REFERENCES TO (1) ARGUMENTS SMITH'S CRIMINAL ATTORNEY FAILED OR CHOSE NOT TO MAKE; (2) DECISIONS THAT THE SPECIAL PROSECUTOR MADE; AND (3) DECISIONS MADE BY THE JUDGES IN THE POST-CONVICTION PROCEEDINGS**

Defendants respond to Plaintiff's motion *in limine* no. 4 as follows:

**INTRODUCTION**

With nothing more than citations to excerpts of mid-trial trial rulings at sidebars taken from transcripts in another case (*Patrick v. City of Chicago et al.* No. 14 CV 3658), Plaintiff seeks to bar highly relevant evidence as to the substance of Smith's criminal proceedings, the work done by the Special Prosecutor during his post-conviction proceedings (PC), the basis, stated on the record, for why the State dropped the charges and did not oppose the Certificate of Innocence (COI) granted to Smith, and the circumstances under which the PC judge and COI judge granted Smith's PC and COI petitions. These mid-trial trial observations and rulings by Judge Guzman in the *Patrick* case have no context and contain no legal analysis of the evidence in relation to the claims made in that case. These "rulings" are inapplicable here, and Plaintiff's attempt to bar highly relevant, admissible evidence that supports the defense in this case should be denied.

**I.     Evidence Smith introduced at his motion to suppress hearing and trial is highly relevant to the issues in this case, and it would be unfairly prejudicial to Defendants if the evidence is barred.**

**A.    Absence of corroborating evidence in the criminal case that Smith was abused is highly relevant to Defendants' defense and admissible.**

Plaintiff first argues that argument or evidence as to "why" Smith's attorney did not present *any* evidence "to prove he had been beaten," other than Smith's own testimony at the hearing on his motions to suppress statements (MTSS), is inadmissible as violating the attorney-client privilege and unfairly prejudicial to Smith. Both these arguments have no merit and do not warrant barring evidence or limiting argument as to one of Defendants' strongest arguments – no evidence corroborates Smith's claims of abuse. Indeed, evidence and arguments that were or were not made in Smith's criminal case are highly relevant to both sides, as evidenced by the fact that the parties are in the process of designating testimony from all deceased individuals who testified in the criminal proceedings, and those still alive are on the parties will call witness lists. ASA Patricia Woulfe, the prosecutor at the MTSS is on both parties' lists; Clyde Lemon, Smith's attorney at the MTSS, is on his witness list; and ASA William Connelly (or Peter Zaper), the trial prosecutors, are on Defendants' witness list. Smith's filed MTSS is an anticipated trial exhibit for both parties as well.

Plaintiff's reliance on Judge Guzman's limiting of further questioning of the *Patrick* plaintiff about what happened at his trial or MTSS hearing is wholly irrelevant here. In fact, here the actual attorneys involved in Smith's proceedings will be the ones questioned about what evidence was or was not introduced in support of Smith's claims of abuse, making whatever led to Judge Guzman's limiting questions in *Patrick* irrelevant here. Further, should Plaintiff assert attorney-client privilege to prevent Mr. Lemon from testing as to why he did not introduce any evidence corroborating Smith's claims of abuse at the MTSS, it is certainly within his right to do

2

so, and Mr. Lemon indicated he would assert a privilege in his opposition to Defendants seeking his deposition. (See Dkt. 563, Ex. A to Def. MIL No. 4.) But that alone should not bar Defendants from presenting evidence as to what exactly the evidence was that Smith and his criminal defense attorneys introduced in support of his claimed abuse.

Defendants also intend to argue that no evidence was introduced to corroborate Smith's claims at trial or the MTSS because it did not exist then, just as it does not exist now. To prevent that argument would unfairly prejudice Defendants. Plaintiff's motion argues (at 3), with zero citation to the record, that a second reason there would be unfair prejudice to Plaintiff is "because the evidence in fact shows clearly that Mr. Smith was, in fact, not provided with the 1987 Cermak medical records until 2016." As shown by the lack of citation , there is no evidence in this case to prove this "fact." Indeed, Plaintiff's faulty interpretation of the 1987 Cermak medical records, which he will introduce through his expert, Suzanne Ward, RN, is completely rebutted by Defendants' medical expert Brian Schurgin, MD, who reviewed the same records and concluded that, besides an area of bruising to Smith's chest, all injuries noted in the Cermak records (including a broken rib and head trauma) were the result of a fall he took days later at Cook County Jail. (See Dkt. 495-67, Dr. Schurgin report.)

### B. The lack of any evidence at the criminal trial that Smith's confession was coerced is relevant to the defense and admissible.

Once again, Plaintiff seeks to prevent relevant facts from being introduced to the jury because they undermine his theory of the case. This time, Plaintiff seeks to prevent the fact that no evidence was introduced nor argument made, to the jury who found Smith guilty that Smith's confession was the product of abuse. This is a fact, not attorney-client privilege or unfair prejudice to Plaintiff. Without any legal authority, Plaintiff's attempt to bar this evidence as protected by the Fifth and Sixth Amendments. But neither amendment provides the basis for doing so here, where

Smith is no longer a criminal defendant and the jury will not be determining Smith's guilt, but rather his claims that his confession was coerced and fabricated and he was denied a fair trial. The jury should be allowed to hear evidence about the totality of that trial in deciding the claims.

As a final argument, and again with no legal support, Plaintiff argues there was insufficient evidence to accuse any officer of abuse due to the lack of Area 2 "torture" evidence known at the time. This ignores that his defense could have included Smith's own testimony, photographs taken of Smith after his confession, or testimony from intake and medical personnel from Cook County Jail, if in fact such evidence existed (which it does not). Plaintiff then argues (at 5) that if Defendants are allowed to introduce the fact that Smith's defense did not present evidence or argue coercion at his trial, it would open the door generally to all Area 2 evidence "available to him *today*" (emphasis in original). This argument is of little merit as only what was known in 1990 would have possibly been admissible, which is purely speculative and certainly no Defendant Officer has ever admitted to the abuse alleged.

### C. The fact that there was no evidence or argument that the knife was the murder weapon in the criminal case is relevant to the defense in this case and admissible at the trial.

Defendants intend to argue and present evidence that Plaintiff's attempt now, in these proceedings, to characterize the knife as the murder weapon, something not done at Smith's criminal trial or 30+ years later in his post-conviction proceedings, is a red herring meant to distract the jury from the true issues in this case. Evidence that contradicts Plaintiff's newly minted theory that the knife is the murder weapon is directly relevant to Defendants' theory in this case that the knife is most definitely not the murder weapon and its destruction caused Smith no harm. These arguments and evidence in support are extensively set forth in the City's motion for Summary Judgment and the Defendants' Joint Reply, incorporated by reference here. (Dkts. 490; 535 at 47-59.)

4

Thus, because evidence introduced or not introduced and arguments made or not made in the Smith's criminal case are highly relevant to disproving Plaintiff claims of abuse, that his trial was unfair, and deliberate destruction of evidence, and because it is Defendants who would be unfairly prejudiced without the evidence and related argument, Part 1 of MIL no. 4 should be denied.

II. **Evidence as to why the Special Prosecutor vacated Smith's conviction is relevant and admissible to explain why his case was improvidently vacated and that false evidence and argument was used to obtain the COI.**

In this case, the Special Prosecutor told both the victims' family and then the criminal court on the record why he had decided to vacate Smith's conviction, despite having opposed it for close to ten years. Citing no actual legal authority, Plaintiff argues (at 8) that based on Judge Guzman's observations in *Patrick,* that "I think" questions such as the length of the criminal proceeding and whether or not there was live testimony were "not warranted" because the criminal proceedings at issue in that case were not in the control of the plaintiff or officer defendants. (Dkt. 547 at 8.) This observation about evidence in *Patrick* has no relevance to the issues presented by the unique facts in this case.

Whatever circumstances existed in *Patrick*, they certainly are not like those in this case, where, for instance, the Special Prosecutor failed to obtain a photo taken shortly after the fire was extinguished that directly contracted Smith's claim that his bloody underwear was planted at the crime scene. He then falsely told Judge Adrienne Davis and the victims' family that no photo of the underwear existed when explaining the reasons for dismissing the case.[1] (Ex. B, 10/23/20

---

[1] This Special Prosecutor was recently found incompetent by Circuit Court Judge Daniel Shanes relative to criminal discovery in another homicide case. (Ex. A, *People v. Trutenko et al.*, 22 CR 1350201, 22 CR 1358601, February 19, 2025 order at 9, 13, and 49). Among other things, Judge Shanes found the Special Prosecutor to be "deficient," "inept" and "unfamiliar with criminal discovery obligations and trial procedure." *Id*.

hearing in *People v. Smith* at 5-6, discussed in greater detail in Def. Resp. in opposition to PL. MIL no. 21 to bar Lumsden's photo). The Special Prosecutor also failed to speak with Det. Solecki, who found the bloody underwear. The Special Prosecutor also failed to conduct any inquiry into the accuracy of Suzanne Ward's medical opinions (Plaintiff's nurse expert in those and these proceedings), which falsely attribute medical record evidence to abuse, rather than the fall Smith took a couple of days after he arrived at Cook County Jail. These are but a few examples of the Special Prosecutor's incompetence in this case that led to the evidence Plaintiff now seeks to introduce – that his conviction was vacated and he was granted a Certificate of Innocence (COI) – in support of his malicious prosecution claim.

Plaintiff could avoid evidence of the Special Prosecutor's negligence by agreeing to the proposal suggested in Defendants' MIL no. 24 seeking to bar evidence of the COI, but he has not. (Dkts. 594, 632.) Thus, it would be unfairly prejudicial to Defendants to allow Plaintiff to introduce evidence that that Smith's conviction was vacated and he obtained a COI without allowing Defendants the ability to rebut that evidence and further show that the case was not dismissed due to any misconduct by defendants. Without the evidence of the Special Prosecutor's false belief and misrepresentation that no photo of the underwear existed, the jury will be left with the impermissible and false inference that the Special Prosecutor agreed Smith was innocent of the crimes by dropping the charges and not opposing the COI. In fact, the evidence is otherwise. When the Special Prosecutor was confronted with evidence of the bloody underwear photo at his deposition, he testified that had he possessed the photo, "it would have changed the analysis and the evaluation for certain…." (Dkt. 495-69, 9/29/22 O'Rourke dep at 102). He further testified that "anything is possible" when asked whether the photo may have changed his decision to agree to vacate the case. (*Id.* at 65).

The reason why the Special Prosecutor dismissed the case and failed to oppose the COI is unquestionably relevant to the defense in this case, particularly given that Smith intends to rely on the COI, if it is admitted over Defendants' objection (*See* Dkt. 594, Def. MIL no. 24), as evidence of a favorable termination of his criminal proceedings. Smith asserts he is innocent in his complaint and has brought a malicious prosecution claim, alleging the prosecution against him was terminated in a manner indicative of innocence. For the favorable determination element of a malicious prosecution claim where charges were dismissed by *nolle prosequi*, as they were here, why the prosecutor decided to dismiss the charges matters. *See Lund v. City of Rockford, Ill.*, 956 F.3d 938, 949 (7th Cir. 2020). The prosecution's grounds for dismissing the case are therefore relevant to the malicious prosecution claim. In addition, this evidence is necessary to rebut Smith's assertions of innocence. *See Evans v. City of Chicago*, No. 04 C 3570, 231 F.R.D. 302, 317 (N.D. Ill. 2005) (finding that where the plaintiff sought to use an executive pardon to show his innocence, the defendants were entitled to obtain information and analysis on which the pardon was based to diminish the weight at trial to be given to the pardon). Defendants should be allowed to introduce evidence that the criminal case would not have been dismissed or the COI granted due to powerful evidence that refutes Smith's claims of innocence and that his charges were dismissed in a manner indicative of his innocence.

Thus, Part 2 of Plaintiff's motion seeking to bar evidence or argument relating to why the Special Prosecutor vacated the charges and did not oppose the COI should be denied.

### III. Evidence that no hearing was conducted prior to the charges being vacated or the COI being awarded is relevant, admissible evidence.

Once again, Plaintiff ignores that evidence concerning the circumstances under which Smith's conviction was vacated and the COI awarded is relevant to the defense of this case. As discussed above with regard to the Special Prosecutor, it would be unfairly prejudicial to

7

Defendants to allow Plaintiff to introduce evidence that Smith's conviction was vacated and he obtained a COI to establish the favorable termination element of his malicious prosecution claims, without also allowing Defendants the ability to rebut that evidence and further show that the case was not dismissed due to any misconduct by Defendants. The fact that no evidentiary hearing was held in either proceeding and that several Defendants did not testify in the criminal trial or in the post-conviction proceedings (Rice, Solecki and Dwyer) undermines the foundation for why the conviction was vacated and the COI granted, and is at least evidence suggesting it was not due their misconduct in any way. Plaintiff's claims of unfair prejudice are minimal compared to limiting the Defendants in their ability to undermine evidence which they played no part in creating.

Wherefore, for the reasons discussed above, Plaintiff's MIL no. 4 should be denied in its entirety as the evidence it seeks to bar is highly relevant to the defense in this case and no legal authority warrants it being barred.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Daniel M. Noland
Paul A. Michalik
Molly E. Thompson
Daniel J. Burns
Burns Noland LLP
311 S. Wacker Dr., Suite 5200

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
 T: 312-494-1000
 F: 312-494-1001
 sbenjamin@rfclaw.com

Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com