**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Robert Smith Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21 C 1159 |
| v. | ) |
| | ) Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) |
| | ) Magistrate Judge M. David Weisman |
| Defendants. | ) |

**DEFENDANTS RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* No. 9 TO BAR DEFENDANTS FROM REFERRING TO OR OTHERWISE INTRODUCING EVIDENCE RELATING TO HIS PRISON DISCIPLINARY HISTORY**

Defendants, by their respective undersigned counsel, respond to Plaintiff's motion *in limine* no. 9 as follows:

Plaintiff's Motion *in limine* No. 9 seeks to bar reference or evidence relating to Smith's prison disciplinary history on the basis that it is irrelevant and unfairly prejudicial. Plaintiff asserts in the motion that the full extent of Smith's prison disciplinary history consists of only three infractions, but this is false. The three instances Plaintiff is referring to were from his time spent at Cook County Jail following his arrest through his sentencing hearing from January to February 1989. (*See also* Ex. A, 09 29 1990 Sentencing Hearing Trans., at G28-29, 32, 82 – referencing various prison disciplinary records). To that end, Plaintiff's Motion grossly underrepresents the totality of Smith's prison disciplinary history. Smith's Illinois Department of Corrections (IDOC) disciplinary history includes over 30 instances of various violations – including but not limited to, theft of clothing, possession and consumption of homemade alcohol and as Plaintiff aptly points out, possession of drug paraphernalia that included a hypodermic needle and at least two instances where Smith possessed money, including at one point, $50, which Smith denied was his own.

Defendants acknowledge that they need not introduce all of Smith's disciplinary history and indeed do not seek to do so. However, evidence of Smith's continued theft and possession of money, possession of drug paraphernalia including a hypodermic needle and homemade alcohol even while in custody further illustrates Smith's pattern and practice and lends credence to Smith's motive in this case, which is permissible pursuant to Rule 404(b). Evidence of Plaintiff's drug addiction, his string of thefts to fund that addiction and continued use of drug and alcohol both prior to and after his arrest and detention in various penal institutions is highly probative evidence that illustrates motive and Smith's pattern and practice and is thus, admissible. In addition, Smith's prison disciplinary history is also evidence that may be used to rebut Smith's damages regarding his experiences in prison. Accordingly, contrary to Plaintiff's assertion that evidence of Smith's disciplinary history is merely propensity evidence, this evidence actually establishes Smith's pattern and practice of continued theft, alcohol and drug use and further illustrates Smith's potential motive for the crimes.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion *in Limine* No. 9 to Bar Defendants from Referring to or Otherwise Introducing Evidence Relating to his Prison Disciplinary History.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE

MARY B. RICHARDSON-LOWRY

Corporation Counsel of the City of Chicago

By: *s/ Daniel M. Noland*
Special Assistant Corporation Counsel

Terrence M. Burns
Paul A. Michalik

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). A motion for substitution is anticipated and his name is included here as a placeholder.

ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

Daniel M. Noland
Molly E. Thompson
Daniel J. Burns
Dhaviella N. Harris
Burns Noland LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
T: 312-982-0090
F: 312-429-0644
dnoland@burnsnoland.com

3