IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith Jr., | ) |
|        Plaintiff, | ) |
| | ) Case No. 21 C 1159 |
| v. | ) |
| | ) Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) |
| | ) Magistrate Judge M. David Weisman |
|        Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* No. 12 TO BAR DEFENDANTS FROM INTRODUCING EVIDENCE OF THEIR COMMENDATIONS AND OTHER GOOD CHARACTER EVIDENCE**

Defendant Officers, by their undersigned attorney, respond to Plaintiff's Motion *in Limine* No. 12 as follows:

Plaintiff seeks to bar Defendant Officers from introducing any evidence of their work-related commendations, awards, complimentary history, promotions or performance reviews on the basis that such evidence is inadmissible "good character" barred by Fed. R. Evid. 404. While Defendant Officers agree that specific instances of Defendants' awards and/or commendations are typically excluded when it is being introduced as character evidence, Plaintiff's motion goes too far when it seeks to bar *all* evidence of Defendant Officers' work history under the guise of calling it "per se" inadmissible "good character" evidence. In fact, none of the cases cited by Plaintiff establish what he claims – that evidence of commendations, awards, complimentary history, promotions or performance reviews are "routinely excluded." Indeed, Plaintiff cites no case disallowing a Defendant Officer from testifying generally to his work history with CPD, without opening the door to any evidence of "bad character." Defendants should be allowed to testify as to

their employment background, including briefly discussing any promotions, awards or commendations as is relevant to their employment history.

For example, in *Carlson v. Banks*, 2007 U.S. Dist. LEXIS 102258 at *18-19 (N.D. Ill. Feb. 2, 2007), the court explained:

> Witnesses in this Courthouse typically offer various limited background information at the beginning of their respective testimonies. This process is subject to reasonable limits concerning the length and substance of such testimony. Thus, a witness is invariably allowed to testify, if he or she chooses, that he or she is married, went to college, has children, has been promoted during their career, etc.—even if those issues are not really being litigated in the case—as part of a brief, general, introduction to his or her testimony…In this regard, it is common practice for law enforcement witnesses to briefly relate (*i.e.*, in response to a question or two) whether they have received commendations during their career.

*Accord Crabbs v. Pitts*, 2018 U.S. Dist. LEXIS 181353, at * 26 (S.D. Ohio Oct. 23, 2018) ("Defendants are therefore permitted to introduce limited testimony regarding commendations, awards and past performance as part of the officers' introductory background testimony.").

Moreover, if Plaintiff is allowed to impeach a Defendant Officer's testimony with their disciplinary history or 404(b) evidence or attack a Defendant's character for truthfulness in some way, then Defendant Officers should be permitted to rebut such evidence with relevant evidence of their awards, commendations, complimentary history, etc. *See e.g., Charles v. Cotter*, 867 F. Supp. 648, 659 (N.D. Ill. 1994); *Palmer v. Allen*, 2017 U.S. Dist. LEXIS 7336 at *25-26 (E.D. Mich. Jan. 19, 2017*)*; *see also EEOC v. Smokin' Joe's Tobacco Shop, Inc.*, 2007 U.S. Dist. LEXIS 62047, * at 2-3 (E.D. Pa. Aug. 22, 2007) (denying motion *in limine* to bar defendant from introducing evidence of awards and commendations at trial depending on evidence presented in plaintiff's case, including attacks on witness's character for truthfulness under Rule 608). This may include evidence of training, certifications or other achievements as may be relevant to credibility or experience to the extent it relates to an issue relevant to the issues presented in this

case. *See e.g., Meddaugh v. Wood County Deputy John Matthews*, 2024 U.S. Dist. LEXIS 158192, at * 4-5 (W.D. Wis. Sep. 3, 2024) (declining to exclude training, certifications or other achievements relevant to credibility or experience as it relates to use-of-force where officers sued for excessive force).

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion *in Limine* No. 12 to Bar Defendants from Introducing Evidence of their Commendations and Other Good Character Evidence or in the alternative, to hold ruling in abeyance and determine admissibility of such evidence at trial as the issue(s) arise.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[1]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.