IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith Jr., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21 C 1159 ) ) Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) ) Magistrate Judge M. David Weisman |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* No. 14 TO BAR DEFENDANTS FROM ASSERTING THAT THEY INVOKED THE FIFTH ON ADVICE OF COUNSEL OR, IN THE ALTERNATIVE, WAIVER OF THE PRIVILEGE**

Defendant Officers,[1] by their respective undersigned counsel, respond to Plaintiff's motion *in limine* no. 14 as follows:

Plaintiff's motion neglects to disclose that no Defendant Officer asserted his Fifth Amendment rights ("the Fifth") *in this case* as to Smith's allegations or to any other allegations relating to abuse at Area 2. Instead, as also set forth in Defendants' motion *in limine* no. 19 (Dkt. 591), Plaintiff anticipates being able to introduce evidence that some Defendant Officers asserted the Fifth to claims of abuse at Area 2 in the past, in other unrelated proceedings. They did not do so in this case and explained at their depositions that when they did assert the Fifth in the past it was upon the advice of counsel. For the reasons already set forth in Defendants' MIL no. 19, evidence that any Defendant Officer in the past, asserted the Fifth in unrelated proceedings, should be barred because it is irrelevant to any of the issues to be tried in this case and unfairly prejudicial. In fact, the Seventh Circuit, in *Evans v. City of Chicago*, 513 F.3d 735, 740-41 (7th Cir. 2008),

---

[1] Defendant City joins in the relief requested in this Response.

affirmed the trial court's decision not to allow into evidence that the defendant officers in that case invoked the Fifth *to the plaintiff's allegations* in that case because the officers revoked their prior invocations in time to allow sufficient discovery into all matters the officers previously did not answer when they asserted their rights. Plaintiff does not claim here that he was deprived of any discovery in this case into other allegations of abuse at Area 2.

For these reasons, and those argued in MIL no. 19, prior invocations of the Fifth by any Defendant Officer should be barred at trial, thereby rendering Plaintiff's MIL no. 14 moot. But even so, Plaintiff's MIL no. 14 is baseless. Assuming for the sake of argument that the Court allowed into evidence that some Defendant Officer took the Fifth to some unrelated prior allegation of abuse, Plaintiff offers no justification to preclude that Defendant Officer from explaining, in his defense, that he did so at that time based upon the advice of counsel. Plaintiff's argument would deprive Defendants of the fundamental ability to defend themselves against the permissible, but not required adverse inference Plaintiff will seek in relation to those prior assertions of the Fifth. *See e.g., Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Evans*, 513 F.3d at 741.

Plaintiff's attempt to characterize a Defendant Officers' explanation for their prior assertion of the Fifth as inadmissible hearsay or waiver of the attorney-client privilege is equally without merit. A Defendant Officers' prior assertion of the Fifth based upon or motivated by the advice of his then-counsel is not hearsay. Contrary to Plaintiff's assertion, no Defendant will testify or has previously testified as to the reason why his lawyer gave him that advice. And "why" a lawyer provides that advice is still privileged communication and work product, thus negating Plaintiff's claim that Defendant Officers' former lawyers who gave that advice would be called as witnesses (nor are they even witnesses on the parties' witness lists).

This is yet another example of Plaintiff's attempt to make this case about abuse under Jon Burge at Area 2, rather than about Robert Smith's claims. The jury in this case will not be deciding if abuse took place at Area 2 or any Defendant Officer's involvement in unrelated abuse. Thus, for the reasons set forth in Defendants' MIL no. 19, there is no legitimate basis for the jury to even hear that any Defendant made a prior assertion of the Fifth, making Plaintiff's MIL no. 14 moot.

Finally, given the lack of probative value, evidence of any Defendants' prior invocation of the Fifth Amendment in unrelated cases is unfairly prejudicial. Not all the Defendants have asserted their Fifth Amendment rights in the past. And, in those instances where certain Defendants did assert the Fifth, not all the same Defendants in this case were involved or implicated in those other cases. Thus, any reference or adverse inference drawn from any one Defendants' prior invocation of the Fifth is highly prejudicial as to all other Defendants who were not involved or implicated in that case and/or have never asserted their Fifth Amendment rights. Indeed, the only use for this evidence is to lead a jury to make an improper inference based upon propensity that because one Defendant invoked the Fifth in a prior case, that an adverse inference may be drawn with respect to the other Defendants who participated in this investigation, regardless of whether or not they were even involved and/or previously ever asserted the Fifth.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's Motion *in Limine* No. 14 to bar Defendants from Asserting that they invoked the Fifth on advice of counsel or in the alternative, waiver of the privilege.

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[2]

---

[2] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.

3

STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
sbenjamin@rfclaw.com