IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Robert Smith Jr., | ) | |
| Plaintiff, | ) | No. 21-cv-1159 |
| v. | ) | |
| | ) | Honorable Jeffrey I. Cummings |
| The City of Chicago, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**SMITH'S <u>REVISED</u> MOTION IN LIMINE #15 TO BAR WITNESSES FROM COMMENTING ON (1) THEIR BELIEF IN HIS GUILT OR INNOCENCE AND (2) HIS CREDIBILITY AND THAT OF OTHER WITNESSES**

During discovery in this case, several witnesses offered their opinions on Plaintiff Robert Smith's guilt or innocence for the Yeager/Alexander murders, despite having no first-hand knowledge. As one example, at Diane Yeager-Smith's October 26, 2021 deposition, defense counsel asked Diane, "[h]ow do you feel about Robert's guilt today?" and also questioned Diane about how she and her brothers, Derrick and David Yeager, felt about Smith's guilt during the criminal proceedings in 1989 and 1990. *See* Diane Dep. at 44-45, attached as Exhibit 1. *See also* Defendant Det. Steven Brownfield's Dep. at 185, attached as Exhibit 2 (testifying that he believes Smith committed the murders).

While Federal Rule of Evidence 701 permits certain lay opinion testimony in certain circumstances, such lay opinion must be based on the declarant's *first-hand* knowledge. *See* Fed. R. Evid. 701(a), (b). If the witness does not have first-hand knowledge, the testimony is not admissible and must be barred. See Fed R. Ev. 701 Advisory Opinion (explaining that "[l]imitation (a) is the familiar requirement of first-hand knowledge or observation" and limitation (b) warrants exclusion when

1

"attempts are made to introduce meaningless assertions which amount to little more than choosing up sides"). *See also United States v. Conn*, 297 F.3d 548, 553-54 (7th Cir. 2002) (explaining that lay witness opinion testimony is only relevant when based upon first-hand knowledge).

There is a second reason why the Court should not permit any lay witness or attorney in this case to declare their opinion that Mr. Smith is guilty of the Yeager/Alexander murders. On November 6, 2020, Judge LeRoy K. Martin Jr., then the Presiding Judge of the Criminal Division of the Circuit Court of Cook County, granted Smith a Certificate of Innocence pursuant to the Illinois Innocence Act, 735 ILCS 5/2-702 ("COI"). Judge Martin held that "Defendant/Petitioner [Robert Smith] is innocent of the offenses charged in the [his 1987] indictment." A copy of that Court Order is attached as Exhibit 3.

> Section 1738 of Title 28 of the United States Code provides:
>
> [J]udicial proceedings of any court of any . . . State, Territory or Possession [of the United States], . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

Pursuant to Section1738, this Court is obligated to give Judge Martin's Order the same "full faith and credit" that U.S. Constitution requires one State to give to another. Indeed, Congress passed Section 1738 so that the constitutional provision requiring state courts to give full faith and credit to the judicial orders of other state courts, U.S. Const. Art. IV, Sec. 1, would apply equally to federal courts, which must now also give full faith and credit to the judicial orders of state courts. Section 1738

applies unequivocally to Smith's Certificate of Innocence, and this is a second ground on which the Court should not permit any lay witness or attorney to give their opinion about Smith's guilt.

Likewise, no expert witness should be permitted to offer an opinion on Smith's guilt or innocence because Defendants have not disclosed any expert opinion in regard to Smith's purported guilt, which bars them from offering any such testimony at this trial. Fed. R. Ev.26(a)(2). Nor would any expert, if identified, be qualified to do so.

Finally, all witnesses should be barred from commenting on the credibility of any other witness—party or non-party – who testifies at this trial. This Circuit's "precedent makes clear that assessing the credibility of a witness's testimony is the job of the jury," and it is improper to ask a witness to comment on the veracity of any other witness who testifies during this trial. *See U.S. v. Nunez*, 532 F.3d 645, 652 (7th Cir. 2008), citing *United States v. Thomas*, 453 F.3d 838, 846 (7th Cir. 2006) and *United States v. McKee*, 389 F.3d 697, 699 (7th Cir. 2004).

For example, no witness should be allowed to testify that Smith lied at his deposition when he testified that he had no involvement in the murders. As another example, and equally inadmissible, is David and Derrick Yeager's April 26, 2020 Letter to Special State's Attorney Myles O'Rourke in opposition to Smith's April 20, 2020 Clemency Petition, Exhibit 4. In that letter, David and Derrick Yeager repeatedly comment on Smith's purported lack of credibility and their belief that he committed the murders. *See also* Smith MIL No. 16 (seeking more specifically to bar

David and Derrick Yeager testimony on these topics). Such purported evidence, in fact, serves no relevant or admissible purpose and is merely intended to inflame the passions of the jury. *See United States v. Harris*, 471 F.3d 507, 511 (3d Cir. 2006) (such questions "force a witness to testify as to something he cannot know, *i.e.*, whether another is intentionally seeking to mislead the tribunal").

## Local Rule 37.2 Certification

Pursuant to this Court's Standing Order, Plaintiffs' counsel met and conferred telephonically with Defendants' counsel on April 16, 2025, and notified them of Plaintiffs' intention to seek to bar the evidence identified in this Motion. Defendants confirmed that they intend to put on such evidence and that they object to this Motion. There remains a dispute about this evidence.

## Conclusion

For all these reasons, Smith respectfully requests this Court to bar all witnesses from (a) commenting on their belief in Robert Smith's guilt or innocence; and (b) from commenting on the credibility of his or her own or any other witnesses' credibility.

Dated: April 23, 2025

Respectfully submitted,

*PLAINTIFF ROBERT SMITH JR.*
By: /s/ *Ariel Olstein*

Ariel Olstein
Stuart J. Chanen
CHANEN & OLSTEIN
8822 Niles Center Rd., Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

4

Nicole Auerbach
ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevate.law