## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Robert Smith, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  21 C 1159 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., | ) | |
| | ) | Magistrate Judge M. David Weisman |
| Defendants. | ) | |

## DEFENDANT OFFICERS' REPLY IN FURTHER SUPPORT
## OF THEIR MIL NO. 11 TO BAR 404(B) EVIDENCE

Defendant Officers, in further support of their motion *in limine* no. 11, state:

**1. All evidence relating to claims of abuse by Kevin Bailey, Corey Batchelor and Anthony Holmes should be barred because it was not properly disclosed**.

Plaintiff's Response argues at fn. 1 that his production of certain documents relating to Kevin Bailey's arrest, criminal proceedings, and 2019 civil rights complaint (bates numbered 17,014-17,858), after the close of fact discovery and without supplementing his responses to written discovery that specifically requested Plaintiff identify 404(b) evidence he intended to introduce against each Defendant Officer, is sufficient to allow this evidence at trial. It most certainly is not, and Defendant officers would be unfairly prejudiced if it were. Dumping documents, in a case where tens of thousands of documents were produced as part of Plaintiff's *Monell* claim, did not put Defendant Officers on notice that a person mentioned somewhere in all those documents would be called specifically to provide evidence against them at trial. Plaintiff failed to adequately disclose Kevin Bailey, Corey Batchelor and Anthony Holmes as 404(b) witnesses in this case and has provided no basis to excuse that failure or for why they should not be barred.

**2. Plaintiff's attempt to introduce "systematic abuse" as "pattern and practice" evidence against all Defendant Officers should be barred.**

It is abundantly clear from the totality of Plaintiff's 22-page Response that Plaintiff does not distinguish claims of "systematic abuse" evidence as to any one Defendant Officer, but rather collectively seeks to have it apply to all, simply because they worked at Area 2. No rule of evidence allows for such evidence to be introduced in this case on the claims the jury will be asked to decide.[1] Indeed, nowhere in any of Plaintiff's disclosures in this case or in his Response has Plaintiff ever identified any 404(b) witness who makes specific allegations of abuse against Defendants Cline, Rice, Higgins, Pederson, Brownfield or Solecki, let alone a witness who could offer evidence that they engaged in abusive conduct that was part of a "pattern and practice." More importantly, none of Plaintiff's identified trial witnesses make any specific allegation against these officers. Nevertheless, Plaintiff seeks to paint these officers with the broad brush of "systematic abuse" and "pattern and practice" without any actual evidence they participated in or knew of abuse occurring and failed to prevent it.

And as to the remaining Defendant Officers (McWeeny, Dwyer, Yucaitis), Plaintiff seems to argue that one or more *allegations* of abuse made against one of them equates to "systematic abuse," and that not only applies to McWeeny, Dwyer and Yucaitis, but to all Defendant Officers collectively. Allowing Plaintiff to introduce this sort of nonspecific "systematic abuse" evidence would deprive all Defendant Officers of a fair trial in this case and allow Plaintiff to essentially try his bifurcated *Monell* claim. In fact, Plaintiff flat out admits that is his goal: "The evidence that this practice existed is not only relevant but *required* to prove Plaintiff's claims against the Defendant Officers" and that it is "background information that these Defendants regularly abused suspects at Area 2." (Resp. at 3.) Again, Plaintiff cites no legal basis for the admissibility of this evidence in support of the claims that will be tried in this case, and no rule of evidence allows this type of evidence.

---

[1] Even if Plaintiff's *Brady* claim based on a failure to produce pattern and practice evidence survives summary judgment, this evidence would not come in as broad as Plaintiff's response argues. It would have had to been in existence at the time of Smith's trial in 1990, and none of it was.

Plaintiff is also categorically wrong when he argues that "Defendants do not dispute that several Defendants in this case – including Defendants Yucaitis, Dwyer, Rice, Higgins, and McWeeny – engaged in systematic and methodical torture of Black suspects at 2 (or knowing failed to intervene)… from at least 1972 to at least 1986". (Resp. at 3.) Besides not identifying any such evidence as to Higgins and Rice, Defendants have disputed such an allegation as to Yucaitis, Dwyer and McWeeny at every step in this case, including in their answers to the Complaint, at their depositions (for those still alive to give a deposition), and in summary judgment briefing. At best, Defendants have acknowledged that others have made claims of abuse against Defendants Yucaitis, Dwyer and McWeeny, but they deny those allegations.

### 3. Evidence of past misconduct allegations is inadmissible as habit under Rule 406.

Plaintiff has not met his burden of proving prior allegations of abuse against any Defendant Officer are a "habit" under Rule 406. Admissibility of prior allegations of abuse under Rule 406 must be determined with great caution to ensure that what is identified as "routine practice" or "habit" is not actually evidence of other acts offered to prove a party's propensity, in violation of Rule 404(b). *Simplex. Inc. v Diversified Energy Systems, Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988), *see also Thompson v. Boggs*, 33 F.3d 847, 854 (7th Cir. 1994). "[T]he offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Id., see also Becker v. ARCO Chem. Co.*, 207 F.3d 176, 204 (3d Cir. 2000) (habit under Rule 406 reflects a "semi-automatic" repeated response in a specific situation) (citing Fed. R. Evid. 406 Advisory Committee's Note). The First Circuit has even identified adequacy of sampling and uniformity of response as necessary factors. *United States v. Newman,* 982 F.2d 665, 668 (1st Cir. 1992), *cert. denied,* 126 L. Ed. 2d 28, 114 S. Ct. 59 (1993)("the behavior at issue occurred with sufficient regularity making it more

probable than not that it would be carried out in every instance or in most instances" and the "regularity is tested by the ratio of reaction to situations").

Here, Plaintiff's Response provides nothing more than conclusory allegations of the "systematic abuse" evidence, not the degree of specificity and frequency of uniform response necessary as to each Defendant Officer. There is no evidence to establish a "semi-automatic response" of abuse, which does not in the least provide the necessary evidentiary analysis required for admissibility under Rule 406. Indeed, Judge St. Eve rejected a similar attempt by a civil rights plaintiff to introduce evidence of other lawsuits alleging abuse against police officers as habit evidence under Rule 406, and this court should do the same. *See Patterson v. City of Chicago*, No. 15 C 4139, 2017 WL 770991, *4 (N.D. Ill. Feb. 28, 2017) .

### 4. Plaintiff has not established a propensity-free chain of reasoning for any other act evidence.

The Seventh Circuit instructs that the proponent of other-act evidence bears the burden of showing a non-propensity purpose for introducing the evidence and can no longer simply identify one of the limited purpose exceptions permitted under Fed. R. Evid. 404(b)(2) - motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. *United States v. Gomez*, 763 F.3d 845, 855-56 (7th Cir. 2014) (*en banc*). Yet, that is precisely what Plaintiff's Response (at 11-19) does. As the proponent of the evidence, Plaintiff was required to show a chain of reasoning, *independent of propensity*, that makes the other-act evidence relevant to a non-propensity purpose. *Id*. at 856; *see also Harris v. City of Chi*., 14 C 4391, 2018 WL 2183992, *15-16 (N.D. Ill. May 11, 2018) (St. Eve, J.). Plaintiff has not done so as to even one of his eleven 404(b) witnesses or any of the 80-plus 404(b)-related exhibits listed in his initial draft of the pretrial order.

WHEREFORE, for the reasons identified in Defendant's MIL no. 11 and here, Plaintiff should be barred from introducing any other act evidence at the trial in this case.[2]

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[3]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

---

[2] Defendant City joins in the requested relief.
[3] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.