IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANT OFFICERS' REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 17 TO BAR ANY ARGUMENT, MENTION, EVIDENCE OR REFERENCE TO JON BURGE**

For their reply in further support of their Motion in Limine No. 17 (Dkt. 590), Defendant Officers state as follows:

This is not a Burge case. Burge was not at Area 2 at the time of the Yeager/Alexander homicide investigations. Burge was not involved in the Yeager/Alexander homicide investigations in any investigatory or supervisory capacity. Burge did not sign any of the paper related to the Yeager/Alexander homicide investigations. Burge did not testify at Smith's criminal trial or at any subsequent postconviction proceeding. Smith never alleged, in the almost 38 years since the Yeager/Alexander homicide investigations in 1987, that he suffered abuse at the hands of Burge. Burge is not even a named Defendant in this case.

Despite this, Plaintiff has identified over 70 "Burge-related" exhibits in his initial draft of the pretrial order and insists in his Response that an unidentified but "tremendous amount of evidence" relating to Burge is admissible under Rules 402, 403, 404(b), 406, 608(b), and 609 (dkt. 625 at 1). Plaintiff's Response does not identify what the extent of this evidence is or *how* it's admissible under any of these rules. Plaintiff simply offers conclusory statements about the substance of the evidence and admissibility without any actual analysis.

Instead, much of Plaintiff's 11-page Response focuses on 3 pieces of purported evidence: (1) the 1990 Goldston Report; (2) the 1992 police board disciplinary hearing regarding torture allegations by

Andrew Wilson against Burge, Yucaitis and O'Hara; and (3) testimony of various Defendants that they did not participate or witness Burge torture anyone at Area 2, that they did not believe the abuse allegations (Cline/McWeeny) or that Burge was the best supervisor (McWeeny).[1] None of this "evidence" is admissible at trial in this case.

Plaintiff seemingly argues that because the Goldston Report identifies prior abuse allegations against Defendants Yucaitis and Dwyer in reference to when Burge was a supervisor at Area 2, Burge evidence is admissible in this case because it is connected to their conduct (dkt. 625 at 3, citing Ex. A at 17-19). But that is not an evidentiary basis to allow in "Burge-related" evidence. No other Defendant Officer is referenced, but Plaintiff infers they were by his overbroad descriptions of the Report. Even if somehow allegations of abuse that involve Defendant Officers are admissible in this case, Plaintiff offers no valid reason why Burge's role would also be admissible. Certainly, any evidence of abuse by Burge would not have been admissible at Smith's criminal trial. The allegations are also dissimilar and involved "bagging" and "hanging" – which are not allegations made by Smith in this case. (Dkt. 625, Ex. A at 17-19; Dkt. 625 at 3). Moreover, the hanging allegation (and the CR identified in the report) was unfounded, and summary judgment was granted for the Defendants in the civil case. (*See* Dkt. 625, Ex. A at 17, 24). The Goldston report also called into question any allegations in which the People's Law Office (PLO) was involved in securing the information[2] and the bagging allegations specifically reference information obtained from PLO. (Dkt. 625, Ex. A at 2, 18-19). Thus, the Goldston report is wholly inadmissible in this case, it is not relevant pursuant to Rule 402; is not non-propensity evidence or reliable enough to be introduced under Rule 404(b);

---

[1] Plaintiff also ignores that Burge was only a supervisor at Area 2 violent crimes (in his capacity as Lieutenant) for just under five years (11/12/1981 to 8/10/1986). He became Commander at Area 3 on 1/27/1988 and remained there until 11/13/1991. Although Plaintiff attempts to tie these Defendants to Burge by generally arguing "they were at Area 2 when Burge was" for a number of years (dkt. 625 at 3-4), this is overinflated. The majority of Defendants' time at Area 2 by Plaintiff's own calculation, they were not supervised or working under/for Jon Burge. There is also no evidence that any of these Defendants were partnered with Jon Burge on any case in which abuse was alleged before he became a supervisor.

[2] "There were also a number of individuals who were contacted by the People's Law Office. The manner in which the PLO broached the subject of abuse in these cases is questionable… Taking these facts into consideration, any response by these individuals had to be taken with the proverbial grain of salt." (Dkt. 625, Ex. A, at 2).

is not habit evidence under Rule 406; is not relevant to either Defendant Yucaitis' or Dwyer's character for truthfulness and should be barred as extrinsic evidence under Rule 608(b); and finally, the allegations are not criminal convictions for which Rule 609 would apply. Thus, this report, to the extent Plaintiff intends to introduce Burge evidence through it or evidence regarding Defendants' alleged misconduct "under Burge," is irrelevant and inadmissible.

Plaintiff's response argues at length about Burge evidence and its connection to deceased defendant Yucaitis. But since he will not testify in these proceedings about anything to with allegations of other misconduct, there is no evidentiary basis to admit 404(b) or Burge-related evidence against him. The police board hearing, including the board's findings or the allegations therein, are inadmissible hearsay, not relevant as to Yucaitis under Rule 402, not similar to the allegations Smith makes in this case or credible findings against Yucaitis admissible pursuant to Rule 404(b), not relevant to Yucaitis' character for untruthfulness pursuant to Rule 608(b)[3] as the police board hearing was ultimately favorable to him (*see e.g*, https://www.chicagotribune.com/1993/02/11/police-board-fires-burge-for-brutality/), and not admissible pursuant to Rule 609 as this was not a criminal conviction. Thus, the police board hearing, its outcome, and documents regarding the same are irrelevant and inadmissible.

Finally, Plaintiff argues that Defendants' testimony regarding their opinions and disbelief of the abuse allegations against Burge goes to their character for untruthfulness. By way of example, Plaintiff boldly asserts without evidence that McWeeny lied under oath when he said he never witnessed or participated in this abuse (*see* dkt. 625 at 5-7).[4] Plaintiff does not, however, provide any analysis or precedent for how this evidence is admissible under Rule 608 – because it is not. While opinion or reputation

---

[3] According to the Committee Notes on Rule 608(b), Rule 608(b) bars any reference to consequences that a witness might have suffered as a result of an alleged bad act when the conduct is offered to prove the character of the witness. Fed. R. Evid. 608(b) advisory note to 2003 Amendments (citing *United States v. Davis*, 183 F.3d 231, 257 n.12 (3d Cir. 1999)). Thus, evidence of the outcome of the hearing, like all other extrinsic evidence, is also generally irrelevant and inadmissible.

[4] Plaintiff purposefully misrepresents McWeeny's deposition testimony. McWeeny testified that he was not aware of rumors regarding Burge when he transferred to Area 2 in the 80's but subsequently became aware at least at the time of his deposition in January 2020 of the allegations. (Dkt. 495-27 at 6:4-10, 18:6-15).

evidence is admissible under Fed. R. Evid. 608(a) as to the credibility of a witness, Jon Burge is not a witness, nor even a party. These Defendants' opinions as to Jon Burge's reputation or role as a supervisor are thus totally irrelevant. Rule 608(b), which allows for evidence of specific instances of misconduct, does not even apply.  And any attempt to use extrinsic evidence to establish a Defendant Officer lied about Burge cannot be proved up because it would be barred by Rule 608(b).

Plaintiff also argues that "Burge-related" evidence is relevant to his "systemic torture" *Brady* claim. This is not a valid *Brady* claim, nor does the case law Plaintiff cites support such a claim, which Defendants discuss at length on summary judgment. This is simply yet another attempt to insert improper Burge evidence into this case and try his bifurcated *Monell* claim. Even still, all the evidence Plaintiff points to in the Response (*e.g.*, Goldston Report, police board hearing) was created or occurred *after* Smith's criminal trial or was information learned after the Burge allegations became widely publicized *after* Smith's criminal trial and thus, again, wholly irrelevant for purposes of his *Brady* claim, if such a claim even exists here. Another issue with Plaintiff's "Burge-related" evidence is that it is hearsay and lacks foundation for which there is no basis or witness who can lay a foundation for any Burge evidence, as referenced in Defendants' objections to Plaintiff's purported "Burge" exhibits.

Given the above, Plaintiff's assertion that he cannot elicit testimony or evidence with respect to Defendants' prior actions – assuming such evidence has some other admissible purpose – without mentioning Burge is disingenuous.  Moreover, even assuming this Court still finds that "Burge-related" evidence is somehow admissible, it still must be excluded because it is far more unfairly prejudicial to Defendant Officers collectively  than probative of any material issue in this case. Indeed, Burge is not relevant to a single issue the jury will be asked to decide.  This Court should not condone Plaintiff's thinly veiled attempt to turn this case into a sideshow about Burge misconduct, which his Response clearly shows is Plaintiff's intent.

4

WHEREFORE, for the reasons stated in their motion and here, Defendant Officers respectfully request that this Court grant their Motion in Limine No. 17 to Bar any Argument, Mention, Evidence of Reference to Jon Burge.[5]

Respectfully submitted,

PHILIP CLINE
DANIEL MCWEENY[6]
STEVEN BROWNFIELD
WILLIAM PEDERSEN
JOHN SOLECKI
ROBERT DWYER
ESTATE OF JOHN YUCAITIS
ESTATE OF RICE
ESTATE OF WILLIAM HIGGINS

/s/ *Stacy A. Benjamin*
Special Assistant Corporation Counsel

Eileen E. Rosen
Stacy A. Benjamin
Andrew J. Grill
Brittany D. Johnson
ROCK, FUSCO & CONNELLY, LLC
333 W. Wacker, 19th Fl
Chicago, IL 60606
T: 312-494-1000
F: 312-494-1001
sbenjamin@rfclaw.com

---

[5] The City also joins in the relief requested by Defendant Officers in this motion.
[6] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.