IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, Jr., ) | |
| ) | |
| Smith, ) | |
| ) | Case No. 21 C 1159 |
| v. ) | |
| ) | Judge Jeffrey I. Cummings |
| The City of Chicago, et al., ) | |
| ) | Magistrate Judge M. David Weisman |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* NO. 7 REQUESTING A NARROW JURY INSTRUCTION AND TO BAR DEFENDANTS FROM REFERENCING OR ARGUING MR. SMITH'S DEMENTIA OR INABILITY TO TESTIFY LIVE.**

Defendants respond to Plaintiff's motion *in limine* no. 7 as follows:

The parties have filed a total of four motions *in limine* (MILs) and a *Daubert* motion that all relate in some way to Robert Smith's dementia and testimony or evidence about that fact in this case. Defendants argued in their MIL No. 1 (dkt 580) that because it has not been established that Smith is unavailable under FRCP 32(a)(4) or FRE 804, Plaintiff should not be allowed to introduce Smith's prior testimony at the motion to suppress hearing and his deposition at trial in this case because it is inadmissible hearsay. Plaintiff's MIL No. 7 (dkt. 550) assumes he has prevailed on the issue of unavailability and seeks to entirely limit any evidence or argument that Smith has dementia other than an instruction to the jury at the start of the trial that Smith has dementia and will not testify live and to allow Diane Yeager-Smith to testify about how she came to be appointed Smith's Guardian and what she does in that role. Defendants' MIL no. 18 (dkt. 570), seeks to bar reference to Diane's role as Smith's Guardian and her presence from the courtroom. While conversely, Plaintiff's MIL no. 2 (dkt. 545) seeks to bar Defendants from asserting that Diane, as Smith's Personal Representative, is the Plaintiff in this case. And finally, Plaintiff filed a *Daubert* motion (dkt. 600) to bar three dementia medical "experts" on Defendants' witness list, two of

whom were hired by Plaintiff and initially diagnosed Smith with dementia (Drs Stephen Dinwiddie and Diana Goldstein), and Defendants retained expert on dementia, Dr. Monica Argumedo.

This confluence of motions and their opposition firmly establish that the parties are at odds as to how Smith's dementia and the related impact it has had on this case should be handled at trial. It is Defendants' position that Plaintiff's MIL no. 7 is premature until at least the issues raised in their MIL no. 1 are first addressed. In its prior ruling, the Court determined that "as long as [Smith] appreciates his duty to tell the truth, and is minimally capable of observing, recalling and communicating events, his testimony should come in for whatever it is worth." (*See* Dkt. 580 at 2-3.) Defendants interpreted this as meaning Smith is not "unavailable" and expected to testify at trial in whatever capacity he can, unless Plaintiff first proves to the Court that Smith is not even minimally capable of appreciating his duty to tell the truth and recalling and communicating events that form the basis of this lawsuit. According to the Court's previous ruling, Guardianship is not sufficient "proof," and without the necessary proof, Smith should be required to testify. Smith can explain his memory issues to the best of his ability and if further evidence is needed, one of the doctors that diagnosed him (Drs Dinwiddie or Goldstein) or Dr. Argumedo who is familiar with patients with dementia and their symptoms and deficiencies and can explain his condition. In fact, Plaintiff even concedes that evidence relating to the fact that Smith had dementia at the time he gave his deposition is a proper matter of at least argument since it goes to Smith's credibility.

Wherefore, because Plaintiff has not established Smith's unavailability, any proposed instruction like the one contemplated in Plaintiff's MIL no. 7 about Smith and his dementia is premature and unwarranted as is any bar relating to commentary about his testifying via video instead of live. And for the reasons set forth in Defendants MIL no. 18 (dkt. 570), testimony or

reference to Diane as Smith Guardian and Personal Representative in this case is unfairly prejudicial and should not be allowed.

|  |  |
|---|---|
|  | Respectfully submitted, |
| PHILIP CLINE<br>DANIEL MCWEENY[1]<br>STEVEN BROWNFIELD<br>WILLIAM PEDERSEN<br>JOHN SOLECKI<br>ROBERT DWYER<br>ESTATE OF JOHN YUCAITIS<br>ESTATE OF RICE<br>ESTATE OF WILLIAM HIGGINS<br><br>/s/ *Stacy A. Benjamin*<br>Special Assistant Corporation Counsel<br><br>Eileen E. Rosen<br>Stacy A. Benjamin<br>Andrew J. Grill<br>Brittany D. Johnson<br>ROCK, FUSCO & CONNELLY, LLC<br>333 W. Wacker, 19th Fl<br>Chicago, IL 60606<br>T: 312-494-1000<br>F: 312-494-1001<br>sbenjamin@rfclaw.com | MARY B. RICHARDSON-LOWRY<br><br>Corporation Counsel of the City of Chicago<br><br>By: *s/ Daniel M. Noland*<br>Special Assistant Corporation Counsel<br><br>Terrence M. Burns<br>Daniel M. Noland<br>Paul A. Michalik<br>Molly E. Thompson<br>Daniel J. Burns<br>Burns Noland LLP<br>311 S. Wacker Dr., Suite 5200<br>Chicago, IL 60606<br>T: 312-982-0090<br>F: 312-429-0644<br>dnoland@burnsnoland.com |

---

[1] Daniel McWeeny died on March 6, 2025, and his death was suggested on the record on April 2, 2025 (dkt. 540). The parties are in the process of agreeing to substitution of a special representative for him and include his name here as a placeholder.