| PLAINTIFF'S LIVE WITNESSES | | | | |
|---|---|---|---|---|
| Number | Name | Type of Testimony | Description of Testimony | Objection[12] |
| 1 | Diane Yeager Smith | Live | Ms. Smith is the daughter and grand-daughter of the murder victims, the ex-wife of the Plaintiff, and also Plaintiff's Guardian and Special Representative. She was an eyewitness to events after she and Robert arrived at the crime scene. She will testify about her relationship with the victims and with Robert; how she was treated by police on the day of the murder and thereafter; about the hardship of Robert's wrongful conviction on herself and her son, including prison visits. She may also testify about anything to which she previously testified during the criminal case or her deposition. | Subject to MIL#s18 (dkt. 570) and 20 (dkt. 571). |
| 2 | Joshua Smith | Live | Mr. Smith is the son of the Plaintiff and will testify about his relationship with Diane and Robert and the hardship of the wrongful conviction. He may also testify about anything to which he previously testified during his deposition. | Subject to MIL#20 (dkt. 571). |

---

[1] Defendants will not repeat herein but incorporate by reference all of their motions *in limine* and responses to motions in limine, which may impact the admissibility of certain aspects of the identified witnesses testimony. By way of example, Defendants' MIL#11 (dkt. 586) seeking to bar Rule 404(b) evidence applies to many of the Defendant Officers, but we do not specifically identify MIL#11 herein. Defendants identify herein those motions *in limine* that pertain to a specific matter relevant to the identified witness.

[2] Defendants object to any topics that are irrelevant and inadmissible as a result of the Court's ruling on defendants' motion for summary judgment (dkt. 678), including but not limited to Smith's certificate of innocence due to summary judgment on the malicious prosecution claim, alleged misconduct by Dwyer, an alleged pattern of abuse, fabrication of evidence other than the confession and Smith's underwear, and the knife. While defendants reference the ruling herein as to specific witnesses for whom the Court's ruling on summary judgment bars them in their entirety, defendants include this footnote to memorialize their objection to any topics now irrelevant and inadmissible being covered with all trial witnesses, whether called live or by way of designations.

| 3 | Former PD Clyde Lemons | Live | Mr. Lemons was Robert Smith's criminal defense lawyer for Robert's criminal pretrial proceedings. He will testify about his observations of Robert while representing him; his knowledge concerning the Defendants' conduct and the homicide investigation; and other non-privileged information relating to Robert's claims. | See MIL#4 (dkt. 563) |
|---|---|---|---|---|
| 4 | Expert Suzanne Ward | Live | Ms. Ward is an expert in medical records, and she will testify on the topics identified in her report, its Rule 26 attachments, and her deposition in this case. | |
| 5 | Expert Brian Cutler | Live | Mr. Cutler is an expert in coerced confessions, and he will testify on the topics identified in his report, its Rule 26 attachments, and his deposition in this case. | See Defendants' to be filed motion to bar regarding Cutler. |
| 6 | Expert Karl Reich | Live | Dr. Reich is an expert in DNA, serology, and forensic sciences, and he will testify on the topics identified in his report, its Rule 26 attachments, and his deposition in this case. | See Defendants' Motion to Bar Dr. Karl Reich's Opinions (dkt. 579). |
| 7 | Expert Jamie MacAllister | Live | Ms. MacAllister is an expert in fire investigation, and she will testify on the topics identified in her report, its Rule 26 attachments, and her deposition in this case. | See Defendants' Motion to Bar Plaintiff's Expert Jamie McAllister (dkt. 578). |
| 8 | CPD Serologist Christine Anderson | Live - Called Adverse | Ms. Anderson was a serologist for the CPD Crime Lab at the time of the murders. She is an occurrence witness as to conduct, lab reports, and opinions that occurred in or were generated by the CPD Crime Lab with respect to this case. She will testify on the topics identified in (a) the reports she and her unit issued, (b) her testimony during Robert's criminal trial; and (c) her testimony during two depositions in this case, including any other relevant information related to Robert's claims. | Subject to MIL#25 (dkt. 574). |

| 9 | Defendant Lt. Phil Cline | Live, Prior Video Dep, and Prior Testimony - Called Adverse | Defendant Cline was not present at the crime scene or Area 2 on the day of the murder. Cline falsely testified against Robert twice, at both Robert's suppression hearing and criminal trial. He also testified falsely at two depositions related to this case. He will testify on the topics covered during (a) his suppression hearing testimony; (b) his criminal trial testimony; (b) his post-conviction deposition testimony; (d) his civil deposition testimony; and (e) other aspects of the investigation. | Subject to MIL#27 (dkt. 596) and MIL#28 (dkt. 576). |
| --- | --- | --- | --- | --- |
| 10 | Defendant Det. William Pedersen | Live, Prior Video Dep, and Prior Testimony - Called Adverse | Defendant Pedersen was an Area 2 Detective who will testify about topics (a) related to the homicide investigation; (b) covered during his post-conviction deposition, (c) covered during his deposition in this case; and (d) any other information relevant to Robert's claims against him and the other Defendants. | Subject to MIL#28 (dkt. 576) and MIL #30 (Dkt. 598). |
| 11 | Defendant Det. John Solecki | Live, Prior Video Dep, and Prior Testimony - Called Adverse | Defendant Solecki was an Area 2 Detective who will testify about topics (a) related to the homicide investigation; (b) covered during his deposition in this case; and (c) any other information relevant to Robert's claims against him and the other Defendants. | Subject to MIL#28 (dkt. 576) and MIL#29 (dkt. 597). |
| 12 | Defendant Det. Robert Dwyer | Live, Prior Video Dep, and Prior Testimony - Called Adverse | Defendant Dwyer was an Area 2 Detective who will testify about topics related to (a) the homicide investigation; (b) covered during his deposition in this case; and (c) any other information relevant to Robert's claims against him and the other Defendants. | Subject to MIL#28 (dkt. 576). |

| 13 | Defendant Det. Steven Brownfield | Live, Prior Video Dep, and Prior Testimony - Called Adverse | Defendant Brownfield was an Area 2 Detective who will testify about topics (a) related to the homicide investigation; (b) covered during this trial testimony, (c) covered during his post-conviction deposition, (d) covered during his deposition in this case; and (e) any other information relevant to Robert's claims against him and the other Defendants. | Subject to MIL#28 (dkt. 576). |
|---|---|---|---|---|
| 14 | Former Defendant Det. Michael Rowan | Live, Prior Video Dep - Called Adverse | Detective Rowan was an Area 2 Detective and former Defendant in this case. He will testify about topics related to the homicide investigation, including all topics covered during his deposition testimony and other information relevant to Robert's claims. | Subject to MIL#28 (dkt. 576). |
| 15 | Det. Ronald Gaines | Live, Prior Video Dep | Detective Gaines was an Area 2 Detective. He will testify about topics related to the homicide investigation, including all topics covered during his deposition testimony; and other information relevant to Robert's claims. | Subject to MIL#25 (dkt. 574) and MIL#28 (dkt. 576). |
| 16 | CPD Evidence Technician Frank DeMarco | Live, Prior Video Dep | ET DeMarco will testify about topics related to the homicide investigation; topics covered during his deposition testimony; and other information relevant to Robert's claims. | Subject to MIL#25 (dkt. 574) and MIL#28 (dkt. 576). |
| 17 | Officer Warren Hughes | Live, Prior Video Dep | Officer Hughes will testify about topics related to the homicide investigation; topics covered during his deposition testimony; and other information relevant to Robert's claims. | Subject to MIL#25 (dkt. 574) and MIL#28 (dkt. 576). |
| 18 | Bomb & Arson Det. Lawrence Gates | Live, Prior Video Dep, Prior Testimony | Detective Gates will testify about topics related to the homicide and arson investigation; topics covered during his prior criminal trial testimony and his prior deposition testimony; and other information relevant to Robert's claims. | Subject to MIL#25 (dkt. 574), MIL#26 (dkt. 575), and MIL#28 (dkt. 576). |
| **WILL BE CALLED THROUGH VIDEO AND TRANSCRIPT WITNESSES** | | | | |

| Number | Name | Type of Testimony | Description of Testimony | Objection[3] |
|---|---|---|---|---|
| 19 | Plaintiff Robert Smith Jr. (disabled) | Prior Video Dep; Prior Test. | Plaintiff Robert Smith was wrongfully coerced, charged, and convicted of a double murder he did not commit.  He will testify about (a) his relationship with victims; and (b) his interrogation and treatment by Defendants and Area 2 personnel on the day of the murder; and (c) the topics addressed in his videotaped deposition and his suppression hearing testimony. | MIL#1 (dkt. 580). |
| 20 | Paul Ward (deceased) | Prior Testimony | Paul Ward is Robert Smith's uncle, and he was also a neighbor of the murder victims.  His prior suppression hearing testimony will be read, which includes the topics of his relationship with Robert and the victims and observations he made at the scene. | MIL#7 (dkt. 585). |
| 21 | Defendant Det. Dan McWeeny (deceased) | Prior Testimony and Prior Video Dep. | Defendant McWeeny's prior testimony will be presented from three sources:  (a) his prior suppression hearing testimony; (b) his prior criminal trial testimony; and (c) his videotaped deposition from Smith's post-conviction proceeding.  The topics covered are his role in the homicide investigation and other information relevant to Robert's claims against him and the other Defendants. | Subject to MIL#28 (dkt. 576) as to it applies to opening statements and closing arguments. |
| 22 | Defendant Det. William Higgins (deceased) | Prior Testimony | Defendant Higgin's prior testimony will be presented from Robert's criminal proceedings. The topics covered are his role in the homicide investigation and other information relevant to Robert's claims against him and the other Defendants. | |

---

[3] While not identified herein, Defendants have various objections to certain of the designations made by Plaintiff which are addressed in that section of the final pretrial order.

| 23 | Defendant Det. John Yucaitis (deceased) | Prior Testimony | Defendant Yucaitis's prior testimony will be presented from Robert's suppression hearing. The topics covered are his role in the homicide investigation and other information relevant to Robert's claims against him and the other Defendants. | |
|---|---|---|---|---|
| 24 | CFD Capt. Robert Dempsey (deceased) | Prior Testimony | Capt. Dempsey led the fire crew at the murder scene. His prior testimony will be presented from Robert's criminal trial and will include testimony about the fire, the fire department efforts to extinguish it; other information relevant to Smith's claims against the Defendants. | |
| 25 | CFD Investigator Jack Lumsden (deceased) | Prior Video Dep | Investigator Lumsden investigated the cause and origin of the fire. His prior deposition testimony will be presented and will include testimony about the fire, the fire department efforts to extinguish it; and other information relevant to Smith's claims against the Defendants. | Subject to MIL#28 (dkt. 576) as to it applies to opening statements and closing arguments. |
| 26 | CPD Fingerprint Examiner John DuShane (deceased) | Prior Testimony | Examiner DuShane testified at Smith's criminal trial about one or more fingerprints found at the murder scene. That trial testimony (or parts of it) will be presented. | See MIL#21 (dkt. 572). |
| 27 | City Rule 30b6 Rep. Dachae Blanton (admission of party opponent) | Prior Testimony | Lt. Blanton was presented as a 30(b)(6) witness about procedures, rules, and regulations that existed in 1987 and 1988 related to the CPD Evidence and Recovered Property Section ("ERPS"), including certain ones that were not followed. Her testimony related to a butcher knife found at the crime scene that ERPS was directed to destroy. Her testimony is an admission of a party opponent and excerpts will be read to the jury. | See MIL#31 (dkt. 577). Further responding, if MIL#31 is denied in whole or in part, Plaintiff has not shown that Commander Blanton is unavailable, and Defendants object to her deposition testimony as hearsay. See also dkt#678, ruling on MSJ regarding the knife. |

| 28 | Former ASA Patricia Woulfe (outside jurisd.) | Prior Video Dep | Ms. Woulfe was the prosecutor who handled discovery in Mr. Smith's criminal case. She gave a videotaped deposition in this case in which she testified about several pertinent issues in the case including discovery and witness issues. She is outside the jurisdiction, and the videotaped deposition is admissible on that ground; excerpts will be played. | |
| --- | --- | --- | --- | --- |
| **MAY CALL WITNESSES** | | | | |
| 1 | Former ASA, Former Defendant Raymond Brogan | Live – Called Adverse | Former ASA Brogan may be called to testify about his interactions with Robert Smith and with the Area Detectives conducting the investigation | |
| 2 | Evidence Technician Thaddeus Melko (deceased) | Prior Test. | ET Melko testified at Robert's criminal trial. We may move into evidence all or a portion of his trial testimony. | |
| 3 | CPD Serologist Pam Fish | Live – Called Adverse | Ms. Fish was a serologist in the Chicago Crime Lab and worked on evidence related to Robert's criminal case. She may be called about her crime lab work and other conduct relating to this and other homicide investigations; her report and opinions regarding these murders; her deposition testimony in this case; and other information relevant to Robert's claims. | Subject to MIL#25 (dkt. 574) and MIL#15 (dkt. 569). |
| 4 | Officer Martin Rios | Live, Prior Video Dep – Called Adverse | Mr. Rios may be called related to the homicide investigation; his interaction with Mr. Smith; his deposition testimony; and other information relevant to Robert's claims. | Subject to MIL#15 (dkt. 569) and MIL#28 (dkt. 576). |
| 5 | Former Special Prosecutor Debbie Cohen | Live (and only if the Court permits Myles O'Rourke to testify) | Ms. Cohen was a Special Assistant State's Attorney for Area 2 and 3 cases and one of the prosecutors assigned to Robert's post-conviction claims. If the Court permits Mr. O'Rourke's testimony, which we oppose, only then will she be | Irrelevant (FRE 401, 402, 403), unfair prejudice, confusing the issues, misleading the jury, lacks foundation for any |

| | | | called to testify about her role in investigating Robert's Post-Conviction claims, the facts and opinions she developed in connection with her and her office's investigation; the State's decision to vacate Robert's conviction and to dismiss the indictment against him; and perhaps about Robert's certificate of innocence. | opinions/conclusions concerning the police investigation of the subject homicides and which were also not properly disclosed under Rule 26(a)(2), and cumulative to Myles O'Rourke's testimony, who was the appointed Special State's Attorney. |
|---|---|---|---|---|
| 6 | Area 2 Victim Madison Hobley | Live or Zoom[4] | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible extrinsic evidence. See also dkt#678, ruling on MSJ, including but not limited to the dismissal of Dwyer. |
| 7 | Area 2 Victim Darrell Cannon | Live | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing |

---

[4] With respect to 404(b) witnesses, Plaintiff has worked hard to identify and line up the proper witnesses for this trial. Because Plaintiff is at the mercy of such third-party witnesses and their counsel, Smith reserves the right, prior to the Court's entry of the Pretrial Order, to substitute one or more identified 404(b) witnesses who appears on this list with a 404(b) witness identified in Smith's initial disclosures, interrogatory answers, or through other production of documents during this litigation. See Fed. R. Civ. P. 26(e)(1)(A) (or as "otherwise . . . made known to the other parties during the discovery process or in writing).

| | | | Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct. | the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible extrinsic evidence. See also dkt#678, ruling on MSJ |
|---|---|---|---|---|
| 8 | Area 2 Victim Kevin Bailey or Corey Batchelor | Live | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct. | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible extrinsic evidence. See also dkt#678, ruling on MSJ. |
| 9 | Area 2 Victim Gregory Banks or A2 Victim David Bates | Live | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct. | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible extrinsic evidence. See also dkt#678, ruling on MSJ, including but not limited to the dismissal of Dwyer. |

| 10 | Area 2 Victim Anthony Holmes | Live, Zoom, or Prior Test. | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible extrinsic evidence. See also dkt#678, ruling on MSJ. |
|---|---|---|---|---|
| 11 | Area 2 Victim Melvin Jones (deceased) | Prior Test. | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct. | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible extrinsic evidence. See also dkt#678, ruling on MSJ. |
| 12 | Area 2 Victim Eric Caine (deceased) | Prior Test. | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct. | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible |

| | | | | extrinsic evidence. See also dkt#678, ruling on MSJ. |
|---|---|---|---|---|
| 13 | Area 2 Victim Philip Adkins (deceased) | Prior Test. | His personal experience relating to his torture and abuse at Area 2 and wrongful conviction, including the fact that one or more of the Detective Defendants in this case participated in such police misconduct, and the fact that the same Detective or Detectives had the opportunity, intent, preparation, planning, and knowledge to engage in such misconduct. | MIL#11 (dkt. 586). MIL #17 (dkt. 590) Defendants also object as follows: (FRE 401, 402, 403, 608(b)), Irrelevant, unfair prejudice, confusing the issues, misleading the jury, waste of time to conduct a mini-trial of this person's allegations, hearsay and inadmissible extrinsic evidence. See also dkt#678, ruling on MSJ. |
| 14 | David and Derrick Yeager | Live | David and Derrick are the sons and grand-sons of the murder victims. Plaintiff may call David and/or Derrick to testify about their interactions with the Detective Defendants during the homicide investigation. | |
| 15 | Evidence Technician Thomas Bachelder | Prior Test. | | |
| 16 | Any witness identified by Defendants on their witness list. | | | |
| 17 | Any witness required to lay a foundation for the business records exception, if necessary. | | | |
| 18 | Any witness required to lay a | | (This would include, by way of example only, records of Chicago City Council Meetings, records | As to Chicago City Council Meetings and Police Board |

| | | | |
|---|---|---|---|
| foundation for the business records exception, if necessary. | | of Police Board Proceedings, any CPD Investigation or Permanent Retention file, any OPS File, etc.) | Proceedings and OPS files, MIL#11 (dkt. 586). To the extent plaintiff identifies those materials for other unspecified reasons, defendants also object as follows: (FRE 401, 402, 403, 608(b)), unfair prejudice, confusing the issues, misleading the jury and inadmissible extrinsic evidence. |