**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

Diane Yeager Smith, as special )
representative for Robert Smith Jr., )
                              Plaintiff, )     No. 21-cv-1159
v. )
                                   )     Honorable Jeffrey I. Cummings
The City of Chicago, et al. )
                           )
                  Defendants. )

**PROPOSED FINAL PRETRIAL ORDER**

       This case comes before the Court for Trial. Pursuant to this Court's Standing Order for Preparation of Proposed Final Pretrial Order and Other Trial Preparation Materials In Advance of Trial, Plaintiff and Defendants submit this Proposed Final Pretrial Order, which contains:

- A Statement of Jurisdiction;

- The Trial Attorneys' Names, Addresses, and Phone Numbers;

- Proposed Case Statements **(Exhibit A) [Dkt.687];**

- Contested Issues Statements **(Exhibit B) [Dkt.688 & 689]**

- Stipulations reached by the Parties **(Exhibit C) [Dkt.684];**

- Plaintiff's Witness List as directed by the Court **(Exhibit D) [Dkt.683];**

- Defendants' Witness List as directed by the Court **(Exhibit E) [Dkt.682];**

- Designated transcripts of witness testimony from the criminal proceedings, post-conviction depositions, and depositions from this case, including a chart of the designations, cross-designations, objections, and responses to objections (collectively, **Exhibits 1-25**).

- A list of all Plaintiff's Exhibits with Defendants' objections and Plaintiff's asserted bases for admissibility **(Exhibit F)**.

- A list of all Defendants' Exhibits with Plaintiff's objections and Defendants' asserted bases for admissibility **(Exhibit G)**.

- The Parties' estimate of trial time in hours.

- Plaintiff's damage itemization;

- Plaintiff's Trial Brief **(Exhibit I)**

- Defendants' Trial Brief **(Exhibit J)**.

- The status of settlement.

- A list of Plaintiff's Motions in Limine and his *Daubert* Motion (w/ Dkt.#).

- A list of Defendants' Motions in Limine and *Daubert* Motions (w/ Dkt.#).

This Order will control the course of the trial and may not be amended except by consent of the parties, or by order of the Court to prevent manifest injustice.[1]

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| *PLAINTIFF ROBERT SMITH* | *DEFENDANT CITY OF CHICAGO* |
| | *DEFENDANT OFFICERS* |
| /s/ Stuart J. Chanen | /s/ Stacy Benjamin |
| | /s/ Daniel Noland |

---

[1] DEFENDANTS' FOOTNOTE Defendants have not seen the final version of the designated transcripts plaintiff will be filing with this proposed final pretrial order. Thus, and because plaintiff previously filed an incorrect version of a document that is part of this final pretrial order, defendants request that this sentence of the final pretrial order not be effective until defendants have the opportunity to review the filed final pretrial order in total.

PLAINTIFF'S RESPONSE: Plaintiff disagrees that Defendants have not seen the final versions of all designated transcripts that plaintiff will be filing. And the document we filed in error and corrected immediately has nothing whatsoever to do with the transcript designations. Plaintiff has no objection, however, to the commitment sentence above not being effective until Defendants feel ready to commit to it.

This case comes before the Court for Trial.  Pursuant to this Court's Standing Order for the Filing of Pretrial Materials, Plaintiff Diane Yeager Smith, as special representative of Robert Smith Jr. , Defendant City of Chicago,[2] and the individual Defendants, Phillip Cline, Steven Brownfield, William Pedersen, John Solecki, and Geri Yanow, as special representative of the Estates of  Daniel McWeeny, John A. Yucaitis, William Higgins, and Robert Rice (collectively, "Defendant Officers") (and all together, the "Parties") have agreed to and filed the following Pretrial Order.

1.   **Jurisdiction.**   The Parties are in agreement that this Court has federal subject matter jurisdiction over all federal claims under 28 U.S.C. § 1331 and supplemental subject matter jurisdiction over all state claims under 28 U.S.C. § 1367(a).

2.   **Trial Attorneys.**   The Trial Attorneys, with addresses, phone numbers, and email addresses, are set forth here. Each attorneys' cell phone is included in red.

**Stuart J. Chanen  847-644-3003**
**Ariel Olstein        847-361-3526**


CHANEN & OLSTEIN, LLP
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669
Stuart@ChanenOlstein.com
Ariel@ChanenOlstein.com

**Stacy Benjamin 312-213-3355**
**Eileen Rosen 312-953-1789**
**Andrew Grill 708-710-7838**
**Brittany D. Johnson 512-751-6272**
ROCK FUSCO & CONNELLY, LLC
333 W. Wacker Dr. 19th Fl., Suite 2200
Chicago, IL 60606
312-494-1000
Sbenjamin@rfclaw.com
Erosen@rfclaw.com
Agrill@rfclaw.com
Bjohnson@rfclaw.com

---

[2]      DEFENDANT FOOTNOTE:    In light of the Court's ruling on Defendants' motion for summary judgment and request that the parties discuss the issue of indemnification (dkt. 678 at 92), the City has tendered a proposed stipulation to Plaintiff regarding indemnification, which Plaintiff is considering. Defendants have also filed their Motion *in Limine* No. 3 to Bar Reference to the City of Chicago as a defendant, and Bar Reference to Any Indemnification by the City of Chicago as to Any Award of Compensatory Damages, in the event the parties are unable to reach agreement. (Dkt. 582).

**Nicole Nechama Auerbach** 847-414-8827

ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460
Nicole.auerbach@elevatenextlaw.com

**Daniel Noland** 630-664-1837
**Molly Thompson** 415-5190327
**Daniel Burns** 773-206-6771

BURNS NOLAND LLP
311 S. Wacker Drive, Suite 5200
Chicago, IL 60606
312-982-0090
dnoland@burnsnoland.com
mthompson@burnsnoland.com
dburns@burnsnoland.com

3.      The Parties' Respective Proposed **Case Statements** are attached as Exhibit A.

4.      The Parties' Respective Proposed statements of **Contested Issues**.  To be filed as Exhibit B.

5.      **Stipulations** reached by the parties are attached as Exhibit C.

6.      **Witness Lists.**

Plaintiff's Witness List is attached as Exhibit D in the format set out by the Court. Defendants' Objections are identified in the right-hand column of Plaintiff's List.

Defendants' Witness List is attached as Exhibit E in the format set out by the Court. Plaintiff's Objections are identified in red ink within the Defendants' List.

The designated transcripts and charts are available to the Court at this link: https://www.dropbox.com/scl/fo/z0rclr3lj1bmnte7yiadm/AJGFvR02DScMcGxRAPs85tk?rlkey=tkcnvmihv0yo8nxkfpsyol9z2&dl=0
They are included in a folder as Exhibits 1-28.  The parties, however, did not complete the designations for Plaintiff Robert Smith and Defendants Daniel McWeeny and William Higgins, three important witnesses in the cases, but are working diligently to finalize them as soon as possible and will report to the Court our status of the same at the status hearing on June 10, 2025.  In addition, due to the volume of designations and numerous drafts involved, the parties reserve the right to make corrections to designations.

a.      **Exhibit Lists.**[3]

Plaintiff's Exhibits ("PX") are attached in a spreadsheet as Exhibit F, with Defendants' objections and Plaintiff's asserted bases for admissibility in the right-hand columns.

---

[3]      PLAINTIFFS' FOOTNOTE:  The Parties were not able to reach agreement on Joint Exhibits.  On Thursday, May 29, Plaintiff proposed a list of 126 Joint Exhibits, which set forth the importance of reaching an agreement quickly, and on Tuesday, June 3, Defendants sent back a new list of Objections to 103 of the proposed Joint Exhibits.

Defendants' Exhibits ("DX") are attached in a spreadsheet as Exhibit G, with Plaintiff's objections and Defendants' asserted basis of admissibility in the right-hand columns.

b.  **Estimate of Trial Time**.  This Jury Trial will take approximately 120 hours.  If each day has six hours of trial time, the case can be tried in 20 trial days, which is four weeks.

Plaintiff requests that the Court put the Parties on "a clock," and that each side be responsible for putting in their respective cases within the time they are allotted.  Smith is requesting 75 hours of the allotted time because he has the burden of proof on nine different claims (one of which has four subparts) and because Defendants have objected to an extraordinary amount of exhibits on foundation grounds, requiring up to 5-6 additional unnecessary witnesses; 45 hours for Defendants.

While Defendants do not object to the concept of timing the amount each party utilizes at trial, Defendants object to Plaintiff's request to take 75 hours to Defendants' 45 hours. If a "clock" is used, the amount per side should be equal. Indeed, in light of the number of Defendants, it would be Defendants, not Plaintiff, entitled to more time.

c.  **Damage Itemization**.  The Plaintiff is seeking $2 million per year for each year that Smith was wrongfully incarcerated, for a total of $66 million in compensatory damages. Plaintiff seeks an additional $1 million from any of the four live defendants that the jury finds liable for punitive damages.  (The law prohibits punitive damages against deceased parties.)  Smith reserves the right to change his demand through the trial's closing arguments.

Based upon the Court's ruling that there was probable cause to prosecute Smith for the murders, Defendants object to Plaintiff seeking damages for three years of pre-trial detention and should be limited to damages of 30 (not 33) years of incarceration.

d.  **Trial Briefs**.

Plaintiff's Trial Brief is attached as Exhibit I.
Defendants' Trial Brief is attached as Exhibit J.

e.  **Settlement Status**.

Without a substantial offer from Defendants, Smith does not believe that a settlement referral to the magistrate would be productive at this time.

Defendants believe that, especially following the summary judgment decision, the parties should engage in a settlement conference.

**f.** **Motions In Limine and *Daubert* Motions To Limit Expert Testimony.**

Plaintiffs have filed the following 17 Motions in Limine and one *Daubert* Motion. (Plaintiff did not file Motions In Limine 1, 13, 17, or 19 because the relief sought in those draft motions were either: (a) stipulated, (b) addressed in a different motion, or (c) withdrawn.) Courtesy copies of Plaintiff's motions and Defendants' responses were previously provided to the Court.

**1.** No Motion.

**2.** Bar References to Diane Smith Being The Plaintiff In The Case (Dkt.545).

**3.** Bar References to Robert Refusing to Take Polygraph During his Interrogation (Dkt.546).

**4.** Bar References to Certain Decisions Made In Robert's Criminal and Post-Conviction Proceedings (Dkt.547).

**5.** Bar References to The Allegation That Robert Was Involved in Making Unauthorized Withdrawals From Edith Yeager's Bank Account Before the Murders (Dkt.548).

**6.** Bar References to Any Allegation That Robert had a Romantic/Sexual Relationship w/ Sally Payne (Dkt.549).

**7.** Give an Instruction to The Jury About Robert's Dementia and Then to Bar Additional References to The Dementia Because It Is Not Relevant to the Case (Dkt.550).

**8.** Bar References to Robert's Prior Arrests And Criminal Convictions (Dkt.551).

**9.** Bar References to Robert's Prison Disciplinary History (Dkt.552).

**10.** Bar References to Robert's Other Alleged Bad Acts (Dkt.553).

**11.** Bar References to Collateral Source Payments (Dkt.554).

**12.** Bar References to Defendants' Commendations and Evidence of Good Character (Dkt.555).

**13.** No Motion.

**14.** Bar Defendants from "Explaining" Their 5th Amend. Privilege by Referencing Legal Advice (Dkt.556).

**15.** Bar Witnesses from Commenting on Other Witnesses' Credibility and from Providing Opinion Testimony on Plaintiffs' Guilt or Innocence (Dkt.665 –re-filed w/ exhibits).

**16.** Bar Witnesses David and Derrick Yeager from Testifying about Three Topics (Dkt.558).

**17.** No Motion.

**18.** Bar Witnesses from Testifying That The "Knife" Was Unrelated to the Murder (Dkt.559).

**19.** No Motion.

**20.** Bar Use of Unnecessary, Gruesome Photos with Witnesses and the Jury (Dkt.560).

**21.** Bar Lumsden Underwear Photograph And Improper Argument Regarding Same (Dkt.561).

***Daubert.*** Bar testimony of three "dementia" experts as not relevant to any disputed issue and because Dr. Argumedo does not qualify as a dementia expert under Rules 701 and 702.

Defendants have filed the following Motions in Limine and *Daubert* Motions to Limit Expert Testimony.

| Docket No. | MIL No. | Description |
|---|---|---|
| 578 | *Daubert* | Defendants' *Daubert* Motion to Bar Plaintiff's Expert Jamie McAllister |
| 579 | *Daubert* | Defendants' Motion to Bar Dr. Karl Reich's Opinions |
| 580 | 1 | Defendants' Motion *In Limine* No. 1 to Bar Plaintiff From Introducing Robert Smith Testimony |
| 581 | 2 | Defendants' Motion *In Limine* No. 2 to Bar Testimony, Evidence, or Argument of a Generalized Police "Code of Silence" |
| 582 | 3 | Defendants' Motion *In Limine* No. 3 to Bar Reference to the City of Chicago as a defendant, and Bar Reference to Any Indemnification by the City of Chicago as to Any Award of Compensatory Damages |
| 563 | 4 | Defendants' Motion *In Limine* No. 4 to Bar Plaintiff from Calling Clyde Lemons as a Witness |
| 583 | 5 | Defendants' Motion *In Limine* No. 5 to Bar Any Mention or Argument Concerning the Absence of Any Defendant Officer During Trial |
| 584 | 6 | Defendants' Motion *In Limine* No. 6 to Bar Any Mention or Argument that Defendants Failed to Call a Witness or Failed to Present Evidence |
| 585 | 7 | Defendants' Motion *In Limine* No. 7 to Bar Evidence of Paul Ward's Suppression Hearing Testimony |
| 564 | 8 | Defendants' Motion *In Limine* No. 8 to Bar Rule Reference, Evidence, or Argument Regarding Plaintiff's Settlement with Raymond Brogan |
| 565 | 9 | Defendants' Motion *In Limine* No. 9 to Bar Any Argument or Evidence Asserting There Was Any Duty to Record Interviews |

| Docket No. | MIL No. | Description |
|---|---|---|
| 566 | 10 | Defendants' Motion *In Limine* No. 10 to Bar Any Argument or Evidence Asserting That the Chicago Police Department Could Have Conducted DNA Testing |
| 586 | 11 | Defendants' Motion *In Limine* No. 11 to Bar Introduction of 404(b) Evidence |
| 567 | 12 | Defendants' Motion *In Limine* No. 12 to Bar Questioning, Evidence, or Argument Suggesting the Absence of Blood in the Dryer Lint Indicates the Offender Did Not Wash and Dry His Clothes |
| 568 | 13 | Defendants' Motion *In Limine* No. 13 to Bar Evidence Regarding Chicago Police Department's Internal Rules, Regulations, and General Orders, and to Prohibit Reference and Argument Regarding "Street Files" |
| 287 | 14 | Defendants' Motion *In Limine* No. 14 to Bar Improper Arguments That Defendant Officers Improperly Investigated the Crimes |
| 569 | 15 | Defendants' Motion *In Limine* No. 15 to Bar Evidence or Argument Regarding Allegations of Misconduct By Non-Defendants |
| 589 | 16 | Defendants' Motion *In Limine* No. 16 to Bar Any Evidence of a "Pattern or Practice" as a *Brady* Claim or For Any Other Purpose |
| 590 | 17 | Defendants' Motion *In Limine* No. 17 to Bar Any Argument, Mention, Evidence or Reference to Jon Burge, Including Any Publicized Events or Other Allegations of Police Misconduct Regarding Burge |
| 570 | 18 | Defendants' Motion *In Limine* No. 18 to Bar Reference, Evidence, or Argument as to Diane Yeager-Smith's Guardianship or Role as Special Representative of Robert Smith, and to Bar Her Presence From the Courtroom |
| 591 | 19 | Defendants' Motion *In Limine* No. 19 to Bar Reference, Evidence or Argument Regarding Defendant Officers' Prior Fifth Amendment Invocation to Unrelated Incidents or That Certain Defendant Officers Were Granted Use Immunity Before Their Depositions During Smith's Postconviction Proceedings |
| 571 | 20 | Defendants' Motion *In Limine* No. 20 to Bar Improper Argument and Evidence Pertaining to Damages |
| 572 | 21 | Defendants' Motion *In Limine* No. 21 to Bar Certain Fingerprint Evidence and Argument |
| 593 | 22 | Defendants' Motion *In Limine* No. 22 to Bar Any Argument About Sending a Message to the City of Chicago or Chicago Police Department |
| 573 | 23 | Defendants' Motion *In Limine* No. 23 to Bar Any Argument That Jurors are the "Guardians of the Community" or Otherwise Tasked With Protecting the Public |

| Docket No. | MIL No. | Description |
|---|---|---|
| 594 | 24 | Defendants' Motion *In Limine* No. 24 to Bar Any Evidence, Argument, or Reference Relating to Smith's Certificate of Innocence |
| 574 | 25 | Defendants' Motion *In Limine* No. 25 to Bar Plaintiff From Asking Leading Question and Treating Non-Defendant Police Officers, Crime Lab Employees, and Assistant State's Attorneys as Adverse Witnesses |
| 575 | 26 | Defendants' Motion *In Limine* No. 26 to Bar Reference to the Kitchen Kinfe as the Murder Weapon |
| 596 | 27 | Defendants' Motion *In Limine* No. 27 to Bar Evidence, Argument or Reference to Lt. Cline Not Being Present When Smith Confessed |
| 576 | 28 | Defendants' Motion *In Limine* No. 28 to Bar the Showing of Video Deposition Clips in Opening Statements, Closing Arguments, and for Other Purposes Beyond Impeachment |
| 597 | 29 | Defendants' Motion *In Limine* No. 29 to Bar Evidence, Argument, or Reference to Judge Kennelly's Opinion in *Richardson v. Briley* Relating to Defendant Solecki's Credibility or For Any Purpose |
| 598 | 30 | Defendants' Motion *In Limine* No. 30 to Bar Evidence or Argument Relating to Pedersen's 1992 Criminal Conviction for Improper Use of Police Resources, His Related Resignation From CPD and Sustained Complaint Register Files |
| 577 | 31 | Defendants' Motion *In Limine* No. 31 to Bar Rule 30(b)(6) Witness Dachae Blanton's Testimony and, Alternatively, the Use of Her Deposition Transcript at Trial |

Dated:    June 9, 2025

Respectfully submitted,
*PLAINTIFF ROBERT SMITH*


/s/ Stuart J. Chanen

CHANEN & OLSTEIN, LLP
8822 Niles Center Road, Suite 100
Skokie, IL 60077
847-469-4669


ELEVATENEXT LAW, LLP
218 N. Jefferson Street, Suite 300
Chicago, IL 60661
312-676-5460

Respectfully submitted,


*DEFENDANT OFFICERS*
/s/ Stacy Benjamin

ROCK FUSCO & CONNELLY, LLC
333 W. Wacker Dr. 19th Fl., Suite 2200
Chicago, IL 60606
312-491-1000


CITY OF CHICAGO
/s/ Daniel Noland
BURNS NOLAND LLP
311 S. Wacker Drive, Suite 5200
Chicago, IL  60606
312-982-0090