# PTO EXHIBIT F: SMITH'S DRAFT EXHIBIT LIST (W/ DEFENDANTS' OBJECTIONS)

**All of Defendants' Objections that are in red below came too late for Plaintiff to respond to each. Most just note the Court's SJ ruling and are not in fact objections, but Smith reserves the right to assert replies to any the Court deems to be proper obejctions.**

| EXH. # | DATE | DOCUMENT | BATES # | DEFS' OBJECTIONS | PLAINTIFF'S BASES & SUPPORT FOR ADMISSION |
|---|---|---|---|---|---|
| 1 | 11/6/2020 | Smith Certificate of Innocence | SMITH-003280 - 81 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802); see also MIL No. 24. Further, invades province of the jury; See dkt. 678 (granting summary judgment as to malicious prosecution) | "EXHIBIT A" ATTACHED HAS FULL SMITH SUPPORT FOR PX1. |

| 2 | 10/23/2020 | Court Order Vacating Conviction & Sentence; Dismissing Indictment | SMITH-003265 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). Further, invades province of the jury. See dkt. 678 (granting summary judgment as to malicious prosecution) | The Court should reject Defendants' objections to the Order Vacating Smith's Conviction as wholly undeveloped, unworthy of serious consideration, and therefore waived. Given that Defendants' primary case will be that Robert Smith was convicted of murder and is, according to them, factually guilty of two murders, Defendants' arguments that the Order vacating his conviction is not relevant, is a waste of the jury's time, will confuse the issues, and invades the jury's province are all frivolous arguments. As long as "Smith is guilty" is Defendants' central defense, any non-cumulative evidence that establishes Smith was exonerated is relevant and worthy of the jury's time. The argument that this piece of evidence invades the province of the jury is unexplained and, therefore, waived. But in addition, relevant documentary evidence cannot invade the province of the jury. Relevant documentary evidence may be considered by the jury to make decisions within their province. Contrary to the overused lawyer phrase, "documents speak for themselves," documents do not speak. They provide the jury information, and the jury decides.<br><br>The Court's Order is not hearsay. It is a public record under Rule 803(8) and has sufficient guarantee of trustworthiness under Rule 807 because it is from the County Clerk's Office. (In addition the COI, Exhibit 1, is certified, and no such COI may be entered in this circumstance if there is no Exhibit 2 or its equivalent.<br><br>Finally, the Court Order is not unduly prejudicial. First, Defendants do not identify how it is unduly prejudicial, thereby waiving the argument. Defendants do not explain how the risk of unfair prejudice to them substantially outweighs the document's probative value, thereby also waiving that argument. Finally, Defendants' cannot meet their Rule 403 burden because there is virtually zero risk of unfair prejudice. |

| 3 | 1/21/2021 | Court of Claims Order | SMITH-003282 - 83 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). Further, invades province of the jury; *See dkt. 678 (granting summary judgment as to malicious prosecution)* | Smith's Court of Claims Order is relevant and is not hearsay. Like Smith's COI, it is non-cumulative evidence that Smith's release from prison was indicative of innocence. Where the COI Order is one sentence, this Order provides context for the conclusion in the criminal court that Smith was innocent. Like Smith's COI, it is not hearsay because of the exceptions set forth in Rules 803(8) and 807. Given that Defendants' primary case will be that Robert Smith was convicted of murder and is, according to them, factually guilty of two murders, Defendants' arguments that the Court of Claims Order is not relevant, is a waste of the jury's time, will confuse the issues, and invades the jury's province should all be rejected. As long as Defendants' central defense is "Smith is guilty," any non-cumulative evidence that establishes Smith was exonerated is relevant and worthy of the jury's time.<br><br>The argument that this piece of evidence invades the province of the jury is unexplained and therefore waived. but in addition, relevant documentary evidence cannot invade the province of the jury. Relevant documentary evidence may be considered by the jury to make decisions within their province. Contrary to the overused lawyer phrase, "documents speak for themselves," documents do not speak. They provide the jury information, and the jury decides disputed factual and legal issues.<br><br>Nor is the Court's Order unduly prejudicial. First, Defendants do not identify how it is unduly prejudicial, thereby waiving the argument. Defendants do not explain how the risk of unfair prejudice to them substantially outweighs the document's probative value, thereby also waiving that argument. Finally, Defendants' cannot meet their Rule 403 burden because there is virtually zero risk of unfair prejudice from this Court Order. This trial cannot be a one-sided attack on Smith being guilty. |

| 4 | 7/25/2013 | TIRC Order and Opinion | SMITH-002327 - 30 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). Further, invades province of the jury | The <u>Order and Opinion of the Torture Inquiry and Relief Commission</u> ("TIRC") is relevant, non-hearsay, non-prejudicial admissible evidence that explains to the jury the multiple steps that Robert Smith needed to go through to get himself exonerated. Defendants will be arguing that the Special Prosecutor for Burge cases and the Chief Judge of the Cook County Criminal Court are far too lenient to convicted murderers generally and to Robert Smith in particular.  They will argue that it is easy to get an Order to Vacate and easy to get an COI.  As such, respectfully, Smith and his Special Representative and other witnesses must be given the opportunity to explain to the jury the multiple, convoluted, and difficult steps necessary to obtain such exoneration.<br>Finally, in *Patrick*, the Seventh Circuit held that any prejudice that might arise from court orders or opinions being provided to the jury can be easily and readily ameliorated by a carefully articulated jury instruction that informs the jury that Mr. Smith's guilt or innocence is only one factor that the jury is to consider in deciding whether Defendants' violated Smith's constitutiaonal rights and additional rights under Illinois law. |
| --- | --- | --- | --- | --- | --- |
| 5 | 10/23/2020 | Hearing Tr. re Vacate Conviction (Davis) | SMITH-003266 - 79 | Defendants will discuss this exhibit with plaintiff duirng the meet and confer to evaluate their position. | |

| | | | | | |
|---|---|---|---|---|---|
| 6 | 11/6/2020 | Hearing Tr. re COI | SMITH-016848 - 54 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). see also MIL No. 24. Further, invades province of the jury; See dkt. 678 (granting summary judgment as to malicious prosecution) | One of Defendants' arguments will be that Cook County's Chief Criminal Judge did not give sufficiently fulsome consideration to Smith's COI Petition, that he served more as a rubber stamp, did not conduct an evidentiary hearing, and was not fully informed of all the necessary facts. Smith has moved in limine to bar such an argument (MIL # 4). If the Court denies that motion, then Judge Davis's transcript is relevant to support her conclusions and they are not hearsay under public records exception in FRE 803(8). Similarly, the statements of the prosecutors are not hearsay under 807. Given that Defendants are claiming the right to put in a ton of information about Judge Savage's denial of Smith's suppression motion and motion to quash, arguments made at the criminal trial, results of the criminal trial, and of the sentencing, Smith should be permitted to put in evidence of his conviction being vacated. |
| 7 | 9/28/1990 | Hearing Tr. re Sentencing | | | The exhibit is admissible under FRE 803(8) as a factual finding in a properly-conducted investigation, so it is not hearsay. (It all falls within 807) The exhibit is also relevant and not prejudicial because it is completely unfair to retry him for murder -- during his civil rights case -- and then say that Defendants are *unfairly prejudiced* by evidence from specific evidence that was used against Smith during his trial and sentencing. |

| | | | | | |
|---|---|---|---|---|---|
| **8** | 5/27/1988 | Motion State to Test Hair Shafts from Dryer | SMITH-003338 - 39 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | This Motion was filed by former ASA Woulfe, who will testify by videotape andwho laid the foundation for the motion's admissibility during her testimony. The Motion is relevant because it supported the theory that the State's Attorney's Office thought that there could be a comparison between the hair found in the dryer and the hair from Mr. Smith's head and pubic area might match. No match was ever found. As Judge Guzman famously stated, "That's evidence. Circumstantial evidnece, but it's evidence." Nor is the motion hearsay. It is not being admitted for its truth. It is being admitted to establish the unanswered question that the CCSAO was pursuing. Given Ms. Woulfe's testimony, it is also admissible under FRE807. |
| **9** | undated | Google Map Printouts showing times | | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | The Court can take judicial notice of distances if: (1) It's not subject to reasonable dispute; (2) It can be determined accurately and easily from sources that are not reasonably questionable; (3) A party requests it and provides the necessary information; and (4) The court can take judicial notice at any stage of the proceeding. In addition, the relevance of these distances is that Smtih could not have traveled these distances that Defendants assert in their investigation in the time that Defendants assert that he did. There is no undue prejudice to the Defendants. They have not identified any (and therefore waived the argument), and in any event the probative value of the evidence outweighs any purported unfair prejudice they might come up with. |
| **10** | 9/19/1987-9/20/1987 | Illinois Bell MUD Records | CCSAO-SMITH-001478 - 82 | | |
| **11** | 5/23/1988 | ASA Notes re MUD Records | CCSAO-SMITH-001463, 485 | | |

| 12 | 9/28/1990 | Order of Sentence & Comittment | SMITH 003348 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | This Order of Judge Savage, sentencing Smith to natural life in prison, is relevant to show what Defendants' unconstitutional conduct *caused*. While this Order has since been vacated, it is still relevant to Smith's belief and that of his family that at the time of his conviction he would spend the rest of his natural life in prison. The Order is not unfairly prejudicial to Defendants, nor is it likely to confuse issues, mislead the jury, or waste the jury's time. Defendants have not identified any argument to support their position that admitting the evidence will have any of those effects. Smith will repeat what he has repeatedly stated. It is fair for the jury to have a clear picture of what Mr. Smith had endured, and Defendants have not pointed out any manner in which doing so is unfairly prejudicial to them. |
| --- | --- | --- | --- | --- | --- |
| 13 | 9/19/1987 | CPD Dispatch Recording - | (NATIVE FORMAT) | | |
| 14 | 9/19/1987 | CPD Dispatch Recording Tr. | SMITH-016422 - 432 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | The transcript of the difficult to hear dispatch recording was produced by the Chicago Police Department and virtually any of the defendants can lay the foundation for it, includinng especially those whose voices are heard on the recording. The transcript is admissible in aid of listening to the tape, and the Court has a jury instruction on this very issue related to the audio being the evidence, the transcript being only an aid, and that if a conflict exists, the audio controls. |

| | | | | | |
|---|---|---|---|---|---|
| **15** | 9/19/1987 | GPR - Binkowski | CITY-RS-000100 | *Defendants generally do not object to the introduction of Chicago police reports relating to the Yeager/Alexander homicide investigation, provided the particular witness to be questioned regarding the document is able to lay foundation for the document. FRE 602; *In re Folding Carton Antitrust Litig*., 83 F.R.D. 132, 135 (N.D. Ill. 1979); *Genesys Cloud Servs., Inc. v. Strahan*, No. 119CV00695TWPMKK, 2023 WL 2187508, at *13 (S.D. Ind. Feb. 23, 2023); *Sullivan v. Warminster Twp*., 461 F. App'x 157, 162 (3d Cir. 2012); *James v. Williams*, No. 10 C 5350, 2012 WL 3581168, at *2 (N.D. Ill. Aug. 15, 2012). Defendants do object generally to the wholesale admissibility of CPD records without foundation. Additionally, Defendants provide specific objections below, and also object to any document where highlighting has been added (see, e.g., Ex. 108). Defendants incorporate these objections for exhibits PX15 through PX117. | |
| **16** | 9/19/1987 | GPR- Binkowski | SMITH-4648 /CITY-RS-99 | | |
| **17** | 9/19/1987 | GPR - Dwyer | CITY-RS-000086 | | |
| **18** | 9/19/1987 | GPR Dwyer | CITY-RS-000085 | | |
| **19** | 9/19/1987 | GPR Leracz | CITY-RS-000087 - 88 | | |

| 20 | 9/19/1987 | GPR Leracz | CITY-RS-000089 | | |
|---|---|---|---|---|---|
| 21 | 9/19/1987 | GPR McGovern | CITY-RS-000092 | | |
| 22 | 9/19/1987 | GPR McGovern | SMITH-4658-63/CITY-RS-93-98 | | |
| 23 | 9/19/1987 | GPR McWeeny | CITY-RS-000103 | | |
| 24 | 9/19/1987 | GPR McWeeny | CITY-RS-000091 | | |
| 25 | 9/19/1987 | GPR McWeeny | CITY-RS-000090 | | |
| 26 | 9/19/1987 | GPR McWeeny | CITY-RS-000101 | | |
| 27 | 9/19/1987 | GPR McWeeny | CITY-RS-000102 | | |
| 28 | 9/19/1987 | GPR Brownfield | SMITH-004649 | | |
| 29 | 9/19/1987 | GPR Gaines | SMITH-004650 | | |
| 30 | 9/19/1987 | GPR Gaines | SMITH-004651 | | |
| 31 | 9/19/1987 | GPR Mokry Keough | CITY-RS-000112 | Relevance (FRE 401, 402 confusing the issues, misleading the jury, waste of time,(FRE 403). See dkt. 678 (court's summary judgment ruling); MIL No. 15, 26. | |
| 32 | 9/19/1987 | GPR Yucaitis Brownfield | SMITH-004686 | | |
| 33 | 9/19/1987 | GPR Yucaitis Brownfield | CITY-RS-000052 - 53 | | |

| 34 | 9/19/1987 | GPR Yucaitis Brownfield | CITY-RS-000054 | | |
|---|---|---|---|---|---|
| 35 | 9/19/1987 | GPR Yucaitis Brownfield | SMITH-004690 | | |
| 36 | 9/19/1987 | GPR Higgins | SMITH-004653 | | |
| 37 | 9/19/1987 | GPR Rice | CITY-RS-000055 - 56 | | |
| 38 | 9/19/1987 | GPR Rowan | CITY-RS-000120 | | |
| 39 | 9/19/1987 | GPR Rowan | CITY-RS-000121 | | |
| 40 | 9/19/1987 | GPR Rowan | CITY-RS-000122 | | |
| 41 | 9/19/1987 | GPR Kane | CITY-RS-000110 | Relevance (FRE 401, 402)confusing the issues, misleading the jury, waste of time,(FRE 403). See dkt. 678 (court's summary judgment ruling); MIL No. 15, 26. | This is the second GPR to which Defendants object. The GPR is definitely relevant given that Detective Kane is pressing the Crime Lab to check the fingerprints from certain evidence, including telling his other Detectives in the unit that it is important to check with the lab on Monday. The GPR is particularly significant because Defendants assert that Smith confessed to the murders between 7-8, at 8:30, and again at 9:15. But it was not until 11 pm that Sgt. Kane signed and approved his own GPR, and he still believed that they were required to chase down this evidence. Again, Defendants have not provided any basis under Rule 403. And Defendants' summary judgment and MIL arguments about the Knife fail here for the same reason as they fail above with respect to PX31. |
| 42 | 9/19/1987 | GPR Solecki Rowan Higgins | CITY-RS-000084 | | |
| 43 | 9/20/1987 | GPR Higgins | CITY-RS-000113 | | |
| 44 | 9/20/1987 | Smith's Transcribed Statement | CITY-RS-000057 - 64 | | |

| 45 | 10/11/1966 | Smith Fingerprints and ID Card | CITY-RS-000316 - 17 | Relevance (FRE 401, 402). See also MIL No. 21. | The fact that CPD had Robert's fingerprints establishes that it would have been easy for them to do a fingerprint comparison between the Smith's fingerprints and those seized as evidence at the crime scene. Indeed, PX41 (Kane's GPR) lays out specifically that that is one of the angles the Detectives are pursing. The Detectives actually had two sets of Smith's fingerprints, one set from 1966 and one from September 20, 1987. Smith would prefer the Court to admit both sets to emphasize the ease with which they could have done the comparison, but if the Court chooses only one, we prefer the Court to choose PX46 over PX45 (because PX45 might inadvertently suggest that Robert was previously arrested). Defendants' MIL #21 regarding fingerprints should be summarily denied. It focuses solely on the fact that one set of prints morphed from suitable to unsuitable without explanation, but never adderesses the other two sets of prints, so even under its own terms, the motion does not support the relieve it seeks. |
| 46 | 9/20/1987 | Smith Fingerprints and ID Card | CITY-RS-000002 | Relevance (FRE 401, 402). See also MIL No. 21. | The fact that CPD had Robert's fingerprints establishes that it would have been easy for them to do a fingerprint comparison between the Smith's fingerprints and those seized as evidence at the crime scene. Indeed, PX41 (Kane's GPR) lays out specifically that that is one of the angles the Detectives are pursing. This exhibit is relevant to make that point expressly, and Defendants' long list of boilerplate objections are not to the contrary. |
| 47 | 9/19/1987 | Major Crime Worksheet Leracz, Binkowski | SMITH-004702, 4691 | | |

| 48 | 9/19/1987 | Bomb&Arson Worksheet-Dwyer handling | CITY-RS-000171 | | |
| 49 | 9/19/1987 | Wasmund CoD Report - Edith Yeager | CITY-RS-000023 - 25 | | |
| 50 | 9/19/1987 | Wasmund CoD Report - Willie Alexander | CITY-RS-000144 - 45 & 022 | | |
| 51 | 9/19/1987 | Diane Poly Notes by Off. Garrity | CITY-RS 000248 - 251 | Relevance. Hearsay. Rule 403 as to confusion and misleading the jury. | |
| 52 | 9/19/1987 | Diane Poly Yucaitis & Brownfield Supp. R. | CITY-RS-001084 - 86 | | |
| 53 | 9/19/1987 | Hughes and Barrins GOCR | CITY-RS 000139 - 140 | | |
| 54 | 9/20/1987 | Pedersen Arrest Report - | SMITH 004703 | | |
| 55 | 9/21/1987 | Bomb & Arson GOC | CITY-RS 000108 - 09 | | |
| 56 | 9/21/1987 | Diane Poly Off. Garrity Supp. R. | CITY-RS 000148 | | |
| 57 | 9/21/1987 | Gates B&A Supp. Report | CITY-RS-000149 - 51 | | |
| 58 | 9/21/1987 | Leracz Criminalistics Supp. Report | CITY-RS-000152 - 59 | Object to "criminalistics" reference at trial as it is misleading. | |
| 59 | 9/29/1987 | Pedersen Rice Cleared and Closed Report | CITY-RS-000160 - 63 | | |

| | | | | | |
|---|---|---|---|---|---|
| **60** | Undated | Investigative File Inventory RD# J-403385 | CITY-RS-000007 000008 | Relevance (FRE 401, 402) confusing the issues, misleading the jury, waste of time (FRE 403); hearsay (FRE 802) | The foundation for this exhibit will be the Custodian of Record for the City of Chicago in regards to documents produced in the litigation and the source of the document. The document is relevant -- indeed all of the Inventory Reports are relevant because the absence of Inventory Reports on key documents is a material fact to which the jury will be exposed. |
| **61** | Undated | Investigtive File Control | CITY-RS-00006 | Relevance (FRE 401, 402) confusing the issues, misleading the jury, waste of time (FRE 403); hearsay (FRE 802) | This investigatory file control card is relevant to show what evidence Defendants had placed in the Permanent Retention file. It is not hearsay because it is not admitted for its truth; it is admitted for the system that existed for preserving evidence. |

| 62 | 9/19/1987 | CPD Attendance & Assignent Reports | CITY-RS-024825 - 29 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, (FRE 403); hearsay (FRE 802). See also MIL 27 | The foundation for this document will be provided by the CPD's OPS Custodian of record. Even though it is the City's own record, they have objected to foundation on every document. In any event, Mr. Smith's OPS filing is relevant for three independent reasons. First it is admissible (orally) under 803(5) to establish the complaint that Smith made to OPS immediately after his beating. Both the date of the Complaint and the words in his Complaint are admissible and highly relevant. Second, it is this file that contains the attendance logs for September 19, 1987. Those logs are relevant to Cline's presence or lack of presence on that day. They are also relevant to show that Dwyer was at the station until 1:00 p.m. (even though Plaintiff inadvertently omitted that page of the logs from his summary judgment exhibits. This exhibit will show the Court that Dwyer's statements that he left that morning at 8 or 9 are not truthful, but that in fact he put in for overtime and stayed until 1 pm.) In any event, the file is also important for a third reason. It includes the internal OPS conclusion that Phil Cline was not there that day. The Court has kept Lt. Cline in as a defendant in the Coercion count, but granted Judgment to Cline on the fabricated evidence claim against him on the ground that he had absolute immunity from liability for any statement he made solely from the witness stand. Nevertheless, Cline's testimony during Smith's trial, including those aspects of Smith's confession that Cline put into evidence, i.e.the diving into the pool of blood incident, that Cline put into evidence, among others remain highly relevant. |
| 63 | 9/19/1987 | Gates' B&A Photos at scene | CITY-RS 004235 - 43 | | |
| 64 | 9/19/1987 | Crime Lab Photos at Scene | CITY-RS 004197-206, 4213 -234 | | |
| 65 | 9/20/1987 | Photos of Smith from CPD | CITY-RS 004250 - 57 | | Taking out 2454  55  56  57  58 based on motion in limine |
| 66 | 9/20/1987 | Polaroid Smith Signed by Smith, Brogan, Higgins | SMITH-004805 - 06 | | |

| 67 | 9/20/1987 | Mug Shot of Smith | CCSAO SMITH 000819 | | Foundation for this document is in Robert Smith's deposition. |
|---|---|---|---|---|---|
| 68 | | Photos of Officers Produced by City | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | These are relevant to show witnesses to identify which Detectives they were dealing with 38 years ago. Photographs are not hearsay because they are not statements of a declarant. They should not be barred by 403 because Defendants do nothing to develop that argument and because there is nothing at all prejudicial at one. |
| 69 | 7/22/2021 | Impounded Evidence Photos | IE-001 -426 | Defendants will meet and confer with plaintiff regarding which of these photos plaintiff intends to introduce. | |
| 70 | 9/19/1987 | 426075+ - Bachelor/DeMarc o from Scene | CITY-RS-000125, 244 | | |
| 71 | 9/19/1987 | No Report # - BInkowski Victims Prints | CITY-RS-000226 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). See also MIL 21 | |
| 72 | 9/19/1987 | 376800 - Gates One Pint Can of Fire Debris | CITY-RS-000170, 228 | | |
| 73 | 9/20/1987 | No Report # - Leracz Photos of Smith at A2 | CITY-RS-000225 | | |

| | | | | | |
|---|---|---|---|---|---|
| **74** | 9/21/1987 | 426076 -Furlong Gas Can Print - | SMITH-004721 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). See also MIL 21 | Fingerprints were taken at the crime scene, including from the gas can. The Lab was instructed to undertake fingerprint comparisons but they never did so. Why not? That is something we are permitted to direct to the attention of the jury and to question Detectives. Any deviation from normal police procedure, of which there is a lot in this case, we should be able to questions witnesses. |
| **75** | 9/21/1987 | 426076 -Furlong Gas Can Print - | CITY-RS-000224 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). See also MIL 21 | same as above. |
| **76** | | RESERVED | | | Withdrawn |
| **77** | | RESERVED | | | withdrawn |
| **78** | 9/19/1987 | 386800 - One Pint Fire Debris Can | CCSAO SMITH 000808 | | |
| **79** | 9/19/1987 | 426075 - Small (Detergent) Glass | CCSAO SMITH 000812 - 13 | | |
| **80** | 9/19/1987 | 426076 - 2 Gallon Gas Can + Liquid Vial | CCSAO SMITH 000806 | | |
| **81** | 9/19/1987 | 426077 - Beige Towel and Yellow Sheet | CCSAO SMITH 000803 | | |
| **82** | 9/19/1987 | 428526 - Lint Filter | CCSAO SMITH 000805 | | |
| **83** | 9/19/1987 | 428527 - Belt, Hankerchief, Card Case, Papers | CCSAO SMITH 000810 | | |

| 84 | 9/19/1987 | 428528 - Photos from DLI - Boxer Shorts | CITY-RS-027467 - 68 | | |
| 85 | 9/19/1987 | 428529 - Blue Bed Sheet Report.( 12-13-24) | CITY-RS-027484 - 85 | | |
| 86 | 9/20/1987 | 428530 - Shoes, Sweatshirt, Jeans, Green Shirt | CCSAO SMITH 000801 - 02 | | |
| 87 | 9/19/1987 | 435436 - Socks | CITY-RS-000129 | | |
| 88 | 10/1/1987 | 438315 - Extracts | CITY-RS-000246 | | |
| 89 | 10/26/1987 | 448106 - Extracts | CITY-RS-000199 | | |

| | | | | | |
|---|---|---|---|---|---|
| **90** | 9/19/1987 | 435435 - Knife | CITY-RS 000211 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time(FRE 403). See also See dkt. 678 (court's summary judgment ruling); MIL No. 15, 26. | This document is not hearsay. It is an admission of a party opponent. It is relevant on numerous grounds. First, it establishes that the Knife was recovered from the crime scene and sent to the lab. Second, it establishes that the lab was asked to undertaken forensic analysis of the knife. The knife is relevant to rebut an argument that Defendants are making, which is that Smith's confession is true and that the murders were committed with a razor blade. As the Court is well aware, no razor blade was ever found at the crime scene. There is also pretty strong evidence that no-one seriously looked for the razor at the crime scene. Defendants do not flush out their 403 argument at all, so the unfairly prejudicial effect is Zero. That the Court entered summary jdugment for Detectives on this count -- on the sole ground that Smith could not identify which of the Defendants were the one that told ERPS to destroy the knife -- does not change the fact that Defendants have still chosen to retry him for the murder, and the knife found, bagged, tagged, sent off for analysis to the lab, and then destroyed is all relevant to the issue of Smith being accused by the Defendants of murder. |
| **91** | 9/21/1987 | 386800 - Fire Debris Can | CITY-RS 000204 | | |
| **92** | 9/21/1987 | 426076 - Gas can and Vial | CITY-RS-000231, 201-02 | | |
| **93** | 9/21/1987 | 426077 - Towel & Yellow Sheet | CITY-RS 000192 | | |
| **94** | 9/21/1987 | 428528 - Undershorts | CITY-RS 000180 | | |

| 95 | 9/21/1987 | 428529 - Blue Sheet | CITY-RS 000190 | | |
|---|---|---|---|---|---|
| 96 | 9/21/1987 | 435436 - Socks - | CITY-RS000182 | | |
| 97 | 9/24/1987 | 428530 - Bx Cloth+Shoes - | CITY-RS 000212 | | |
| 98 | 10/5/1987 | 428526 - Lint Filter - | CITY-RS 000213 | | |
| 99 | 10/5/1987 | 428527 - Belt & Card Case - | CITY-RS 000214 | | |
| 100 | 7/7/1988 | No Inv # - Blood Saliva - | CITY-RS 000262 | | |
| 101 | 7/7/1988 | No Inv # - Hair Standard | CITY-RS 000265 | | |
| 102 | 7/13/1988 | No Inv # - Plastic Env. of Stand.Extr. (Anderson) | CITY-RS 000259 | | |
| 103 | 9/23/1987 | Crime Lab Rep. (gas can and contents sample) | CITY-RS-000233 | | |
| 104 | 9/23/1987 | Crime Lab Rep. (pint can, piece of brown rug) | CITY-RS-000230 | | |
| 105 | 11/9/1988 | Crime Lab Rep. | CITY-RS-000027 - 30 | | |
| 106 | 11/10/1988 | Crime Lab Rep. | CITY-RS-000257 - 58 | | |

| 107 | Undated1 | Crime Lab Chart of Evidence (Fish initials) | CITY-RS 000260 - 61 | | |
|---|---|---|---|---|---|
| 108 | Undated2 | Crime Lab 29 pages of Case Notes (Serology) | CITY-RS 000172 - 200 | Object to highlighting contained within document | Highlighting has been removed. Plaintiff reserves the right to highlight any admitted exhibit on a screen, once admitted. |
| 109 | Undated3 | Crime Lab Notes (Trace Unit) | CITY-RS-000235 - 43 | | |
| 110 | 9/19/1987 | ME Autopsy Report - Edith Yeager | CITY-RS-000286 - 88 | | |
| 111 | 9/19/1987 | ME Autopsy Report - Willie Alexander | CITY-RS-000282 - 84 | | |
| 112 | 9/19/1987 | ME Case Report | SMITH-004732 - 33 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time (FRE 403); hearsay (FRE 802) | The document is relevant because it states that the one of the victim's necks was cut only once, in direct contradiction to the purported confession. It is not hearsay because it falls within medical records exception. |
| 113 | 9/19/1987 | 1Fire Marshall Notific. Cause of Fire | CITY-RS-000294 | | |
| 114 | 9/19/1987 | CFD Lumsden Initial Case Report | CITY-RS-000290 | | |
| 115 | 9/19/1987 | CFD Full Incident Report | CITY-RS-000295 - 307 | | |
| 116 | 9/19/1987 | CFD Sketch | CITY-RS-000308 | | |

| 117 | 9/19/1987 | CFD All Photos at Scene | CITY -RS- | | |
|---|---|---|---|---|---|
| 118 | | RESERVED | | | |
| 119 | | RESERVED | | | |
| 120 | | RESERVED | | | |
| 121 | | RESERVED | | | |
| 122 | | RESERVED | | | |
| 123 | 2/6/1989 | Daniel Mcweeny Suppression Hearing ("SH") | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased, their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| 124 | 2/6/1989 | Diane Yeager-Smith SH Testimony | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | This document is not admissible as a piece of evidence to the jury but may be used to refresh recollection or impeach Ms. Smith. |
| 125 | 2/6/1989 | John Yucaitis SH Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased, their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |

| 126 | 2/6/1989 | Phil Cline SH Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | For impeachment and refresh recollection. And to prove that Cline gave false testimony against Smith at Smith's trial. |
|-----|----------|------------------------|--|-----|-----|
| 127 | 2/6/1989 | Robert Smith SH Testimony Day 1 | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See also MIL 1 | Any person who is disabled and deemed unavailable under Rule 804(a), their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| 128 | 2/8/1989 | Robert Smith SH Testimony Day 2 | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See also MIL 1 | Any person who is disabled and deemed unavailable under Rule 804(a), their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| 129 | 2/8/1989 | Paul Ward SH Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See also MIL 7 | Any person who is deceased and deemed unavailable under Rule 804(a), their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |

| | | | | | |
|---|---|---|---|---|---|
| **130** | 2/8/1989 | Martin Rios SH Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeachment and Refresh Recollection. |
| **131** | 2/8/1989 | William Higgins SH Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeachment and Refresh Recollection. |
| **132** | 8/28/1990 | Lawrence Gates Criminal Trial ("CT") Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeachment and Refresh Recollection. |
| **133** | 8/28/1990 | Robert Dempsey CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased and deemed unavailable under Rule 804(a), their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |

| 134 | 8/28/1990 | Thaddeus Melko CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Withdrawn |
|---|---|---|---|---|---|
| 135 | 8/28/1990 | Tom Bachelder CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased and deemed unavailable under Rule 804(a), their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| 136 | 8/28/1990 | Officer Pat Barrins CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased, their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| 137 | 8/28/1990 | Officer Warren Hughes CT Testimony | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeachment and Refresh Recollection. |
| 138 | 8/29/1990 | Christine Anderson CT Testimony | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeachment and Refresh Recollection. And any admission. Fed. R. Civ. P. Rule 80. |

| | | | | | |
|---|---|---|---|---|---|
| **139** | 8/29/1990 | Daniel McWeeny CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased, their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| **140** | 8/29/1990 | Steven Brownfield CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeaach and Refresh recollection. |
| **141** | 8/29/1990 | William Higgins CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased, their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| **142** | 8/29/1990 | Phil Cline CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeachment, Refresh Recollection, Admissible false statements from Criminal Trial are admissions of a party opponent and useable for any purpose under Rule 80. |

| 143 | 8/30/1990 | Diane Yeager Smith CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Refresh recollection and impeach. |
|---|---|---|---|---|---|
| 144 | 8/30/1990 | John DuShane CT Testimony | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Any person who is deceased, their prior testimony at the Suppression Hearing, Criminal Trial, or Deposition are admissible under Federal Rule of Civil Procedure 32 and 80, and Federal Rule of Evidence 804(a) and 804(b)(1). McWeeny's SH testimony has been designated by both sides and is admissible. |
| 145 | 12/5/2019 | Cline, Phillip Post-conviction ("PC")Dep | SMITH-002511 - 557 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Same as Cline above. |
| 146 | 12/16/2019 | Brownfield, Steven PC Dep | SMITH-002598 - 643 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Same as Brownfield above. |

| | | | | | |
|---|---|---|---|---|---|
| **147** | 1/13/2020 | McWeeny, Daniel PC Dep | SMITH-002655 - 701 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Same as McWeeny, deceased, above. |
| **148** | 1/21/2020 | Pedersen, William PC Dep | SMITH-002705 - 738 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeachment, Refresh Recollection, Admissible false statements from Criminal Trial are admissions of a party opponent and useable for any purpose. |
| **149** | 8/4/2021 | Leracz, Edmund Dep | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Refresh recollection and impeach. |
| **150** | 8/5/2021 | Woulfe, Patricia Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Outside the jurisdiction and therefore unavailable. Admissible under 804(b)(1) and also Fed. R. Civ. P. 32. |

| 151 | 8/26/2021 | Blanton, Dachae Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See also MIL 31 | Ms. Blanton admitted that ERPS (a CPD Dept.) destroyed a central piece of evidence that had been requested by Smith's lawyer.  On that basis it is extremely relevant and has a very high level of probative value. There is nothing unduly prejudicial about her testimony because she was a designee of the City of Chicago.  Even with the destruction count removed against the Individual Defendants. the destruction is still relevant because it is a "fact" that can be juxtaposed to Defendants' accusation that Smith killed his in-laws with a razor blade.  The fact that someone ordered the knife's destruction  -- even if we cannot name that individual sufficiently to obtain liability on that ground -- is nevertheless relevant, admissible, and highly probative of disputed facts. |
| --- | --- | --- | --- | --- | --- |
| 152 | 8/27/2021 | Rios, Martin Dep | | Foundation; Relevance (FRE 401, 402);  unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Refresh recollection and impeach. |
| 153 | 9/13/2021 | McGovern, Jerry Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach, Refresh recollection |

| | | | | | |
|---|---|---|---|---|---|
| **154** | 10/5/2021 | Anderson, Christine Dep 1 of 2 | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach, Refresh recollection |
| **155** | 10/13/2021 | Gaines, Ronald Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection |
| **156** | 10/20/2021 | Rowan, Michael Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection |
| **157** | 10/26/2021 | Smith, Diane Yeager Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection |
| **158** | 10/28/2021 | Gates, Lawrence Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection |

| 159 | 11/3/2021 | Furlong, Maryann Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection |
|---|---|---|---|---|---|
| 160 | 11/4/2021 | Solecki, John | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection.  This is also an admission of a party opponent and antyhing he said at this deposition may be used for any purpose under Fed. R. Civ. P, 32 |
| 161 | 11/10/2021 | Dwyer, Robert Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach and Refresh Recollection |
| 162 | 11/11/2021 | Cline, Philip Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection.  This is also an admission of a party opponent and antyhing he said at this deposition may be used for any purpose under Fed. R. Civ. P, 32 |

| 163 | 11/17/2021 | Smith Jr. Robert Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See also MIL 1 | Ms. Smith admitted that ERPS (o CPD Dept.) destroyed o central piece of evidence that had been requested by Smith's lawyer.  On that basis it is extremely relevant. |
| 164 | 11/18/2021 | DeMarco, Frank Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | impeach refresh recollection |
| 165 | 11/22/2021 | Hughes, Warren Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | impeach refresh recollection |
| 166 | 11/23/2021 | Brownfield, Steven Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection.  This is also an admission of a party opponent and antyhing he said at this deposition may be used for any purpose under Fed. R. Civ. P, 32 |

| | | | | | |
|---|---|---|---|---|---|
| **167** | 12/14/2021 | Pedersen, William Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection.  This is also an admission of a party opponent and antyhing he said at this deposition may be used for any purpose under Fed. R. Civ. P, 32 |
| **168** | 1/12/2022 | Brogan, Raymond Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach refresh recollection |
| **169** | 2/3/2022 | Lumsden, Jack Dep | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Deceased witness, admissible under 804(b)(1). |
| **170** | 3/22/2022 | Anderson, Christine Dep 2 of 2 | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | See Anderson above. |

| 171 | 9/28/2022 | Fish, Pam Dep | | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Impeach and refresh reocllection. |
|---|---|---|---|---|---|
| 172 | 9/19/1987 | Cline A&A - redacted version | CITY-RS-024826 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). See also MIL 27 | The redacted version is withdrawn. The non-redacted version is admissible as an admission of a party opponent, the City. |
| 173 | 9/20/1987 | ASA Felony Minute Sheet - No Cline | CCSAO SMITH 000020 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). See also MIL 27 | Woulfe Foundation and relevant because there is no Cline. The document is relevant because there is no mention of Cline. The document is not unduly prejudicial in any way. No prejudice has been identified. The document is not hearsay. It is being admitted for the truth of anything stated there. It is being admitted for something that is completely absent. As Judge Guzman once famously stated, "It is circumstantial evidence. But it is evidence. It is coming in." |
| 174 | 9/20/1987 | ASA Felony Review Folder | CCSAO SMITH 002034 -36 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | Brogan Foundation. Woulfe Foundation. Impeach, Refresh recollection. |

| 175 | 11/18/1987 | Smith Letter to OPS | CITY-RS-001070 - 77 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Admissible under 803(5) and admissible as a prior consistent statement. |
|---|---|---|---|---|---|
| 176 | 12/1/1987 | Smith Statement to OPS | CITY-RS-001107 - 09 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Admissible under 803(5) and admissible as a prior consistent statement. |
| 177 | 1/12/1988 | Pedersen Statement to OPS - | CITY-RS-024841 - 42 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Admission of a party opponent (Pedersen) and admission of a party opponent (City of Chicago), relevant as a prior inconsistent statement and/or to show that Defendants could not keep their story straight as to who was there and who was not. |
| 178 | 1/19/1988 | Rice Statement to OPS - redacted version | CITY-RS-024850 - 51 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | The non-redacted version should be used. It is unclear whether this has been produced. The document is admissible and relevant for the same reasons related to Pedersen stated directly above. |

| 179 | 2/19/1988 | Bouma Memo | CITY-RS-024866 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802). See also MIL 27 | Admission of a party opponent (City of Chicago), relevant to impeach Cline about his involvement or non-involvement in the interrogation. |
|---|---|---|---|---|---|
| 180 | 4/5/1988 | Smith CR Command Channel Review - redacted | CITY-RS-024768 - 69 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Same as directly above. |
| 181 | 4/26/1988 | Robert Smith Complete CR File | CITY-RS-024763 - 878 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Relevant for all of the reasons the component parts of the CR file are relevant. This is in an abundance of caution in case a component part is mising. During SJ, Smith inadvertently failed to attach a page that was relevant to Dwyer, even though that page supported the proposition for which Smith asserted. These documents are relevant and not hearsay for all the reasons stated above. |

| 182 | 4/29/1988 | Smith 1st Fed. Compl. v CPD + Hines | CITY-RS-001170 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Withdraw |
|---|---|---|---|---|---|
| 183 | 11/14/1988 | State's Answer to Discovery | CCSAO SMITH 001165 - 69 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802). See dkt. 678 (court's summary judgment ruling); see also MIL 26 | Woulfe lays Foundation.  This document is relevant because there is no reference to Cline as a witness.  The document is also relevant because one of Smith's discovery requests was for every piece of physical evidence that was seized as part of the investigation, and which included the knife. |
| 184 | before 2/3/1989 | ASA Woulfe Subpoena to Prep Detectives | CCSAO SMITH 001534 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Woulfe lays Foundation.  This document is relevant because there is no reference to Cline as a witness.  The document is also relevant because one of Smith's discovery requests was for every piece of physical evidence that was seized as part of the investigation. |

| | | | | | |
|---|---|---|---|---|---|
| **185** | 2/6/1989 | State's Supp Answer to Discovery w Cline | CCSAO SMITH 001171 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802). See also MIL 27 | Woulfe lays Foundation. This document is relevant because this is the first reference to Cline as a witness in the case, on the same day Cline testifies (although it appears that Smith's counsel may have been told the proceeding Friday). |
| **186** | 2/18/1992 | Smith 2d Federal Complaint | CITY-RS-004270 - 76 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | The foundation will be laid by Diane Smith through Robert's signation. This document is a recorded Recollection under 803(5). We will likely use Defense Exhibit 128, which is more complete than our 186. |
| **187** | 11/20/2021 | City Subpoenas to Media Outlets | 34 pgs. | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | We will call Dan Noland to lay the foundation for this document. (Then we will move to disqualify him.) As to relevance, if it is not relevant, then why did a defendant in this case issue the subpoena? Or put another way, it is relevant to establish that all of these media outlets were issued a subpoena to produce video taken on the day of the murder, and not a single one produced any video of Det. Cline. It is, by definition, not unduly prejdudicial because YOU created and served the document. If you thought it was unduly prejudicial, you should not have done that. It is not hearsay because it is not an affirmative statement, it is a request for information and nothing more. |

| | | | | | |
|---|---|---|---|---|---|
| **188** | undated | #1 NBC 5 Footage | NATIVE FORMAT | Defendants object to the audio of this exhibit. (FRE 401, 402); hearsay (FRE 802). Defendants will discuss portions of the video with plaintiff during the meet and confer to evaluate their position. | |
| **189** | undated | #2 WGN9 Footage | NATIVE FORMAT | Defendants object to the audio of this exhibit. (FRE 401, 402); hearsay (FRE 802). Defendants will discuss portions of the video with plaintiff during the meet and confer to evaluate their position. | |
| **190** | undated | #4 WFLD Footage | NATIVE FORMAT | Defendants object to the audio of this exhibit. (FRE 401, 402); hearsay (FRE 802). Defendants will discuss portions of the video with plaintiff during the meet and confer to evaluate their position. | |
| **191** | undated | #7 WLS.ABC 7 Footage | NATIVE FORMAT | Defendants object to the audio of this exhibit. (FRE 401, 402); hearsay (FRE 802). Defendants will discuss portions of the video with plaintiff during the meet and confer to evaluate their position. | |

| 192 | 12/16/1987 | OPS Memo re Diane Interview | CITY-RS-001121 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Impeach or refresh recollection |
|---|---|---|---|---|---|
| 193 | 12/16/1987 | OPS Memo re Paul Ward Interview | CITY-RS-001119 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802). See also MIL 7 | The document is an admission of the City of Chicago, and Paul Ward is deceased, so it comes in under 804(d)(1) as a prior statement of an unavailable witness. It is relevant because he observed Robert and Diane in the yard, which contradicts McWeeny's testimony that ran around him and dove into a pool of blood. |
| 194 | 1/19/1988 | Officer Hughes OPS Statement | CITY-RS-001143-44 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Impeach or refresh recollection |
| 195 | 11/9/1988 | CPD Anderson Lab Report | SMITH-004751 -54 | | |
| 196 | 8/30/1990 | CCSAO Closing Argument Excerpt | SMITH-004365, 004439 - 82 | Defendants will discuss this exhibit with plaintiff duirng the meet and confer to evaluate their position. | Prosecutor's use of McWeeny's and Cline's Lies. Defendants will assert that Smith must prove that the fabricated evidence used against him at trial was material. The way the prosecutor used the lies against Smith in closing argument is directly relevant to Smith' burden on materiality. |

| 197 | 9/20/1987 | Cermak Bruise Sheet | CCSAO SMITH 000847 - 48 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | This is both a business record of Cermak and it also falls within the medical records exception. It is one of many pieces of evidence that prove that Smtih was beaten. The fact that it is one of many does not make it cumulative. Where, as here, Defendants deny that they beat Smith, they may not try to limit the amount of evidence Smith puts forward that he was beaten. |
|---|---|---|---|---|---|
| 198 | 9/20/1987 | Cermak Outpatient Progress Note | CCSAO SMITH 000868 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Same as directly above. |
| 199 | 9/20/1987 | First Bond Court Order | SMITH-003326 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Clyde Lemons will lay the foundation. It is not hearsay under the public records exception, and because it is not for the truth of the matter asserted. It just affirms that the Smith told the Court that the needed medical attention and needed to go to the hospital. It is not for the truth of any statement of the Court. |
| 200 | 9/20/1987 | Consent for Medical Treatment | CCSAO-SMITH-000867 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Cermak Custodian of Record |

| 201 | 9/21/1987 | Second Bond Court Order | SMITH-003327 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | This is relevant to show the injuries that Robert had following his detention and interactions with the police. It is not a waste of the jury's time to hear evidence simply because it supports Plaintiff's claims. We will lay a foundation through a custodial witness. The records are not hearsay under FRE 803(3) (statements of medical condition), FRE 803(4) (statements for medical diagnosis or treatment) and FRE 803(6) records of a regularly conducted activity. |
| --- | --- | --- | --- | --- | --- |
| 202 | 5/15/2025 | Smith Cermak &IDOC Compilation (Dermatitis) | compilation of various exhibits | | Withdrawn |
| 203 | 9/21/1987 | Hearing b4 Judge Michael Bolan | CITY-RS-026799-802 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | This is relevant to show the arguments that Smith made at the motion to suppress, which corroborates that he asserted his innocence and that the Defendants violated his rights at every opportunity, including via this motion. It is not hearsay under FRE 803(6) (regularly conducted activity) and 803(8) - public record. |
| 204 | 9/25/1987 | CERMAK OUTPATIENT PROGRESS NOTE | CCSAO SMITH 000869 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Not hearsay because not statements admitted for their truth. Goes to the foundation as to why Robert provided the victim impact statement (next exhibit) and gave testimony in the Burge matter, which goes to the greater context of Defendants' conduct. This also is not hearsay under FRE 803(6) and 803(8). |

| 205 | 9/25/1987 | EMERGENCY ROOM RECORD | CCSAO SMITH 000855 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | This is Robert's victim's impact statement, which is relevant because it corroborates the claims he is making, which goes to establishing the claims and his damages. This is not hearsay, as it is recorded recollection FRE 803(5), public record (FRE 803(8), and records of a reguarly conducted activity (FRE 803(6). This is not confusing to the jury -- they will be told the context of this, which is not confusing. This is not unfairly prejudicial and Defendants have not explained why it would be. |
| 206 | 12/15/1988 | Smith Motion to Quash and Suppress | CCSAO SMITH 001159 - 61 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | This letter lays the foundation for efforts to obtain the Cermak medical records. Defendants have objected to every single document based on foundation, so Plaintiff is including documents that may be needed to lay the foundation for the efforts to get the Cermak records. FRE 803(6). |
| 207 | 2/6/1989 | Smith Motion to Supress | | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | This corroborates Robert's claims of abuse and the violation of his rights. It shows the consistency of his description of events throughout the decades of imprisonment. This is not hearsay as it is a document maintained by the Illinois Torture Commission (FRE 803(6)) and a public record (FRE 803(8). It is also recorded recollection under FRE 803(5).We will lay the foundation for this through our witnesses. |
| 208 | 2010-2011 | DOJ Victim Impact Letters to Robert | produced        w TIRC | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | We can lay the foundation through our witnesses. This is relevant because it demonstrates the efforts Robert went to to fight for his innocence. This is a public record under FRE 803(8). |

| 209 | 2010-2011 | Smith Burge Victim Impact Statement | SMITH-001312 - 13 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Withdrawn |
|---|---|---|---|---|---|
| 210 | 2/8/2011 | Smith Letter to Cermak Looking For Med. Rec. | produced w TIRC | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | This is recorded recollection of Robert's (FRE 803(5) and is a summary of his case sent to TIRC. It corroborates the claims Robert has been making throughout the decades.  It is not unfairly prejudicial and will not waste the jury's time. |
| 211 | 5/30/2011 | Smith TIRC Claim Form | SMITH-002316 - 2317 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | This is admissible as a recorded recollection - FRE 803(5) and as a record kept as part of the regular business activities of TIRC - 803(6). |
| 212 | 7/14/2011 | Smith 2nd Pro Se PC Petition With Exhibits | SMITH-003028 - 3082 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Recorded Recollection, public record (TIRC) and documents kept in the ordinary course exceptions to the hearsay rule. FRE 803(5)(6)(8). |

| | | | | | |
|---|---|---|---|---|---|
| **213** | 7/14/2011 | Smith PC Affidavit | SMITH 001314 - 1319 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Withdrawn as Exhibit for trial, but may be used with the Court to establish Foundation of medical records themselves. |
| **214** | 1/5/2012 | 14-Page Jail House "Lawyer" Sum. of Case | -produced          w TIRC | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Will be used with our expert, Sue Ward (medical), these establish Smith's medical conditions and they are not hearsay as they are statements of his medical condition or for treatment and diagnosis and regularly kept records of IDOC. FRE 803(3)(4)(6) |
| **215** | 3/9/2012 | Robert Smith TIRC Conference Recording | (native format) | Defendants do not object to those portions of this interview that are admissions, but do object based on hearsay to the remainder. | Will be used with our expert, Sue Ward (medical), these establish Smith's medical conditions and they are not hearsay as they are statements of his medical condition or for treatment and diagnosis and regularly kept records of Dr. Roenn. FRE 803(3)(4)(6) |
| **216** | 3/9/2012 | Transcript of Smith's TIRC Recorded Interview | CITY-RS-024741         -024753 | Defendants do not object to those portions of this interview that are admissions, but do object based on hearsay to the remainder. | Will be used with our expert, Sue Ward (medical), these establish Smith's medical conditions and they are not hearsay as they are statements of his medical condition or for treatment and diagnosis and regularly kept records of Rush. FRE 803(3)(4)(6) |
| **217** | 2/15/2017 | Smith PC Affidavit Re Cermak Records | SMITH-001320 -1322 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Relevant because it conflicts with the confession which Plaintiff alleges was fabricated. Not hearsay under 803(8) Public Record of Grand Jury. |

| 218 | 10/11/1990 | Ward 1 - IDOC Medical Records Smith | SMITH 001574, 1579 - 80 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | This is relevant because it establishes that Robert's lawyer timely requested the production of certain documents and evidence, which supports the position that he was not provided certain evidence. This goes to the issue of the confession being fabricated by suggesting he used a razor blade rather than a knife, and goes to the fact that the photos of the knife and other information related to the knife were not produced.  Public record and also regularly conducted activity exceptions - FRE 803(8) and (6) |
|---|---|---|---|---|---|
| 219 | 9/16/1987 | Ward 2 - Dr. Roenn Report | SMITH 001710 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Goes to the issue of the knife, not a razor blade, being the murder weapon, which goes to the coerced and fabricated confession claims. This is not hearsay under FRE 803(6) and (8). Blanton can lay the foundation. |
| 220 | 7/8 - 7/15/1987 | Ward 3 - Rush-Presbyterian | CCSAO-SMITH 000295, 35, 8, 417-18 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Foundation thru Blanton. Goes to the issue of the knife, not a razor blade, being the murder weapon, which goes to the coerced and fabricated confession claims. This is not hearsay under FRE 803(6) and (8). |
| 221 | 10/5/1987 | Grand Jury Indictment | SMITH-003328 - 37 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Foundation through Woulfe, the former ASA. Relevant to the evidence that the police collected, which contrasts with statements in the confession. FRE 803(6) and (8). |

| 222 | 11/9/1987 | Smith Motion for Discovery | CCSAO SMITH 001205 - 09 | Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Foundation through Woulfe, the former ASA. Relevant to the evidence that the police collected, which contrasts with statements in the confession. FRE 803(6) and (8). |
|---|---|---|---|---|---|
| 223 | 2/16/1988 | ERPS Property Ledger | CITY-RS-000567-74 | MIL#26 | Foundation through Woulfe, the former ASA. Relevant to the evidence that the police collected, which contrasts with statements in the confession. FRE 803(6) and (8). |
| 224 | Undated | Property Ledger | CITY-RS 004178 - 81 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); | Foundation through Woulfe, the former ASA. Relevant to the evidence that the police collected, which contrasts with statements in the confession. FRE 803(6) and (8). |
| 225 | Undated | ASA Notes re Inventory including Knife 1 | CCSAO SMITH 001405 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See dkt. 678 (court's summary judgment ruling); See also MIL26 | Foundation thru Blanton. Goes to the issue of the knife, not a razor blade, being the murder weapon, which goes to the coerced and fabricated confession claims. This is not hearsay under FRE 803(6) and (8). |

| 226 | Undated | ASA Notes re Inventory including Knife 2 | CCSAO SMITH 001355 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See dkt. 678 (court's summary judgment ruling); See also MIL26 | Foundation thru Blanton. Goes to the issue of the knife, not a razor blade, being the murder weapon, which goes to the coerced and fabricated confession claims. This is not hearsay under FRE 803(6) and (8). |
|---|---|---|---|---|---|
| 227 | Undated | ASA Notes re Inventory including Knife 3 | CCSAO SMITH 001350 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See dkt. 678 (court's summary judgment ruling); See also MIL26 | We can lay the foundation through Defendants or a City CPD Custodian of Record. Goes to the rules and regulations of the CPD. Exception to hearsay 803(6) and 803(8) and admission of a party opponent. |
| 228 | Undated | ASA Notes re Inventory including Knife 4 | CCSAO SMITH 001349 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See dkt. 678 (court's summary judgment ruling); See also MIL26 | Requested the Orders in effect at the time and the City gave this document. |

| | | | | | |
|---|---|---|---|---|---|
| **229** | 1/11/1981 | GO 81-1 - Inventory Sys. for Property in Custody | CITY-RS 004182 - 93 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See dkt. 678 (court's summary judgment ruling); MIL 13, 26, 31 | We can lay the foundation through Defendants or a City CPD Custodian of Record. Goes to the rules and regulations of the CPD. Exception to hearsay 803(6) and 803(8) and admission of a party opponent. |
| **230** | 7/1/1981 | GO - Preliminary Investigations | CITY-RS-024923 - 26 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See MIL 13; See also dkt. 75, 485 (bifurcating Monell); See dkt. 678 (court's summary judgment ruling); . | We can lay the foundation through Defendants or a City CPD Custodian of Record. Goes to the rules and regulations of the CPD. Exception to hearsay 803(6) and 803(8) and admission of a party opponent. |

| 231 | 12/1/1985 | Field Reporting Manual | SMITH-015814 - 22 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See MIL 13; See also dkt. 75, 485 (bifurcating Monell); See dkt. 678 (court's summary judgment ruling); . | We can lay the foundation through Defendants or a City CPD Custodian of Record. Goes to the rules and regulations and activities of the CPD. Exception to hearsay 803(6) and 803(8) and admission of a party opponent. |
|---|---|---|---|---|---|
| 232 | 5/19/1986 | SOP - Investigative Files | CITY-RS-024919 - 21 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See MIL 13; See also dkt. 75, 485 (bifurcating Monell); See dkt. 678 (court's summary judgment ruling); . | This is relevant background history on Robert and Diane Smith and the victims and their families. It is not hearsay because it is not a statement. Our witnesses will lay the proper foundation. This is not misleading. Juries are smart and can discern that a photo of a family member is a photo of a family member. |

| 233 | | SOP - Detective Division | CITY-RS-024941 - 5074 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See MIL 13; See also dkt. 75, 485 (bifurcating Monell); See dkt. 678 (court's summary judgment ruling); . | We can lay the foundation through our witnesses. This is relevant background about Robert and his life prior to being wrongfully convicted. This is a public record under FRE 803(8). |
|---|---|---|---|---|---|
| 234 | Undated | CPD Rules and Regs | CITY-RS-024890 - 918 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See MIL 13; See also dkt. 75, 485 (bifurcating Monell); See dkt. 678 (court's summary judgment ruling); . | THis is an admission of a party opponent. It is relevant because it establishes that the City did not produce documents or items or photographs in response to subpoenas it was served with in the post-conviction proceedings. The City also makes admissions in this document regarding procedures that Defendants should have followed regarding the destruction of evidence. That goes to the issue of whether the razor blade was the murder weapon, which relates to the coerced and fabricated confession claims. Blanton and Defendants can lay the foundation to this. |

| 235 | 0/0/1987 | CPD 1987 Annual Report | SMITH-015823 - 42 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See MIL 11, 13, 16; See also dkt. 75, 485 (bifurcating Monell); See dkt. 678 (court's summary judgment ruling); . | See #242. |
|---|---|---|---|---|---|
| 236 | undated | Robert Family Photos | SMITH-016840 - 47 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | Relevant to understand certain background about the plaintiff and also to damages. |
| 237 | 5/18/1973 | Smith - US Army Discharge Records | SMITH-001323 - 37 | Foundation; Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Withdrawn |

| 238 | 9/8/2022 | City's Response to Plaintiff's 1st RTAs | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); See also dkt. 75, 485 (bifurcating Monell). See also general and specific objections contained within the document. | Admissions of a party opponent; key evidence about certain evidence and the contamination of certain evidence. |
| 239 | 9/15/2008 | Lee Nora Dep in Cannon v. Burge, | SMITH 007242 - 84 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 13, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Withdrawn |

| 240 | 5/7/1989 | Alonzo Smith Motion to Suppress | SMITH-016443 - 45 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802; See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Rice is a Party. This sustained CR is relevant under Rule 406. Rule 404(b), and not hearsay as an admission of a party opponent. |
|---|---|---|---|---|---|
| 241 | 2/3/1992 | Summary Report Rice CR 186721 | CITY-RS-002083 -152 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802; dkt. 678 (granting summary judgment on *Brady* claim). | Rice is a Party. This sustained CR is relevant under Rule 406. Rule 404(b), and not hearsay as an admission of a party opponent. |

| 242 | 2/3/1992 | Summary Report Pederson CR.189971 | CITY-RS-002353 -54 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); dkt. 678 (granting summary judgment on *Brady* claim). | Pedersen is a Party. This sustained CR is relevant under Rule 406. Rule 404(b), and not hearsay as an admission of a party opponent. |
|---|---|---|---|---|---|
| 243 | 4/20/1992 | Summary Report Pederson CR189352 | CITY-RS-002184 - 88 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See also MIL 30; dkt. 678 (granting summary judgment on *Brady* claim). | Pedersen is a Party. This sustained CR is relevant under Rule 406. Rule 404(b), and not hearsay as an admission of a party opponent. |

| 244 | 7/27/2004 | Dwyer Dep in Hobley and Patterson | SMITH 014187 - 315 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802; See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Dwyer's dep in Hobley and Patterson is relevant as to Dwyer's character for untruthfulness under 608(b) and relevant under Rules 406 and 404(b) |
|---|---|---|---|---|---|
| 245 | 1/11/2005 | Pedersen Taking the 5th in GJ Investigation | SMITH-002743 -746 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802; See also MIL 30; dkt. 678 (granting summary judgment on *Brady* claim) | Pedersen Foundation.  Pedersen Cross-examination.  Party Admission and therefore not hearsay. |

| 246 | 1/31/2005 | Boyle Memo | SMITH-002742 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See also MIL 30; dkt. 678 (granting summary judgment on *Brady* claim) | Pedersen is a Party. This Boyle memo is relevant under Rules 406 and 404(b), and not hearsay as an admission of a party opponent. |

| 247 | 6/28/1905 | Egan-Boyle Report | SMITH-006122 - 412 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17, 30; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | The Foundation for this report is in the report itself.  The relevance of the report is that is an official investigative report of an office - the Special Prosecutors' Office - that reaches admissible conclusions about at least Defendants Yucaitis, Dwyer, McWeeny.  The report is not hearsay because it falls within the public records exception to the hearsay rule, FRE803(8).  In Abreu v. City of Chicago, No. 19 C 2161, 2022 WL 1487583, at *4 n. 5 (N.D. Ill. May 10, 2022), Judge Pallmeyer overruled Defendants' objection to the entry of a report by the Department of Waste Management Office of the Inspector General.  The court held (1) that the report fell under the hearsay exception in civil cases for "factual findings from a legally authorized investigation." Fed. R. Civ. P. 803(8)(A)(iii), (2) that such findings are "presumed to be admissible," and (3) that "[t]he burden to show untrustworthiness lies on the party seeking to exclude" the authorized investigation's findings.  Defendants' mere reference to "hearsay (FRE 802)" does not meet Defendants' burden. |
| | | | | | Equally importantly, Judge Pallmeyer cited the Seventh Circuit's controlling opinion in Daniel v. Cook County, 833 F.3d 728 (7th Cir. 2016), a Section 1983 action by a pretrial detainee alleging deliberate indifference to his serious medical needs in violation of his due process rights.  In Daniel, the Seventh Circuit held that it was reversible error to refuse to admit findings from a United States Department of Justice (DOJ) investigation of health care provided at the Cook County Jail because such report was admissible under the hearsay exception for factual findings from a legally authorized investigation. Id. at 740.  See also Meyer v. Ward, No. 13 C 3303, 2017 WL 1862626, at *2 (N.D. Ill. May 9, 2017) (the factual conclusions from a statutorily-authorized SEC investigation were admissible); LaPorta v. City of Chicago, 277 F. Supp. 3d 969, 989 (N.D. Ill. 2017) (city-commissioned police accountability task force (PATF) report to review police department's system of training, oversight, and discipline, and related Department of Justice reports, fell under hearsay exception for factual findings from a legally authorized investigation, and thus were admissible). |

| | | | | | |
|---|---|---|---|---|---|
| **248** | 1/23/2011 | CBS Article on Pedersen Going to Jail | SMITH 002780 - 83 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See also MIL 30; dkt. 678 (granting summary judgment on *Brady* claim) | For impeachment and refresh recollection. |
| **249** | 12/16/2019 | Brownfield Immunity Agreement | SMITH-002644 - 46 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17, 19; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Brownfield can lay the foundation for this document. It is relevant to his character for untruthfulness, which is admissible under 608(b), including specific instances of conduct. This has absolutely nothing whatsoever to birfucating Monell. The fact that Monell is bifurcated does not block Smith from inquiring about the circumstances under which Defendant Brownfield gave specifcic testimony. Defendants' 403 argument is undeveloped MIL #11 404(b); MIL #16 pattern and practice Brady, MIL #17 Burge, MIL #19 5th amendment |

| 250 | 1/13/2020 | McWeeny Immunity Agreement | SMITH-002702 - 04 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17, 19; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Same as 249 |
| 251 | 1/21/2020 | Pedersen Immunity Agreement | SMITH-002739 - 41 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17, 19; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Same as 249 |

| 252 | 4/1/2004 | Eric Caine Statement to Special Prosecutors | SMITH-010024 -151 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | This Eric Caine Statement was given two prosecutors working under Egan and Boyle. Public Records Exception 803(8) Record of Special Prosecutors' Regularly Conducted Activity 803(6). Recorded Recollection 803(5). 804(b)(1) Caine's statements are not hearsay if the Special Proseutors had the same motive to develop evidence that the Defendants would be interested in. |
| --- | --- | --- | --- | --- | --- |
| 253 | 4/2/2004 | Robert Billingsley Affidavit | SMITH-008645 - 50 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Withdrawn. |

| 254 | 4/7/2004 | Madison Hobley Dep_Hobley v. Burge | SMITH-011114 -1329 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Mr Hobley's transcript is admissible because he is far outside the jurisdiction, so he is unavailable under RUle 804(a). We still hope to brinef Mr. Hobley as a live witness, but in an abundance of caution, we wanted this testimony available as well in case he cannot come. Not hearsay because more 100 miles from courthouse. 804(b)(1) Former Testimony. |
| --- | --- | --- | --- | --- | --- |
| 255 | 4/19/2004 | Anthony Holmes Statement Cannon v. Burge | SMITH-005644 - 99 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Expect to testify live 804(b)(1) |

| 256 | 4/20/2000 | David Bates Testimony in People v. Cannon | SMITH-007560 - 629 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell). | 804(b)(1) |
|---|---|---|---|---|---|
| 257 | 4/26/2000 | Phillip Adkins Testimony_People v. Cannon | SMITH-008547 - 644 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Mr. Adkins is deceased and therefore not hearsay under 804(b)(1). Former Testimony comes in for any purpose as long Defendants' predecessor in interest had an opportunity and similar motive cross-examine Mr. Adkins' testimony. |

| 258 | 4/29/2004 | Madison Hobley OPS Statement | SMITH-010700 - 858 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell) dkt. 678 (granting summary judgment on *Brady* claim).. | Hope to have him live but also 804(a) and (b)(1) as unavailable outside the jurisdiction.  Relevant as to 404(b) and 406. |
| --- | --- | --- | --- | --- | --- |
| 259 | 8/5/1982 | Melvin Jones SH Testimony | SMITH-005898 - 955 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Relevant under 406, relevant 404(b), not hearsay under 804(b)(1) Former Testimony; and 803(5)  Not cumulative at this point because we don't know what other 404(b) evidence is coming in |

| 260 | 8/12/2004 | Leonard Kidd Statement to Special Prosecutor | SMITH-008283 - 365 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | 804(b)(1)if outside jurisdiction or deceased. |
| --- | --- | --- | --- | --- | --- |
| 261 | 8/14/2006 | Leroy Orange Dep_ Orange v. Burge | SMITH-008120 - 279 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | 804(b)(1) Former Testimony is not hearsay under 804(b)(1). |

| 262 | 8/20/1993 | Thomas Craft OPS Statement | SMITH-008493 - 95 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | The Foundation is OPS Custodian.  The relevance is proving 406 Habit and 404(b) Other Bad Acts of John Yucaitis.  Not hearsay under 804(a) and 804(b)(1). |
|---|---|---|---|---|---|
| 263 | 4/19/2000 | Grgory Banks Testimony in People v. Cannon | SMITH-007396 - 473 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Will testify life, and if not, this statement as 804(b)(1) prior testitomy |

| 264 | 6/10/2010 | Gregory Banks Testimony in U.S. v. Burge | SMITH-007320 - 95 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Likely to be a live witness. |
| --- | --- | --- | --- | --- | --- |
| 265 | 6/13/1985 | Gregory Banks Suppression Hearing Testimony | SMITH-007285 - 319 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Same |

| 266 | 12/9/2005 | Aaron Patterson Dep. in Patterson v. Burge | SMITH-009733 - 898 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | 804(b)(1) not available |
| --- | --- | --- | --- | --- | --- |
| 267 | 12/15/1988 | Andrew Wilson Dep._Wilson v. City of Chicago, | SMITH-006525 - 830 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Authentication is from court reporter. Foundation is laid in the testimony. Relevant because Yucaitis role in torturing Andrew Wilson. Not hearsay because 804(b)(1)and Rule 32. Habit under 406 and prior bad dacts under 404(b), not for propensity and therefore not improper character evidence. |

| | | | | | |
|---|---|---|---|---|---|
| **268** | 1/11/2005 | Excerpt from Pedersen Dep (2005-01-11 Grand | SMITH-002743 - 46 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 19; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | For impeachment of Pedersen |
| **269** | Unated | Excerpts Virgil Robinson SH Testimony | SMITH-005832 - 50 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Withdrawn |

| 270 | 5/20/2011 | Fauntelroy v. Burge Amended Complaint | SMITH-007219 - 41 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Withdrawn |
| 271 | 2/11/1993 | Police Board Findings/Decision Yucaitis/Burg | SMITH-013002 - 62 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Foundation is set forth in the document itself (and if not, through a City Custodian). Relevance are findings against Yucaitis Rules 2, 5, 6, 10. Also relevant to confession. |

| 272 | 2/14/2000 | Leonard Kidd Affidavit | SMITH-008280 - 82 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Withdrawn |
| 273 | 2/19/1992 | Melvin Jones Police Board Testimony | SMITH-005956 - 83 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Deceased and therefore Not Hearsay, but raher 804(b)(1) Former Testimony comes in for any purpose as long Defendants' predecessor in interest had an opportunity and similar motive cross-examine Mr. Adkins' testimony. 803(6) 803(8) 803(5) |

| | | | | | |
|---|---|---|---|---|---|
| **274** | 1972-1991 | Incomplete 118 Individuals Tortured at Areas 2/3 | SMITH-005630 - 43 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Withdrawn |
| **275** | 1/18/2005 | Eric Caine Dep._Patterson v. Burge, | SMITH-009899 - 10023 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Foundation in the dep itself. 804(b)(1) Rule 32 |

| 276 | 1/21/2011 | Holmes' Testimony at Burge Sentencing Hearing | SMITH-005825 - 31 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell) dkt. 678 (granting summary judgment on *Brady* claim). | Withdrawn |

| 277 | 1/22/1992 | City's admissions in Police Board Proceedings | SMITH-006090 - 121 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | As the City's very capable lawyer, Daniel Reidy, wrote on behalf of the City of Chicago when the City was prosecuted Burge before the Police Board,  For example, this document states:   as to Andrew Wilson, Yucaitis "started beating him.  They hit him.  Kicked him.  Knocked him down.  And slammed him into a window.  So hard that it broke."  Yucaitis came in with Brown paper, opened baga nd took out black box about 12-14" long, 8-9 inches wide and 6-1/2 inches high.  The box had a crank and two wires with clamps.  Yucaitis squatted down in front of Wilson and put one clamp in Wilson's nose and one on Wilson's ear and cranked the box.  The shock caused Wilson's teeth to grind and was so painful that he kicked Yucaitis in the mouth and Yucaitis punched him in the face again.  As the City's very capable lawyer, Daniel Reidy, wrote on behalf of the City of Chicago when the City was prosecuted Burge before the Police Board, "As the testimony of the similar victims shows, Respondent Yucaitis counted on the fact that his testimony would be beleived over that of a convict when they persisted in their pattern of torture.  They should not be permitted to now to hide behind thir allegations of prejudicial effect to secure exclusion of that telling evidence." |

| | | | | | |
|---|---|---|---|---|---|
| **278** | 1/24/2005 | Stanley Howard to Special Prosecutors | SMITH-009257 - 304 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Sworn Statement to Special Prosecutors. 803(6) Businesss Record and 803(8) Public Record. And likely 804(a) and (b)(1) because we believe Howard is not an available witness. |
| **279** | 1/28/1987 | Stanley Howard SuppHearing Testimony | SMITH-009190 - 245 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | 804(b)(1). |

| 280 | 12/9/1988 | Judge Holt Granting Defs' Motion to Suppress | SMITH-016813 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Judge Holt held orally that Rice and Dwyer testimony that Smith II had not requested a phone call had minimal crediblity.  Goes to character for untruthfulness and may be used for impeachment and to refresh recollection. |
| 281 | 11/4/1988 | Judge Holt's Written Opinon & Order | SMITH-016828 - 39 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Judge Holt held in writing that Rice and Dwyer testimony that Smith II had not requested a phone call had minimal crediblity.  See also directly above. |

| | | | | | |
|---|---|---|---|---|---|
| **282** | 7/14/1989 | Donald White Dep_Wilson v. City of Chicago | SMITH-007008 - 137 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Rule 32 and 804(b)(1). |
| **283** | 7/15/2005 | Stephen Cavanero Sworn Statement | SMITH-008508 - 46 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on Brady claim). | Impeachment and Refresh Recollection. |

| 284 | 7/26-27/2006 | Leroy Orange Dep_Orange v. Burge | SMITH-007763 - 8119 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell) dkt. 678 (granting summary judgment on *Brady* claim). | Withdrawn |
|-----|--------------|----------------------------------|---------------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------|
| 285 | 6/13/1985 | David Bates Supp. Hearing Testimony | SMITH-007508 - 559 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell) dkt. 678 (granting summary judgment on *Brady* claim). | Authentication is from court reporter. Foundation is laid in the testimony. Relevant as to Dwyer's habit of threatening black suspects with violence if they did not tell him what he wanted to hear. ("If you don't tell me what I want to hear, those other two detectives are going to tak you out to the forest") This is not hearsay Not hearsay because 804(b)(1) and Rule 32. Relevance is Habit under 406 and prior bad dacts under 404(b), not for propensity. Not improper character evidence because Dwyer has denied making any such threats and specific incidents of conduct may be used to impeach on cross-examination if permitted by the Court. |

| 286 | 6/30/2005 | Robert Billingsley Deposition in Hobley v. Burge | SMITH-008706 - 9189 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | same as above |
| --- | --- | --- | --- | --- | --- |
| 287 | 3/5/1987 | Lavert Jones SH Testimony | SMITH-008366 - 492 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on Brady claim). | The foundation is in the testimony itself. The under oath testimony is relevant because Mr. Lavert Jones' testimony against Yucaitis. Beaten by Yucaitis. No phone call. No talking to his parents. |

| 288 | 3/13/1987 | Riley SH Testimony | SMITH-009305 - 428 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Asked Dwyer for medical asst.  Hit with a newspaper in my ribs.  Don't need medical attention. |
| --- | --- | --- | --- | --- | --- |
| 289 | 3/19/2004 | Madison Hobley Dep_Hobley v. Burge | SMITH-010859 - 1113 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Hope to have him live but also 804(a) and (b)(1) if unavailable due to outside the jurisdiction.  Relevant as to 404(b) and 406. |

| | | | | | |
|---|---|---|---|---|---|
| **290** | 3/21/2006 | Special Prosecutor Report re Alex Moore | SMITH-008499 - 507 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on Brady claim).. | Withdrawn |
| **291** | 3/27/1984 | Darrell Cannon Supp Hearing Testimony | SMITH-007630 - 81 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on Brady claim). | McWeeny is present when Byrne Dignan and Grunhard cattle prod Cannon. See page 114. First time at Auto pound he is asked questions refused to answer. Put him in car. Take cattle prod and start striking him. McWeeny is present. |

| | | | | | |
|---|---|---|---|---|---|
| **292** | 3/28/2005 | Robert Billingsley Statement | SMITH-008651 -705 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Recorded Recollection  Stuffs paper towel down his throat. Robert's beating was more subtle.  Sick and high.  Skull surgery two months earlier.  "Actually, uh, the shoving the paper down the throat was Officer Dwyer.  He was the eone who was actually putting the paper down my throat, gagging me."  page 34.  Other officers were the ones hitting him iwth the phone book.  Proper 404(b) and 406 evidence. |
| **293** | 3/30/1993 | Stanley Howard Affidavit | SMITH-009246 - 56 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Withdrawn |

| 294 | 5/10/2000 | Melvin Jones Testimony in People v. Cannon | SMITH005984 - 6089 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | This is not hearsay Not hearsay because 804(b)(1) and Rule 32. Relevance is Habit under 406 and prior bad dacts under 404(b), not for propensity. Not improper character evidence because Defendant has denied making any such threats and specific incidents of conduct may be used to impeach on cross-examination if permitted by the Court. |
| --- | --- | --- | --- | --- | --- |
| 295 | 5/26/2010 | Anthony Holmes Testimony in U.S v. Burge | SMITH 005700 - 5824 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Withdrawn |

| 296 | 11/2/1990 | Gayle Shines Letter to Superintendent Martin | SMITH 012978 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell) dkt. 678 (granting summary judgment on *Brady* claim).. | Gayle Shine writes to Leroy Martin that the OPS Goldston-Sanders reports are credible. Relevant for that purpose. Admission of a party opponent.   "An additional part of this assignment was to determine if there was systematic abuse at Area 2 during that period and if so, to determine the culpability, if any, of Area 2 Command Personnel. . . . Both investigators have done a masterful job of marshalling the facts in this intensive and extensive project, and their comclusions are compelling." Let us tell yu what those compelling conclusions are.   Statements that meet this criteria are not hearsay:   THe opposing party's statement (B) is one the party manifested that it adopted or believed to be true; (C) by a person who the party authorized to make a statement on the subject; (D) was made the party's agent or employee, on a matter within the scope of that relationship and while it existed. |
| 297 | 11/2/1990 | Sanders Report | SMITH 012906 - 77 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | This is a sustained finding from OPS that Yucaitis beat Andrew Wilson.  801 not harsay. |

| 298 | 11/12/1982 | Andrew Wilson SH Testimony | SMITH 006413 -524 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Yucaitis is described as beating Andrew Wilson in this testimony. Wilson is dead, and this testimony is therefore admissible. |
|---|---|---|---|---|---|
| 299 | 11/20/1980 | Michael Coleman SH Testimony | SMITH005857 -97 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | "Prior to Officer Dwyer beating on you, did he question you?" "Dwyer started pulling the stitches out of my rigth eye. Did they tell you that if you signd th esecond statement, thy would stop torturing you? I told thm I would do it. |

| 300 | 11/20/1986 | Steven Bell SH Testimony | SMITH01050 3 -78 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Foundation is the testimony itself. The relevance is that Bell accuses Yucaitis of beating him. There is no "unfair" prejudice or confusion or misleading or waste of time. Defendants have not explained how any of those would come into play. They have added cumulative evidence, but the Court cannot really make a judgment on that until we see what evidence we use and the Court rules with respect to FRE 406, 404, and related issues. The evidence is not hearsay because it qualifies as 804(b)(1) Prior Testimony, and if Mr. Bell is deceased (we are checkign), it is also admissible as a recorded recollection under 803(5). It is not improper character evidence since it is admissible under both 608(b) and 404(b). This has nothing to do with *Monell* and Defendants have not explained how it does. Rather, it has to do with proving our claims against Yucaitis. MIL ## 11 (404(b)), 16 (Pattern and Practice), and 17 (Burge) should be denied for the reasons stated by Smith in opposition to those motions and because Defs. do not even bother to state what the basis of those motions are in their objections. |

| 301 | 11/21/1986 | Michael Tillman Supp.Hearing Testimony | SMITH01015 2 -248 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Same as above: Yucaitis beating Tillman. |
| --- | --- | --- | --- | --- | --- |
| 302 | 11/29-30/2005 | Aaron Patterson Dep._Patterson v. Burge | SMITH00943 1 - 32 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Withdraw |

| 303 | 10/1/1984 | James Andrews SH Testimony | SMITH007138 - 218 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | McWeeny and Madigan beating Andrews. |
|---|---|---|---|---|---|
| 304 | 10/8/2008 | Michael Tillman Dep. Cannon v. Burge | SMITH010249 - 502 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Tillman Dep. See Tillman above. |

| | | | | | |
|---|---|---|---|---|---|
| **305** | 10/11/1991 | Burge and Yucaitis Police Board Charges | SMITH012998 - 3001 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | OPS Recommendataion for Separation -- Changing Title of Document. Yucaitis -- Police Board Charges Gayle Shines Signed Leroy Martin Signed |
| **306** | 10/12/1992 | Andrew Wilson Police Board Testimony | SMITH006920 - 7007 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Andrew Wilson Yucaitis |

| 307 | 10/29/1993 | Thomas Craft OPS Statement | SMITH004896 - 8498 | Foundation; Relevance (FRE 401, 402);  unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Withdrawn |
| 308 | 6/4/1993 | OPS Investigation of Dwyer CR #188617 | CITY-RS-023240 - 54 | Foundation; Relevance (FRE 401, 402);  unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim). | Sustained for lying about the beating.  They don't sustain for th ebeating of Banks and Bates themselves.  "despite the accused and subsequent conviction were nto obtained through abuse and intimidation, the Walter Romine during the motion to suppress strongly suggest that was in the fact the case." He was struck across chest, kicked. Dwyer sustained for lying, although no corroborating evidence of Dwyer beating on suspect. |

| | | | | | |
|---|---|---|---|---|---|
| **309** | 12/19/1980 | Peeps v. Robinson, 415 N.E.2d 585 (Ill.App.1980) | SMITH005851 - 56 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on Brady claim).. | Withdrawn |
| **310** | 3/11/2004 | Pryweller Statement in Hobley v. Burge | SMITH011626 - 59 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | This testimony is admissible under Fed. R. Civ. P. 32 because Ms. Pryweller appears to now be outside the Court's jurisdiction. We are working to confirm this. |

| 311 | 9/13/2004 | Leroy Orange Statement to Special Pros. | SMITH007693 -762 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell); dkt. 678 (granting summary judgment on *Brady* claim).. | Withdrawn |

| 312 | 9/28/1990 | Goldston Report | SMITH 012883 - 905 | Foundation; Relevance (FRE 401, 402); unfair prejudice, confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); improper character evidence (FRE 404, 608(b)); hearsay (FRE 802); See MIL 11, 16, 17; See also dkt. 75, 485 (bifurcating Monell) dkt. 678 (granting summary judgment on *Brady* claim).. | The Goldston Report is an admission of a party opponent. Goldston was a very high-ranking police officer, Star #73, who worked for OPS. He concluded on behalf of the City that there was systematic abuse of individuals in their custody. Goldston further found that the preponderance of evidence is that it did occur and was systematic. Not limited ot the usual beating but to such esoteric areas such as psychological tchniques and planned torture. Engaged in methodical abuse. The number of instances in which in command leaders participated "can lead to only one conclusion," the command leader perpetuated the abuse either by actively participaing in it or not doing anything to bring it to an end. All of these conclusions are relevant, apply directly to Yucaitis and several (but not all) of the defendants, and is not hearsay because it is an admission and because it is a public record within the meaning of 803(8). |
| 313 | 1/14/2022 | Sue Ward Expert Report Final | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); inadmissble expert material/testimony (FRE 702, 703); hearsay (FRE 802) | To refresh recollection only. |

| 314 | 2/21/2022 | Sue Ward Supp Report xtr med records | CITY-RS-001150 - 63 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); inadmissble expert material/testimony (FRE 702, 703); hearsay (FRE 802) | To refresh recollection only. |
|---|---|---|---|---|---|
| 315 | 11/8/2022 | Karl Reich Corrected Report | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); inadmissble expert material/testimony (FRE 702, 703); hearsay (FRE 802); See also Daubert motion (dkt. 579). | To refresh recollection only. |
| 316 | 1/1/2022 | Brian Cutler CV as of 1-22 | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); inadmissble expert material/testimony (FRE 702, 703); hearsay (FRE 802) | To refresh recollection only. |

| 317 | 1/14/2022 | Jamie McAllister Expert Report | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); inadmissble expert material/testimony (FRE 702, 703); hearsay (FRE 802); See also Daubert motion (dkt. 578). | To refresh recollection only. |
|---|---|---|---|---|---|
| 318 | 2/25/2022 | Jamie McAllister Supplemental Report | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); inadmissble expert material/testimony (FRE 702, 703); hearsay (FRE 802); See also Daubert motion (dkt. 578). | To refresh recollection only. |
| 319 | 2/28/2022 | Jamie McAllister Revised Appendix A | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); inadmissble expert material/testimony (FRE 702, 703); hearsay (FRE 802); See also Daubert motion (dkt. 578). | To refresh recollection only. |
| 320 | 5/27/2022 | DNA Labs International Report | CITY-RS-026803 - 849 | | Only to impeach, not to admit. |

| | | | | | |
|---|---|---|---|---|---|
| **321** | 4/13/1989 | CCSAO Note | CCSAO SMITH 001448, 1844 | | No Objection.  Move to Admit. |
| **322** | 2/3/1988 | CCSAO Discovery Subpoena | CCSAO SMITH 001604 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); dkt. 678 (granting summary judgment on *Brady* claim). | Comes in with Woulfe deposition and needed in further support of her testimony. She lays the foundation and explains the relevance within the deposition.  It is not hearsay because it is not for its truth.  It is just background in support of her position that she never saw the knife and was unaware of it. |
| **323** | 2/17/1988 | CFD Envelope Response to Subpoena | CCSAO SMITH 001605 | Defendants will discuss this exhibit with plaintiff duirng the meet and confer to evaluate their position. Defendants' concern is why plaintiff only designates the envelope and not the photos contained therein. | Comes in with Woulfe deposition and needed in further support of her testimony. She lays the foundation and explains the relevance within the deposition.  It is not hearsay because it is not for its truth.  It is just background in support of her position that she never saw the knife and was unaware of it. |
| **324** | undated | Woulfe Folder with CFD Photos & Reports | CCSAO SMITH 001588 | Defendants will discuss this exhibit with plaintiff duirng the meet and confer to evaluate their position. Defendants' concern is why plaintiff only designates the envelope and not the documents and photos contained therein. See also dkt. 678 (granting summary judgment on Brady claim). | Comes in with Woulfe deposition and needed in further support of her testimony. She lays the foundation and explains the relevance within the deposition.  It is not hearsay because it is not for its truth.  It is just background in support of her position that she never saw the knife and was unaware of it. |

| 325 | 2/3/1988 | CCSAO Subpoena to CCDOC and Cermak Hosp. | CCSAO SMITH 002296 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Foundation by CCSAO Custodian and relevant to the issue of the Smith medical records. |
|---|---|---|---|---|---|
| 326 | undated | Cermak Envelope (Bruise Sheets) | CCSAO SMITH 000957 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Not hearsay because of medical records exception and business records exception and relevant to show further support of Robert being beaten by Defendants. The 403 assertion is frivolous. Defendants just want to block evidence that Defendants beat Smith. |
| 327 | 10/16/1987 | Felony Minute Sheet (ASA Woulfe) | CCSAO SMITH 000020 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Woulfe notes on Felony Minute Sheet. She lays the foundation in her testimony and explains some of the notes on the sheet. Therefore not hearsay and also relevant. |
| 328 | undated | Felony Case File 87 CR 15089 | CCSAO SMITH 002034 | <span style="color:red">Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802)</span> | Same as directly above. |

| 329 | undated | Investigator's Request Slip (Sally Atkins) | CCSAO SMITH 002013 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | This is relevant because it includes a statement that Sally Atkins will be hostile to the State (i.e., supportive of Robert's alibi). It is not hearsay under the business records exception to the hearsay rules. |
|---|---|---|---|---|---|
| 330 | undated | Officer Higgins Inventory of Evidence Located | CCSAO SMITH 001349 - 50 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). See dkt. 678 (court's summary judgment ruling). See also MIL26 | Withdrawn |
| 331 | undated | Woulfe note re arrests (redacted) | CCSAO SMITH 001389 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | This note is in Woulfe's handwriting. She explains during the dep what she means by this. It is relevant because she notes that there was no arrest of Smith at the crime scene. |
| 332 | undated | Cermak Record Production to CCSAO | CCSAO SMITH 000822 - 956 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Woulfe's subpoena for Cernak records; she explains the relevance during her dep and it is in furtherance of her dep tetimony. |
| 333 | 8/28/1990 | Smith CT Mullane Opening Statement | | Defendants will discuss this exhibit with plaintiff duirng the meet and confer to evaluate their position. | Withdrawn |

| 334 | 8/28/1990 | Smith CT ASA Zaper Opening Statement | | same as 333 | Withdrawn |
|---|---|---|---|---|---|
| 335 | 8/30/1990 | Smith CT ASA Connelly Closing Argument | | same as 333 | The part about diving into the blood and the part about Smith confessing are relevant and go to the issue of Smith establishing the materiality fo the fabricated evidence and lies that were used against him. |
| 336 | 8/30/1990 | Smith CT ASA Zaper Closing Argument | | same as 333 | Same as above. Not full document; only those sections. |
| 337 | 8/30/1990 | Smith CT Mullane Closing Argument | | same as 333 | Withdrawn |
| 338 | 9/19/1987 | Property Inventory 426075 (green) Glass | CITY-RS_000126 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | This goes to the fingerprint issue, that the glass was seized because it has a fingerprint and then nothing was ever done to determine whose fingerprint it was. |
| 339 | 9/19/1987 | Property Inventory 426075 (pink) Glass | CITY-RS-000130 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802) | Same as above. |
| 340 | 6/18/1990 | Recovered Property Disposition Tracer (rdct.) | CITY-RS-004196 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time, presenting cumulative evidence (FRE 403); hearsay (FRE 802); See also MIL 31 | This is a document in furtherance of the admissible deposition testimony of Ms. Blanton, the City's 30(b)(6) witness. This is the document that was supposed to have been completed before evidence was destroyed, but it was not. |

| 341 | 5/1/2025 | Additional Photos of A2 Officers | SMITH-015843 - 860 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). | Not hearsay because there is no declarant and no statement. Relevant so that witnesses can identify the persons with whom they dealt in September 1987. |
|---|---|---|---|---|---|
| 342 | Apr-16 | Police Accountability Task Force Report | | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). Unreliable and untrustworthy because it is irrelevant in terms of time and scope. See Fed. R. Evid. 803(8)(B). The 2016 PATF Report was created 29 years after Robert Smith's arrest. see also dkt. 75, 485 (bifurcating Monell). | In addition to the detailed explanation of the public record exception set forth above in support of PX242, the City–commissioned PATF Report constitutes an admission of a party opponent under Fed. R. Evid. 801(d)(2)(D). *Nekolny v. Painter*, 653 F.2d 1164, 1171 (7th Cir. 1981) (a statement is an admission if it "concerns a matter within the scope of agency or employment"); *Sadrud–Din v. City of Chicago*, 883 F.Supp. 270, 273–74 (N.D. Ill. 1995) (finding statements of non-party police officers in newspaper reporter's notes and published article admissible as statements of party opponents). Defendants' 803(8)(B) objection to reliability and trustworthiness must be rejected. The report was commissioned by the City of Chicago. It is a *historical* report covering years of misconduct by and racism at the Chicago Police Department, including but not limited to at "Area 2." It is not a valid untrustworthiness argument to just declare that CPD Detectives' absusive conduct to Smith and the date this report was issued are many years apart. |

| 343 | 1/13/2017 | The DOJ Report about policing in Chicago | Smith 947-1136 | Relevance (FRE 401, 402); confusing the issues, misleading the jury, waste of time,(FRE 403); hearsay (FRE 802). Unreliable and untrustworthy because it is irrelevant in terms of time and scope. See Fed. R. Evid. 803(8)(B). The 2017 DOJ Report was created 30 years after Robert Smith's arrest and focused on police-involved shootings. see also dkt. 75, 485 (bifurcating Monell). | This report is admissible under 803(8) and is relevant to Defendants' conduct in this case.  See especially the detailed support above for PX242.  Defendants' 803(8)(B) objection to reliability and trustworthiness must be rejected.  The report is from the United States Department of Justice Civil Rights Division and addresses an investigation - in conjunction with the US Attorneys' Office in Chicago -- to determine whether the Chicago Police Department is engaging in a pattern or practice of unlawful conduct and, if so, what systemic deficiencies or practices within CPD, IPRA, and the City might be facilitating or causing this pattern or practice.  The DOJ, under any administration, does not take its Department civil rights investigations lightly and as indicated in the report itself, it is a *historical report* covering years of misconduct by, and racism at, the Chicago Police Department, including but not limited to Detectives at "Area 2"  It is not a valid "untrustworthiness" argument under 803(8)(b) simply to declare that the absusive conduct in Mr. Smith's case and the issuance of the report are many years apart. |
| 344 | 2/10/2004 | Richardson v. Briley | | Impeachment and Refresh Recollection only | |
| 345 | 4/11/1978 | People v. Nolan | | Impeachment and Refresh Recollection only | |
| 346 | 7/23/1999 | Collier v. Baker | | Impeachment and Refresh Recollection only | |
| | | | | | |