UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DIANE YEAGER SMITH,** | ) | |
| **as special representative for** | ) | |
| **ROBERT SMITH, Jr.,** | ) | **No. 21-cv-1159** |
| | ) | |
| **PLAINTIFF,** | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **CITY OF CHICAGO,** | ) | |
| **FORMER CPD SUPERINTENDANT** | ) | |
| **PHILIP CLINE,** | ) | |
| **THE ESTATE OF JOHN A. YUCAITIS,** | ) | |
| **THE ESTATE OF WILLIAM HIGGINS,** | ) | |
| **THE ESTATE OF ROBERT RICE,** | ) | |
| **DET. DANIEL McWEENY,** | ) | |
| **DET. STEVEN BROWNFIELD,** | ) | |
| **DET. WILLIAM PEDERSEN,** | ) | |
| **DET. JOHN SOLECKI,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## ORDER

Before the Court is plaintiff Diane Yeager Smith's ("Smith") contested motion for court assistance in finalizing the terms of the parties' written settlement agreement, (Dckt. #715), along with defendants' response in opposition to that motion. (Dckt. #718). For the reasons that follow, Smith's motion is denied.

On June 25, 2025, the parties placed their agreement to settle this case (absent the precise amount of compensation to be paid to Smith) on the record. (Dckt. #717). Among other things, counsel for the City stated that defendants' agreement to accept the Court's recommended settlement agreement was "[s]ubject to City Council approval and the usual - - I mean, in exchange for . . . dismissal with prejudice and without costs, attorneys' fees included, and attorneys' liens included, and the **execution of the usual Release in Settlement Agreement that the City of Chicago uses to resolve matters.**" (*Id.*, at 6-7 (emphasis added)). Defense counsel later emphasized that "there is a settlement agreement that needs to be prepared, that we will prepare and we will tender to plaintiff's counsel. As soon as all of the documents - - **it is just the standard settlement agreement that, I am sure Mr. Chanen, has seen before.** Once that is signed, . . . then, the Law Department is in a position to get it where it needs to go, so that it starts moving through the process." (*Id.*, at 8 (emphasis added)). The Court reiterated its understanding that Smith's attorneys were "very familiar with these sorts of agreements by the

City of Chicago," and Smith's counsel did not express any doubt or disagreement with that understanding. (*Id.*, at 9-10).

Two weeks later, on July 9, the City's attorneys submitted to Smith's counsel what they represent is the standard settlement agreement that the City executes in these kinds of cases. In her motion, Smith questions – but does not actually dispute – that defense counsel has provided her attorneys with the City's standard settlement agreement. (Dckt. #715 at 2 ("If this was the City's 'standard agreement,' why did they say they needed two weeks to produce it?")). The Court finds that defense counsel did, in fact, submit the City's standard settlement agreement to Smith (as agreed) based on defense counsel's representations and Smith's counsel's failure to raise an actual dispute about the nature of the document. (Given their decades of experience litigating these kinds of cases, it would be easy enough for Smith to tell the Court if the City *had* created a non-standard draft settlement agreement for this case.) Thus, Smith received the type of draft settlement agreement that the City had agreed to provide.

Given this, the City's explanatory responses to the "issues" raised by Smith's counsel, and the City's willingness to clarify the settlement agreement to make it clear that plaintiff Yeager-Smith is releasing claims on behalf of Mr. Smith, (Dckt. #718 at 8), the Court finds it unnecessary at this time to become further involved in the process of finalizing the settlement agreement. Accordingly, Smith's motion, (Dckt. #715), is denied. The parties are ordered to promptly meet and confer to finalize the settlement agreement so that the settlement in this case can proceed to the City Council's Finance Committee and, ultimately, to the full City Council for consideration and approval, and the long-awaited resolution of this case for all parties.

**Date: August 8, 2025**

Jeffrey I. Cummings
**United States District Court Judge**